UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 04-30091-KPN

| | |
|---|---|
| LACRISHA WISE, MICHAEL MASSACONI, ROGER MARTIN and PETER CORBIN, on behalf of themselves and on behalf of others who are similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PATRIOT RESORTS CORP., THE BERKLEY GROUP, INC., MARC J. LANDAU, J.P. OTTINO, III REBECCA A FOSTER. and JAMES E. LAMBERT, <br> Defendants. | COMPLAINT <br> and <br> DEMAND FOR A JURY TRIAL |

## INTRODUCTION

1. This is an action brought by Plaintiffs Lacrisha Wise, Michael Massaconi, Roger Martin and Peter Corbin (collectively "Plaintiffs"), who sell time shares and receive only commissions for time share sales, rather than hourly or weekly wages. They bring this claim on behalf of themselves, and other current and former employees of the defendants who are similarly situated, because of the failure of their employers to pay them the minimum wage, and for unpaid wages and overtime compensation, under the Fair Labor Standards Act ("FLSA"). They also seek relief under Massachusetts law prohibiting untimely and non-payment of wages and commissions by their employer, M.G.L. c. 149 §

148, and requiring employers to pay employees at least minimum wage, G.L. c. 151 § 19 and overtime premium pay, M.G.L. c. 151 § 1A.

2.  Plaintiff Lacrisha Wise ("Ms. Wise") also brings this action individually because she was subjected to racially discriminatory actions and omissions by Patriot Resorts Corp. and the Berkley Group culminating in a retaliatory termination for asserting her right to be free from discrimination in violation of G.L. c. 151B and Title VII of the Civil Rights Acts as amended. Ms Wise seeks equitable relief designed to assure that those defendants discontinue policies and practices which serve to foster race discrimination in the workplace. She also seeks compensation for the grave harm she has suffered and continues to suffer as a result of the discriminatory actions and omissions of Patriot Resorts Corp. and the Berkley Group.

3.  Plaintiff Roger Martin ("Mr. Martin") also brings this action individually because he was subjected to a retaliatory termination by Patriot Resorts Corp. and the Berkley Group for asserting his rights under the federal FLSA and the Massachusetts wage and hour laws. Mr. Martin seeks injunctive relief designed to assure that those defendants discontinue policies and practices which serve to foster retaliatory actions and behavior for asserting his rights under the FLSA and the Massachusetts wage and hour laws in the workplace. He also seeks compensation for the harm he suffered as a result of the retaliatory actions and omissions of Patriot Resorts Corp. and the Berkley Group.

## NATURE OF THE ACTION

4. Plaintiffs allege on behalf of themselves, and other similarly situated current and former time share sales people and sales managers who worked for the Defendants and who opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that: (i) they are entitled to unpaid minimum wages from Defendants; (ii) are entitled to unpaid wages from Defendants for overtime work for which they did not receive any overtime premium pay, and (iii) entitled to liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

5. Plaintiffs further complain on behalf of themselves, and a class of other similarly situated current and former current and former time share sales people and sales managers who worked for Defendants, pursuant to Fed. R. Civ. Proc. 23, that: (i) they are entitled to unpaid minimum wages from Defendants for their work; (ii) are entitled to back wages from Defendants for overtime work for which they did not receive any overtime premium pay, (iii) are entitled to unpaid and untimely wages pursuant to G.L. c. 149 § 148, G.L. c. 151 §1A and G.L. c. 151 § 19 et seq.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to, 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. §§ 2201 and 2202, as well as Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f) and 2000e-5(g), and the Fair Labor Standards Act, 29 U.S.C. § 216(b). Supplemental jurisdiction also lies pursuant to 28 U.S.C. § 1367.

7.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f) (3), and 29 U.S.C. § 201 et seq. insofar as all the discriminatory and other illegal employment practices alleged in this complaint were committed within the County of Berkshire in the Commonwealth of Massachusetts, the defendant conducts business and has substantial business contacts in the Commonwealth of Massachusetts.

## CLASS ALLEGATIONS

8.   Plaintiffs sue on their own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

9.   Plaintiffs bring their Fair Labor Standards Act claim for a failure to pay minimum wage on behalf of all persons who worked for defendants as time share sales people and/or sales managers for any week from July 2001, to entry of judgment in this case (the "class" and "class period", respectively) (hereinafter "Plaintiffs" refer to both Representative Plaintiffs and the class).

