UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LACRISHA WISE, MICHAEL MASSACONI, ROGER MARTIN and PETER CORBIN, on behalf of themselves and on behalf of others who are similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>PATRIOT RESORTS CORP., THE BERKLEY GROUP, INC., MARC J. LANDAU, J.P. OTTINO, III, REBECCA A. FOSTER and JAMES E. LAMBERT,<br><br>    Defendants. | CIVIL ACTION NO. 04-30091-KPN<br><br><br><br>**DEFENDANTS' ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** |

First Defense

## INTRODUCTION

1. As to any and all allegations of Paragraph 1, Defendants admit that Wise, Massaconi, Martin and Corbin sell or sold time shares and receive(d) commissions for time share sales. Defendants deny the remaining allegations in Paragraph 1.

2. Defendants deny any and all allegations in Paragraph 2 to the extent it alleges any wrongdoing by Defendants.

3. Defendants deny any and all allegations in Paragraph 3 to the extent it alleges any wrongdoing by Defendants.

## NATURE OF THE ACTION

4. Defendants deny any and all allegations of Paragraph 4. Further answering, Defendants deny that this action meets the prerequisites to certification as a collective action pursuant to 29 U.S.C. § 216(b).

5.  Defendants deny any and all allegations of Paragraph 5. Further answering, Defendants deny that this action meets the prerequisites to class certification under Fed. R. Civ. P. 23.

## JURISDICTION AND VENUE

6.  The allegations of Paragraph 6 call for a legal conclusion. Notwithstanding the same, Defendants admit that jurisdiction is proper as alleged in Paragraph 6.

7.  The allegations of Paragraph 7 call for a legal conclusion. Notwithstanding the same, Defendants admit that that venue is proper as alleged in Paragraph 7.

## CLASS ALLEGATIONS

8.  Defendants deny any and all allegations of Paragraph 8. Further answering, Defendants deny that this action meets the prerequisites to class certification under Fed. R. Civ. P. 23.

9.  Defendants deny any and all allegations of Paragraph 9. Further answering, Defendants deny that this action meets the prerequisites to certification as a collective action pursuant to 29 U.S.C. § 216(b).

10. Defendants deny any and all allegations of Paragraph 10. Further answering, Defendants deny that this action meets the prerequisites to certification as a collective action pursuant to 29 U.S.C. § 216(b).

11. Defendants deny any and all allegations of Paragraph 11. Further answering, Defendants deny that this action meets the prerequisites to class certification under Fed. R. Civ. P. 23.

12. Defendants deny any and all allegations of Paragraph 12. Further answering, Defendants deny that this action meets the prerequisites to class certification under Fed. R. Civ. P. 23.

13. Defendants deny any and all allegations of Paragraph 13. Further answering, Defendants deny that this action meets the prerequisites to class certification under Fed. R. Civ. P. 23.

14. Defendants deny any and all allegations in Paragraph 14.

15. Defendants deny any and all allegations in Paragraph 15.

## PARTIES

16. As to the allegations in Paragraph 16, Defendants admit that Wise is an African-American woman, formerly employed by the Defendant Patriot Resorts Corp.

        Defendants deny that she was employed by the other Defendants. As to the remaining allegations in Paragraph 16, Defendants have insufficient knowledge and information upon which to form a belief and, therefore, they are denied.

17. As to any and all allegations in Paragraph 17, Defendants admit that Massaconi is currently employed by Patriot Resorts Corp. as Sales Manager. Defendants deny that he is employed by the other Defendants. As to the remaining allegations in Paragraph 17, Defendants have insufficient knowledge and information upon which to form a belief and, therefore, they are denied.

18. As to any and all allegations in Paragraph 18, Defendants admit that Martin is currently employed by Defendant Patriot Resorts Corp. Defendants deny that he is employed by the other Defendants. Defendants also deny that Martin is employed as an Inside Sales Representative. As to the remaining allegations of Paragraph 18, Defendants have insufficient knowledge and information upon which to form a belief and, therefore, they are denied.

