UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO.  04-cv-30091-MAP

:
LACRISHA WISE, MICHAEL :
MASSACONI, ROGER MARTIN and :
PETER CORBIN, on behalf of :
themselves and on behalf of others :
who are similarly situated, :
 :
           Plaintiffs, :        SECOND AMENDED COMPLAINT
 :                 and
v. :        DEMAND FOR A JURY TRIAL
 :
PATRIOT RESORTS CORP., :
THE BERKLEY GROUP, INC., :
MARC J. LANDAU, J.P. OTTINO, III :
REBECCA A FOSTER. and JAMES E. :
LAMBERT, :
           Defendants. :
 :

## **INTRODUCTION**

1.     This is an action brought by Plaintiffs Lacrisha Wise, Michael

Massaconi, Roger Martin and Peter Corbin (collectively "Plaintiffs"), who sell time

shares and receive only commissions for time share sales, rather than hourly or

weekly wages.  They bring this claim on behalf of themselves, and other current

and former employees of the defendants who are similarly situated, because of

the failure of their employers to pay them the minimum wage, and for unpaid

wages and overtime compensation, under the Fair Labor Standards Act

("FLSA").  They also seek relief under Massachusetts law prohibiting untimely

and non-payment of wages and commissions by their employer, M.G.L. c. 149 §

148, and requiring employers to pay employees at least minimum wage, G.L. c. 151 § 19 and overtime premium pay, M.G.L. c. 151 § 1A.

2.      Plaintiff Lacrisha Wise ("Ms. Wise") also brings this action individually because she was subjected to racially discriminatory actions and omissions by Patriot Resorts Corp. and the Berkley Group culminating in a retaliatory termination for asserting her right to be free from discrimination in violation of G.L. c. 151B and Title VII of the Civil Rights Acts as amended.  Ms Wise seeks equitable relief designed to assure that those defendants discontinue policies and practices which serve to foster race discrimination in the workplace. She also seeks compensation for the grave harm she has suffered and continues to suffer as a result of the discriminatory actions and omissions of Patriot Resorts Corp. and the Berkley Group.

3.      Plaintiff Roger Martin ("Mr. Martin") also brings this action individually because he was subjected to a retaliatory termination by Patriot Resorts Corp. and the Berkley Group for asserting his rights under the federal FLSA and the Massachusetts wage and hour laws.  Mr. Martin seeks injunctive relief designed to assure that those defendants discontinue policies and practices which serve to foster retaliatory actions and behavior for asserting his rights under the FLSA and the Massachusetts wage and hour laws in the workplace. He also seeks compensation for the harm he suffered as a result of the retaliatory actions and omissions of Patriot Resorts Corp. and the Berkley Group.

4.      Plaintiff Michael Massaconi ("Mr. Massaconi") also brings this action individually because he was subjected to retaliatory adverse changes in

the terms and conditions of his employment by Patriot Resorts Corp. and the
Berkley Group or by agents acting on their behalf for asserting his rights under
the federal FLSA and the Massachusetts wage and hour laws.  Mr. Massaconi
seeks injunctive relief designed to assure that those defendants discontinue
policies and practices which serve to foster retaliatory actions and behavior for
asserting his rights under the FLSA and the Massachusetts wage and hour laws
in the workplace.  He also seeks compensation for the harm he suffered as a
result of the retaliatory actions and omissions of Patriot Resorts Corp. and the
Berkley Group.

## NATURE OF THE ACTION

5.    Plaintiffs allege on behalf of themselves, and other similarly
situated current and former time share sales people and sales managers who
worked for the Defendants and who opt into this action pursuant to the Fair Labor
Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that: (i) they are entitled to unpaid
minimum wages from Defendants; (ii) are entitled to unpaid wages from
Defendants for overtime work for which they did not receive any overtime
premium pay, and (iii) entitled to liquidated damages pursuant to the Fair Labor
Standards Act, 29 U.S.C. §§ 201 et seq.

