UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LACRISHA WISE, MICHAEL MASSACONI, ROGER MARTIN and PETER CORBIN, on behalf of themselves and on behalf of others who are similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>PATRIOT RESORTS CORP., THE BERKLEY GROUP, INC., MARC J. LANDAU, J.P. OTTINO, III, REBECCA A. FOSTER and JAMES E. LAMBERT,<br><br>　　　　　　　　Defendants. | CIVIL ACTION NO. 04-cv-30091-MAP<br><br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT** |

First Defense

## INTRODUCTION

1. As to any and all allegations of Paragraph 1, Defendants admit that Wise, Massaconi, Martin and Corbin sell or sold time shares and receive(d) commissions for time share sales. Defendants deny the remaining allegations in Paragraph 1.

2. Defendants deny any and all allegations in Paragraph 2 to the extent it alleges any wrongdoing by Defendants.

3. Defendants deny any and all allegations in Paragraph 3 to the extent it alleges any wrongdoing by Defendants.

4. Defendants deny any and all allegations in Paragraph 4 to the extent it alleges any wrong doing by Defendants.

## NATURE OF THE ACTION

5. Defendants deny any and all allegations of Paragraph 5. Further answering, Defendants deny that this action meets the prerequisites to certification as a collective action pursuant to 29 U.S.C. § 216(b).

6. Defendants deny any and all allegations of Paragraph 6. Further answering, Defendants deny that this action meets the prerequisites to class certification under Fed. R. Civ. P. 23.

## JURISDICTION AND VENUE

7. The allegations of Paragraph 7 call for a legal conclusion. Notwithstanding the same, Defendants admit that jurisdiction is proper as alleged in Paragraph 7.

8. The allegations of Paragraph 8 call for a legal conclusion. Notwithstanding the same, Defendants admit that that venue is proper as alleged in Paragraph 8.

## CLASS ALLEGATIONS

9. Defendants deny any and all allegations of Paragraph 9. Further answering, Defendants deny that this action meets the prerequisites to class certification under Fed. R. Civ. P. 23.

10. Defendants deny any and all allegations of Paragraph 10. Further answering, Defendants deny that this action meets the prerequisites to certification as a collective action pursuant to 29 U.S.C. § 216(b).

11. Defendants deny any and all allegations of Paragraph 11. Further answering, Defendants deny that this action meets the prerequisites to certification as a collective action pursuant to 29 U.S.C. § 216(b).

12. Defendants deny any and all allegations of Paragraph 12. Further answering, Defendants deny that this action meets the prerequisites to class certification under Fed. R. Civ. P. 23.

13. Defendants deny any and all allegations of Paragraph 13. Further answering, Defendants deny that this action meets the prerequisites to class certification under Fed. R. Civ. P. 23.

14. Defendants deny any and all allegations of Paragraph 14. Further answering, Defendants deny that this action meets the prerequisites to class certification under Fed. R. Civ. P. 23.

15. Defendants deny any and all allegations in Paragraph 15.

16. Defendants deny any and all allegations in Paragraph 16.

## PARTIES

17. As to the allegations in Paragraph 17, Defendants admit that Wise is an African-American woman, formerly employed by the Defendant Patriot Resorts Corp. Defendants deny that she was employed by the other Defendants. As to the remaining allegations in Paragraph 17, Defendants have insufficient knowledge and information upon which to form a belief and, therefore, they are denied.

18. As to any and all allegations in Paragraph 18, Defendants admit that Massaconi is currently employed by Patriot Resorts Corp. Defendants deny that he is employed by the other Defendants. As to the remaining allegations in Paragraph 18, Defendants have insufficient knowledge and information upon which to form a belief and, therefore, they are denied.

19. As to any and all allegations in Paragraph 19, Defendants admit that Martin was currently employed by Defendant Patriot Resorts Corp. Defendants deny that he was employed by the other Defendants. Defendants also deny that Martin was employed as an Inside Sales Representative. As to the remaining allegations of Paragraph 19, Defendants have insufficient knowledge and information upon which to form a belief and, therefore, they are denied.

