UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LACRISHA WISE, MICHAEL MASSACONI, ROGER MARTIN and PETER CORBIN, on behalf of themselves and on behalf of others who are similarly situated,<br><br>        Plaintiffs,<br>v.<br><br>PATRIOT RESORTS CORP., THE BERKLEY GROUP, INC., MARC J. LANDAU, J.P. OTTINO, III REBECCA A FOSTER. and JAMES E. LAMBERT,<br>        Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: DOCKET NO. 04-cv-30091-MAP<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM OF LAW IN
IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION
FOR A PROTECTIVE ORDER**

**I.    INTRODUCTION**

This is an action brought by Plaintiffs Lacrisha Wise, Michael Massaconi, Roger Martin and Peter Corbin (collectively "Plaintiffs"), who sold time shares as employees of the Defendants and received only commissions for time share sales, rather than hourly or weekly wages. The Plaintiffs seek relief in this case because of the Defendants' failure to pay them the minimum wage, and for unpaid wages and overtime compensation, under the Fair Labor Standards Act ("FLSA"). They also seek relief under Massachusetts law prohibiting untimely and non-payment of wages and commissions by their employer, M.G.L. c. 149 §

1

148, and requiring employers to pay employees at least minimum wage, G.L. c. 151 § 19 and overtime premium pay, M.G.L. c. 151 § 1A.

Additionally, Plaintiff Lacrisha Wise ("Ms. Wise") has commenced claims individually because she was subjected to racially discriminatory actions and omissions by Patriot Resorts Corp. and the Berkley Group, culminating in a retaliatory termination for asserting her right to be free from discrimination in violation of G.L. c. 151B and Title VII of the Civil Rights Acts.

The Defendants have now subpoenaed to a deposition corporate employees from a time-share resort called Oak N' Spruce and from a doughnut shop in Springfield called Lori Donuts.  The subpoenas seek information at the depositions concerning all communications between LaCrisha Wise and Lori Donuts "regarding racial or other discrimination" along with other information, including information about "LaCrisha Wise's employment with Lori Donuts" in toto.  The same information is requested from Oak N' Spruce.

The Plaintiffs have filed this emergency motion for a protective order pursuant to Fed.R.Civ.P. 26(c) seeking to quash the two Deposition Subpoenas served by the Defendants, or limiting disclosures at any such deposition to information related solely to the reasons for termination of employment  between Ms. Wise and  Lori Donuts and Oak N' Spruce and payroll information.

**II.    PROCEDURAL AND FACTUAL BACKGROUND**

The Plaintiffs and Defendants have been engaging in discovery for some months, prior to a June 7, 2005 status conference in this court.  Ms. Wise revealed in discovery that she had worked for Lori Donuts and Oak N' Spruce

2

subsequent to leaving the employ of the Defendants.  The Defendants then served a Notice of Taking Deposition on May 24, 2005 on the Plaintiffs' counsel.

III.   **LEGAL ARGUMENT**

   A.   THE PLAINTIFF'S CONDUCT AND PERFORMANCE AS AN EMPLOYEE OF A DIFFERENT EMPLOYER DURING A PERIOD OF EMPLOYMENT **SUBSEQUENT** TO THE TERMINATION OF HER EMPLOYMENT BY THE DEFENDANTS IS WHOLLY IRRELEVANT TO THE ISSUES IN THIS PROCEEDING, AND THE INFORMATION SOUGHT BY THE DEFENDANTS IS NOT REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE.

Under Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action."

It might be inferred from the Defendants' subpoenas that they hope to unearth evidence that the Plaintiff raised some sort of **false** allegations of discrimination against subsequent employers.  Presumably the Defendants believe that raising such claims would have some bearing on the "false" nature of the claims against the Defendants in this case.  Not only will the Defendants fail to present any factual basis for believing that such information might be found within the confidential personnel records maintained by the two deponents, but any such information would be entirely **inadmissible** for purposes of proving that Ms. Wise's claims of race discrimination in this case are also false.  Under cases applying Rule 404 of the Federal Rules of Evidence, it remains the general rule in civil cases in the federal courts that evidence of other acts by an individual is not admissible to prove that he or she engaged in similar conduct on another occasion.  *See e.g.,* Priest v. Rotary, 98 F.D.R. 755, 758 (N.D.Cal. 1983).

Nor is there any factual basis for the Defendants to argue that any evidence of false accusations of racial discrimination by the Plaintiff which might be revealed through a fishing expedition into her confidential personnel records maintained by the deponents would be admissible under the "habit" exception of Rule 406 of the Federal Rules of Evidence. "Habit," in modern usage and within the meaning of Rule 406, "describes one's regular response to a repeated specific situation … A habit .. is [a] person's regular practice of meeting a particular kind of situation with a particular type of conduct." *McCormick on Evidence,* § 195 (2d ed. 1972); Priest, 98 F.R.D. at 758-59. To imply that Ms. Wise's regular practice in subsequent employment situations was to raise allegations of race discrimination would be absurd in the extreme, and finds no support in the discovery record compiled to date in this case.

In the Priest case, a waitress had filed an employment discrimination action against her employer alleging sexual harassment. The court rejected the employer's attempt to obtain information about the plaintiff's sexual history, and in so doing concluded that the employer's characterization of the plaintiff's past sexual conduct as "habit" was a thinly disguised attempt to seek character evidence which is inadmissible under Rule 404(b). 98 F.R.D. at 759.

