UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LACRISHA WISE, MICHAEL MASSACONI, ROGER MARTIN and PETER CORBIN, on behalf of themselves and on behalf of others who are similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PATRIOT RESORTS CORP., THE BERKLEY GROUP, INC., MARC J. LANDAU, J.P. OTTINO, III, REBECCA A. FOSTER and JAMES E. LAMBERT,<br><br>Defendants. | CIVIL ACTION NO. 04-cv-30091-MAP<br><br><br>**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR A PROTECTIVE ORDER** |

**Emergency Relief Not Appropriate:**

The Emergency Motion should not be acted on, in part, because, it is an "emergency" created solely by Plaintiff's failure to act in a timely fashion. On or before May 17, 2005, Defendants informed Plaintiffs' counsel that Defendants intended to issue deposition subpoenas upon Lori Donuts and Oak N' Spruce Resort. (*See,* Affidavit, ¶ 2) On May 24, 2005, Defendants noticed the depositions for June 6, 2005, and served the notices on Plaintiffs' counsel. An uninvolved third party has made arrangements to comply with a properly issued subpoena.

As evidenced by the accompanying affidavit, Defendants never represented to Plaintiffs that Defendants would postpone the depositions until a motion was filed, or until a motion was ruled upon. (*See,* Affidavit, ¶ 4) Despite having notice of the depositions since May 24, 2005, Plaintiffs took no action to quash the subpoena until

4:45 p.m. on the last business day before the scheduled deposition.  Despite the claims to the contrary, there were no bona fide efforts to narrow the dispute.  The party being deposed is not claiming harassment, or that burden.

Accordingly, the court should simply reject this "self-created" emergency, and find that no relief is appropriate merely because Plaintiffs failed to file their Motion in a timely manner.

### It is Appropriate to Take the Depositions of Prior and Future Employers

Substantively, the Plaintiff seeks to stop depositions of the Plaintiff Wise's employers either before or after her employment with Defendant.  It is clear that such deponents may have possession of relevant information.  Indeed, obviously when Plaintiff obtained employment, interim pay, alternative benefits, etc., all relate to potential damages.  <u>Johnson v. Spencer Press of Maine</u>, 364 F.2d 368, 379 (1st Cir. 2004).  The ability of Plaintiff to successfully perform her job for similar employers, may be relevant in and of themselves, or to discredit claims by Plaintiff that her only employment problem was with this employer.  Even a propensity to claim discrimination when confronted with work related issues might be relevant, especially in light of Plaintiff's deposition testimony.  Thus, in <u>Malloy v. Wang Laboratories, Inc.</u>, 95 F.R.D. 488 (D. Mass. 1982), the Plaintiff brought the motion to limit her <u>own</u> questioning regarding prior claims of discrimination.  That is not the case here.  Plaintiff was asked at her deposition, at page 45:

> Q.  Have you, other than at [Defendant] asserted or believed that you've been discriminated against based on your race or color?
> 
> A.  No.

There was no objection by Plaintiff's counsel. If, as Plaintiff is surmising in the opposition, there is contradictory testimony, it may be admissible *inter alia* for the limited purpose of establishing that Plaintiff lied under oath.

The simple truth is, Plaintiff, at the appropriate time, and with appropriate notice, could file a motion in limine if they think that certain evidence is inadmissible. That possibility is not a basis for estopping the Defendant from taking the deposition of a party that has not filed its own motion claiming "harassment" by virtue of being asked to give truthful testimony. There is no justification for precluding or limiting the depositions. Sanctions for this "Emergency Motion" are appropriate.

Respectfully Submitted,

  /s/ Jay M. Presser, Esq.
Jay M. Presser, Esq.
BBO #405760

  /s/ Kimberly A. Klimczuk, Esq.
Kimberly A. Klimczuk, Esq.
BBO #660973
Counsel for Defendants
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts  01144

Dated: June 6, 2005         Tel. (413) 737-4753/Fax: (413) 787-1941

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Memorandum of Law In Opposition To Plaintiffs' Emergency Motion For A Protective Order* was served upon the attorney of record for each other party via electronic filing and facsimile on June 6, 2005.

  /s/ Jay M. Presser, Esq.
Jay M. Presser, Esq.