UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LACRISHA WISE, MICHAEL MASSACONI, ROGER MARTIN and PETER CORBIN, on behalf of themselves and on behalf of others who are similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>PATRIOT RESORTS CORP., THE BERKLEY GROUP, INC., MARC J. LANDAU, J.P. OTTINO, III, REBECCA A. FOSTER and JAMES E. LAMBERT,<br><br>　　　　　　　　Defendants. | CIVIL ACTION NO. 04-cv-30091-MAP<br><br><br>**AFFIDAVIT OF KIMBERLY A. KLIMCZUK, ESQ.**<br>**IN OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR A PROTECTIVE ORDER** |

　　　　I, Kimberly A. Klimczuk, Esq., counsel for Defendants, hereby state as follows:

　　　　1.　　I have, with other attorneys of Skoler, Abbott & Presser, P.C. represented Defendant in this case.

　　　　2.　　On or before May 17, 2005, I informed Plaintiffs' counsel that I intended to issue deposition subpoenas upon Lori Donuts and Oak N' Spruce Resort.

　　　　3.　　After more than a week of attempting to get dates of availability from Plaintiffs' counsel, on May 24, 2005, counsel for Plaintiffs informed me that June 6, 2005 was an acceptable time and date for the deposition. Plaintiffs' counsel also informed me at that time of Plaintiffs' intent to file a motion to quash the subpoenas.

　　　　4.　　At no time did I state that I would postpone the depositions until a motion was filed, or until a motion was ruled upon. I intended to, and in fact did, provide sufficient advance Notice of the Deposition to allow Plaintiffs, if they chose, to file a timely Motion to Quash, if necessary after a bona fide attempt to resolve any issues.

　　　　5.　　On May 24, 2005, Defendants noticed the depositions for June 6, 2005.

6. As of the morning of June 3, 2005, no motion to quash the subpoenas had been filed. Nor did counsel for Plaintiff contact me to raise any specific issue regarding the propriety of the depositions.

7. With no contact from Plaintiffs' counsel, as of the morning of June 3, 2005, I, and presumably the subpoenaed third party deponent, assumed the depositions would go forth as scheduled the following business day.

8. On June 3, 2005, counsel for Plaintiffs telephoned me regarding the depositions. I informed Plaintiffs' counsel that I had learned that the Oak N' Spruce deposition would have to be postponed due to the witness' unavailability on June 6, 2005, but that Defendants planned on going forward with the Lori Donuts deposition as scheduled.

9. Plaintiffs' counsel restated Plaintiffs' intent to file a motion to quash the subpoena. He provided no explanation for the failure to have filed a Motion to Quash, or even raise the issue with me until the last business day before the scheduled deposition.

10. Nevertheless, counsel for Plaintiffs asked whether Defendants would postpone the Lori Donuts deposition so that Plaintiffs could belatedly file the motion.

11. I stated that I would discuss this with co-counsel. Not long thereafter, I informed Plaintiffs' counsel that inasmuch as there had been no court order, Defendants would be going forward with the deposition as scheduled.

12. Plaintiffs never attempted to address the substantive issues relating to the deposition set forth in the "Emergency Motion." They have made no attempt to seek a Confidentiality Order or otherwise raise specific issues.

13. Defendant is seeking to take the depositions because its counsel believes that information obtained may be relevant, or may lead to the discovery of relevant information relating to the individual claims of named Plaintiff, LaCrisha Wise, and not for any other purpose.

Signed under the pains and penalties of perjury this 6th day of June, 2005.

_____
Kimberly A. Klimczuk, Esq.

On this 6th day of June, 2005, before me, the undersigned notary public, personally appeared Kimberly A. Klimczuk, proved to me through satisfactory evidence of identification, which is that this notary public is the assistant to Attorney Klimczuk, to be the person whose name is signed on the preceding or attached document in my presence.

*Ann-Marie Marcil*
Notary Public   Ann-Marie Marcil
My Commission Expires:   March 24, 2011

ANN-MARIE MARCIL
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
MY COMMISSION EXPIRES ON MARCH 24, 2011

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Affidavit Of Kimberly A. Klimczuk, Esq. In Opposition To Plaintiffs' Emergency Motion For A Protective Order* was served upon the attorney of record for each other party via electronic filing and facsimile on June 6, 2005.

Kimberly A. Klimczuk, Esq.