UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LACRISHA WISE, MICHAEL MASSACONI, ROGER MARTIN and PETER CORBIN, on behalf of themselves and on behalf of others who are similarly situated,<br><br>     Plaintiffs,<br><br>vs.<br><br>PATRIOT RESORTS CORP., THE BERKLEY GROUP, INC., MARC J. LANDAU, J.P. OTTINO, III, REBECCA A. FOSTER and JAMES E. LAMBERT,<br><br>     Defendants. | CIVIL ACTION NO. 04-30091-MAP |

**DEFENDANTS' MOTION TO PERMIT ADDITIONAL DISCOVERY**

  Pursuant to the Court's June 6, 2005 Order, the Defendants hereby request that they be allowed to complete the following additional discovery within two months of the Court's Order for the following good reasons:

  1. <u>Additional Discovery As Addressed in Defendants' Motion to Compel</u>. Defendants are separately filing a Motion to Compel Discovery. As set forth therein, the Defendants have been attempting to work out disputed discovery issues with Plaintiffs' counsel since May 23, 2005. Upon the Court's decision regarding Defendants' Motion to Compel, Defendants wish to receive the additional discovery identified in their Motion to Compel and conduct any follow up discovery that may result therefrom, including, but not limited to, possible depositions of Ms.

Wise's health care provider(s). A full discussion of the additional discovery sought is set forth in Defendants' Motion to Compel.

    2. <u>Deposition of Gordon Leete</u>. Mr. Leete was employed by Patriot Resorts Corp. as a Line Director and supervised more than one of the Plaintiffs. Plaintiffs had subpoenaed Mr. Leete for deposition on June 8, 2005. On June 7, 2005, Defendants received notification from Plaintiffs' counsel that the deposition had been cancelled. No reason was given for the cancellation. Mr. Leete is believed to have information *inter alia* relevant to Ms. Wise's race discrimination claims. Defendants had intended to question Mr. Leete at the scheduled June 8, 2005, deposition, *inter alia,* about Ms. Wise's employment at Patriot Resorts. Mr. Leete was terminated from employment with Patriot Resorts Corp. and has not been willing to cooperate voluntarily. Accordingly, Defendants wish to subpoena him for deposition.

    3. <u>Fed. R. Civ. P. 30(b)(6) Deposition of Lori Donuts</u>. Defendants also have filed separately an Application for Enforcement of Subpoena pertaining to the deposition of Lori Donuts. Plaintiffs filed an Emergency Motion to Quash the Subpoena for this 30(b)(6) deposition the business day before the deposition was to take place. On the scheduled day of the deposition, June 6, 2005, the Court denied the motion, allowing the deposition to go forward. Notwithstanding the same, the witness did not appear for deposition. Defendants wish to go take the deposition of Lori Donuts.

    WHEREFORE, Defendants request that they be allowed two months after the Court's decision to conduct the additional discovery. Defendants anticipate that they will encounter some difficulties scheduling depositions due to summer vacation schedules and availability of the witnesses and, therefore, believe that two months is a reasonable time period in which to

conclude the above-referenced discovery.

Respectfully Submitted,

  /s/ Marylou Fabbo, Esq.
Marylou Fabbo, Esq.
BBO #566613
Counsel for Defendants
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144

Dated: June 13, 2005      Tel. (413) 737-4753/Fax: (413) 787-1941

## CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the foregoing *Defendants' Motion to Permit Additional Discovery* was filed electronically and served upon the attorney of record for each other party by first-class, U.S. mail, postage prepaid, on June 13, 2005.

  /s/ Marylou Fabbo, Esq.
Marylou Fabbo, Esq.