UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LACRISHA WISE, MICHAEL
MASSACONI, ROGER MARTIN and
PETER CORBIN, on behalf of
themselves and on behalf of others who
are similarly situated,

                   Plaintiffs,

vs.                                                    CIVIL ACTION NO. 04-30091-KPN

PATRIOT RESORTS CORP., THE
BERKLEY GROUP, INC., MARC J.
LANDAU, J.P. OTTINO, III,
REBECCA A. FOSTER and JAMES E.
LAMBERT,

                   Defendants.

## DEFENDANTS' MOTION FOR ORDER COMPELLING DISCOVERY

### I. Introduction

Pursuant to Fed. R. of Civ. P. 37 and Local Rule 37.1, Defendants, Patriot

Resorts Corporation, et. al. ("Defendants"), submit this Motion for Order Compelling

Discovery.  Defendants hereby move the Court to order:  (a) all Plaintiffs to respond fully

to Interrogatories requesting information about other legal actions to which Plaintiffs

have been a party; (b) all Plaintiffs to provide their federal and state income tax returns,

W-2 forms and all schedules and attachments to such documents for the tax years

2000, 2001, 2002, 2003 and 2004; (c) Plaintiff LaCrisha Wise to identify any sources of

income not otherwise listed in her Answers to Interrogatories; (d) Plaintiff LaCrisha Wise

to provide releases that would allow Defendants to obtain copies of her medical and

psychiatric records directly from her health care providers; and (e) Plaintiffs LaCrisha Wise, Roger Martin and Peter Corbin to respond fully to Interrogatories requesting information concerning any employer from which Plaintiffs were involuntarily terminated. Allowance of this Motion is required to prevent Plaintiffs from frustrating legitimate discovery of information pertinent to their claims.

## II. <u>Background</u>

This is a purported collective/class action lawsuit arising out of Defendants' purported wage and hour violations.  Plaintiffs have alleged in their Complaint that Defendants failed to pay them minimum wage and overtime compensation in violation of the Fair Labor Standards Act and Mass. Gen. L. c. 149 and 151.  Plaintiffs also claim retaliatory actions, including reduction in wages and discharge from employment, as the result of protesting improper payment of wages and/or non-payment of overtime compensation.  Additionally, Plaintiff LaCrisha Wise alleges that Defendants discriminated against her based on her race and retaliated against her for asserting her right to be free from illegal discrimination.  Plaintiff Wise claims substantial damages for mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.  (*See* Second Amended Complaint)

Defendants served written discovery on the four named Plaintiffs in January and February 2005.[1]  On March 16, 2005, Defendants received Plaintiffs' responses.   The documents produced were in one large pile and did not identify which responses

---

[1]Specifically, Defendants served interrogatories and requests for production of documents on each of the four named Plaintiffs on the following dates:  Mr. Martin – January 20, 2005; Mr. Corbin and Mr. Massaconi – January 27, 2005; and Ms. Wise – February 16, 2005. (Copies of the referenced discovery requests are collectively attached hereto at Exhibit 1.)

applied to which Plaintiff.  On that same day, Defendants' counsel wrote to Plaintiffs'

counsel to request a Privilege Log regarding documents withheld on privilege grounds

and requesting that the documents be identified as to which document applied to which

Plaintiff.  (A copy of the March 16, 2005, letter to Plaintiff's counsel is attached hereto as

Exhibit 2)  Thereafter, Plaintiffs' counsel informed Defendants' counsel that no

documents had been withheld on the ground of privilege and supplemented the

document responses to indicate which documents applied to which Plaintiff.  As

discussed in more detail below, Plaintiffs also had objected to many of the discovery

responses.  Nonetheless, Defendant began and/or completed deposing the four named

