UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WISE ET AL.,<br><br>        Plaintiffs,<br><br>vs.<br><br>PATRIOT RESORTS ET AL.<br><br>        Defendants. | CIVIL ACTION NO. 04-CV-30091-MAP |

## DEFENDANT PATRIOT RESORTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF PETER C. CORBIN

      PATRIOT RESORTS CORP. (hereinafter "DEFENDANT" or "PATRIOT RESORTS"), pursuant to Fed. R. Civ. P. 33, hereby propounds these Interrogatories to PETER C. CORBIN (hereinafter "PLAINTIFF" or "CORBIN"). Each Interrogatory is to be answered fully in writing, under oath and within thirty (30) days from the date of this document.

### INTRODUCTION AND DEFINITIONS

      A.    Each Interrogatory seeks information available to Plaintiff, his attorneys or agents, and all persons acting in his behalf. Accordingly, as used herein, the terms "Plaintiff" or "Corbin", "you" and "your" refer without limitation to the Plaintiff, his attorneys and agents, and all persons acting in his behalf. Each of the Interrogatories and requests for production of documents shall be deemed to be continuing in the manner provided by law.

      B.    As used herein, "person" means an individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity. When the term "identify" is used in conjunction with the term "person," or if the answer to any Interrogatory herein refers to a person (as defined herein), you are to state each such person's: (1) full legal name; (2) present or last known address and telephone number (business and residential); and (3) occupation, job title, business affiliation and/or nature of business.

      C.    The term "documents" includes, but is not limited to, written, typed, printed and electronically recorded or reproduced letters, memoranda, notes, correspondence, conversations, contracts, diaries, records, statements, reports, photographs, computer tapes or discs, compilations and all other recorded information, as well as anything attached, clipped or connected thereto. This definition includes, but is not limited to, any drafts, duplicates or other copies of the above-defined documents. The term "identify," when used in connection with a document, means to state the date of the document, the name and address of the

person who prepared the document, the name and address of the person who has custody or control of the document and the nature and substance of the document with sufficient particularity to enable it to be identified in a motion to produce; or in lieu thereof, Plaintiff may produce the document(s).

    D.    As used herein, "communication(s)", means any conversation (whether face-to-face, by telephone, or otherwise), correspondence, memoranda, meeting, discussion, statement, telegram, release and other means of exchanging or imparting information. When the term "identify" is used herein in conjunction with the term "communication(s)" (as defined herein), Plaintiff is to state with particularity with respect to each such communication: (1) the date of the communication; (2) the identity of the party(ies) to the communication; and (3) the nature and substance of the communication.

    E.    As used herein, the term "Patriot Resorts" means the entity known as Patriot Resorts Corp. d/b/a the Vacation Village in the Berkshires, its agents, servants, representatives, employees and all other persons or entities acting or purporting to act on its behalf.

    F.    As used herein, the term "Corbin" means the individual Plaintiff known as Peter Corbin, his agents, servants, representatives, and all other persons or entities acting or purporting to act on his behalf.

    I.    If any document or identification of any document is withheld under a claim of privilege, please describe the document and the basis for the claim of privilege, and specify the nature of the privilege in order that the Defendant and the Court may determine the validity of the claim.

    J.    As used herein, "date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

    K.    If you object to part of an Interrogatory and refuse to answer that part, state your objection and answer the remaining portion of that Interrogatory. If you object to the scope or time period of an Interrogatory and refuse to answer for that scope or time period, state your objection and answer the Interrogatory for the scope or time period you believe is appropriate.

    L.    If any of the following Interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions. If your answer is qualified in any particular way, please set forth the details of such qualifications.

## **INTERROGATORIES**

1. Please state your full name, residential address, occupation, employer, business address and educational background. Identify any documents relied upon or referred to in your answer to this Interrogatory.

2. Please itemize with particularity any and all monetary damages, whether potential or actual, which you claim to have incurred as a result of any of the allegations in your Second Amended Complaint, and set forth in complete detail the dollar value of each element of claimed damages. Identify any documents relied upon or referred to in your answer to this Interrogatory.

3. If you have received any treatment, consultation or examination for physical, mental or other illnesses or conditions relating to or resulting from any of the allegations in your Complaint, please identify the name and address of each person who rendered such service(s), state the date(s) of the service(s), and describe the nature of the service(s), including, without limitation, any diagnosis or prognosis rendered. Identify any documents relied upon or referred to in your answer to this Interrogatory.

4. Please itemize all expenses resulting from any service described in your answer to Interrogatory No. 3. Identify any documents relied upon or referred to in your answer to this Interrogatory.

5. Please identify by name, occupation, address, and telephone number of all individuals you believe may have knowledge regarding any of the facts or circumstances alleged in the Second Amended Complaint and state in substance the knowledge you believe or claim they have. Identify any documents relied upon or referred to in your response to this Interrogatory.

6. Please identify by name, occupation, address, and telephone number all companies, organizations, agencies, or other potential employers with whom you have been in contact regarding potential employment or business association during or subsequent to your employment with Defendant, setting forth the address of each such person, the date(s) of such contact and the nature of the employment sought in each such contact. Identify any documents relied upon, relevant to or referred to in your answer to this Interrogatory.

7. Please give the name and address of each employer, individual or other entity for whom you have performed any work or services during or subsequent to your employment with Defendant. If you have performed any work or services as an independent contractor subsequent to your employment with Defendant, please state the name and address of each individual or entity for whom you performed such work or services. If you have been self-employed, describe the nature of the work. Identify any documents relied upon, relevant to or referred to in your answer to this Interrogatory.

8. If you have received income from any source, not identified in your response to the preceding Interrogatory, subsequent to your employment with Defendant, please identify such source and the dates and amounts received on such dates. Identify any documents relied upon, relevant to or referred to in you answer to this Interrogatory.

9. Please provide the name, case or docket number and a brief description of any other legal actions, civil or criminal, including administrative actions, to which you have been a party. Identify any documents relied upon, relevant to or referred to in your answer to this Interrogatory.

10. If you were ever involuntarily terminated from employment other than with Defendant, please identify by name, address and telephone number the employer that terminated you, the date of such termination and the reason(s) you were given for such termination(s). Identify any documents relied upon, relevant to or referred to in your answer to this Interrogatory.

11. State the basis for your contention that you were told you would be rehired in June 2004 as is alleged in your Second Amended Complaint. Identify any documents relied upon, relevant to or referred to in your answer to this Interrogatory.

12. Set forth by date and time, the hours you worked for which you contend you did not receive minimum wage. Identify any documents relied upon, relevant to or referred to in your answer to this Interrogatory.

13. Set forth by date and time, the hours you worked for which you contend you did not receive overtime compensation that you were eligible to receive. Identify any documents relied upon, relevant to or referred to in your answer to this Interrogatory.

Respectfully submitted,

*Marylou Fabbo*
Marylou Fabbo, Esq.
BBO No. 566613
Counsel for Defendants
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144

Dated: January 27, 2005      Tel. (413) 737-4753/Fax (413) 787-1941

## CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the foregoing *Defendant Patriot Resorts Corp.'s First Set of Interrogatories to Plaintiff Peter C. Corbin* was served upon the attorney of record for each other party by first-class, U.S. mail, postage prepaid, on January 27, 2005.

*/s/ Marylou Fabbro*
Marylou Fabbo, Esq.