UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WISE ET AL., <br><br> Plaintiff, <br><br> vs. <br><br> PATRIOT RESORTS ET AL. <br><br> Defendant. | CIVIL ACTION NO. 04-CV-30091-MAP |

### DEFENDANT PATRIOT RESORTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF MICHAEL MASSACONI

PATRIOT RESORTS CORP. (hereinafter "DEFENDANT" or "PARTIOT RESORTS"), pursuant to Fed. R. Civ. P. 34, hereby serves this First Request for Production of Documents upon MICHAEL MASSACONI (hereinafter "PLAINTIFF" or "MASSACONI"). Unless otherwise agreed upon by counsel for the parties, the documents shall be produced at the offices of Skoler, Abbott & Presser, P.C., One Monarch Place, Suite 2000, Springfield, Massachusetts 01144, within the time prescribed by the Federal Rules of Civil Procedure.

### INTRODUCTION AND DEFINITIONS

  A. The term "document(s)" includes, but is not limited to, written, typed, printed, electronically recorded or reproduced letters, memoranda, notes, correspondence, conversations, documents, contracts, diaries, records, statements, reports, photographs, computer tapes or discs, compilations, and all other recorded information, as well as anything attached, clipped or connected thereto, known to MASSACONI or his agents, whether or not such information is in the custody, possession, or control of MASSACONI or his agents, including without limitation his attorney. This definition includes, but is not limited to, any drafts, duplicates or other copies of the above-defined documents.

  B. The term "document(s) which relates to" means documents containing, showing, relating, or referring directly or indirectly and is meant to include, among other documents, all documents underlying, supporting, now or previously attached or appended or used in the preparation of any document called for by each request.

  C. The term "communications" means any conversation (whether face-to-face, by telephone or otherwise), correspondence, memoranda, meeting, discussion, statement, telegram, release, and other means of exchanging or imparting information.

D. The term "Patriot Resorts" means the entity known as Patriot Resorts Corp., its agents, servants, representatives, employees and all other persons or entities acting or purporting to act on its behalf.

E. The term "MASSACONI" means the individual Plaintiff known as MICHAEL MASSACONI, his agents, servants, representatives, and all other persons or entities acting or purporting to act on his behalf.

F. If MASSACONI or any agent of MASSACONI, including his attorney, is aware of the existence of any document within the scope of these document requests, which is not within the custody, possession, or control of MASSACONI or one of his agents, please identify any such document in a written response to the request for production of the document. In identifying a document in this fashion, it is requested that the following information be provided: the name, address and telephone number of the person who has possession, custody, or control over the document; a brief summary of the nature of the information contained in the document; the date of the document; and the name of the person who prepared the document.

G. These requests for production of documents are continuing. In the event that MASSACONI or MASSACONI's attorney becomes aware of any document within the request set forth below, after MASSACONI's production of documents, such additional responsive information shall be immediately furnished to the Defendant's attorney.

H. If you claim privilege for any document in response to these requests for production of documents and do not produce that document, please note the nature of the privilege and identify the document so that the claim of privilege can be evaluated.

## DOCUMENTS REQUESTED

1. All documents identified in your Rule 26 Automatic Disclosures.

2. All documents that support your claim that Mr. Lewis told you that, "there was talk that the company was trying to get 'rid of' people who filed this lawsuit."

3. All documents that support your claim that you were retaliated against as is alleged in your Second Amended Complaint.

4. A copy of all communications between you and the Attorney General, if any, pertaining to the state law violations you allege in your Second Amended Complaint.

5. A copy of all documents that support your contention that you worked overtime hours while employed with Defendant.

6. A copy of all documents that support your claim that you were not paid minimum wage.

7. All records, reports, bills and other documents that relate to any treatment, examination or consultation for physical, mental or other illness or condition relating to or resulting from any of the allegations in your Second Amended Complaint.

8. All documents that provide evidence that you suffered financial damages as the result of Defendant's actions.

9. All documents that relate to any belief or claim that other individuals may have knowledge regarding any of the events or circumstances alleged in your Second Amended Complaint.

10. All documents that relate to wages, salaries, tips, commissions or any other income or earnings of Plaintiff from January 2000 to the present, including, but not limited to, pay stubs, federal and state tax returns, W-2 forms and all schedules and attachments to such documents.

11. All documents that relate to Plaintiff's efforts, successful or unsuccessful, to obtain employment or any source of income, or engage in an occupation or business subsequent to the events alleged in the Second Amended Complaint, including, but not limited to, communications with prospective employers, business associates or employment agencies, as well as resumes, draft resumes, reference letters, requests for reference letters and applications for employment or business association.

12. All calendars, journals, diaries or other notes kept by you from the beginning of your employment with Defendant to the present.

13. All documents reflecting hours you worked while employed with Defendant.

14. All documents identified in your responses to Defendant Patriot Resorts First Set of Interrogatories that were not produced in response to other Document Requests.

Respectfully Submitted,

*Marylou Fabbo*
Marylou Fabbo, Esq.
BBO #566613
Counsel for Defendants
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144
Tel.: (413) 737-4753/Fax: (413) 787-1941

Dated: January 27, 2005

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Defendant Patriot Resorts Corp.'s First Requests for Production of Documents to Michael Massaconi* was served upon the attorney of record for each other party by first-class, U.S. mail, postage prepaid, on January 27, 2005.

_____
Marylou Fabbo, Esq.

4