# SKOLER, ABBOTT&PRESSER, P.C.

*Exclusively Representing Management in Labor and Employment Law*

Kimberly A. Klimczuk, Esq.
KKlimczuk@skoler-abbott.com

May 23, 2005

## VIA FACSIMILE AND U.S. MAIL

Suzanne Garrow, Esq.
Heisler, Feldman & McCormick, P.C.
1145 Main Street, Suite 508
Springfield, MA  01103

> Re:  LaCrisha Wise, et al. v.
>      Patriot Resorts Corporation, et al.
>      <u>Civil Action No. 04-cv-30091-MAP</u>

Dear Ms. Garrow:

This letter is being sent pursuant to Fed. R. Civ. P. Rules 33 and 34 and in accordance with our obligation, pursuant to Local Rule 37.1, that we confer with you regarding any discovery issues prior to the filing of a discovery motion.  I am writing to request that your clients more fully respond to the particular Interrogatories and Document Requests set forth below, which were contained in Defendant Patriot Resorts' First Set of Interrogatories and Defendant Patriot Resorts' First Request for Production of Documents, and previously served on Plaintiffs, Lacrisha Wise, et al., on January 20, 2005.  I have outlined the specific Interrogatories and Requests for Production of Documents that Defendant Patriot Resorts ("Defendant") believes are incomplete and otherwise fail to comply with the requirements under the Federal Rules of Civil Procedure.  We are hopeful that this can be resolved promptly without court intervention.

## ***All Plaintiffs***

<u>Interrogatory No. 9</u>

Interrogatory No. 9 asks Plaintiffs to "[p]lease provide the name, case or docket number and a brief description of any other legal actions, civil or criminal, including administrative actions, to which you have been a party."  Plaintiffs object to the extent that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

Suzanne Garrow, Esq.                    -2-                         May 23, 2005

Asking about lawsuits to which Plaintiffs have been a party is reasonably calculated to lead to the discovery of admissible evidence, especially if any lawsuits have been brought by or against a current or former employer. Further, Ms. Wise has responded in part to this interrogatory at her deposition. Defendant asks that Plaintiffs provide a response to this Interrogatory.

## Request for Production of Documents

Defendant requested from Plaintiffs "[a]ll documents that relate to wages, salaries, tips, commissions or any other income or earnings of Plaintiff from January 2000 to the present, including, but not limited to, pay stubs, federal and state tax returns, W-2 forms and all schedules and attachments to such documents." Plaintiffs object to the extent that some of the information sought is not reasonably calculated to lead to the discovery of admissible evidence.

As Plaintiffs are claiming lost wages and other causes of action for which mitigation is a relevant, affirmative defense, Defendant is entitled to know their specific incomes for the tax years 2000 to the present. Accordingly, please produce copies of all state and federal income tax returns and all schedules and attachments to such documents for the tax years 2000, 2001, 2002, 2003 and 2004, as well as any other documents that relate to wages, salaries, tips, commissions or any other income or earnings of Plaintiff from January 2001 to the present. *See,* Pedraza v. Holiday Housewares, Inc., 203 F.R.D. 40, 43 (D. Mass 2001); Buntzman v. Springfield Redevelopment Authority, 146 F.R.D. 30, 32 (D. Mass. 1993).

Although Defendant received some W-2 forms from Plaintiffs, Roger Martin and Michael Massaconi did not produce their 2000 W-2 forms, and LaCrisha Wise did not produce her 2000 or 2001 W-2 forms. Further, although Ms. Wise stated in her Responses to Interrogatories that she worked for Italian Pavilion, Margaret & Company and Inn Season Resorts, she has not produced any income records relating to those employers.

### *LaCrisha Wise*

#### Interrogatory No. 8

Interrogatory No. 8 asks Plaintiff to identify the source of any income not identified in response to the preceding Interrogatory, subsequent to her employment with Defendant. Plaintiff objects to this Interrogatory to the extent that the information sought is not reasonably calculated to lead to the discovery of admissible evidence.

As Plaintiff is claiming lost wages, and has a duty to mitigate, Defendant is entitled to know her specific income for the tax years 2000 to the present. Accordingly, from Ms. Wise's deposition testimony, it is clear there are sources of income beyond

what has been provided in response to the preceding Interrogatory. Thus, please fully respond to this interrogatory.

## Document Request No. 7

In Request No. 7, Defendant provided HIPAA-compliant authorization forms for Plaintiff to sign so that Defendant can obtain the relevant medical records of Plaintiff. Plaintiff objects to this document request to the extent it seeks information and documents not reasonably calculated to lead to the discovery of admissible evidence.

As Plaintiff has placed her medical condition at issue by claiming mental anguish and humiliation, emotional distress, the loss of enjoyment of life and other nonpecuniary losses, Defendant is entitled to investigate whether Plaintiff's nonpecuniary losses were caused by Defendant or by some other source. *See,* Stonehill College v. Massachusetts Commission Against Discrimination, 441 Mass. 549, 576 ("Emotional distress existing from circumstances other than the actions of the respondent, or from a condition existing prior to the unlawful act, is not compensable."). Therefore, Plaintiff's medical records are relevant and are reasonably calculated to lead to the discovery of admissible evidence. Thus, Defendant again requests that Plaintiff provide signed releases in the form attached as Exhibit A to the Document Requests.

## Document Request Nos. 8 & 9

In response to Request Nos. 8 & 9, Plaintiff responded, "See documents produced." I have reviewed the documents produced by Plaintiff, and it is not clear to me which of the documents produced were produced in response to Request Nos. 8 & 9. Accordingly, please specify which documents are responsive to these Requests.

## *LaCrisha Wise, Roger Martin, Peter Corbin*

### Interrogatory No. 10

Interrogatory No. 10 asks Plaintiffs to identify by name, address and telephone number any employer from which Plaintiffs were involuntarily terminated and to provide the date of such termination and the reason(s) they were given for such termination(s). Plaintiffs object to the extent that this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

Asking about other employers from which Plaintiffs were involuntarily terminated is reasonably calculated to lead to the discovery of admissible evidence. Further, Ms. Wise testified that she had been so terminated. *See,* Wise Deposition, page 36, lines 14-16. If Plaintiffs have never been involuntarily terminated from any employer other than Defendant Patriot Resorts Corporation, please respond as such. If they have, please respond to this Interrogatory accordingly.

Suzanne Garrow, Esq.                    -4-                        May 23, 2005

Please provide us with the requested supplemental information and documents no later than May 27, 2005 so that we do not have to seek court intervention into these issues.

Sincerely,

Kimberly A. Klimczuk

KAK:amm

cc: Patriot Resorts Corp.