# Heisler, Feldman & McCormick, P.C.

**Attorneys at Law**

Hugh D. Heisler
Joel H. Feldman
Thomas J. McCormick
Suzanne Garrow
Sarah E. Lazare
*Access to Justice Fellow*

June 9, 2005

**VIA FACSIMILE AND FIRST CLASS MAIL**

Kimberly Klimczuk, Esq.
Skoler, Abbott & Presser
One Monarch Place
Springfield, Massachusetts 01144


RECEIVED JUN 1 0 2005 By___

Re: *Wise et al. v. Patriot Resorts, et al.*

Dear Attorney Klimczuk:

I do apologize for any delay in this response. Your letter of May 23, 2005 was received immediately prior to the Memorial Day Weekend making it difficult to contact my clients after that time and before the weekend. As you are also well aware, I was preparing for trial on May 31, 2005, on trial on June 1, 2005 and we have been in depositions in this matter three of the eight following business days. That said, please accept this letter in response to your letter seeking additional information and documents:

**Interrogatory 9:** There is no theory under which being a party to other suits could be reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is my recollections from the depositions I attended that when asked if the plaintiff sued former employers each responded that they had not. Moreover, because objections are reserved for trial at depositions and since all the plaintiffs have been or could have been deposed on this issue, the plaintiffs have no additional non-objectionable information.

**Requests for production of documents:** I am unclear what you are seeking in addition to what has been provided. The plaintiffs have provided all W-2 forms in there possession and control. Moreover, income information for 2000 and 2001 are arguably objectionable and not reasonably calculated to lead to the discovery of admissible evidence in this matter. If you seek documents other than the W-2s requested in your letter, please advise immediately so that we can provide them or formulate a response.

---

**Wise**

**Interrogatory 8:** In reviewing Ms. Wise's deposition it appears she had one additional job she remembered at her deposition, although it is unclear if she derived any income from that position. I will have her supplement her interrogatory response as soon as possible. Your letter and interrogatory are vague. If you are seeking other information please identify immediately so that I can provide it to you or formulate our response.

**Document request No. 7:** Despite assertions to the contrary, Stonehill College v. MCAD, 441 Mass. 549 (20040, has not heightened any burden to proving emotional distress. Moreover, the law is clear that if a plaintiff does not rely on their therapist to prove emotional distress, then the therapeutic sessions maintain their privilege. Vanderbilt v. Town of Chilmark, 174 F.R.D. 225 (D. Mass. 1997). Finally, Ms. Wise did not treat with a medical or mental health provider.

**Wise, Martin and Corbin**

**Interrogatory No. 10:** Termination from previous employers cannot lead to admissible evidence on the state and federal wage and hour claims. It is equally irrelevant and harassing for the individual claims and can serve to chill Title VII and other wrongful termination plaintiffs. See e.g. Priest v. Rotary, 98 F.D.R. 755, 761 (N.D.Cal. 1983).

Please get back to me as soon as possible so that we can avoid unnecessary motions before the Court.

Very truly yours,

Suzanne Garrow

Cc:  Roger Martin
     LaCrisha Wise
     Peter Corbin
     Michael Massaconi