UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LACRISHA WISE, MICHAEL MASSACONI, ROGER MARTIN and PETER CORBIN, on behalf of themselves and on behalf of others who are similarly situated,<br><br>            Plaintiffs,<br>v.<br><br>PATRIOT RESORTS CORP., THE BERKLEY GROUP, INC., MARC J. LANDAU, J.P. OTTINO, III REBECCA A FOSTER. and JAMES E. LAMBERT,<br>            Defendants. | :<br>:<br>:<br>:<br>:<br>: DOCKET NO. 04-cv-30091-MAP<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL DISCOVERY**

The plaintiffs respectfully submit this opposition to the defendants' Motion to Compel Discovery. The defendants seek to compel intrusive personal information. Much of the information they seek to compel is not reasonably calculated to lead to the discovery of admissible evidence. There is no other reason for seeking this sort of over-reaching discovery than to harass and embarrass the plaintiffs. The Court should not countenance the defendants' invasive tactics and their Motion to Compel Discovery should be denied.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The facts are set forth in the plaintiff's Opposition to Defendants' Motion to Permit (Late) Discovery filed on this date.

The procedural posture relative to the instant opposition is as follows: at no time before a letter May 23, 2005, one week before the discovery deadline

ran, did the defendants indicate that they believed the discovery responses provided by the plaintiffs were in any way deficient. Defendants' counsel gave plaintiffs three days to respond to their sizeable requests for additional information from each of the four named plaintiffs. In the following two weeks, the parties had almost a full week of depositions in this case. The defendants were also aware that the plaintiffs' counsel had a trial during that time, following the Memorial Day holiday weekend. Given that the defendants' requests were unanticipated due to their coming so late in the discovery schedule, counsel asked for additional time to respond to the requests in writing. Counsel for the defendants were unwilling to give the plaintiffs' counsel the time requested for a reply and the plaintiffs' counsel responded verbally on the day defendants' counsel required a response and followed up in writing three days later.

## III.    ARGUMENT[1]

*Information pertaining to unrelated lawsuits*

*Request*

Interrogatory 9  to all plaintiffs

> Please provide the name, case or docket number and a brief description of any other legal actions, civil or criminal, including administrative actions, to which you have been a party. Identify any documents relied upon, relevant to or referred to in your answer to this Interrogatory.
>
> Objection to the extent that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

---

[1] The defendants have failed to comply with Local Rule 37.1(B)(4) requiring that they set forth the Interrogatories or Document Requests at issue with responses thereto. The plaintiffs will do so.

2

*Argument*

There is no theory under which information about the plaintiffs' participation in unrelated lawsuits could lead to the discovery of admissible evidence. It is hard to imagine how being a party to a small claim action, for example, as Ms. Wise testified she once was, could lead to any probative evidence in this case. In their motion, the defendants don't even attempt to offer a reason why they seek this information or how it could possibly lead to admissible evidence. Moreover, the defendants had the opportunity to depose plaintiffs on the issue of whether they had sued former employers. All but one plaintiff asked responded that they had not. (Wise Deposition at 45, attached at 1; Martin Deposition at 7, attached at 2.) While that information itself, or information derived there from would not be probative, Malloy v. Wang Laboratories, Inc., 95 F.R.D. 488 (D.Mass. 1982), lawsuits relating to other even more tangential issues is even less probative. The only reason for seeking this information is to embarrass, harass or annoy the plaintiffs.

It is ludicrous to suggest that because the plaintiffs were not instructed at their depositions by their counsel not to answer questions about other lawsuits that somehow they have waived their right to object to providing further, more intrusive information.[2] As is common practice, at the depositions of each of the plaintiffs all objections, other than as to the form of the question, were reserved until trial. The defendants' counsel made this point at the deposition of Ms. Wise when she specifically inquired about prior lawsuits and the plaintiffs' counsel

---

[2] Depositions are, of course, unlike interrogatories where objections must be interposed to

3

objected. (Wise Deposition at 84-86.) The defendants' counsel also spent a great deal of time deposing Ms. Wise on just these issues. (Wise Deposition at 81-93.) Plaintiffs counsel allowed this line of questioning that could not possibly lead to admissible evidence in an attempt to avoid needless intervention by the Court in the parties' discovery disputes. After exhaustive questioning, Ms. Wise provided all the information about this topic in her possession and control. The defendants have completed the plaintiffs' depositions on this issue and have no additional non-objectionable information. The plaintiffs should not now be penalized for responding to depositions questions when posed.

