# EXHIBIT 1

Case 3:04-cv-30091-MAP   Document 58-2   Filed 06/20/2005   Page 2 of 20

Deposition of:     LaCrisha D. Wise         April 26, 2005
    Wise, et al. vs. Patriot Resorts, Corp., et al.

Vol. I, Pgs. 1-175

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Docket No. 04-CV-30091-MAP

---

WISE, ET AL.,
      Plaintiffs

vs.

PATRIOT RESORTS CORP.,
ET AL.
      Defendant

---

DEPOSITION OF LACRISHA D. WISE

Tuesday, April 26, 2005

9:30 a.m.

SKOLER, ABBOTT & PRESSER, P.C.

One Monarch Place

Springfield, Massachusetts  01144


- - - - - - - Sandra A. Deschaine, RPR - - - - - -

COURT REPORTING SERVICES

P.O. BOX 15272

Springfield, Massachusetts  01115

(413) 786-7233   FAX (413) 786-0299

Deposition of:     LaCrisha D. Wise           April 26, 2005
   Wise, et al. vs. Patriot Resorts, Corp., et al.

Page 45

1    Q.    Have you ever been involved in any
2  other lawsuits regarding your employment?
3    A.    I beg your pardon.
4    Q.    Have you ever been involved in any
5  other lawsuits regarding your employment?
6    A.    No.
7    Q.    Have you ever filed a claim against
8  any other employer?
9    A.    No.
10   Q.    Have you, other than at Vacation
11 Village, asserted or believed that you've been
12 discriminated against based on your race or color?
13   A.    No.
14   Q.    Are you a high school graduate?
15   A.    No.
16   Q.    Did you get your GED?
17   A.    Yes.
18   Q.    When did you get your GED?
19   A.    Around 1990.
20   Q.    Did you attend any other education
21 after getting your GED.
22   A.    Yes.
23   Q.    What did you attend?
24   A.    I attended medical courses to become

Deposition of:     LaCrisha D. Wise         April 26, 2005
   Wise, et al. vs. Patriot Resorts, Corp., et al.

Page 81

```
 1   Exhibit 1, did you fill that out on your first day
 2   of employment?
 3       A.   I don't know if it was the first day
 4   or not.
 5       Q.   Do you remember if it was around the
 6   beginning of your employment of Vacation Village?
 7       A.   Yes.
 8       Q.   And I've noticed that it asks for
 9   your driver's license number.  Do you know why
10   that's left blank?
11       A.   Yes.
12       Q.   Why is that?
13       A.   A copy of it was given.
14       Q.   A copy of your driver's license?
15       A.   Yes.
16       Q.   Did you have a valid driver's license
17   at that time?
18       A.   Yes.
19       Q.   Do you remember who presented you
20   with this application to complete?
21       A.   I don't.
22       Q.   And you've answered that you either
23   pled guilty or no contest or were convicted of a
24   crime.  Can you tell me which it was?
```

Deposition of:    LaCrisha D. Wise           April 26, 2005
Wise, et al. vs. Patriot Resorts, Corp., et al.

Page 82

```
 1        A.    I was convicted of a crime.
 2        Q.    What was the crime?
 3        A.    Assault and battery, if I'm not
 4   mistaken.
 5        Q.    Do you know when that was?
 6        A.    I don't remember the date.
 7        Q.    Did you have a trial on that?
 8        A.    I don't think so.
 9        Q.    Could you tell me the circumstances
10   that resulted in the assault and battery, either
11   filing of a complaint, in that situation?
12              MS. GARROW:  I'm going to object but
13   you can answer.
14        A.    A few friends gathered for some kind
15   of wrestling match or tournament that was going on
16   that evening, and we were drinking, had been
17   drinking, and things got out of hand, and we all
18   got into a big, kind of, bar brawl and the police
19   showed up and everyone was arrested.
20        Q.    Did you say a bar brawl?
21        A.    Yes.
22        Q.    Did this happen at a bar?
23        A.    Well, right next door.
24        Q.    And where was this?
```

Deposition of:    LaCrisha D. Wise        April 26, 2005
Wise, et al. vs. Patriot Resorts, Corp., et al.

Page 83

1    A.    Forest Park in Springfield.
2    Q.    And you said other people were
3 involved and arrested?
4    A.    Yes.
5    Q.    Do you know who those other people
6 were?
7    A.    Offhand -- Raymond Fischer, Larry
8 Wise, Joe Wise and there were several other
9 people. I don't remember their names.
10    Q.    And you believe everyone was
11 arrested?
12    A.    Yes, if I'm not mistaken.
13    Q.    Do you have any knowledge of whether
14 anyone else was convicted, other than yourself?
15    A.    Yes.
16    Q.    Who was convicted?
17    A.    I don't remember. I know that others
18 were. I know that Larry was, Larry Wise was,
19 Raymond Fischer was, and the others I don't know.
20    Q.    Were you actually involved in the
21 fight?
22    A.    Yes.
23    Q.    And who were you fighting with?
24    A.    There was a group of us that were

Deposition of:     LaCrisha D. Wise          April 26, 2005
  Wise, et al. vs. Patriot Resorts, Corp., et al.

