UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LACRISHA WISE, MICHAEL :
MASSACONI, ROGER MARTIN and :
PETER CORBIN, on behalf of :
themselves and on behalf of others :
who are similarly situated, :
    : DOCKET NO. 04-cv-30091-MAP
    Plaintiffs, :
v. :
    :
PATRIOT RESORTS CORP., :
THE BERKLEY GROUP, INC., :
MARC J. LANDAU, J.P. OTTINO, III :
REBECCA A FOSTER. and JAMES E. :
LAMBERT, :
    Defendants. :

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'**
**MOTION FOR LATE DISCOVERY AND**
**OPPOSITION TO APPLICATION ENFORCE SUBPOENA**

The Plaintiffs respectfully submit this response to the defendants' self-styled Motion to Permit Additional Discovery. The defendants seek to take late discovery well after the time for doing so has lapsed. Because they failed to move the Court for an order to take late discovery prior to the lapse of the discovery period, they must demonstrate excusable neglect for failing to do so. Fed. R. Civ. P. 6(b). The defendants cannot show excusable neglect for their failure, and the Motion to Permit *(Late)* Additional Discovery and their Application to Enforce Subpoena should be denied.

**I.    FACTUAL BACKGROUND**

This is an action brought by Plaintiffs Lacrisha Wise, Michael Massaconi, Roger Martin and Peter Corbin (collectively "Plaintiffs"), who sold time shares as

1

employees of the Defendants and received only commissions for time share sales, rather than hourly or weekly wages.[1] The Plaintiffs seek relief in this case because of the Defendants' failure to pay them the minimum wage, and for unpaid wages and overtime compensation, under the Fair Labor Standards Act ("FLSA"). They also seek relief under Massachusetts law prohibiting untimely and non-payment of wages and commissions by their employer, M.G.L. c. 149 § 148, and requiring employers to pay employees at least minimum wage, G.L. c. 151 § 19 and overtime premium pay, M.G.L. c. 151 § 1A.

Additionally, Plaintiff Lacrisha Wise ("Ms. Wise") commenced individual claims because she was subjected to racially discriminatory actions and omissions by Patriot Resorts Corp. and the Berkley Group, culminating in a discriminatory and retaliatory termination for asserting her right to be free from discrimination in violation of G.L. c. 151B and Title VII of the Civil Rights Acts. Plaintiffs Massaconi and Martin also proceed individually claiming retaliation for asserting their rights under the federal and state wage and hour statutes.

## II.    PROCEDURAL BACKGROUND

The parties have been engaging in discovery for some months. In fact, based on the mutually agreed upon schedule, the time for completing non-expert discovery ended over two (2) weeks ago and a week prior to the June 6, 2005 case management conference held in this matter. It was not until that case management conference that the defendants' counsel first indicated to the plaintiffs' counsel and the Court that it may wish to take additional discovery.

---

[1] The Court is likely aware of the facts of this case from the recitation previously provided by the plaintiffs when the Court denied their protective order finding they late sought to quash a

2

Now, the defendants seek voluminous and invasive additional late discovery. First, they seek intrusive and irrelevant discovery through a Motion to Compel filed after the date for discovery has run. The reasons to deny the Motion to Compel are set forth in an Opposition to that Motion filed on this date.

The defendants also seek to take the deposition of Gordon Leete whom the plaintiffs noticed for deposition and then chose not to proceed with his deposition. At no time did the defendants subpoena him, nor in any way indicate that they wished to question him.

Finally, they seek to take the deposition of "Lori Donuts". However, during the time for serving discovery they failed to properly serve the corporation or its agent. They now seek the proverbial second bite to attempt to do so and their attempt should be denied.

### III.   ARGUMENT

The Federal Rules of Civil Procedure are clear. They state in pertinent part:

> When by these rules or by a notice given thereunder
> or by order of court an act is required or allowed to be done
> at or within a specified time, the court for cause shown may
> at any time in its discretion (1) with or without motion or notice
> order the period enlarged if request therefor is made before the
> expiration of the period originally prescribed or as extended by a
> previous order, or (2) upon motion made after the expiration of the
> specified period permit the act to be done where the failure to act
> was the result of excusable neglect …

Fed. R. Civ. P. 6(b). There is no dispute here that prior to the expiration of the time to serve discovery, the defendants failed to request that the Court enlarge or extend time or grant leave for them to serve additional late discovery requests.

---

deposition subpoena.

There is similarly no dispute that now, after the time to serve discovery expired, the defendant has failed to attempt show excusable neglect for failing to timely serve discovery.  Absent a showing of excusable neglect, the effort to propound intrusive and belated discovery should be denied.

To show excusable neglect, the defendants had to provide an acceptable explanation for the lateness of the discovery sought or to be compelled.   Four factors weigh into the calculus to determine when such neglect as is here is excusable including sufficiency of the excuse for the lateness, prejudice, length of delay, and good faith -- however, "excuse given for the late filing must have the greatest import." Graphic Communications v. Quebecor Printing, 270 F.3d 1, 5 (1st Cir. 2001).

The First Circuit upheld a district court's denial of a motion to extend time appropriately filed under Fed. R. Civ. P. 6 (b).  The Court did so absent a showing of prejudice to the non-moving party and where the lateness (in that case of filing an appeal) was only a day.  Graphic Communications, 270 F.3d at 8.  The Court found that "[i]nadvertence, ignorance of the rules, or mistakes construing the rules does not usually constitute 'excusable' neglect." Id. at 6 citing Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 392 (1993). See Mirpuri v. ACT Manufacturing, Inc., 212 F.3d 624, 631 (1st Cir. 2000)(counsel's misreading of district court's decision and order and Court concluded "[a] misunderstanding that occurs because a party (or his counsel) elects to read the clear, unambiguous terms of a judicial decree through rose-colored glasses cannot constitute excusable neglect.")

