UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LACRISHA WISE, MICHAEL MASSACONI, ROGER MARTIN and PETER CORBIN, on behalf of themselves and on behalf of others who are similarly situated,<br><br>　　　　　　Plaintiffs,<br>v.<br><br>PATRIOT RESORTS CORP., THE BERKLEY GROUP, INC., MARC J. LANDAU, J.P. OTTINO, III REBECCA A FOSTER. and JAMES E. LAMBERT,<br>　　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: DOCKET NO.  04-CV-30091-MAP<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO PERMIT ADDITIONAL DISCOVERY AND APPLICATION TO ENFORCE SUBPOENA**

A. **To the Best of Defendants' Knowledge, Lori Donuts Did Not Appear for Deposition As The Result of A Telephone Call Made to It By Plaintiffs' Counsel.**

After Lori Donuts did not appear for deposition on June 6, 2005, counsel for Defendants contacted Pam Freeman, Director of Human Resources at Lori Donuts, to inquire why no designee had appeared for the deposition. Ms. Freeman told counsel that she had been contacted by Plaintiffs' counsel and was told that Plaintiffs were going to file a motion to stop the deposition. Ms Freeman indicated that based on that conversation she did not believe anyone had to appear since she did not know the outcome of that motion. Thus, whomever it was that contacted Ms. Freeman failed to call her back to let her know that the Plaintiffs lost the Motion to Quash.

Thereafter, during a subsequent conversation with Ms. Freeman about scheduling another deposition date, Defendants' counsel learned that Plaintiffs' counsel had contacted Ms. Freeman several days after the June 6, 2005 deposition to tell her that the

motion had been denied. Plaintiffs' counsel had no reason to contact Lori Donuts other than to dissuade it from appearing at the deposition and, thus, interfered with Defendants taking the deposition of Lori Donuts. Such interference has caused the Defendants to incur deposition costs and fees to enforce the subpoena and has wasted this Court's time. Defendants will know more about Plaintiffs' counsel's alleged interference with the June 6, 2005 deposition after the deposition of Lori Donuts and intends to thereafter file a motion for attorney's fees, costs, and sanctions, as appropriate.

B.   Service of the Subpoena on Lori Donuts Was Proper.

As Plaintiffs state in their Opposition to Defendants' Motion for Discovery and Opposition to Application to Enforce Subpoena, subpoena upon a corporation is made by personal service of a copy of the subpoena to an officer or managing or general agent of the corporation. Fed. R. Civ. P. 4(h). That Lori Donuts, Inc. has designated a Registered Agent with the Secretary of State does not imply that John Salema is the only officer or agent of the corporation, as Plaintiffs assert. It is nonsensical to assert that when a corporation designates a registered agent, it ceases to have any other officers or general agents. On what basis Plaintiffs claim Paul Barros is not a Store Manager, is unclear and unsupported. To the best of Defendants knowledge and belief, he is a Store Manager. As a Store Manager, Mr. Barros constitutes a managing or general agent of Lori Donuts. *See* Smith v. Shoe Show of Rocky Mount, Inc., 2001 WL 1757184 (D. Mass 2001). (A "mere" store manager constituted a managing agent of the corporation.) Further, service upon a corporate defendant may be made by delivering process to a managing or general agent of the corporation, regardless of whether he has any express or implied authority to receive papers on behalf of the corporation. Stanley Works v. Globemaster, Inc., 400 F.Supp. 1325, 1335 (D. Mass. 1975). In Stanley

2

<u>Works</u>, service was upheld when service was made on a manager of an individual branch of the corporation. <u>Id</u>. Here, service of the subpoena was properly made on a managing agent of Lori Donuts, Inc.

Plaintiffs' contention that there is no such legal entity as "Lori Donuts" is also without merit. <u>Bussey v. Seabord Coast Line Railroad Company</u>, 319 F. Supp. 281 (S. D. Ga. 1970), cited by Plaintiffs, involved a complaint filed against The Georgia Railroad, which was not a corporation and therefore was incapable of becoming a party. Here, however, the Secretary of State filing that Plaintiffs use in support of its Opposition clearly names Lori Donuts as a domestic profit corporation and valid legal entity. Thus, service of the subpoena was not improper.

Lori Donuts had notice of the deposition that had been scheduled to go forward on June 6, 2005. The only reason it did not appear was because Plaintiffs' counsel called Lori Donuts telling it that the deposition would be stopped and because no one bothered to call back to tell Lori Donuts that it would go forward—until days after the deposition was to take place. Plaintiffs' suggestion that somehow deficient service caused Lori Donuts not to appear is absurd. Further, the Court has already refused to Quash the Subpoena. Thus, the Defendants respectfully request that the deposition proceed as has already been decided by this Court.

C. <u>Mr. Leete has been Terminated from Employment Between the Time of His other Deposition and the Present.</u>

As Plaintiffs' counsel is well aware and mention in their Opposition, at the time of his deposition in the MCAD matter, which involved only named Plaintiff Lacrisa Wise, Mr. Leete remained employed with Patriot. Since that time, Defendant Patriot Resorts Corp. has terminated his employment, which, not surprisingly, has changed the relationship between Mr. Leete and Defendants. Also, the MCAD matter only involved a

3

discrimination claim brought by Ms. Wise. In this matter, all of the named Plaintiffs have identified Mr. Leete during their depositions as a significant witness to the claims presently before the court. Defendants had no need to cross-examine the then very cooperative Mr. Leete during a deposition in a discrimination matter <u>in 2003</u>. They have the need to question him now.

Moreover, Plaintiffs' "timeliness" discussion is unfounded. Defendants were considering whether to depose Mr. Leete when Plaintiffs' counsel indicated that they were going to subpoena him for deposition and the parties set aside dates for depositions that Plaintiff wanted to take. This occurred in April, 2005, at the first deposition in this matter. Further, Plaintiff's counsel neglects to mention that she had informed Defendants that the deposition of Mr. Leete would be on June 3, 2005, (after the discovery deadline), however, due to a scheduling error, she believed it to be on June 8, 2005. Plaintiff's counsel apologized for the oversight, and Defendant's counsel <u>had no problem</u> with altering its plans and going forward on the alternate date. The fact that she is now claiming that *"they have offered no excuse for their neglect"* is ridiculous.

Plaintiffs have identified no prejudice that would inure to them as the result of allowing the discovery identified in Defendants' Motion to Permit Additional Discovery to go forward. For the foregoing reasons as well as those set forth in its original Motion, Defendants' Motion to Permit Additional Discovery and Application for Enforcement of Subpoena should be GRANTED.

Respectfully submitted,

/s/ Kimberly A. Klimczuk

4

|  |  |
|---|---|
|  | Kimberly A. Klimczuk, Esq.<br>BBO No. 660973<br>Counsel for Defendant<br>Skoler, Abbott & Presser, P.C.<br>One Monarch Place, Suite 2000<br>Springfield, Massachusetts  01144 |
| Dated:  June 22, 2005 | Tel. (413) 737-4753 Fax: (413) 787-1941 |

<u>CERTIFICATE OF SERVICE</u>

 I hereby certify that a true and accurate copy of the foregoing *Reply Brief in Support of Defendants' Motion to Permit Additional Discovery and Application to Enforce Subpoena* was served upon the attorney of record for each other party via electronic filing on June 22, 2005.

             /s/ Kimberly Klimczuk
             Kimberly Klimczuk, Esq.