UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LACRISHA WISE, et al. | : |
| Plaintiffs, | : |
| v. | : CIVIL ACTION NO. 04-30091-MAP |
| PATRIOT RESORTS CORP., et al. | : |
| Defendants. | : |

**<u>AFFIDAVIT OF SUZANNE GARROW, ESQ.</u>**

I am over the age of 18 and believe in the oath and hereby depose and say:

1. I am counsel for the plaintiffs in the above matter.

2. After receiving a Subpoena for "Lori Donuts" from the defendants' counsel I researched the secretary of state filings and found there was a legal entity named Lori Donuts, Inc.

3. I used the secretary of state filings to obtain the names of the officers, managers and registered agent of Lori Donuts, Inc. all of whom are only one person, John Salema.

4. I called the office number I obtained for the legal entity Lori Donuts, Inc. and spoke with a Ms. Freeman.

5. Ms. Freeman assured me that she was not an agent or manager of the corporation and that the only agent or manager of Lori Donuts, Inc. is John Salema,

6. Ms. Freeman maintained she had no knowledge whatsoever of the subpoena and that it had not been served on anyone at the corporate headquarters, including Mr. Salema.

7. I told Ms. Freeman that we would be seeking to quash the subpoena and that I did not know what the outcome would be of that motion.

8. I asked Ms. Freeman to have Mr. Salema call me and advise whether he had any knowledge of the Subpoena.

9. Mr. Salema called my office and left a message that he was unaware of the subpoena.

10. I spoke with Ms. Freeman again when we filed the Motion to Quash and inquired whether they had seen or had any knowledge of the subpoena, she informed me that they remained unaware of the subpoena.

11. Ms. Freeman asked me if they had to appear for the deposition given that the corporation had not been served with a Subpoena.

12. I informed her that I represented my clients, that I was not their lawyer and could not give them information or advice in that regard and that she should contact their lawyer for their rights and obligations.

13. I asked Ms. Freeman to call me if she or anyone at the corporate office became aware of the subpoena.

14. I also reminded her that I did not know what the outcome of our motion would be, that it would be heard on an emergency basis and that I would tell her the outcome if she called.

15. I did not hear from Ms. Freeman again until several days after the deposition was set to go forward on June 6, 2005, when she called and informed me that she had just heard of the subpoena for the first time when counsel for the defendants called her on

the telephone.

Signed under the pains and penalties of perjury this 23rd day of June.

/s/  Suzanne Garrow

                                      PLAINTIFFS
                                      By their attorney,

                                      /s/ Suzanne Garrow
                                      Suzanne Garrow BBO # 636548
                                      Heisler, Feldman & McCormick, P.C.
                                      1145 Main Street, Suite 508
                                      Springfield MA  01103
                                      (413)788-7988
                                      (413)788-7996 (fax)

Dated: June 23, 2005

## CERTIFICATE OF SERVICE

     I hereby certify that a true and accurate copy of the foregoing document was served by electronic service upon the attorneys of record for the defendants on June 23, 2005.

                                          /s/ Suzanne Garrow
                                      Suzanne Garrow