UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LACRISHA WISE, MICHAEL MASSACONI, ROGER MARTIN and PETER CORBIN, on behalf of themselves and on behalf of others who are similarly situated, | : : : : : : : DOCKET NO. 04-CV-30091-MAP |
| Plaintiffs, | : |
| v. | : : |
| PATRIOT RESORTS CORP., THE BERKLEY GROUP, INC., MARC J. LANDAU, J.P. OTTINO, III REBECCA A FOSTER. and JAMES E. LAMBERT, | : : : : : |
| Defendants. | : |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION
TO DEFENDANT'S MOTION TO COMPEL DISCOVERY**

Plaintiffs maintain that income derived from collateral sources should not be produced or considered due to the collateral source rule. Cases in this circuit have not taken this position. S*ee, e.g.,* Townsend v. Grey Line Bus Co., 597 F.Supp. 1287, 1293 (D.Mass.1984) ("The better view ... is that the recovery of back pay under Title VII is an equitable remedy intended primarily to make the victim of discrimination whole."), *aff'd,* 767 F.2d 11 (1st Cir.1985); Thurber v. Jack Reilly's Inc.*,* 521 F.Supp. 238, 242-43 (D.Mass.1981) (deducting unemployment benefits from the plaintiff's back pay award), *aff'd,* 717 F.2d 633 (1st Cir.1983), *cert. denied,* 466 U.S. 904, 104 S.Ct. 1678, 80 L.Ed.2d 153 (1984); *see also* Crosby v. New Eng. Tel. & Tel. Co.*,* 624 F. Supp. 487, 491 (D. Mass.1985) (predicting the First Circuit will likely allow district courts to tailor back pay awards to account for collateral

benefits). Accordingly, Defendants' Motion to Compel interrogatories and documents that request income information from other sources should be allowed.

Respectfully Submitted,


\_\_/s/\_ Marylou Fabbo_____
Marylou Fabbo, Esq.
BBO #566613
Counsel for Defendant
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts   01144
Tel.: (413) 737-4753/Fax: (413) 787-1941

Dated:   June 23, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Compel Discovery* was served upon the attorney of record for each other party via electronic filing on June 23, 2005.


\_\_/s/\_ Marylou Fabbo_____
Marylou Fabbo, Esq.