UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LACRISHA WISE, MICHAEL MASSACONI, ROGER MARTIN and PETER CORBIN, on behalf of themselves and on behalf of others who are similarly situated, : : : : : : : Plaintiffs, : v. : : PATRIOT RESORTS CORP., : THE BERKLEY GROUP, INC., : MARC J. LANDAU, J.P. OTTINO, III : REBECCA A FOSTER. and JAMES E. : LAMBERT, : Defendants. : : | DOCKET NO. 04-cv-30091-MAP |

**PROPOSED FINDINGS AND ORDER ON NOTICE AND CLASS CERTIFICATION**

     This court, after reviewing the plaintiffs' motion and supporting documents and after reviewing the documents filed by the defendants, after reviewing all of the affidavits filed by the parties and after hearing argument on the motion, issues the following Findings and Order:

     1.     Pursuant to the plaintiffs' claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq*., the court finds, at this stage of the proceedings, that the named plaintiffs are similarly situated to all current and former sales representatives and sales managers who were subject to the defendants' policy of failing to pay minimum wage or overtime payments, and orders that the defendants provide names and addresses of all putative class members to the plaintiffs within ten days. Further, the court orders that the plaintiffs are authorized to send the plaintiffs' proposed notice to all such putative class members.

     2.     Pursuant to the plaintiffs' claims under M.G.L. 149 § 148, the court finds, that at

1

this stage of the proceedings, the named plaintiffs are similarly situated to all current and former sales representatives and sales managers who were subject to the defendants' policy of failing to pay commissions in a timely manner.

3. Pursuant to the plaintiffs' remaining state law minimum wage and overtime claims, the court finds that:

    a. the class is so numerous that joinder of all members is impracticable

    b. there are questions of law or fact common to the class;

    c. the claims or defenses of the representative parties are typical of the claims or defenses of the class and the minimum wage/overtime policies of the defendants have caused similar injury to other persons similarly situated;

    d. the representative parties will fairly and adequately protect the interests of the class; and

    e. a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

This court therefore issues the following Class Certification Order on this _____ day of_____, 2005 on the plaintiffs' state law minimum wage/overtime claims:

### CLASS CERTIFICATION ORDER

The following two classes are hereby certified:

1. All sales representatives and sales managers of the defendants at Vacation Village in the Berkshires who were not paid $6.75 per hour for any week in which they worked for the defendants, from July 1, 2001 to the entry of judgment in this case;

2. All sales representatives and sales managers of the defendants at Vacation Village

in the Berkshires who were not paid overtime wages or premium pay any week in which they worked more than forty hours for the defendants, from July 1, 2001 to the entry of judgment in this case.

    SO ORDERED:

DATE:_____

    _____
    Judge, U.S. District Court of Massachusetts

    THE PLAINTIFFS
    By their attorneys,

| | |
|---|---|
| I hereby certify that a true copy of the above was served upon the defendants by electronic mail on |   /s/ Joel Feldman_____<br>Joel Feldman<br>BBO # 552963<br>Suzanne Garrow<br>BBO# 636548<br>Heisler, Feldman & McCormick, P.C.<br>1145 Main Street, Suite 508 |
| \_\_September 22, 2005\_\_ | Springfield MA  01103<br>(413)788-7988 |
| \_\_/s/Joel Feldman_____ | (413)788-7996 (fax) |

Dated: September 22, 2005