```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MASSACHUSETTS
```

LACRISHA WISE, ET AL,           )
         Plaintiffs             )
                                )
     v.                         ) C.A. NO. 04-30091-MAP
                                )
PATRIOT RESORTS CORP., ET AL,   )
         Defendants             )


             MEMORANDUM AND ORDER REGARDING
           PLAINTIFFS' MOTION FOR AUTHORIZATION
         TO SEND NOTICE AND FOR CLASS CERTIFICATION
                      (Docket No. 66)

                    February 15, 2006

PONSOR, D.J.

   Plaintiffs are current and former timeshare sales persons or sales managers of the corporate defendants, Patriot Resorts Corp., and The Berkley Group, Inc., ("Defendants").  In the first six counts of their nine-count second amended complaint, Plaintiffs offer claims for individual relief.  Count VII presents class action allegations pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 et seq. ("FLSA"), and Counts VII and VIII offer state law class action claims under Mass. Gen. Laws ch. 149, § 148 and Mass. Gen. Laws ch. 151, §§ 1 and 1A.

   With regard to the FLSA claim, Plaintiffs seek authorization from this court to send notice to current and former timeshare sales persons and sales managers notifying them of their opportunity to join Plaintiffs' collective

action.  With regard to the two state law claims, Plaintiffs seek certification of a class pursuant to Fed. R. Civ. P. 23 comprising all timeshare sales persons and sales managers employed at Defendants' "Vacation Village" facility who were not paid $6.75 per hour for any week in which they worked for Defendants from July 1, 2001 to date, and all timeshare sales persons and sales managers at the same location who were not paid overtime wages or premium pay any week in which they worked more than forty hours for Defendants, again from July 1, 2001 to the present.

Defendants have opposed both notification of the federal action and class certification of the state law claims.  The court will address the FLSA claim first.

To proceed as a "collective action," a claim under the FLSA must present class members that are "similarly situated" and that have affirmatively consented to join the action.  29 U.S.C. § 216(b).  The latter "opt-in" requirement distinguishes an FLSA collective action from a typical class action under Rule 23.

In determining whether Plaintiffs are "similarly situated," courts may adopt one of two approaches.  The first is a "two-step" approach involving notification to potential class members of the putative collective action, followed by a final determination as to whether the parties

opting in are "similarly situated" once discovery is complete.  Alternatively, the court may simply adopt an approach coextensive with the requirements of Fed. R. Civ. P. 23.  Kane v. Gage Merchan. Serv., Inc., 138 F. Supp. 2d 212, 214 (D. Mass. 2001).  Both parties agree that the two-step process is more appropriate for this case.

Recognizing that it is unrealistic to expect a party to consider whether to "opt-in" to a collective action before that party is aware of the pendency of the action, courts have used "a fairly lenient standard" at the notice stage, permitting in effect "conditional certification" while discovery is pending.  Id.  (citation omitted).  Once discovery is complete, Defendants are then permitted to file a Motion for Decertification.

In this case, although counsel may have some minor disagreement over the details of discovery, it appears conceded that the bulk of discovery is complete.  Plaintiffs apparently chose not to seek conditional certification during this preliminary phase.  The issue therefore is whether the court should permit Plaintiffs to notify potential class members at this time.

The understandably generous attitude of courts towards permitting plaintiffs to make this notification in an FLSA collective action makes allowance of this portion of

Plaintiffs' motion straight-forward. Defendants' argument that, given the completion of discovery, Plaintiffs should not be permitted to notify potential class members is unpersuasive. Plaintiffs are manifestly entitled to take the first step of the two-step process towards obtaining approval to proceed with their collective action under the FLSA.

With regard to the second step -- the determination whether parties opting in to the collective action are "similarly situated" -- Plaintiffs' evidence is strong. In determining whether opt-in parties are "similarly situated," courts generally focus on the following factors: (1) the employment settings -- "<u>e.g.</u>, whether Plaintiffs were employed in the same corporate department, division and location;" (2) the various defenses available to Defendant that appear to be uniquely specific to individual plaintiffs; and (3) "fairness and procedural considerations." <u>Reeves v. Alliant Techsystems, Inc.</u>, 77 F. Supp. 2d 242, 247 (D.R.I. 1999) (citations omitted). A review of the discovery to date reveals that the putative opt-in Plaintiffs did work in the same corporate department, division or location, and worked, at least for part of their employment in the same positions, <u>i.e.</u>, as timeshare sales persons or sales managers.