10.   Plaintiffs bring their Fair Labor Standards Act claim for a failure to pay premium pay for hours worked over 40 hours per workweek on behalf of all persons who worked for defendants as time share sales people and/or sales managers and did not receive premium pay for hours worked over 40 per workweek at any time from July 2001, to entry of judgment in this case.

11.   Plaintiffs bring their G.L. c. 149 claim for a failure to pay timely wages on behalf of all persons who worked for defendants at a Massachusetts

4

location as time share sales people and/or sales managers at any time from July 2001, to entry of judgment in this case.

12.     Plaintiffs bring their M.G.L. c. 151 § 1 claim for a failure to pay minimum wage on behalf of all persons who worked for defendants at a Massachusetts location as time share sales people and/or sales managers for any week from July 2001, to entry of judgment in this case.

13.     Plaintiffs bring their M.G.L. c. 151 § 1A claim for a failure to pay premium pay for hours worked over 40 hours per workweek on behalf of all persons who worked for defendants at a Massachusetts location as time share sales people and/or sales managers for any week from July 2001, to entry of judgment in this case.

14.     The persons in the classes identified above are so numerous that joinder of all members is impracticable. Questions of law and fact common to the class predominate over any questions affecting only individual members. The claims of the representative parties are typical and the representative parties will fairly and adequately protect the interests of the class. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

15. There are questions of law and fact common to this Class which predominate over any questions solely affecting individual members of the Class, including:

(a) whether Defendants failed and/or refused to pay Plaintiffs minimum wages for hours worked within the meaning of the federal Fair Labor Standards Act.

(b) whether Defendants failed and/or refused to pay Plaintiffs minimum wages for hours worked within the meaning of M.G.L. c. 151 § 1.

(c) whether Defendants failed and/or refused to timely pay Plaintiffs wages for hours worked within the meaning of M.G.L. c. 149.

(d) whether Defendants failed and/or refused to pay Plaintiffs premium pay for hours worked in excess of forty per workweek within the meaning of the Federal Fair Labor Standards Act.

(e) whether Defendants failed and/or refused to pay Plaintiffs premium pay for hours worked in excess of forty per workweek within the meaning of M. G.L. c. 151 § 1A.

## PARTIES

16. Plaintiff Ms. Wise is an African American woman, formerly employed by Defendants, and resides in Hampden County, in the Commonwealth of Massachusetts.

17. Plaintiff Michael Massaconi ("Mr. Massaconi") is currently employed by Defendants, as a sales manager, and resides in New Lebanon, New York.

18. Plaintiff Mr. Martin is currently employed by Defendants as an inside sales representative, and resides in Berkshire County, in the Commonwealth of Massachusetts.

19. Plaintiff Peter Corbin ("Mr. Corbin") was hired by Defendants as an inside sales representative in or around the end of 2001, was laid off in May 2004 and was told that he would be rehired in June 2004, and resides in Berkshire County, in the Commonwealth of Massachusetts.

20. Defendant Patriot Resorts Corporation ("Patriot") is a privately held foreign corporation with a principal place of business at 3015 North Ocean Boulevard, Suite 121, Fort Lauderdale, Florida and with a place of business, Vacation Village in the Berkshires ("Vacation Village"), in Berkshire County, in the Commonwealth of Massachusetts.

21. Defendant The Berkley Group, Inc. ("Berkley") is a privately held foreign corporation with a principal place of business at 3015 North Ocean Boulevard, Suite 121, Fort Lauderdale, Florida.

22. At all times relevant to the allegations set forth in this Complaint, Rebecca A. Foster ("Ms. Foster") was the President of Patriot and Berkley.

23. At all times relevant to the allegations set forth in this Complaint, Marc. J. Landau ("Mr. Landau") was the Treasurer of Patriot and Berkley and J.P. Ottino, III was a Director and Vice President of Patriot and Berkley.

24. At all times relevant to the allegations set forth in this Complaint, James E. Lambert ("Mr. Lambert") was the Chairman and Chief Executive Officer of Berkley.

25. At all times relevant to the allegations set forth in this Complaint, Defendant Patriot was an employer of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

26. At all times relevant to the allegations set forth in this Complaint, Defendant Berkley was an employer of the Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

27. At all times relevant to the allegations set forth in this Complaint, Defendants Marc J. Landau and J. P. Ottino, III was an employer of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

28. At all times relevant to the allegations set forth in this Complaint, Defendant Rebecca A. Foster was an employer of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

29. At all times relevant to the allegations set forth in this Complaint, Defendant James E. Lambert was an employer of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

30. At all times relevant to the allegations set forth in this Complaint, Defendant Patriot was an "employer" as defined in M.G.L. c. 149, §150 and for purposes of violations of M.G.L. c. 151.