19. Defendants admit that Corbin was hired by Patriot Resorts Corp. in or around the end of 2001. Defendants deny that Corbin was hired by the other Defendants and also deny that he was hired as an Inside Sales Representative. Defendants also deny that he was laid off in May 2004 and was told that he would be rehired in June 2004. As to the remaining allegations in Paragraph 19, Defendants have insufficient knowledge and information upon which to form a belief and, therefore, they are denied.

20. Defendants admit the allegations in Paragraph 20.

21. Defendants admit the allegations in Paragraph 21.

22. Defendants admit the allegations in Paragraph 22.

23. Defendants deny that Ottino was or is a Director for Patriot. The remaining allegations of Paragraph 23 are admitted.

24. Defendants admit the allegations in Paragraph 24.

25. Defendants admit the allegations in Paragraph 25.

26. Defendants deny any and all allegations in Paragraph 26.

27. Defendants deny any and all allegations in Paragraph 27.

28. Defendants deny any and all allegations in Paragraph 28.

29. Defendants deny any and all allegations in Paragraph 29.

30. Defendants deny any inference that Defendant Patriot violated M.G.L. c. 151. Defendants admit the remaining allegations in Paragraph 30.

31. Defendants deny any and all allegations in Paragraph 31.

32. Defendants admit the allegations of Paragraph 32 as applied to Marc J. Landau. The remaining allegations of this Paragraph are denied.

33. Defendants admit the allegations in Paragraph 33.

34. Defendants deny any and all allegations in Paragraph 34.

35. Defendants admit the allegations of Paragraph 35.

36. Defendants deny any and all allegations in Paragraph 36.

37. Defendants admit the allegations of Paragraph 37.

38. Defendants admit that Berkley at all times relevant to the allegations set forth in the Complaint employed six or more employees. The remaining allegations of Paragraph 38 are denied.

39. Defendant admits the allegations of Paragraph 39.

40. Defendant admits the allegations of Paragraph 40.

41. Defendant admits the allegations of Paragraph 41.

42. Defendant admits the allegations of Paragraph 42.

## STATEMENT OF FACTS

43. Defendants admit that Wise was hired at Patriot Resorts Corp. d/b/a Vacation Village in the Berkshires on or around February 8, 2002. The remaining allegations in Paragraph 43 are denied.

44. Defendants admit that Massaconi began as a Sales Representative at Vacation Village in the Berkshires on or around July 2001, and he was promoted to Sales Manager. The remaining allegations of Paragraph 44 are denied.

45. As to any and all allegations of Paragraph 45, Defendants deny that Martin began as an Inside Salesperson. Defendants admit that Martin began at Vacation Village in the Berkshires on or around July, 2001.

46. Defendants admit any and all allegations in Paragraph 46.

47. Defendants deny any and all allegations in Paragraph 47.

48. As to any and all allegations in Paragraph 48, Defendants admit that Plaintiffs' work was performed in the normal course of the business and was integrated into the business of Patriot Resorts Corp. The remaining allegations of Paragraph 48 are denied.

49. Defendants deny any and all allegations in Paragraph 49.

50. Defendants deny any and all allegations in Paragraph 50.

51. Defendants deny any and all allegations in Paragraph 51.

52. Defendants deny any and all allegations in Paragraph 52.

53. As to any and all allegations of Paragraph 53, Defendants admit that Plaintiff Wise filed a Charge of Discrimination and an Amended Charge of Discrimination with the MCAD for dual filing with the EEOC, which Charges speak for themselves. As to the remaining allegations of Paragraph 53, Defendants have insufficient knowledge and information upon which to form a belief and they are therefore denied.

### *Individual Facts as to Ms. Wise*

54. As to the allegations in Paragraph 54, Defendants have insufficient knowledge and information upon which to form a belief and the allegations are therefore denied.

55. Defendants admit that Wise occasionally provided doctors' notes regarding her accidents, her condition and need for time off to Patriot Resorts Corp. and that it allowed her time off. The Defendants deny the remaining allegations and inferences of Paragraph 55.