6.    Plaintiffs further complain on behalf of themselves, and a class of
other similarly situated current and former current and former time share sales
people and sales managers who worked for Defendants, pursuant to Fed. R. Civ.
Proc. 23, that: (i) they are entitled to unpaid minimum wages from Defendants for
their work; (ii) are entitled to back wages from Defendants for overtime work for

which they did not receive any overtime premium pay, (iii) are entitled to unpaid and untimely wages pursuant to G.L. c. 149 § 148, G.L. c. 151 §1A and G.L. c. 151 § 19 et seq.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction pursuant to, 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. §§ 2201 and 2202, as well as Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f) and 2000e-5(g),  and  the Fair Labor Standards Act, 29 U.S.C. § 216(b).  Supplemental jurisdiction also lies pursuant to 28 U.S.C. § 1367.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f) (3), and 29 U.S.C. § 201 et seq.  insofar as all the discriminatory and other illegal employment practices alleged in this complaint were committed within the County of Berkshire in the Commonwealth of Massachusetts, the defendant conducts business and has substantial business contacts in the Commonwealth of Massachusetts.

## CLASS ALLEGATIONS

9.     Plaintiffs sue on their own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

10.     Plaintiffs bring their Fair Labor Standards Act claim for a failure to timely pay wages for compensable time worked and a failure to pay minimum wage on behalf of all persons who worked for defendants as time share sales people and/or sales managers for any week from July 2001, to entry of judgment

in this case (the "class" and "class period", respectively) (hereinafter "Plaintiffs" refer to both Representative Plaintiffs and the class).

11.    Plaintiffs bring their Fair Labor Standards Act claim for a failure to pay premium pay for hours worked over 40 hours per workweek on behalf of all persons who worked for defendants as time share sales people and/or sales managers and did not receive premium pay for hours worked over 40 per workweek at any time from July 2001, to entry of judgment in this case.

12.    Plaintiffs bring their G.L. c. 149 claim for a failure to pay timely wages on behalf of all persons who worked for defendants at a Massachusetts location as time share sales people and/or sales managers at any time from July 2001, to entry of judgment in this case.

13.    Plaintiffs bring their M.G.L. c. 151 § 1 claim for a failure to pay minimum wage on behalf of all persons who worked for defendants at a Massachusetts location as time share sales people and/or sales managers for any week from July 2001, to entry of judgment in this case.

14.    Plaintiffs bring their M.G.L. c. 151 § 1A claim for a failure to pay premium pay for hours worked over 40 hours per workweek on behalf of all persons who worked for defendants at a Massachusetts location as time share sales people and/or sales managers for any week from July 2001, to entry of judgment in this case.

15.    The persons in the classes identified above are so numerous that joinder of all members is impracticable.  Questions of law and fact common to the class predominate over any questions affecting only individual members. The

claims of the representative parties are typical and the representative parties will fairly and adequately protect the interests of the class. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

16.    There are questions of law and fact common to this Class which predominate over any questions solely affecting individual members of the Class, including:

(a) whether Defendants failed and/or refused to pay Plaintiffs minimum wages for hours worked within the meaning of the federal Fair Labor Standards Act.

(b) whether Defendants failed and/or refused to pay Plaintiffs minimum wages for hours worked within the meaning of M.G.L. c. 151 § 1.

(c) whether Defendants failed and/or refused to timely pay Plaintiffs wages for compensable hours worked within the meaning of the Fair Labor Standards Act.

(d) whether Defendants failed and/or refused to timely pay Plaintiffs wages for hours worked within the meaning of M.G.L. c. 149.

(e) whether Defendants failed and/or refused to pay Plaintiffs premium pay for hours worked in excess of forty per workweek within the meaning of the Federal Fair Labor Standards Act.

(f) whether Defendants failed and/or refused to pay Plaintiffs premium pay for hours worked in excess of forty per workweek within the meaning of M. G.L. c. 151 § 1A.