20. Defendants admit that Corbin was hired by Patriot Resorts Corp. in or around the end of 2001. Defendants deny that Corbin was hired by the other Defendants and also deny that he was hired as an Inside Sales Representative. Defendants also deny that he was laid off in May 2004 and was told that he would be rehired in June 2004. As to the remaining allegations in Paragraph 20, Defendants have insufficient knowledge and information upon which to form a belief and, therefore, they are denied.

21. Defendants admit the allegations in Paragraph 21.

22. Defendants admit the allegations in Paragraph 22.

23. Defendants admit the allegations in Paragraph 23.

24. Defendants deny that Ottino was or is a Director for Patriot. The remaining allegations of Paragraph 24 are admitted.

25. Defendants admit the allegations in Paragraph 25.

26. Defendants admit the allegations in Paragraph 26.

27. Defendants deny any and all allegations in Paragraph 27.

28. Defendants deny any and all allegations in Paragraph 28.

29. Defendants deny any and all allegations in Paragraph 29.

30. Defendants deny any and all allegations in Paragraph 30.

31. Defendants deny any inference that Defendant Patriot violated M.G.L. c. 151. Defendants admit the remaining allegations in Paragraph 31.

32. Defendants deny any and all allegations in Paragraph 32.

33. Defendants admit the allegations of Paragraph 33 as applied to Marc J. Landau. The remaining allegations of this Paragraph are denied.

34. Defendants admit the allegations in Paragraph 34.

35. Defendants deny any and all allegations in Paragraph 35.

36. Defendants admit the allegations of Paragraph 36.

37. Defendants deny any and all allegations in Paragraph 37.

38. Defendants admit the allegations of Paragraph 38.

39. Defendants admit that Berkley at all times relevant to the allegations set forth in the Complaint employed six or more employees. The remaining allegations of Paragraph 39 are denied.

40. Defendant admits the allegations of Paragraph 40.

41. Defendant admits the allegations of Paragraph 41.

42. Defendant admits the allegations of Paragraph 42.

43. Defendant admits the allegations of Paragraph 43.

## STATEMENT OF FACTS

44. Defendants admit that Wise was hired at Patriot Resorts Corp. d/b/a Vacation Village in the Berkshires on or around February 8, 2002. The remaining allegations in Paragraph 44 are denied.

45. Defendants admit that Massaconi began as a Sales Representative at Vacation Village in the Berkshires on or around July 2001, and he was promoted to Sales Manager. The remaining allegations of Paragraph 45 are denied.

46. As to any and all allegations of Paragraph 46, Defendants deny that Martin began as an Inside Salesperson. Defendants admit that Martin began at Vacation Village in the Berkshires on or around July, 2001.

47. Defendants admit any and all allegations in Paragraph 47.

48. Defendants deny any and all allegations in Paragraph 48.

49. As to any and all allegations in Paragraph 49, Defendants admit that Plaintiffs' work was performed in the normal course of the business and was integrated into the business of Patriot Resorts Corp. The remaining allegations of Paragraph 49 are denied.

50. Defendants deny any and all allegations in Paragraph 50.

51. Defendants deny any and all allegations in Paragraph 51.

52. Defendants deny any and all allegations in Paragraph 52.

53. Defendants deny any and all allegations in Paragraph 53.

54. As to any and all allegations of Paragraph 54, Defendants admit that Plaintiff Wise filed a Charge of Discrimination and an Amended Charge of Discrimination with the MCAD for dual filing with the EEOC, which Charges speak for themselves. As to the remaining allegations of Paragraph 54, Defendants have insufficient knowledge and information upon which to form a belief and they are therefore denied.

*Individual Facts as to Ms. Wise*

55. As to the allegations in Paragraph 55, Defendants have insufficient knowledge and information upon which to form a belief and the allegations are therefore denied.

56. Defendants admit that Wise occasionally provided doctors' notes regarding her accidents, her condition and need for time off to Patriot Resorts Corp. and that it allowed her time off. The Defendants deny the remaining allegations and inferences of Paragraph 56.

57. Defendants admit that Rod Lewis became the Project Director for Patriot Resorts Corp. d/b/a Vacation Village in the Berkshires on or about September 13, 2002. The remaining allegations in Paragraph 57 are denied.

58. The allegations contained in Paragraph 58 are too vague to respond to. To the extent a response is required, it is denied. Further answering, Defendants admit that frequently when things happened to Plaintiff that she did not like, whether at

5

work, at a restaurant, or with police officers, she would assert racism as the reason.