In other cases involving issues analogous to those raised in this case, federal courts have had no difficulty barring the discovery of information similar to that sought by the Defendants in this case. In the case of Malloy v. Wang Laboratories, Inc., 95 F.R.D. 488 (D.Mass. 1982), the defendant in an employment discrimination suit filed a motion to compel the plaintiff to answer

4

questions at his deposition about any lawsuits or charges of employment discrimination he may have brought against any of his former employers. The court denied the motion, stating:

> There is a strong public policy underlying Title VII which is to encourage persons aggrieved because of … discrimination to seek redress through proper channels. If, by going through channels, they place themselves in jeopardy of having to disclose the entire history of their ... relations (or perceptions thereof) with *prior* employers, should they bring a lawsuit against a *particular* employer, it could only inhibit resort to legal redress.

95 F.R.D. at 490; *see also,* EEOC v. St. Michael Hospital, 38 Fed. Rules Serv. 3d 278 (E.D.Wis. 1997)(allowed motion for protective order precluding defendant from pursuing discovery into the plaintiff's sexual history).

    B.    AN ORDER OF THE COURT BARRING OR LIMITING THE DISCOVERY SOUGHT BY THE DEFENDANTS IS REQUIRED TO PROTECT THE PLAINTIFF FROM UNREASONABLE ANNOYANCE, EMBARRASSMENT AND OPPRESSION.

Even if the information sought by the Defendants in this case falls within the general parameters established under Fed. R. Civ. P. 26(b), the Court must still consider the propriety of a protective order under Rules 26(c) and 30(d). Rule 26 allows the Court to:

> "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: " (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; … (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters ..."

This general rule is buttressed by Rule 30 (d) which permits the Court to "limit the scope and manner of the taking of the deposition as provided in Rule 26 (c)" if it

is found that the deposition is "being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party."

As noted by the court in the case of <u>Carlson Companies, Inc. v. Sperry & Hutchinson Co.</u>, 374 F.Supp. 1080 (D.C.Minn. 1974):

> [When discovery requests] approach the outer bounds of relevance and the information requested may only marginally enhance the objectives of providing tot he parties or narrowing the issues, the Court must then weigh that request with the hardship to the party from whom the discovery is sought.

374 F.Supp. at 1088.  In the present case, the Defendants seek an order allowing them to rummage through Ms. Wise's confidential personnel records at an entirely different, and subsequent, employer in the hopes that such a search will uncover kernels of evidence of dubious relevance or probative value. There are strong public policy reasons why this Court should decline to permit such a fishing expedition at the expense of Ms. Wise's privacy interests.

If individuals with claims of employment discrimination opened themselves up to broad-ranging discovery probes into every aspect of their subsequent employment relationship merely by filing complaints under Title VII, the ability of such individuals to exercise their rights under such laws against discrimination would be seriously chilled.  As found by the Court in <u>Priest</u>, the possibility that discovery tactics aimed at obtaining disclosure of intimate aspects of plaintiff's lives "might intimidate, inhibit or discourage Title VII plaintiffs … from pursuing their claims would clearly contravene the remedial effect intended by Congress in enacting Title VII, and should not be tolerated by the federal courts."  98 F.R.D. at 761.

6

> In fact, it was to empower federal courts to prevent such unjust effects that Rule 26(c) of the Federal Rules of Civil Procedure was enacted. Sexual harassment plaintiffs would appear to require particular protection from this sort of intimidation and discouragement if the statutory cause of action for such claims is to have meaning. Without such protection from the courts, employees whose intimate lives are unjustifiably and offensively intruded upon in the workplace might face the "Catch-22" of invoking their statutory remedy only at the risk of enduring further intrusions into irrelevant details of their personal lives in discovery, and, presumably, in open court.

98 F.R.D. at 761. For the same reasons, set forth in the Priest decision, this Court should not countenance the Defendants current attempt to probe into the intimate details of the Ms. Wise's employment life after being driven from her employment with the Defendants.

The Defendants seek to obtain information about a topic listed as "item 5" in their depositions subpoenas that is remarkably over broad: "LaCrisha Wise's employment with Lori Donuts [and Oak N' Spruce]". The Defendants also seek Ms. Wise's entire personnel files. *See* Exhibits 1 and 2 to Motion. In the absence of an order from this court, the scope of questioning noted by the Defendants could include inquiry into, for example, Ms. Wise's medical history, her application information, and any and every incident occurring at work involving Ms. Wise. None of these pieces of information are relevant to this case, but all are private. The inquiry proposed by the Defendants into these areas, along with questions about "alleged race discrimination" are designed simply to embarrass and harass Ms. Wise. There is no other legitimate purpose to these questions, and Ms. Wise therefore requests that this protective order be issued by this court.

**IV.     CONCLUSION**

For all the reasons set forth above, the Court should grant the Plaintiffs' motion for a protective order pursuant to Fed.R.Civ.P. 26(c) in which she seeks an order quashing the Deposition Subpoenas served by the Defendants upon Lori Donuts and Oak N' Spruce, or limiting disclosures at any such deposition to information related to separation of employment

                                                Respectfully submitted,
                                                PLAINTIFFS
                                                By their Attorney,

Dated:  May 3, 2005                  /s/ Joel Feldman
                                                Joel Feldman BBO # 552963
                                                Suzanne Garrow BBO# 636548
                                                Heisler, Feldman & McCormick, P.C.
                                                1145 Main Street, Suite 508
                                                Springfield, MA 01103
                                                (413) 788-7988