Plaintiffs primarily in April and May, 2005.[2]  Defendant was hopeful that after deposing

the Plaintiffs, the discovery sought but not produced in response to the written discovery

requests would not be an issue.  However, instead, Plaintiffs partially responded orally

to some questions related to the outstanding discovery, and Defendants otherwise

learned that it would need the additional information from Plaintiffs to sort out their

claims.[3]

Accordingly, Defendants sought to obtain the missing discovery from each of the

Plaintiffs prior to seeking court intervention.  Specifically, on May 23, 2005, Defendants'

counsel wrote to Plaintiffs' counsel in an attempt to obtain more complete responses to

Defendants' Interrogatories and Document Requests.  In that letter, Defendants

---

[2]Additionally, the depositions of Ms. Wise and Mr. Massaconi were continued on June 6, 2005.

[3]For example, Ms. Wise's deposition testimony concerning post-separation employment was inconsistent, and made the necessity of obtaining copies of her actual tax returns evident.

specifically set forth which discovery responses it believed were inadequate and the reasons therefore. Defendants asked Plaintiffs to respond by May 27, 2005. (A copy of the May 23, 2005, letter is attached hereto as Exhibit 3.) Defendants received no response to the May 23, 2005 letter.

Therefore, in a further attempt to avoid Court intervention, Defendants waited six days beyond the May 27, 2005 deadline to allow Plaintiffs time to respond. When no response was received, as a courtesy to Plaintiffs' counsel, Defendants' counsel e-mailed Plaintiffs' counsel on Thursday, June 2, 2005, to let her know that they had not received a response to the May 23, 2005, letter regarding outstanding discovery and telling her that they would give her until the end of the day to respond before filing a Motion to Compel. Plaintiffs' counsel stated that she had been too busy to respond and requested ten additional days to respond to the May 23, 2005 letter. Defendants' counsel agreed to allow her until the following Monday, June 6, 2005. (A copy of the e-mail trail discussed herein is attached hereto as Exhibit 4.) On June 6, 2005, Plaintiffs' counsel informed Defendants' counsel, at Ms. Wise's deposition and during oral arguments on the Plaintiffs' Emergency Motion to Quash a Deposition Subpoena/Status Conference, that she would not be producing any additional documentation.

Thereafter, on June 9, 2005, for unknown reasons, Plaintiffs' counsel wrote to Defendants' counsel in response to the May 23, 2005 letter setting forth her reasons for not producing additional documentation. In that letter, Plaintiffs' counsel also claimed to be "unclear" as to what Defendants' were seeking regarding income records and asked Defendants' counsel to clarify if she was requesting documents other than W-2 forms.

(A copy of the June 9, 2005 letter is attached hereto as Exhibit 5.)  Defendants' counsel

responded to that letter by fax the following day.  As noted in the June 10, 2005,

correspondence, both the Defendants' May 23, 2005 letter and the document requests

themselves specifically identified what documents Defendants' were seeking:  "Both

specifically request all federal and state income tax returns and all schedules and

attachments to such documents for the tax years 2000, 2001, 2002, 2003, and 2004, as

well as any other documents that related to wages, salaries, tips, commissions or any

other income or earnings of Plaintiffs during the relevant time period."  Keeping in mind

the impending Court deadline regarding discovery motions, Defendants' counsel also

requested a response as to whether, with that clarification, Plaintiff would be producing

any responsive documents.  (A copy of the June 10, 2005 letter is attached hereto as

Exhibit 6.)

Plaintiffs have since indicated that they will comply with some, but not all, of

Defendants' requests, but to this date, Plaintiffs have not supplemented their discovery

responses.  Due to the impending deadline for motions relating to discovery,

Defendants have no choice but to preserve their rights by filing this Motion for Order

Compelling Discovery.