### *Plaintiffs' tax returns*

#### *Requests*

Massaconi – document request

10. All documents that relate to wages, salaries, tips, commissions or any other income or earnings of Plaintiff from January 2000 to the present, including, but not limited to, pay stubs, federal and state tax returns, W-2 forms and all schedules and attachments to such documents.

Objection to the extent that some of the information sought is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, see documents produced at 000609, 000618, 000691, 000693, 000697-98, 000705, 000709, 000727-730, 000737.

Martin – document request

10. All documents that relate to wages, salaries, tips, commissions or any other income or earnings of Plaintiff from January 2000 to the present, including, but not limited to, pay stubs, federal and state tax returns, W-2 forms and all schedules and attachments to such documents.

Objection to the extent that some of the information sought is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and

---

preserve any such objection.

without waiving said objection, see documents produced at 000467-72, 000489-93, 000519-20.

Corbin – document request

> 7. All documents that relate to wages, salaries, tips, commissions or any other income or earnings of Plaintiff from January 2000 to the present, including, but not limited to, pay stubs, federal and state tax returns, W-2 forms and all schedules and attachments to such documents.

Objection to the extent that some of the information sought is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, see documents produced at 000001-000099, 000106-115, 000123, 000248-59, 000271-316, 001036-41

Wise – document request

> 10. All documents that relate to wages, salaries, tips, commissions or any other income or earnings of Plaintiff from January 2000 to the present, including, but not limited to, pay stubs, federal and state tax returns, W-2 forms and all schedules and attachments to such documents.

The plaintiff objects to this request to the extent that is seeks information and documents not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, see documents produced at 000796-811, 000824-34, 000851-908.

***Argument***

The plaintiffs' counsel has agreed to provide all 2002, 2003 and 2004 tax returns in their clients' possession and control. If the defendants wish to have tax returns for those years not in the plaintiffs' possession and control, the plaintiffs will execute authorizations so that the defendants may obtain them.

If they might lead to any admissible evidence at all, only post-termination tax returns may be marginally relevant to mitigation of damages.[3] The defendants concede as much. Mitigation is a defense in wrongful termination

---

[3] Mr. Corbin does not even have a claim for wrongful termination thus he has no duty to mitigate

5

cases that provides that a plaintiff must make reasonable efforts to offset their damages. Thus tax returns for those years prior to any termination, when the plaintiffs suffered no termination-related damages, could not lead to admissible evidence.

*The plaintiffs' collateral sources of income[4]*

*Requests*

Massaconi – document request

11. All documents that relate to wages, salaries, tips, commissions or any other income or earnings of Plaintiff from January 2000 to the present, including, but not limited to, pay stubs, federal and state tax returns, W-2 forms and all schedules and attachments to such documents.

Objection to the extent that some of the information sought is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, see documents produced at 000609, 000618, 000691, 000693, 000697-98, 000705, 000709, 000727-730, 000737.

Martin – document request

11. All documents that relate to wages, salaries, tips, commissions or any other income or earnings of Plaintiff from January 2000 to the present, including, but not limited to, pay stubs, federal and state tax returns, W-2 forms and all schedules and attachments to such documents.

Objection to the extent that some of the information sought is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, see documents produced at 000467-72, 000489-93, 000519-20.

Corbin – document request

8. All documents that relate to wages, salaries, tips, commissions or any other income or earnings of Plaintiff from January 2000 to the present,

---

his damages.

[4] Ms. Wise responded to Interrogatory 7 to the best of her ability and was deposed on this issue. The other plaintiffs answered questions of them posed at deposition relating to irrelevant collateral sources.

6

> including, but not limited to, pay stubs, federal and state tax returns, W-2 forms and all schedules and attachments to such documents.

Objection to the extent that some of the information sought is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, see documents produced at 000001-000099, 000106-115, 000123, 000248-59, 000271-316, 001036-41

Wise – document request

> 11. All documents that relate to wages, salaries, tips, commissions or any other income or earnings of Plaintiff from January 2000 to the present, including, but not limited to, pay stubs, federal and state tax returns, W-2 forms and all schedules and attachments to such documents.

The plaintiff objects to this request to the extent that is seeks information and documents not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, see documents produced at 000796-811, 000824-34, 000851-908.


Wise Interrogatories

7. Please give the name and address of each employer, individual or other entity for whom you have performed any work or services subsequent to your employment with Defendant. If you have performed any work or services as an independent contractor subsequent to your employment with Defendant, please state the name and address of each individual or entity for whom you performed such work or services. If you have been self-employed, describe the nature of the work. Identify any documents relied upon, relevant to or referred to in your answer to this Interrogatory.