Page 84

1   fighting.
2        Q.   Are they all people that went out
3   together?
4        A.   No.
5        Q.   How did the fight get started?
6        A.   I really don't remember.
7        Q.   Did you have an attorney in
8   connection with that situation?
9        A.   Yes.
10       Q.   Who was that?
11       A.   I don't remember his name.
12       Q.   Was it one appointed by the state or
13  did you have a private attorney?
14       A.   It was a private attorney.
15       Q.   Where were the charges filed, what
16  town?  Springfield?
17       A.   Yes.
18       Q.   Have you ever been arrested other
19  than that one time?
20       A.   Yes.
21       Q.   How many times?
22            MS. GARROW:  I'm going to object to
23  this line here.  I mean convictions are fair game,
24  but beyond that, the rest are not.

Deposition of:   LaCrisha D. Wise         April 26, 2005
   Wise, et al. vs. Patriot Resorts, Corp., et al.

Page 85

1    MS. FABBO:  I have a right to ask her
2 these questions.  What's the grounds of your
3 objection?
4    MS. GARROW:  There's no way this
5 could lead to admissible evidence.  It's so far
6 afield of what could possibly lead to be
7 admissible at trial.
8    MS. FABBO:  You reserved your
9 objections at the time of trial.
10    MS. GARROW:  We are getting so far
11 afield.  I realize you disagree, that's your
12 position.
13    MS. FABBO:  Are you instructing her
14 not to answer?
15    MS. GARROW:  You can go ahead and
16 answer at this point, but I'm going to keep it
17 narrow and at some point I will instruct her not
18 to answer.
19    A.   Yes, one, that I remember.
20 BY MS. FABBO:
21    Q.   I'm sorry.  One?
22    A.   Yes, one that I remember.
23    Q.   When was that?
24    A.   That I don't remember at this time.

Deposition of:     LaCrisha D. Wise          April 26, 2005
   Wise, et al. vs. Patriot Resorts, Corp., et al.

Page 86

1      Q.    What was the situation that resulted
2  in your arrest?
3      A.    I honestly don't remember that.
4      Q.    Was it an assault and battery type of
5  incident or something completely different?
6      A.    I don't remember what it was.
7      Q.    You have no recollection?
8      A.    No, I do not.
9      Q.    Do you remember what town it occurred
10 in?
11     A.    Springfield.
12     Q.    Did you ever have to attend any court
13 proceedings regarding that arrest?
14     A.    Yes.
15     Q.    Do you know who filed charges against
16 you?
17     A.    No, I don't recall.
18     Q.    What about in connection with your
19 conviction, do you know who filed the charges?
20     A.    I don't know.
21     Q.    Did anyone ever bring you to small
22 claims court?
23     A.    Yes.
24     Q.    Were you successful in defending

Case 3:04-cv-30091-MAP   Document 58-2   Filed 06/20/2005   Page 10 of 20

Deposition of:       LaCrisha D. Wise           April 26, 2005
    Wise, et al. vs. Patriot Resorts, Corp., et al.

Page 87

1   yourself, or did the other party win?
2        A.    I don't remember what happened.
3        Q.    Could you tell me the circumstances
4   surrounding this small claims action?
5        A.    I beg your pardon.
6        Q.    What facts were alleged against you
7   in connection with that small claims matter?
8        A.    It was a debtor and I was in the
9   middle of a bankruptcy, so I don't remember what
10  happened or anything like that.
11       Q.    Who was the debtor?
12       A.    In small claims court?
13       Q.    Yes.
14       A.    Lisa Seymour.
15       Q.    How did you know Ms. Seymour?
16       A.    Through a mutual friend of my
17  husband's.
18       Q.    And how much did you owe her?
19       A.    Alleged?
20             MS. GARROW:  Objection.
21       A.    I'm not sure what the amount was.
22       Q.    Did you owe her anything, in your
23  opinion?
24       A.    No.

Deposition of:     LaCrisha D. Wise         April 26, 2005
   Wise, et al. vs. Patriot Resorts, Corp., et al.