Hospital Del Maestro v. National Labor Relations Board, 263 F.3d 173, 175 (1st Cir. 2001)  (no excusable neglect where exceptions to the decision of an administrative law judge filed one day late and counsel claimed he misunderstood rule requiring that mailings be postmarked before, not on, the due date).   Midwest Employers Cas. Co. v. Williams, 161 F.3d 877, 880 (5th Cir. 1998) (stating that it is a "rare case indeed" where "misinterpretations of the federal rules could constitute excusable neglect").  Clear from these cases is that manifest unawareness of or disregard for the rules will not amount to excusable neglect.

     Here, the defendants have failed to meet their burden to prove that their neglect in appropriately and timely seeking this discovery was somehow excusable.

     As to the deposition of Gordon Leete, the defendants admit that they never subpoenaed Mr. Leete themselves before discovery ran.  The plaintiffs only indicated they wished to depose Mr. Leete a month before the conclusion of fact discovery, a full five months into the agreed upon discovery schedule.  Mr. Leete was a relatively high level manager to whom they had unfettered access until they terminated him at the end of 2004, well after this lawsuit was filed and served.  Moreover, the only reason offered by the defendants for wishing to question him is that "Mr. Leete is believed to have information *inter alia* relevant to Ms. Wise's race discrimination claims."  However, Mr. Leete was extensively questioned at a deposition in this matter on November 20, 2003, when Ms. Wise pursued these same matters at the Massachusetts Commission Against

Discrimination. Defendants' current counsel was present at that deposition and had the opportunity to cross examine Mr. Leete. *They chose not to do so.*

Prejudice to the plaintiff will inure to the plaintiffs if the deposition of Mr. Leete is allowed to proceed. The defendants had access to Mr. Leete, had an opportunity to question him at length at deposition and passed up that opportunity. They have offered no excuse for their neglect and any attempt to take his deposition at this late date should be denied.

As to the deposition of "Lori Donuts", service of the subpoena was not properly made and the deposition should not now go forward. After the Court denied the plaintiffs' protective order, the parties appeared at the deposition of "Lori Donuts". Lori Donuts failed to appear and the defendants' counsel entered the deposition subpoena and return into evidence at the deposition. Obvious from the return is that the subpoena was served on a doughnut shop employee and not on an agent of the corporation Lori Donuts, Inc, as is required.

Service of a Fed. R. Civ. P. 45 subpoena upon a corporation is made by personal service of a copy of the subpoena to an officer or a managing or general agent of the corporation. In re Electric & Musical Indus., Ltd., 155 F.Supp. 892 (D.C.N.Y.1957). See also Ultradent Prods., Inc. v. Hayman, D.C.N.Y.2002, 2002 WL 31119425, citing Wright & Miller. 9A Fed. Prac. & Proc. Civ.2d § 2454 Liberty Mut. Fire Ins. Co. v. Ravannack, D.C.La.2002, 2002 WL 1770936.

Here, service was made on a Paul Barros, who despite the representations on the return to the contrary, is not a manager, agent or person

in charge for Lori Donuts, Inc. (See Subpoena with Return attached as Exhibit A to the defendants Application to Enforce Subpoena.) The only officer or agent of Lori Donuts, Inc. is John Salema. (See Secretary of State Filing, attached at 1.) Finally, there is no such legal entity as "Lori Donuts" as is named on the Rule 45 subpoena. A party must be a properly named legal entity to be subject to a subpoena and to the jurisdiction of the Court to enforce that subpoena. <u>See</u> <u>e.g.</u> <u>Bussey v. Seaboard Coast Line Railroad Company</u>, 319 F.Supp. 281 (S. D. Ga. 1970.) The plaintiffs thus request that the Court not allow the improperly noticed deposition to go forward. The defendants should not be rewarded for their utter failure to abide by the rules and the law, whether by inadvertence or ignorance. Allowing either of these depositions to go forward is particularly prejudicial to the plaintiffs because the time for the taking of depositions has passed.

     Great prejudice will also inure to the plaintiffs if the defendants are allowed to untimely seek additional information through an untimely Motion to Compel and any follow up discovery requests. As set forth in the plaintiffs' opposition to the Motion to Compel filed on this date, much of the information sought is highly objectionable and not relevant to any matter at issue nor reasonably likely to lead to the discovery of admissible evidence.    In contrast, because the bulk of the information sought is irrelevant, or the opportunity to have access to the information was previously not acted upon by the defendants' own choice, they will suffer no prejudice if their requests are denied.

## IV. CONCLUSION

For the foregoing reasons the defendants Motion to Permit *(Late)* Additional Discovery and Application to Enforce Subpoena should be denied.

                                                  Respectfully submitted,
                                                  PLAINTIFFS
                                                  By their Attorney,

Dated: June 20, 2005                /s/ Suzanne Garrow
                                                Joel Feldman BBO # 552963
                                                Suzanne Garrow BBO# 636548
                                                Heisler, Feldman & McCormick, P.C.
                                                1145 Main Street, Suite 508
                                                Springfield, MA 01103
                                                (413) 788-7988

I hereby certify that a true copy of the above document was served upon defendants attorneys of record by electronic mail on June 20, 2005.

/s/ Suzanne Garrow
Suzanne Garrow