Defendants' argument that they will be asserting unique defenses against specific plaintiffs, and that therefore they will suffer prejudice if forced to defend against a collective action is weak.  Defendants contend that they will be asserting that Plaintiffs were exempt from the FLSA's minimum wage and overtime compensation requirements because they were so-called "outside sales persons" within the meaning of 29 U.S.C. § 213(a)(1).  It is possible of course that the analysis of this defense may differ slightly as to particular employees.  Generally speaking, however, where actual job duties are similar, courts permit collective actions to proceed even in the face of arguments that an exemption defense may be raised. <u>See, e.g.</u>, <u>Scott v. Aetna Services, Inc.</u>, 210 F.R.D. 261, 265 (D. Conn. 2002).  Defendants will have an opportunity to assert any exemption defense when Plaintiffs' class claims are addressed on the merits.

For the foregoing reasons, the court will allow Plaintiffs' motion for authorization to send notice of the FLSA action in the form proposed.  (<u>See</u> Dkt. No. 68.)

With regard to the state law claims, Defendants argue preliminarily that the court should decline to exercise supplemental jurisdiction.  In particular, Defendants point to case law holding that in cases where claims were filed

both under the FLSA and under state law, supplemental jurisdiction over the state law claims should extend only to those members of the class who have opted into the FLSA claim.  See, e.g., Lindsay v. Gov't. Employees Ins. Co., 355 F. Supp. 2d 119, 122-23 (D.D.C. 2004).

The problem with this argument is that it collides directly with well-reasoned in-district authority.  In McLaughlin v. Liberty Mut. Ins. Co., 224 F.R.D. 304 (D. Mass. 2004), Judge Keeton concluded that "an employee's failure to opt in to the FLSA litigation should not deprive them of their right to pursue a state law remedy through a single class action."  Id. at 308.  This court agrees with Judge Keeton that it would be a "waste of judicial resources and would increase litigation costs" to require employees to file two actions to obtain remedies in the same basic fact situation under federal and state theories.

Defendants' arguments to the contrary notwithstanding, Plaintiffs in this case satisfy all the requirements under Fed. R. Civ. P. 23(a) of numerosity, commonality, typicality, and adequacy of representation.  With regard to typicality in particular, it is significant that "plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise

to the claims of the absent members." Priest v. Zayre Corp., 118 F.R.D. 552, 555 (D. Mass. 1988) (citation omitted). Moreover, the issue of adequacy of representation must be analyzed with reference to the competence of counsel, not on the unique histories of particular plaintiffs. In this case, it is beyond dispute that Plaintiffs' counsel are fully competent to protect the interests of the class.

Finally, Plaintiffs meet the standard of Fed. R. Civ. P. 23(b)(3), which requires "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." A review of the record to date indicates a substantial overlap of issues presented by the various class members. To the extent that minor areas of difference arise, the court will assure fairness to Defendants through management of the trial. The argument that an action under the FLSA is "superior" to a traditional class action under Rule 23 is unpersuasive, since it would have the effect, condemned in McLaughlin, of requiring Plaintiffs to abandon their state cause of action in order the pursue their federal claim.

For the foregoing reasons, Plaintiffs' Motion for Class

Certification and for Authorization (Dkt. No. 66) is hereby ALLOWED.  Plaintiffs are authorized to send the proposed notice to putative class members in the FLSA class action. Moreover, the court hereby certifies a class under Fed. R. Civ. P. 23 consisting of the following two groups: (1) all timeshare sales persons and sales managers of Defendants at Vacation Village in the Berkshires who were not paid $6.75 per hour for any week in which they worked for Defendants, from July 1, 2001 to the entry of judgment in this case; and (2) all timeshare sales persons and sales managers of Defendants at Vacation Village in the Berkshires who were not paid overtime wages or premium pay for any week in which they worked more than forty hours for Defendants, from July 1, 2001 to the entry of judgment in this case.

   It is So Ordered.

                              /s/ Michael A. Ponsor
                              MICHAEL A. PONSOR
                              U. S. District Judge