31. At all times relevant to the allegations set forth in this Complaint, Defendant Berkley was an "employer" as defined in M.G.L. c. 149, §150 and for purposes of violations of M.G.L. c. 151.

32. At all times relevant to the allegations set forth in this Complaint, Defendant Marc J. Landau and J.P. Ottino, III was an "employer" as defined in M.G.L. c. 149, §150 and for purposes of violations of M.G.L. c. 151.

33. At all times relevant to the allegations set forth in this Complaint, Defendant Rebecca A. Foster was an "employer" as defined in M.G.L. c. 149, §150 and for purposes of violations of M.G.L. c. 151.

34. At all times relevant to the allegations set forth in this Complaint, Defendant James E. Lambert was an "employer" as defined in M.G.L. c. 149, §150 and for purposes of violations of M.G.L. c. 151.

35. At all times relevant to the allegations set forth in this Complaint, Defendant Patriot was a "person" within the meaning of M.G.L. c. 151B, § 1.

36. At all times relevant to the allegations set forth in this Complaint, Defendant Berkley was a "person" within the meaning of M.G.L. c. 151B, § 1.

37. At all times relevant to the allegations set forth in this Complaint, Defendant Patriot employed 6 or more employees, and was an "employer" within the meaning of M.G.L. c. 151B, § 1.

38. At all times relevant to the allegations set forth in this Complaint, Defendant Berkley employed 6 or more employees, and was an "employer" within the meaning of M.G.L. c. 151B, § 1.

39. At all times relevant to the allegations set forth in this Complaint, Defendant Patriot was a "person" within the meaning of Section 701(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(a).

40. At all times relevant to the allegations set forth in this Complaint, Defendant Berkley was a "person" within the meaning of Section 701(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(a).

41. Defendant Patriot is engaged in an industry affecting commerce and employs 15 or more employees, and is an "employer" within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b).

42. Defendant Berkley is engaged in an industry affecting commerce and employs 15 or more employees, and is an "employer" within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b).

## STATEMENT OF FACTS

43. Ms. Wise was hired by Dwayne Johnson as an inside salesperson at Vacation Village in the Berkshires on or around February 8, 2002.

44. Mr. Massaconi began as a sales representative at Vacation Village in the Berkshires on or around July 2001, and was promoted to sales manager on or around September, 2002.

45. Mr. Martin began as an inside salesperson at Vacation Village in the Berkshires on or around July, 2001.

46. Mr. Corbin began as a salesperson at Vacation Village in the Berkshires on or around December, 2001.

47. At no time during their employment did the plaintiffs or other individuals who are similarly situated receive an hourly wage or salary.

48. Plaintiffs' work was performed on the Defendants' premises, was performed in the normal course of Defendants' business and was integrated into the business of the Defendants

49. Plaintiffs regularly worked at least 40 and, at times, over 60 hours per week.

50. Defendants willfully paid Plaintiffs for their services and labor at a rate below the applicable minimum hourly wage in violation of the FLSA, 29 U.S.C. §§ 206 and 207, and M.G.L. c. 151 § 1.

51. Defendants willfully failed to pay Plaintiffs overtime pay of one and one-half times at least minimum wage rate four each hour in a week over forty hours in violation of the FLSA and M.G.L. c. 151 § 1A.

52. As a result of a number of the defendants' policies, numerous times throughout their employment, the plaintiffs and other individuals who are similarly situated failed to receive timely payment of wages in the form of commissions earned on time shares sold. As a result, the plaintiffs and other individuals who are similarly situated, did not, at times, receive timely pay for hours worked.

53. All conditions precedent under M.G.L. c. 151B, Title VII and M.G.L. c. 149 have occurred or been complied with:

    a. Charges alleging discrimination and retaliation by the defendants on the basis of Ms. Wise's race and for asserting her rights to be free from race discrimination in the workplace were filed with the Massachusetts Commission Against Discrimination ("MCAD") within 300 days of the discriminatory actions

alleged in the charge and at the Equal Employment Opportunity Commission ("EEOC") within 300 days of the discriminatory actions alleged in the charge.

b    This complaint has been filed within three years of the last discriminatory act alleged in Ms. Wise's MCAD charges.

c.    Ms. Wise received a Notification of Rights regarding her EEOC charge on March 10, 2004.

d.    This complaint has been filed within 90 days of receipt of the Notification of Rights.

e.    Plaintiffs received authorization from the Attorney General to pursue private rights of action regarding claims pursuant to M.G.L. c. 149, 151.