56. Defendants admit that Rod Lewis became the Project Director for Patriot Resorts Corp. d/b/a Vacation Village in the Berkshires on or about September 13, 2002. The remaining allegations in Paragraph 56 are denied.

57. The allegations contained in Paragraph 57 are too vague to respond to. To the extent a response is required, it is denied. Further answering, Defendants admit that frequently when things happened to Plaintiff that she did not like, whether at work, at a restaurant, or with police officers, she would assert racism as the reason.

58. As to the allegations in Paragraph 58, Defendants deny that Wise was discriminated against based on her race. Further answering, Defendants admit that Wise raised no allegations that warranted an investigation.

59. Defendants deny any and all allegations in Paragraph 59.

60. Defendants admit the allegations in Paragraph 60.

### *Individual Facts as to Mr. Martin*

61. Defendants deny any and all allegations in Paragraph 61.

62. Defendants deny any and all allegations of Paragraph 62.

### INDIVIDUAL CLAIMS AS TO MS. WISE

### COUNT I – INDIVIDUAL CLAIM FOR RELIEF: DISCRIMINATION BASED ON RACE AND COLOR IN VIOLATION OF M.G.L. c. 151B, §§ 4(1)

63. Defendants repeat their answers to Paragraphs 1 through 62 and incorporate those answers as if fully set forth herein.

64. Defendants deny any and all allegations in Paragraph 64.

65. Defendants deny any and all allegations in Paragraph 65.

### COUNT II – INDIVIDUAL CLAIM FOR RELIEF: RETALIATION IN VIOLATION OF M.G.L. c. 151B, §4(4)

66. Defendants repeat their answers to Paragraphs 1 through 65 and incorporate those answers as if fully set forth herein.

67. Defendants deny any and all allegations in Paragraph 67.

68. Defendants deny any and all allegations in Paragraph 68.

### COUNT III – INDIVIDUAL CLAIM FOR RELIEF: DISCRIMINATION BASED ON RACE IN VIOLATION OF 42 U.S.C. §2000E-2(a)(1)

69. Defendants repeat their answers to Paragraphs 1 through 68 and incorporate those answers as if fully set forth herein.

70. Defendants deny any and all allegations in Paragraph 70.

71. Defendants deny any and all allegations in Paragraph 71.

COUNT IV – INDIVIDUAL CLAIM FOR RELIEF:
RETALIATION IN VIOLATION OF 42 U.S.C. §2000e-3(a)

72. Defendants repeat their answers to Paragraphs 1 through 71 and incorporate those answers as if fully set forth herein.

73. Defendants deny any and all allegations in Paragraph 73.

74. Defendants deny any and all allegations in Paragraph 74.

**INDIVIDUAL CLAIM AS TO MR. MARTIN**

COUNT V – INDIVIDUAL CLAIM FOR RELIEF:
RETALIATION IN VIOLATION OF G.L. C. 149 §148A

75. Defendants repeat their answers to Paragraphs 1 through 74 and incorporate those answers as if fully set forth herein.

76. Defendants deny any and all allegations in Paragraph 76.

77. Defendants deny any and all allegations in Paragraph 77.

**CLASS CLAIMS**

COUNT VI – CLASS CLAIM FOR RELIEF
VIOLATION OF THE FAIR LABOR STANDARDS ACT

78. Defendants incorporate by reference their answers to Paragraphs 1 through 77 and incorporate those answers as if fully set forth herein. As to the remaining allegations in Paragraph 78, Defendants have insufficient knowledge and information upon which to form a belief and, therefore, they are denied.

79. As to any and all allegations in Paragraph 79, Defendants have insufficient knowledge and information upon which to form a belief and the allegations are therefore denied.

80. Defendants admit that Plaintiffs were employed by Defendant Patriot Resorts Corp. The remaining allegations in Paragraph 80 are denied.

81. Defendants deny any and all allegations in Paragraph 81.

82. Defendants deny any and all allegations in Paragraph 82.

83. Defendants deny any and all allegations in Paragraph 83.

### COUNT VII – CLASS CLAIM FOR RELIEF
### VIOLATION OF M.G.L. c. 149, §148

84. Defendants incorporate by reference their answers to Paragraphs 1-83 and incorporate those answers as if fully set forth herein.