## PARTIES

17.     Plaintiff Ms. Wise is an African American woman, formerly employed by Defendants, and resides in Hampden County, in the Commonwealth of Massachusetts.

18.     Plaintiff Mr. Massaconi is currently employed by Defendants, as an inside sales representative, and resides in New Lebanon, New York.

19.     Plaintiff Mr. Martin was formerly employed by Defendants as an inside sales representative, and resides in Berkshire County, in the Commonwealth of Massachusetts.

20.     Plaintiff Peter Corbin ("Mr. Corbin") was hired by Defendants as an inside sales representative in or around the end of 2001, was laid off in May 2004 and was told that he would be rehired in June 2004, and resides in Berkshire County, in the Commonwealth of Massachusetts.

21.     Defendant Patriot Resorts Corporation ("Patriot") is a privately held foreign corporation with a principal place of business at 3015 North Ocean Boulevard, Suite 121, Fort Lauderdale, Florida and with a place of business,

Vacation Village in the Berkshires ("Vacation Village"), in Berkshire County, in the Commonwealth of Massachusetts.

22.    Defendant The Berkley Group, Inc. ("Berkley") is a privately held foreign corporation with a principal place of business at 3015 North Ocean Boulevard, Suite 121, Fort Lauderdale, Florida.

23.    At all times relevant to the allegations set forth in this Complaint, Rebecca A. Foster ("Ms. Foster") was the President of Patriot and Berkley.

24.    At all times relevant to the allegations set forth in this Complaint, Marc. J. Landau ("Mr. Landau") was the Treasurer of Patriot and Berkley and J.P. Ottino, III was a Director and Vice President of Patriot and Berkley.

25.    At all times relevant to the allegations set forth in this Complaint, James E. Lambert ("Mr. Lambert") was the Chairman and Chief Executive Officer of Berkley.

26.    At all times relevant to the allegations set forth in this Complaint, Defendant Patriot was an employer of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

27.    At all times relevant to the allegations set forth in this Complaint, Defendant Berkley was an employer of the Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

28.    At all times relevant to the allegations set forth in this Complaint, Defendants Marc J. Landau and J. P. Ottino, III was an employer of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

29.    At all times relevant to the allegations set forth in this Complaint, Defendant Rebecca A. Foster was an employer of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

30.    At all times relevant to the allegations set forth in this Complaint, Defendant James E. Lambert was an employer of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

31.    At all times relevant to the allegations set forth in this Complaint, Defendant Patriot was an "employer" as defined in M.G.L. c. 149, §150 and for purposes of violations of M.G.L. c. 151.

32.    At all times relevant to the allegations set forth in this Complaint, Defendant Berkley was an "employer" as defined in M.G.L. c. 149, §150 and for purposes of violations of M.G.L. c. 151.

33.    At all times relevant to the allegations set forth in this Complaint, Defendant Marc J. Landau and J.P. Ottino, III was an "employer" as defined in M.G.L. c. 149, §150 and for purposes of violations of M.G.L. c. 151.

34.    At all times relevant to the allegations set forth in this Complaint, Defendant Rebecca A. Foster was an "employer" as defined in M.G.L. c. 149, §150 and for purposes of violations of M.G.L. c. 151.

35.    At all times relevant to the allegations set forth in this Complaint, Defendant James E. Lambert was an "employer" as defined in M.G.L. c. 149, §150 and for purposes of violations of M.G.L. c. 151.

36.    At all times relevant to the allegations set forth in this Complaint, Defendant Patriot was a "person" within the meaning of M.G.L. c. 151B, § 1.

37.    At all times relevant to the allegations set forth in this Complaint, Defendant Berkley was a "person" within the meaning of M.G.L. c. 151B, § 1.

38.    At all times relevant to the allegations set forth in this Complaint, Defendant Patriot employed 6 or more employees, and was an "employer" within the meaning of M.G.L. c. 151B, § 1.