59. As to the allegations in Paragraph 59, Defendants deny that Wise was discriminated against based on her race. Further answering, Defendants admit that Wise raised no allegations that warranted an investigation.

60. Defendants deny any and all allegations in Paragraph 60.

61. Defendants admit the allegations in Paragraph 61.

### *Individual Facts as to Mr. Martin*

62. Defendants deny any and all allegations in Paragraph 62.

63. Defendants deny any and all allegations of Paragraph 63.

64. Defendants admit the allegations of Paragraph 64.

65. Defendants deny any and all allegations of Paragraph 65.

66. Defendants deny any and all allegations of Paragraph 66.

### *Individual Facts as to Mr. Massaconi*

67. Defendants deny the allegations of Paragraph 67.

68. Defendants deny the allegations of Paragraph 68.

69. Defendants deny the allegations of Paragraph 69.

### **INDIVIDUAL CLAIMS AS TO MS. WISE**

### COUNT I – INDIVIDUAL CLAIM FOR RELIEF: DISCRIMINATION BASED ON RACE AND COLOR IN VIOLATION OF M.G.L. c. 151B, §§ 4(1)

70. Defendants repeat their answers to Paragraphs 1 through 69 and incorporate those answers as if fully set forth herein.

71. Defendants deny any and all allegations in Paragraph 71.

72. Defendants deny any and all allegations in Paragraph 72.

6

## COUNT II – INDIVIDUAL CLAIM FOR RELIEF: RETALIATION IN VIOLATION OF M.G.L. c. 151B, §4(4)

73. Defendants repeat their answers to Paragraphs 1 through 72 and incorporate those answers as if fully set forth herein.

74. Defendants deny any and all allegations in Paragraph 74.

75. Defendants deny any and all allegations in Paragraph 75.

## COUNT III – INDIVIDUAL CLAIM FOR RELIEF: DISCRIMINATION BASED ON RACE IN VIOLATION OF 42 U.S.C. §2000E-2(a)(1)

76. Defendants repeat their answers to Paragraphs 1 through 75 and incorporate those answers as if fully set forth herein.

77. Defendants deny any and all allegations in Paragraph 77.

78. Defendants deny any and all allegations in Paragraph 78.

## COUNT IV – INDIVIDUAL CLAIM FOR RELIEF: RETALIATION IN VIOLATION OF 42 U.S.C. §2000e-3(a)

79. Defendants repeat their answers to Paragraphs 1 through 78 and incorporate those answers as if fully set forth herein.

80. Defendants deny any and all allegations in Paragraph 80.

81. Defendants deny any and all allegations in Paragraph 81.

## INDIVIDUAL CLAIM AS TO MR. MARTIN

## COUNT V – INDIVIDUAL CLAIM FOR RELIEF: RETALIATION IN VIOLATION OF G.L. C. 149 §148A

82. Defendants repeat their answers to Paragraphs 1 through 81 and incorporate those answers as if fully set forth herein.

83. Defendants deny any and all allegations in Paragraph 83.

84. Defendants deny any and all allegations in Paragraph 84.

### **INDIVIDUAL CLAIM AS TO MR. MASSACONI**

### COUNT VI – INDIVIDUAL CLAIM FOR RELIEF: RETALIATION IN VIOLATION OF G.L. C. 149 §148A

85. Defendants repeat their answers to Paragraphs 1 through 84 and incorporate those answers as if fully set forth herein.

86. Defendants deny any and all allegations of Paragraph 86.

87. Defendants deny any and all allegations of Paragraph 87.

### **CLASS CLAIMS**

### COUNT VII – CLASS CLAIM FOR RELIEF VIOLATION OF THE FAIR LABOR STANDARDS ACT

88. Defendants incorporate by reference their answers to Paragraphs 1 through 87 and incorporate those answers as if fully set forth herein.  As to the remaining allegations in Paragraph 88, Defendants have insufficient knowledge and information upon which to form a belief and, therefore, they are denied.

89. As to any and all allegations in Paragraph 89, Defendants have insufficient knowledge and information upon which to form a belief and the allegations are therefore denied.