### III.  Discussion of Disputed Discovery Items

A.     Defendants are entitled to discovery regarding other legal actions to which
       Plaintiffs have been a party.

Defendants asked Plaintiffs to "[p]lease provide the name, case or docket

number and a brief description of any other legal actions, civil or criminal, including administrative actions, to which you have been a party."[4]  Plaintiffs objected to the extent that this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.  However, Plaintiffs were asked about other actions to which they have been a party during their depositions.  Despite the objections that had been asserted in the Interrogatories, Plaintiffs' counsel allowed them to testify generally about other actions to which they have been a party.  However, Plaintiffs were unable to provide from memory the specific information requested in this interrogatory, including, for example, "the name, case or docket number."  Since Plaintiffs have not objected to providing general information about the other actions in which they have been involved, Defendants are unclear upon what grounds they are refusing to provide the specifics requested in this Interrogatory.   This information is discoverable.

Indeed, Fed. R. Civ. P. 26(b) provides that parties to litigation are entitled to discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b).  Relevance is to be broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action.  Schuurman v. Town of North Reading, 139 F.R.D 276 (D. Mass 1991).  The substance of other legal actions to which Plaintiffs have been a party may lead to the

---

[4]*See* Exhibit 1, Martin Interrogatory No. 9; Corbin Interrogatory No. 9; Massaconi Interrogatory No. 6; Wise Interrogatory No. 9.

discovery of admissible evidence.  For example, prior convictions are admissible under Federal Rules of Evidence 609 to impeach any witness, including plaintiffs testifying on their own behalf.  Fed. R. Evid. 609.   Thus, Defendants are entitled to discovery regarding this information as it is likely to lead to the discovery of admissible evidence.

Further, by testifying partially about the other actions in which they have been involved, Plaintiffs have waived their objections to this Interrogatory.  Plaintiffs should not be allowed to evade discovery by refusing to fully respond to this Interrogatory simply because they have not committed all information requested to memory.  A limited glimpse at their responses thereto, via deposition testimony, is insufficient and should not be allowed.

     B.    <u>Plaintiffs Have Failed to Fully Produce Documents that Mitigate Their Damages As Was Requested in Defendants' Requests for Production of Documents</u>.

Defendants requested from Plaintiffs "[a]ll documents that relate to wages, salaries, tips, commissions or any other income or earnings of Plaintiff from January 2000 to the present, including, but not limited to, pay stubs, federal and state tax returns, W-2 forms and all schedules and attachments to such documents."[5]  Plaintiffs objected to the extent that some of the information sought is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs have not produced any copies of their state or federal income tax returns for any of the years requested although they have agreed to provide their tax returns for the years 2002-2004, "provided that they have them in their possession or control."  This is insufficient.

---

[5]*See* Exhibit 1, Document Requests at Martin No. 10; Corbin No. 7; Massaconi No. 10; and Wise No. 10.

As Plaintiffs are claiming lost wages, Defendants are entitled to know her specific income for the tax years 2000, 2001, 2002, 2003 and 2004.[6]  If a taxpayer brings a tort action--for instance, for an injury causing loss of earnings--and his income or tax information are relevant to the defendant's defense, the taxpayer cannot have a reasonable expectation of privacy in his tax returns and return information.  In such cases, when the plaintiff does not have copies of the relevant tax returns in his possession, both Federal and State courts have ordered the plaintiff to obtain them, and courts have dismissed the case if the plaintiff failed to comply with such orders.  *See, e.g.*, Commonwealth v. Burgess, 426 Mass. 206 (1997); Cross v. General Motors Corp., 721 F.2d 1152 (8th Cir. 1983); Watkis v. Payless Shoesource, Inc., 174 F.R.D. 113 (M.D. Fla. 1997); Derzack v. County of Allegheny, 173 F.R.D. 400 (W.D. Pa. 1996), *aff'd*, 118 F.3d 1575 (3d Cir. 1997); Selby v. Arms, 1995 WL 753894 (S.D.N.Y. 1995); Grant v. Clairol, Inc., 113 F.R.D. 574 (E.D. Pa. 1986); Polk v. Cao, 279 Ill.App.3d 101, N.E.2d 276 (1996); Sanders v. Kansas City, 18 Kan.App.2d 688, 858 P.2d 833 (1993); Huntington Tobacco Co. v. Fromer, 193 A.D.2d 718, 598 N.Y.S.2d 63 (1993); Equitable Life Assurance Soc'y v. Rocanova, 189 A.D.2d 660, 592 N.Y.S.2d 360 (1993); Scholte v. Agway, Inc., 152 A.D.2d 928, 544 N.Y.S.2d 105 (1989).  Plaintiffs' tax returns are likely to lead to the discovery of admissible evidence, particularly evidence of mitigation or lack thereof and should be produced.