Oak & Spruce, South Lee MA, Laura Wood Johnson, Fall 2003, time share sales
Italian pavilion, West Springfield, DeLavo Fall 2003, bartender
People's Choice, Kahari, Spring 2004, retail sales
Margaret & Company, Margaret, Fall 2004, auto sales
Inn Season Resorts, Agawam, MA, Kevin Paiva, time share sales, January 2005 to present

6. If you have received income from any source, not identified in your response to the preceding Interrogatory, subsequent to your employment with Defendant, please identify such source and the dates and amounts received on such dates. Identify any documents relied upon, relevant to or referred to in you answer to this Interrogatory.

Objection to the extent that the information sought is not reasonably calculated to lead to the discovery of admissible evidence.

***Argument***

The defendants frame the information they seek from the plaintiffs as "income from *any* source" subsequent to the plaintiffs employment by defendants. As noted above, the defendants concede that mitigation of damages is the only matter to which subsequent income of any kind may be relevant. However, the information sought is not reasonably calculated to lead to the discovery of admissible evidence because it seeks information from collateral sources.

The vast majority of courts which have addressed this issue in a broad range of employment-related cases have concluded that income derived from collateral sources should not be offset against awards for lost past or future wages. See eg., NLRB v. Gullett Gin Co., 340 U.S. 361, 71 S.Ct. 337 (1951)(unemployment compensation not deductible from back pay award under NLRA); Guthrie v. J.C. Penney Co., Inc., 803 F.2d 202, 209 (5th Cir. 1986)("Most courts have refused to deduct such benefits as social security and unemployment compensation from ADEA awards"); Promisel v. First American Artificial Flowers, Inc., 943 F.2d 251, 258 (2d Cir. 1991), cert. denied, 502 U.S. 1060, 112 S.Ct. 939 (1992)(social security disability benefits not offset against back pay award in Title VII case); Gaworski v. ITT Commercial Finance Corp., 17 F.3d 1104, 1112-14 (8th Cir. 1994), cert. denied, 513 U.S. 946, 115 S.Ct. 355 (1994) (unemployment benefits are not offset against back pay award in ADEA case); see also, Maxfield v. Sinclair International, 766 F.2d 788, 795 (3d Cir.

1985), cert. denied, 474 U.S. 1057, 106 S.Ct. 796 (1986); Lussier v. Runyon, 50 F.3d 1103, 1107-10 (1st Cir. 1995).

The majority of courts deem unemployment compensation, SSDI and SSI, which may be seen as work-income replacement, as collateral sources. Thus income from other sources completely unrelated to work, like other forms of public assistance or benefits would certainly be deemed collateral. Information regarding such income that has no bearing on any offset to any damage award by the jury and will not lead to admissible evidence in this matter.

***Ms. Wise medical records are protected by her privacy interests***

*Request*

7. Fully executed HIPAA authorizations sufficient to allow Defendants to obtain copies of all records, reports, bills and other documents that relate to any treatment, examination or consultation for physical, mental or other illness or condition relating to or resulting from any of the allegations in your Second Amended Complaint. For each doctor, physician, psychiatrist, psychologist, therapist, counselor, health care professional or facility from which you sought treatment or consulted with, provide to Defendant signed releases for each in the form attached as Exhibit A.

The plaintiff objects to this request to the extent that is seeks information and documents not reasonably calculated to lead to the discovery of admissible evidence.

*Argument*

Although there is no federal physician-patient privilege, a litigant's medical records may be protected from disclosure because of a patient's privacy interests. Whalen v. Roe, 429 U.S. 589, 599-600 (1977); see also Caesar v. Mountanos, 542 F.2d 1064, 1067 n. 9 (9th Cir.1977). A Court will balance the

9

relevance of the requested documents and information against the need for privacy. Fritsch v. City of Chula Vista,187 F.R.D. 614, 633 (S.D. Calif. 1999). Moreover, Federal Rule of Civil Procedure 26(c) gives this Court broad discretion to limit disclosure of even relevant information.

In a case much like the matter before the Court, a defendant's request for information including names, addresses and telephone numbers of "each and every health care provider which has provided any service" to the plaintiff was rejected, and the court quashed subpoenas of all of the plaintiff's medical records. Fritsch, 187 F.R.D. at 633-34. The court explicitly rejected the argument that the defendants set forth here, that the medical records may contain other possible sources of emotional distress in her life other than the events in the case. Id. The court determined that any potential relevance of the information sought by the defendants was minimal and left the plaintiff to her proof that the defendant's actions caused her claimed emotional distress. Id. The court further found that any possible relevance of the requested information is clearly outweighed by the hardship to the plaintiff in providing her private medical records to the defendants. Id.