Page 88

1  Q.    You had completely paid her?
2        MS. GARROW:  Objection.
3  A.    That wasn't the issue.
4  Q.    Did you represent to her, or did she
5  allege, to your knowledge, that you represented to
6  her that you could get her a deal on a time-share
7  at Vacation Village or a vacation at Vacation
8  Village?
9  A.    No.
10 Q.    Was there any reference to Vacation
11 Village at all in connection with that small
12 claims action?
13 A.    Not at all, not to my recollection.
14 Q.    What was the nature of the debt she
15 claimed you owed her?
16 A.    It was in reference to a personal
17 vacation.
18 Q.    Could you elaborate on that, please?
19 A.    In terms of?
20 Q.    Did she take you on a vacation?  Did
21 she give you money for a vacation?
22 A.    No, she wanted to go on a vacation.
23 Q.    And where did she want to go?
24 A.    To Cancun, Mexico, or someplace in

Deposition of:      LaCrisha D. Wise           April 26, 2005
    Wise, et al. vs. Patriot Resorts, Corp., et al.

Page 89

1   Mexico.
2       Q.   So did she allege that she gave you
3   money for a vacation?
4       A.   Yes.
5       Q.   Did she give you money for a
6   vacation?
7       A.   Yes.
8       Q.   How much money was it?
9       A.   I don't recall.
10      Q.   Did you pay that money back to her?
11      A.   It wasn't refundable.
12      Q.   What did you do with the money for
13  the vacation?
14      A.   She had cancelled her vacation just a
15  few days before departure, so there was no money
16  to be refunded to her.  There was no insurance,
17  vacation insurance purchased, so it was either go
18  on your vacation or not go and be out at a
19  financial loss.
20      Q.   Were you to go on this vacation with
21  her?
22      A.   No.
23      Q.   How did it come about that you were
24  going to be receiving money for vacations for

Deposition of:     LaCrisha D. Wise          April 26, 2005
   Wise, et al. vs. Patriot Resorts, Corp., et al.

Page 90

1  another person?
2          MS. GARROW: Objection. You can
3  answer.
4      A.   A mutual friend, her friend, her
5  friend's husband worked with my husband, and we
6  had been traveling and they just -- she just
7  asked, a mutual friend asked if I knew the travel
8  company, or something, where they could go on a
9  vacation.
10     Q.   Did you book a trip with a travel
11 company?
12     A.   Yes, I did.
13     Q.   What company was that?
14     A.   I believe it was a travel store.
15     Q.   How long had you known Ms. Seymour
16 prior to the time she gave you money for a
17 vacation?
18     A.   A short time.
19     Q.   Did you ever book any vacations for
20 any other people?
21     A.   Yes.
22     Q.   Other than your immediate family?
23     A.   Friends.
24     Q.   Who?

Deposition of:    LaCrisha D. Wise        April 26, 2005
Wise, et al. vs. Patriot Resorts, Corp., et al.

Page 91

1   A.   I don't recall their names.
2   Q.   What?
3   A.   I don't recall their names.
4   Q.   No one?  How many times would you say you booked vacations for other people?  How about, let's narrow it even further, have you ever booked any vacations for other people where they've given you a deposit to put on the vacation for them?
9   A.   I don't understand the question and I don't recall any -- I don't recall.
11  Q.   Was Mr. Seymour going on a vacation with anyone else?
13  A.   Yes.
14  Q.   Who were the other persons?
15  A.   There was five other people.
16  Q.   Do you know who they were?
17  A.   Vicki, I do not know her last name, and I do not know the names of her other guests.
19  Q.   Did you book a vacation for everyone?
20  A.   Yes.
21  Q.   Did anyone go on the trip?
22  A.   No.
23  Q.   Do you know why no one went on the trip?

Deposition of:    LaCrisha D. Wise           April 26, 2005
Wise, et al. vs. Patriot Resorts, Corp., et al.

Page 92

1       A.   Yes.
2       Q.   Why was that?
3       A.   There was loss of employment and one
4  of the other couples didn't come up with their
5  share of the money.
6       Q.   Did anyone other than Lisa give you
7  money to book this vacation?
8       A.   It actually wasn't given by Lisa.  It
9  was given by Vicki.
10      Q.   I'm sorry.  But Lisa is the one who
11 brought you to small claims?
12      A.   Yes.
13      Q.   So Vicki gave you the money?
14      A.   Yes.
15      Q.   And was that to be on behalf of all
16 the guests, except for the one that obviously
17 didn't pay?
18           MS. GARROW:  Objection.  You can
19 answer.
20      A.   Yes.
21      Q.   Was Vicki involved in the small
22 claims action at all?
23           MS. GARROW:  Objection.
24      A.   Meaning?

Deposition of:      LaCrisha D. Wise         April 26, 2005
   Wise, et al. vs. Patriot Resorts, Corp., et al.