### *Individual facts as to Ms. Wise*

54.    Shortly after she began her employment, Ms. Wise had two disabling car accidents and had parent and childcare obligations during the time she worked at Vacation Village in the Berkshires which required her to take time off from work.

55.    Ms. Wise routinely provided doctors' notes regarding her accidents, her condition and need for time off to her employer, which time off was allowed.

56.    Thereafter, Rod Lewis began as project director and, Ms. Wise was then treated unfavorably on an ongoing basis by him and by other members of management on account of her race.

57.    On or around March 2003, Ms. Wise reported to a member of management that she believed she was being discriminated against on account of her race.

58. No investigation was conducted into Ms. Wise's allegations of discrimination and she continued to be discriminated against on account of her race.

59. On or around May 2003, Ms. Wise again complained to members of management that she was being discriminated against on account of her race and made management aware that she had filed a charge of race and color discrimination with the Massachusetts Commission Against Discrimination.

60. On or about June 7, 2003, Ms. Wise was terminated from her employment effective immediately.

### Individual facts as to Mr. Martin

61. On or about May 13, 2003, Mr. Martin protested Defendants' failure to pay him for hours worked and told Defendants that he was going to file a written complaint with the Attorney General of the Commonwealth of Massachusetts regarding this failure to timely pay wages and failure to pay minimum wage and overtime pay.

62. Mr. Martin was fired on May 13, 2003, in retaliation for opposing Defendants' illegal practices in violation of G.L. c. 149 § 148 and 151 §§ 1 and 1A.

## INDIVIDUAL CLAIMS AS TO MS. WISE

### COUNT I -- INDIVIDUAL CLAIM FOR RELIEF: DISCRIMINATION BASED ON RACE AND COLOR IN VIOLATION OF M.G.L. c. 151B, §§ 4(1)

63. Ms. Wise repeats the allegations set forth in paragraphs 1 through 60 above, and incorporates those allegations as if fully set forth herein.

13

64. The actions and omissions of the Defendant constitute unlawful discrimination against Ms. Wise based on her race and color in violation of M.G.L. c. 151B, §§ 4(1).

65. The discriminatory actions and omissions of Berkley and Patriot have caused, continue to cause and will cause Ms. Wise to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

### COUNT II -- INDIVIDUAL CLAIM FOR RELIEF: RETALIATION IN VIOLATION OF M.G.L. c. 151B, § 4(4)

66. Ms. Wise repeats the allegations set forth in paragraphs 1 through 60 above, and incorporates those allegations as if fully set forth herein.

67. Berkley and Patriot retaliated against Ms. Wise for opposing their discriminatory practices, in violation of M.G.L. c. 151B, § 4(4).

68. The discriminatory actions and omissions of Berkley and Patriot have caused, continue to cause and will cause Ms. Wise to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

### COUNT III -- INDIVIDUAL CLAIM FOR RELIEF: DISCRIMINATION BASED ON RACE IN VIOLATION OF 42 U.S.C. § 2000e-2(a)(1)

69. Plaintiff Ms. Wise repeats the allegations set forth in paragraphs 1 through 60 above, and incorporates those allegations as if fully set forth herein.

70. The actions and omissions of Berkley and Patriot constitute unlawful discrimination against Ms. Wise based on her race in violation of Title VII of the 1964 Civil Rights Act, as codified at 42 U.S.C. § 2000e-2(a)(1)

71. The discriminatory actions and omissions of Berkley and Patriot have caused, continue to cause and will cause Ms. Wise to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

### COUNT IV -- INDIVIDUAL CLAIM FOR RELIEF: RETALIATION IN VIOLATION OF 42 U.S.C. § 2000e-3(a)

72. Ms. Wise repeats the allegations set forth in paragraphs 1 through 60 above, and incorporates those allegations as if fully set forth herein.

73. Berkley and Patriot retaliated against Ms. Wise for opposing their discriminatory practices, in violation of 42 U.S.C. § 2000e-3(a).

74. The discriminatory actions and omissions of the Defendant have caused, continue to cause and will cause Ms. Wise to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

### INDIVIDUAL CLAIM AS TO MR. MARTIN

### COUNT V -- INDIVIDUAL CLAIM FOR RELIEF: RETALIATION IN VIOLATION OF G.L. c. 149 §148A

75. Mr. Martin repeats the allegations set forth in paragraphs 1 through 62 above, and incorporates those allegations as if fully set forth herein.