85. As to the allegations in Paragraph 85, Defendants admit that Plaintiffs were employed by Defendants Patriot Resorts Corp., Landau and Foster. Defendants deny that Plaintiffs were employed by the other Defendants.

86. Defendants deny any and all allegations in Paragraph 86.

87. Defendants deny any and all allegations in Paragraph 87.

88. Defendants deny any and all allegations in Paragraph 88.

### COUNT VIII – CLASS CLAIM FOR RELIEF
### VIOLATION OF M.G.L. ch. 151 §§1 and 1A

89. Defendants incorporate by reference their answers to Paragraphs 1 through 88 and incorporate those answers as if fully set forth herein.

90. Defendants deny that Plaintiffs were employed by Defendant Berkley Group, Inc. and Defendant Lambert. The remaining allegations in Paragraph 90 are admitted.

91. Defendants deny any and all allegations of Paragraph 91.

92. Defendants deny any and all allegations of Paragraph 92.

93. Defendants deny any and all allegations of Paragraph 93.

94. Defendants deny any and all allegations of Paragraph 94.

### Second Defense

The Complaint fails to state a claim upon which relief can be granted.

### Third Defense

The Defendants exercised reasonable care to prevent and promptly correct any discriminatory behavior, and the Plaintiff Wise unreasonably failed to take advantage of any preventive or corrective opportunities to avoid harm.

### Fourth Defense

All actions taken against Plaintiff Wise were unrelated to her race or color.

### Fifth Defense

All action taken against Plaintiff Martin were unrelated to his alleged complaint about failure to pay wages.

### Sixth Defense

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

### Seventh Defense

Plaintiffs' claims are barred in whole or in part by a failure to exhaust their administrative remedies.

### Eighth Defense

Plaintiffs failed to comply with the procedural prerequisites of M.G.L. ch. 149, §150.

### Ninth Defense

Plaintiffs were exempt from receiving minimum wage and/or overtime compensation because they were outside salespersons.

### Tenth Defense

Plaintiffs have failed to mitigate their damages.

### Eleventh Defense

Defendants The Berkley Group, Inc., Landau, Ottino, Foster and Lambert are not proper parties to some or all of the claims.

### Twelfth Defense

Plaintiffs are not representatives of the purported class.

9

### Thirteenth Defense

The purported class is not so numerous that joinder of all members is impracticable.

### Fourteenth Defense

There are no questions of law and fact common to the purported class.

### Fifteenth Defense

The Plaintiffs will not fairly and adequately protect the interests of the purported class.

### Sixteenth Defense

Some or all of the Plaintiffs were exempt from receiving minimum wage and/or overtime because they were/are executives or managers.

### Seventeenth Defense

This court lacks jurisdiction over The Berkley Group, Inc., Landau, Ottino, Foster and Lambert as they did not do business in Massachusetts.

### Eighteenth Defense

Defendants acted in good faith reliance on industry standards, industry practices and the position of the Secretary of Labor in compensating Plaintiffs.

### Prayer for Declaration and Attorney's Fees and Costs

WHEREFORE, Defendants pray the Court to declare that Plaintiffs have brought a groundless action and to award Defendants their costs and attorney's fees.

Respectfully Submitted,
/s/ Marylou Fabbo, Esq.
Marylou Fabbo, Esq.
BBO #566613
Counsel for Defendant
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts  01144

Dated:  July 27, 2004                    Tel.:  (413) 737-4753/Fax: (413) 787-1941

10

## CERTIFICATE OF SERVICE

      I hereby certify that a true and accurate copy of the foregoing *Answer to Amended Complaint and Affirmative Defenses* was served upon the attorney of record for each other party via electronic filing and/or by first-class, U.S. mail, postage prepaid, on July 27, 2004.

                                              /s/ Marylou Fabbo, Esq.
                                           Marylou Fabbo, Esq.