39.    At all times relevant to the allegations set forth in this Complaint, Defendant Berkley employed 6 or more employees, and was an "employer" within the meaning of M.G.L. c. 151B, § 1.

40.    At all times relevant to the allegations set forth in this Complaint, Defendant Patriot was a "person" within the meaning of Section 701(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(a).

41.    At all times relevant to the allegations set forth in this Complaint, Defendant Berkley was a "person" within the meaning of Section 701(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(a).

42.    Defendant Patriot is engaged in an industry affecting commerce and employs 15 or more employees, and is an "employer" within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b).

43.    Defendant Berkley is engaged in an industry affecting commerce and employs 15 or more employees, and is an "employer" within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b).

## STATEMENT OF FACTS

44.     Ms. Wise was hired by Dwayne Johnson as an inside salesperson at Vacation Village in the Berkshires on or around February 8, 2002.

45.     Mr. Massaconi began as an inside salesperson at Vacation Village in the Berkshires on or around July 2001, and was promoted to sales manager on or around September, 2002 and was demoted to inside salesperson on or around the end of September 2004.

46.     Mr.  Martin began as an inside salesperson at Vacation Village in the Berkshires on or around July, 2001.

47.     Mr. Corbin began as a salesperson at Vacation Village in the Berkshires on or around December, 2001.

48.     At no time during their employment did the plaintiffs or other individuals who are similarly situated receive an hourly wage or salary.

49.     Plaintiffs' work was performed on the Defendants' premises, was performed in the normal course of Defendants' business and was integrated into the business of the Defendants

50.     Plaintiffs regularly worked at least 40 and, at times, over 60 hours per week, including during their training periods and when they are required by defendants to train other employees.

51.     Defendants willfully paid Plaintiffs for their services and labor at a rate below the applicable minimum hourly wage in violation of the FLSA, 29 U.S.C. §§ 206 and 207, and M.G.L. c. 151 § 1.

52.    Defendants willfully failed to pay Plaintiffs overtime pay of one and one-half times at least minimum wage rate four each hour in a week over forty hours in violation of the FLSA and M.G.L. c. 151 § 1A.

53.    As a result of a number of the defendants' policies, numerous times throughout their employment, including the failure to keep accurate time records, the plaintiffs and other individuals who are similarly situated failed to receive timely payment of wages in the form of wages and commissions earned on time shares sold. As a result, the plaintiffs and other individuals who are similarly situated, did not, at times, receive timely pay for hours worked.

54.    All conditions precedent under M.G.L. c. 151B, Title VII and M.G.L. c. 149 have occurred or been complied with:

a.    Charges alleging discrimination and retaliation by the defendants on the basis of Ms. Wise's race and for asserting her rights to be free from race discrimination in the workplace were filed with the Massachusetts Commission Against Discrimination ("MCAD") within 300 days of the discriminatory actions alleged in the charge and at the Equal Employment Opportunity Commission ("EEOC") within 300 days of the discriminatory actions alleged in the charge.

b    This complaint has been filed within three years of the last discriminatory act alleged in Ms. Wise's MCAD charges.

c.    Ms. Wise received a Notification of Rights regarding her EEOC charge on March 10, 2004.

d.    This complaint has been filed within 90 days of receipt of the Notification of Rights.

e.    Plaintiffs received authorization from the Attorney General to pursue private rights of action regarding claims pursuant to M.G.L. c. 149, 151.

### *Individual facts as to Ms. Wise*

55.    Shortly after she began her employment, Ms. Wise had two disabling car accidents and had parent and childcare obligations during the time she worked at Vacation Village in the Berkshires which required her to take time off from work.

56.    Ms. Wise routinely provided doctors' notes regarding her accidents, her condition and need for time off to her employer, which time off was allowed.

57.    Thereafter, Rod Lewis began as project director and, Ms. Wise was then treated unfavorably on an ongoing basis by him and by other members of management on account of her race.

58.    On or around March 2003, Ms. Wise reported to a member of management that she believed she was being discriminated against on account of her race.