90. Defendants admit that Plaintiffs were employed by Defendant Patriot Resorts Corp.  The remaining allegations in Paragraph 90 are denied.

91. Defendants deny any and all allegations in Paragraph 91.

92. Defendants deny any and all allegations in Paragraph 92.

93. Defendants deny any and all allegations in Paragraph 93.

### COUNT VIII – CLASS CLAIM FOR RELIEF VIOLATION OF M.G.L. c. 149, §148

94. Defendants incorporate by reference their answers to Paragraphs 1 through 9 93 and incorporate those answers as if fully set forth herein.

95. As to the allegations in Paragraph 95, Defendants admit that Plaintiffs were employed by Defendants Patriot Resorts Corp., Landau and Foster.  Defendants deny that Plaintiffs were employed by the other Defendants.

96. Defendants deny any and all allegations in Paragraph 96.

97. Defendants deny any and all allegations in Paragraph 97.

98. Defendants deny any and all allegations in Paragraph 98.

COUNT IX – CLASS CLAIM FOR RELIEF
VIOLATION OF M.G.L. ch. 151 §§1 and 1A

99. Defendants incorporate by reference their answers to Paragraphs 1 through 98 and incorporate those answers as if fully set forth herein.

100. Defendants deny that Plaintiffs were employed by Defendant Berkley Group, Inc. and Defendant Lambert. The remaining allegations in Paragraph 100 are admitted.

101. Defendants deny any and all allegations of Paragraph 101.

102. Defendants deny any and all allegations of Paragraph 102.

103. Defendants deny any and all allegations of Paragraph 103.

104. Defendants deny any and all allegations of Paragraph 104.

Second Defense

The Complaint fails to state a claim upon which relief can be granted.

Third Defense

The Defendants exercised reasonable care to prevent and promptly correct any discriminatory behavior, and the Plaintiff Wise unreasonably failed to take advantage of any preventive or corrective opportunities to avoid harm.

Fourth Defense

All actions taken against Plaintiff Wise were unrelated to her race or color.

Fifth Defense

All action taken against Plaintiff Martin were unrelated to his alleged complaint about failure to pay wages.

### Sixth Defense

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

### Seventh Defense

Plaintiffs' claims are barred in whole or in part by a failure to exhaust their administrative remedies.

### Eighth Defense

Plaintiffs failed to comply with the procedural prerequisites of M.G.L. ch. 149, §150.

### Ninth Defense

Plaintiffs were exempt from receiving minimum wage and/or overtime compensation because they were outside salespersons.

### Tenth Defense

Plaintiffs have failed to mitigate their damages.

### Eleventh Defense

Defendants The Berkley Group, Inc., Landau, Ottino, Foster and Lambert are not proper parties to some or all of the claims.

### Twelfth Defense

Plaintiffs are not representatives of the purported class.

### Thirteenth Defense

The purported class is not so numerous that joinder of all members is impracticable.

### Fourteenth Defense

There are no questions of law and fact common to the purported class.

10

### Fifteenth Defense

The Plaintiffs will not fairly and adequately protect the interests of the purported class.

### Sixteenth Defense

Some or all of the Plaintiffs were exempt from receiving minimum wage and/or overtime because they were/are executives or managers.

### Seventeenth Defense

This court lacks jurisdiction over The Berkley Group, Inc., Landau, Ottino, Foster and Lambert as they did not do business in Massachusetts.

### Eighteenth Defense

Defendants acted in good faith reliance on industry standards, industry practices and the position of the Secretary of Labor in compensating Plaintiffs.

### Prayer for Declaration and Attorney's Fees and Costs

WHEREFORE, Defendants pray the Court to declare that Plaintiffs have brought a groundless action and to award Defendants their costs and attorney's fees.

Respectfully Submitted,
/s/ Marylou Fabbo, Esq.
Marylou Fabbo, Esq.
BBO #566613
Counsel for Defendant
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts   01144
Tel.: (413) 737-4753/Fax: (413) 787-1941

Dated: January 19, 2005

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Answer and Affirmative Defense to Second Amended Complaint* was served upon the attorney of record for each other party via electronic filing and/or by first-class, U.S. mail, postage prepaid, on January 19, 2005.

/s/ Marylou Fabbo, Esq.
Marylou Fabbo, Esq.