---

[6]Although Patriot Resorts Corp. did not employ anyone until 2001, Defendants are seeking information from 2000 forward to take into consideration any periods of time prior to and during Plaintiffs' employment that they may have been dually employed, as Ms. Wise testified she was so employed, to properly determine what income is mitigating.

Moreover, Plaintiffs should not be allowed to avoid a response by hiding behind the claim their tax returns, which presumably have been filed with the appropriate state and/or federal agencies, are no longer in their custody or control.  Since Plaintiffs have the ability to request copies of these documents from the IRS simply by completing IRS Form 4506 - Request for Copy of Tax Return, these documents are in their control and discoverable.  *See, e.g.*, <u>Prokosch v. Catalina Lighting, Inc.</u>, 193 F.R.D. 633, 636 (D. Minn. 2000) (holding documents are considered to be under a party's control when that party has right, authority, or practical ability to obtain documents from non-party).  Thus, Defendant requests that the Court order Plaintiffs to produce their tax returns for the years requested.

    C.   <u>Defendants are entitled to discovery regarding Plaintiffs' sources of income.</u>

Defendants asked Plaintiff Wise to identify the source of any income not identified in response to other Interrogatories, subsequent to her employment with Defendant Patriot Resorts Corporation.[7]  Plaintiffs object to the extent that the information sought is not reasonably calculated to lead to the discovery of admissible evidence.  As Plaintiffs are claiming lost wages as the result of retaliation and have a duty to mitigate, information regarding Plaintiffs' income subsequent to their employment with Defendant Patriot Resorts Corporation is highly relevant.  Further evidence that a written response is needed is the fact that Plaintiff LaCrisha Wise indicated during her deposition that there were sources of income other than what she

---

[7]*See*, Wise Interrogatories 7 and 8.

had listed in her Answers to Interrogatories.  Thus, Defendants request that Plaintiff

Wise supplement her Interrogatory responses accordingly.

> D.    <u>Defendants are entitled to review and obtain Plaintiff Wise's medical records directly from the provider as Wise has placed her mental and emotional conditions at issue in this case</u>.

In Defendants' Request for Production of Documents to LaCrisha Wise, who

asserts individual race discrimination and retaliation claims, Defendants provided

HIPAA-compliant authorization forms for Plaintiff Wise to sign so that Defendants can

obtain the relevant healthcare records of Plaintiff Wise.  Plaintiff Wise objects to this

document request to the extent it seeks information and documents not reasonably

calculated to lead to the discovery of admissible evidence.  Defendants are entitled to

review and obtain Plaintiff Wise's medical records directly from the provider as Wise has

placed her mental and emotional conditions at issue in this case by claiming mental

anguish and humiliation, emotional distress, the loss of enjoyment of life and other

nonpecuniary losses.  As Plaintiffs are seeking emotional distress damages from

discriminatory acts, they must show a sufficient causal connection between the

defendants' unlawful act and the complainant's emotional distress, Defendants are

entitled to obtain documents from Ms. Wise's health care providers.