Here, however, Ms. Wise' medical records are not relevant. The defendants seek broad-brush disclosure of *all* her medical records. They provided Ms. Wise with an authorization that grants her doctors permission to allow the defendants to rummage through her personal medical files. She has not even made any claim for bodily injury other than those that flow from or are

10

directly linked to her emotional distress. Fitzgerald, 216 F.R.D. at 634. Nor has she made any claim of extreme psychic injury.

Even if this Court were to accept the defendants' argument, that Ms. Wise' unabridged medical records might reveal "emotional distress from circumstances other than the actions of the respondent, or from a condition existing prior to the unlawful act" the Court should reject this attempt to harass Ms. Wise. Ms. Wise has consistently maintained that she sought no treatment in that time for this or other events. Rather she sought counsel of friends and spiritual advisors. (Wise Deposition at 220-222.) If she has at some time in her life seen a doctor cannot open her personal records up to total disclosure. There can be no other reason for the defendants to seek this information other than to impermissibly pry into Ms. Wise' personal medical history.

Ms. Wise did not treat with a health care professional for the emotional distress she suffered as a result of the defendants' illegal conduct.[5] She does not intend to use any information or doctors' records and any disclosure of that information should not be compelled.

***Termination from other previous employment***

***Request***

---

[5] Ms. Wise does not intend to call any health care providers as witnesses or rely on communications to her doctors to bolster her emotional distress claim. Ms. Wise seeks only usual emotional distress, not extraordinary psychic injury or damages. Such usual or "garden-variety" emotional distress has been described as "ordinary or commonplace emotional distress" versus emotional distress that is not "usual" but is "complex, such as that resulting in a specific psychiatric disorder." Ruhlmann v. Ulster County Dep't of Soc. Servs., 194 F.R.D. 445, 449 n. 6 (N.D.N.Y.2000). See Sorenson v. H&R Block, Inc. 197 F.R.D. 199, 204 (D. Mass. 2000); Booker v. City of Boston, 1999 WL 734644 (D.Mass. 1999). See also Fitzgerald, 216 F.R.D. at 639; Ruhlmann, 194 F.R.D. at 449; Fritsch,187 F.R.D. at 628. Patients, including litigants, do not anticipate revealing their whole medical and psychological history merely be asserting that discrimination has caused some amount of distress.

### *Wise, Martin and Corbin – Interrogatory 10[6]*

> 10. If you were ever involuntarily terminated from employment other than with Defendant, please identify by name, address and telephone number the employer that terminated you, the date of such termination and the reason(s) you were given for such termination(s). Identify any documents relied upon, relevant to or referred to in your answer to this Interrogatory.

> Objection to the extent that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs' performance at any other previous job position is of no relevance in this case. In contrast, the intrusion into personal matters would be unfair and problematic to the plaintiffs. Termination from previous employers cannot lead to admissible evidence on the state and federal wage and hour claims. It is equally irrelevant and harassing for the individual claims and can serve to chill Title VII and other wrongful termination plaintiffs. See e.g. Priest v. Rotary, 98 F.D.R. 755, 761 (N.D.Cal. 1983). Wrongful, illegal termination turns on what was in the hearts and minds of the defendants when each of the plaintiffs was terminated not the plaintiffs past performance at other jobs. The defendants now seek a *post hoc* justification for the plaintiffs' termination, which should not be allowed.

The only issue whereby termination from subsequent employment might be relevant is to mitigation of damages. When asked, none of the plaintiffs testified that they were terminated from subsequent employment except for Ms. Wise. (Martin Deposition at 9-26, 41-50; Corbin Deposition at 8-17 attached at 4.) Ms. Wise' former employer was subpoenaed by the defendants, was fully deposed and provided all their personnel records on this issue. Plaintiffs

---

[6] It appears that this Interrogatory was propounded to three of the four plaintiffs, including Mr. Corbin who has no claim for wrongful termination

possess no further information on this issue and further delving into the plaintiffs' pasts should not be allowed.

### IV.   CONCLUSION

For the foregoing reasons the defendants Motion to Compel Discovery should be denied.

                            Respectfully submitted,
                            PLAINTIFFS
                            By their Attorney,

Dated: June 20, 2005        /s/ Suzanne Garrow
                            Joel Feldman BBO # 552963
                            Suzanne Garrow BBO# 636548
                            Heisler, Feldman & McCormick, P.C.
                            1145 Main Street, Suite 508
                            Springfield, MA 01103
                            (413) 788-7988

I hereby certify that a true copy of the above document was served upon defendants attorneys of record by electronic mail on June 20, 2005.

/s/ Suzanne Garrow
Suzanne Garrow