Page 93

```
 1        Q.    Was she a party to the small claims
 2   action?
 3        A.    Are you asking me did she bring me to
 4   small claims court?
 5        Q.    Right.  Was she one of the people?
 6        A.    No, it was just Lisa.
 7        Q.    Did you know Vicki prior to the time
 8   she gave you the money?
 9        A.    Yes, her husband and my husband
10   worked together.
11        Q.    The time you became employed at
12   Vacation Village, did you have car insurance?
13        A.    Yes.
14        Q.    And was it in your own name?
15              MS. GARROW:  Objection.  You can
16   answer.
17        A.    I don't remember whether it was
18   independently or jointly.
19        Q.    What was -- did you own a vehicle at
20   that time?
21        A.    Yes.
22        Q.    What was the vehicle when you began
23   employment?
24        A.    I don't remember.
```

Case 3:04-cv-30091-MAP     Document 58-2     Filed 06/20/2005     Page 17 of 20

Deposition of:  Wise LaCrisha Volume II                              June 6, 2005
              LaCrisha Wise vs. Patriot Resorts, Corp

Vol. II, Pgs. 176-235

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Docket No. 04-CV-30091-MAP

------------------------
                        )
WISE ET AL,             )
        Plaintiffs      )
                        )
vs.                     )
                        )
PATRIOT RESORTS CORP.,  )
ET AL.                  )
        Defendant       )
                        )
------------------------

CONTINUED DEPOSITION OF LACRISHA WISE

Monday, June 6, 2005

10:00 a.m.

SKOLER, ABBOTT & PRESSER, P.C.

One Monarch Place

Springfield, Massachusetts  01144

- - - - - Sandra A. Deschaine, RPR - - - - -

COURT REPORTING SERVICES

P.O. BOX 15272

Springfield, Massachusetts  01115

(413) 786-7233  FAX (413) 786-0299

# Draft Copy

Case 3:04-cv-30091-MAP   Document 58-2   Filed 06/20/2005   Page 18 of 20

Deposition of: Wise LaCrisha Volume II                    June 6, 2005
        LaCrisha Wise vs. Patriot Resorts, Corp

Page 220

1   you were talking about last time?
2        A.   Yes.
3        Q.   Have you had anything you would
4   consider to be significant emotional events
5   in your life since your separation from
6   Patriot?
7        A.   Can you --
8             MS. GARROW:   Objection.
9        A.   Can you rephrase that?
10       Q.   Have you had any deaths in your
11  family from your operation from Patriot?
12       A.   Yes, I have.
13       Q.   Who was deceased?
14       A.   My grandson as well as my
15  parents.
16       Q.   Did you suffer emotional distress
17  as a result of those deaths?
18       A.   Of course.
19       Q.   Did you seek any counseling in
20  connection with any of those deaths?
21       A.   Yes, I did.
22       Q.   Any other significant events that
23  contributed to you going to counseling?
24            MS. GARROW:   Objection.   You can

Case 3:04-cv-30091-MAP    Document 58-2    Filed 06/20/2005    Page 19 of 20

Deposition of: Wise LaCrisha Volume II                June 6, 2005
     LaCrisha Wise vs. Patriot Resorts, Corp

Page 221

1  answer.
2      A.   I don't recall.
3      Q.   Who did you see as your
4  counselor?
5      A.   Actually, the same support group,
6  but more importantly, or more so than the
7  support group, the ministers and my church
8  family.
9      Q.   Did you ever go into any medical
10 professional, such as a psychiatrist,
11 psychologist, therapist?
12     A.   Not that I recall, no.
13     Q.   Who is your minister?
14     A.   Angela Lewis.
15     Q.   Where is she based?
16     A.   Saint John's Congregational
17 Church.
18     Q.   Is that in Springfield?
19     A.   Yes.  And a senior pastor.
20     Q.   Who's that?
21     A.   Reverend Dr. Howard John Wesley.
22     Q.   Same location?
23     A.   Yes.
24     Q.   Did anyone ever prescribe any

Draft Copy

Case 3:04-cv-30091-MAP    Document 58-2    Filed 06/20/2005    Page 20 of 20

Deposition of: Wise LaCrisha Volume II                          June 6, 2005
LaCrisha Wise vs. Patriot Resorts, Corp

Page 222

1  medications for you in connection with your
2  emotional condition?
3          MS. GARROW: I'm going to object.
4  I think she's always answered that she
5  didn't see anybody but you can --
6      A.   No, same thing, not that I can
7  recall, no.
8      Q.   Has anyone, since your separation
9  from Patriot, has anyone in your family been
10 or close friends been seriously ill or
11 injured?
12     A.   Could you repeat the question.
13     Q.   Sure. Since your separation from
14 Patriot, has anyone, including your family
15 members or close friends, been seriously
16 injured or ill?
17         MS. GARROW: I'm going to object
18 but you can answer.
19     A.   I don't recall.
20     Q.   Can you tell me the date that
21 your mother, father and grandson become
22 deceased?
23     A.   My grandson died August 13, 2004.
24 My mother died September 10, 2004, and my

Draft Copy