59.    No investigation was conducted into Ms. Wise's allegations of discrimination and she continued to be discriminated against on account of her race.

60.    On or around May 2003, Ms. Wise again complained to members of management that she was being discriminated against on account of her race and made management aware that she had filed a charge of race and color discrimination with the Massachusetts Commission Against Discrimination.

61.    On or about June 7, 2003, Ms. Wise was terminated from her employment effective immediately.

### Individual facts as to Mr. Martin

62.    On or about May 13, 2003, Mr. Martin protested Defendants' failure to pay him for hours worked and told Defendants that he was going to file a written complaint with the Attorney General of the Commonwealth of Massachusetts regarding this failure to timely pay wages and failure to pay minimum wage and overtime pay.

63.    Mr. Martin was fired by Defendants' management on May 13, 2003, in retaliation for opposing Defendants' illegal practices in violation of G.L. c. 149 § 148 and 151 §§ 1 and 1A.

64.    Mr. Martin was rehired by other members of management in November 2003.

65.    Shortly after the original Complaint in this action was served on the Defendants, Mr. Martin again protested to Defendants regarding the Defendants' failure to pay him for hours worked  the  Mr. Martin, and other illegal wage and hour policies and practices of the Defendants including their failure to timely pay wages and failure to pay minimum wage and overtime pay.

66.    Shortly thereafter, Mr. Martin was fired by Defendants' in retaliation for opposing Defendants' illegal practices in violation of G.L. c. 149 § 148 and 151 §§ 1 and 1A.

*Individual facts as to Mr. Massaconi*

67.    Shortly after the original Complaint in this action was served on the Defendants, a member of upper management, Rod Lewis, stated to Mr. Massaconi that there was talk that the company was trying to get "rid of" people who filed this lawsuit.

68.    AT or around the same time, a number of other retaliatory adverse actions were taken against Mr. Massaconi in retaliation for opposing Defendants' illegal practices in violation of G.L. c. 149 § 148 and 151 §§ 1 and 1A.

69.    The adverse actions taken against Mr. Massaconi include but are not limited to materially decreasing his wages, demoting him to an inside salesperson, and not promoting him again to a sales manager position, thereby treating him differently than other similarly situated employees.

## INDIVIDUAL CLAIMS AS TO MS. WISE

COUNT I -- INDIVIDUAL CLAIM FOR RELIEF:
DISCRIMINATION BASED ON RACE AND COLOR
IN VIOLATION OF
M.G.L. c. 151B, §§ 4(1)

70.    Ms. Wise repeats the allegations set forth in paragraphs 1 through 69 above, and incorporates those allegations as if fully set forth herein.

71.    The actions and omissions of the Defendants constitute unlawful discrimination against Ms. Wise based on her race and color in violation of M.G.L. c. 151B, §§ 4(1).

72.    The discriminatory actions and omissions of Defendants have caused, continue to cause and will cause Ms. Wise to suffer substantial damages

for lost wages and income, the loss of employment benefits, and other pecuniary

losses, as well as mental anguish and humiliation, emotional distress, the loss of

enjoyment of life, and other nonpecuniary losses.

COUNT II -- INDIVIDUAL CLAIM FOR RELIEF:<br>
RETALIATION IN VIOLATION OF<br>
M.G.L. c. 151B, § 4(4)

73.    Ms. Wise repeats the allegations set forth in paragraphs 1 through

72 above, and incorporates those allegations as if fully set forth herein.

74.    Defendants retaliated against Ms. Wise for opposing their

discriminatory practices, in violation of M.G.L. c. 151B, § 4(4).

75.    The discriminatory actions and omissions of Defendants have

caused, continue to cause and will cause Ms. Wise to suffer substantial damages

for lost wages and income, the loss of employment benefits, and other pecuniary

losses, as well as mental anguish and humiliation, emotional distress, the loss of

enjoyment of life, and other nonpecuniary losses.