In <u>Stonehill College v. Massachusetts Commission Against Discrimination</u>, 441

Mass. 549, 576 (2004), the Supreme Judicial Court made it clear that Defendants are

entitled to know whether Plaintiffs' emotional distress stems from its actions or from

some other circumstances:  "Emotional distress existing from circumstances other than

the actions of the respondent, or from a condition existing prior to the unlawful act, is not

compensable."  This is not a case where the Defendants are on a fishing expedition or are reaching at straws hoping to find some other evidence of disturbing events in Ms. Wise's life.  Rather, in the present case, Wise testified that since her termination from Defendant Patriot Resorts Corp., her grandson, mother and father died, all in a relatively short time span, causing her emotional distress.  She also testified that she had to file for bankruptcy and had been terminated from other employment, all of which can be emotionally disturbing events.  Defendants are entitled to determine whether these events, or others, rather than the allegations of the Second Amended Complaint, are responsible for Plaintiff Wise's nonpecuniary losses.  Clearly Plaintiff's medical records are reasonably calculated to lead to the discovery of admissible evidence, as they may reveal such alternative sources of Plaintiff's nonpecuniary losses.[8]

> E.   Defendants are entitled to discovery regarding other employers from which Plaintiffs have been involuntarily terminated.

Defendants asked Plaintiffs Wise, Martin, and Corbin to identify by name, address and telephone number any employer from which Plaintiffs were involuntarily terminated and to provide the date of such termination and the reason(s) they were given for such termination(s).[9]  Plaintiffs object to the extent that this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.  Again, a request for discovery should be considered relevant if there is *any* possibility that the information

---

[8]Plaintiffs' counsel has maintained that Ms. Wise has not treated with any health care provider for emotional distress issues related to the allegations asserted in this lawsuit.  That fact is irrelevant.  The fact that is relevant is whether there were other causes of emotional distress contributing to her client's mental state.

[9]*See* Exhibit 1 Interrogatories as follows:  Martin No. 10; Corbin No. 10; Wise No. 10.

sought may be relevant to the subject matter of the action.  <u>Schuurman</u>, 139 F.R.D 276

(D. Mass 1991).  Information concerning other involuntary terminations may lead to the

discovery of evidence regarding other work-related problems Plaintiffs had that could be

relevant to their reasons for termination at Defendant Patriot Resorts Corporation.

Further, Plaintiff Wise testified during her deposition that she had been so terminated,

and counsel did not object.  *See* Wise Deposition Transcript, Exhibit 7, page 36, lines

14-16.[10]  Thus Defendants are entitled to discovery of this information.

### IV.  <u>Conclusion</u>

For the reasons set forth above, Defendants respectfully request that this Court

order the production of the documents and information they seek within five (5)

business days of this Court's Order.


<u>CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 37.1</u>

Pursuant to Local Rule 37.1 and as set forth herein and in supporting

documentation, Defendants conferred with Plaintiffs in good faith in an attempt to

narrow the areas of disagreement to the greatest possible extent.


   /s/ Kimberly A. Klimczuk, Esq.
Kimberly A. Klimczuk, Esq.

---

[10]Additionally, the Court also entertained arguments on whether discovery of information pertaining to other employers was permissible and allowed it.  Indeed, on June 3, 2005, Plaintiffs filed an Emergency Motion to Quash the Subpoena of one of Ms. Wise's ex-employers, Lori Donuts.  That motion was denied by the Court on June 6, 2005.  For the reasons fully set forth in Defendants' Opposition to that Motion, the discovery pertaining to other employers should be allowed.

Respectfully Submitted,


 /s/ Kimberly A. Klimczuk, Esq.
Kimberly A. Klimczuk, Esq.
BBO No. 660973
Counsel for the Defendants
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts  01144
Dated:  June 13, 2005                       Tel.:  (413) 737-4753/Fax:  (413) 787-1941

## CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the foregoing *Defendant's Motion for Order Compelling Discovery* was served upon the attorney of record for each other party by first-class, U.S. mail, postage prepaid, and filed electronically, on June 13, 2005.

 /s/ Kimberly A. Klimczuk Esq.
Kimberly A. Klimczuk, Esq.