COUNT III -- INDIVIDUAL CLAIM FOR RELIEF:<br>
DISCRIMINATION BASED ON RACE<br>
IN VIOLATION OF 42 U.S.C. § 2000e-2(a)(1)

76.    Plaintiff Ms. Wise repeats the allegations set forth in paragraphs 1

through 75 above, and incorporates those allegations as if fully set forth herein.

77.    The actions and omissions of Berkley and Patriot constitute

unlawful discrimination against Ms. Wise based on her race in violation of Title

VII of the 1964 Civil Rights Act, as codified at 42 U.S.C. § 2000e-2(a)(1)

78.    The discriminatory actions and omissions of Berkley and Patriot

have caused, continue to cause and will cause Ms. Wise to suffer substantial

16

damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

<u>COUNT IV -- INDIVIDUAL CLAIM FOR RELIEF:</u>
<u>RETALIATION IN VIOLATION OF</u>
<u>42 U.S.C. § 2000e-3(a)</u>

79.    Ms. Wise repeats the allegations set forth in paragraphs 1 through 78 above, and incorporates those allegations as if fully set forth herein.

80.    Berkley and Patriot retaliated against Ms. Wise for opposing their discriminatory practices, in violation of 42 U.S.C. § 2000e-3(a).

81.    The discriminatory actions and omissions of the Defendant have caused, continue to cause and will cause Ms. Wise to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

**<u>INDIVIDUAL CLAIM AS TO MR. MARTIN</u>**

<u>COUNT V -- INDIVIDUAL CLAIM FOR RELIEF:</u>
<u>RETALIATION IN VIOLATION OF G.L. c. 149 §148A</u>

82.    Mr. Martin repeats the allegations set forth in paragraphs 1 through 81 above, and incorporates those allegations as if fully set forth herein.

83.    By materially and adversely altering the plaintiff's employment by terminating him for asserting his rights under G.L. c. 149, §§ 148, 150, 151 the defendants are liable because they have retaliated and discriminated against Mr. Martin for making a complaint pursuant to G.L. c. 149 § 148.

84.    Mr. Martin is entitled to three times his lost wages, other compensatory relief and reasonable attorneys' fees and costs due to the retaliatory action and omissions of the Defendants.

## INDIVIDUAL CLAIM AS TO MR. MASSACONI

### COUNT VI -- INDIVIDUAL CLAIM FOR RELIEF: RETALIATION IN VIOLATION OF G.L. c. 149 §148A

85.    Mr. Massaconi repeats the allegations set forth in paragraphs 1 through 84 above, and incorporates those allegations as if fully set forth herein.

86.    By materially and adversely altering the plaintiff's employment for asserting his rights under G.L. c. 149, §§ 148, 150, 151 the defendants are liable because they have retaliated and discriminated against Mr. Massaconi for making a complaint pursuant to G.L. c. 149 § 148.

87.    Mr. Massaconi is entitled to three times his lost wages, reasonable attorneys' fees and costs, other compensatory relief and due to the retaliatory action and omissions of the Defendants.


## CLASS CLAIMS

### COUNT VII -- CLASS CLAIM FOR RELIEF VIOLATION OF THE FAIR LABOR STANDARDS ACT

88.    For paragraphs 88 through 93, "Plaintiffs" refers to Representative Plaintiffs and any class members who file individual consents to sue in this action. Plaintiffs allege and incorporate by reference the allegations in paragraphs 1 through 87 above.

89.    Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiffs' written consents are attached to the original

Complaint filed in this matter and are incorporated by reference.

90.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA.

91.    Defendants willfully failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206 (a).

92.    Defendants willfully failed to pay Plaintiffs overtime compensation at rates not less than one and one-halftimes the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

93.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages, their unpaid overtime compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216 (b).

<u>COUNT VIII --  CLASS CLAIM FOR RELIEF</u>
<u>VIOLATION OF M.G.L. 149 § 148</u>

94.    Plaintiffs allege and incorporate by reference the allegations in paragraphs 1 through 93 above.

95.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of M.G.L. c. 149.

96.    Defendants willfully violated Plaintiffs' rights by timely failing to pay Plaintiffs wages and commissions earned, in violation of M.G.L. c. 149.

97.    Defendants' M.G.L. c. 149 violations have caused Plaintiffs

irreparable harm for which there is no adequate remedy at law.

98.    Due to Defendants' M.G.L. c. 149 violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, three times their unpaid and untimely paid wages, reasonable attorneys' fees, and costs of the action.

COUNT IX --  CLASS CLAIM FOR RELIEF
VIOLATION OF M.G.L. 151 §§ 1 and 1A

99.    Plaintiffs allege and incorporate by reference the allegations in paragraphs 1 through 98 above.

100.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of M.G.L. c. 151.

101.    Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs at the applicable minimum hourly wage, in violation of M.G.L. c. 151 § 1.

102.    Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-halftimes the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of M.G.L. c. 151 §1A.

103.    Defendants' M.G.L. c. 151 violations have caused Plaintiffs irreparable harm for which there is no adequate remedy at law.

104.    Due to Defendants' M.G.L. c. 151 violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, three times their unpaid minimum wages, their unpaid overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to M.G.L. c. 151 §§ 1B and 20.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

1.      Award Ms. Wise appropriate injunctive relief designed to ensure that the Defendants discontinue their discriminatory and retaliatory practices;

2.      Award Ms. Wise compensatory damages for  in an amount to be determined at trial in this matter, plus statutory interest on any such award;

3.      Award Ms. Wise punitive damages in an amount to be determined at trial in this matter;

4.      Award Mr. Martin three times his lost wages and other appropriate relief for the Defendants' retaliatory practices;

5.      Award Mr. Massaconi three times his lost wages and other appropriate relief for the Defendants' retaliatory practices;

6.      Certify this case as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2) and (3);

7.      Declare Defendants' conduct complained of herein to be in violation of the Plaintiffs' rights under the FLSA and the Massachusetts wage and hour laws set forth above;

8.      Award Plaintiffs unpaid minimum wages, their unpaid overtime compensation due under the FLSA and an additional equal amount as liquidated damages because of Defendants' willful failure to pay minimum wage and overtime pay pursuant to 29 U .S.C. § 216;

9.      Award Plaintiffs three times their unpaid minimum wages, their unpaid overtime compensation and unpaid and untimely paid wages because of

Defendants' willful failure to pay minimum wage and overtime pay and due to untimely and nonpayment of wages and commissions earned pursuant to M.G.L. c. 149 § 150, c. 151 § 1 and 1A;

      10.    Award Plaintiffs prejudgment interest;

      11.    Award Plaintiffs the costs of this action together with reasonable attorneys' fees and such other and further relief as this Court deems necessary and proper, including, where appropriate, equitable relief.

## REQUEST FOR JURY TRIAL

PURSUANT TO FEDERAL RULE OF PROCEDURE 38(b)THE PLAINTIFFS SEEK A TRIAL BY JURY ON ALL QUESTIONS OF FACT AND ALL CLAIMS SO TRIABLE.

Dated: December 13, 2004

PLAINTIFFS LACRISHA WISE, MICHAEL
MASSACONI, ROGER MARTIN and
PETER CORBIN, on behalf of themselves
and on behalf of others who are similarly
situated,
By:


  /s/ Suzanne Garrow
 Their attorneys
 Suzanne Garrow BBO# 636548
 Joel Feldman BBO# 552963
 Heisler, Feldman & McCormick, PC
1145 Main Street, Ste. 508
 Springfield, MA  01103
 Phone (413) 788-7988

I hereby certify that a
true copy of the Second Amended Complaint
was served on defendants' attorneys of
 record by first class and electronic mail
on this date.

   /s/ Suzanne Garrow

Dated: December 13, 2004