UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LACRISHA WISE, MICHAEL MASSACONI, ROGER MARTIN and PETER CORBIN, on behalf of themselves and on behalf of others who are similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>PATRIOT RESORTS CORP., THE BERKLEY GROUP, INC., MARC J. LANDAU, J.P. OTTINO, III REBECCA A FOSTER. and JAMES E. LAMBERT,<br><br>        Defendants. | DOCKET NO. 04-cv-30091-MAP |

**PLAINTIFFS' MOTION FOR CLARIFICATION
OF THE COURT'S ORDER DATED FEBRUARY 15, 2006**

The plaintiffs respectfully move this Court for clarification of its order dated February 15, 2006.

On February 15, 2006, the Court allowed the Plaintiffs' Motion for Authorization to Send Notice and for Class Certification in its entirety and without qualification. The Court certified the plaintiffs' state law overtime and minimum wage claims brought under M.G.L. ch. 151 § 1 and § 1A as classes pursuant to Fed. R. Civ. P. 23. The Court also found that the plaintiffs are "similarly situated" to Fair Labor Standards Act ("FLSA") potential class members and authorized the plaintiffs to send notice to those potential class members of their right to opt-in to the pending FLSA collective action.

In their Motion for Authorization to Send Notice and for Class Certification the plaintiffs also requested that the Court find that the named plaintiffs are similarly situated to all

current and former sales representatives and managers for purposes of their state law claim of untimely wage payments pursuant to M.G.L. ch. 149 § 148, and to allow this claim to proceed as a collective action. At pages 17-19 of their Memorandum in Support of their Motion for Authorization to Send Notice and for Class Certification the plaintiffs argued and cited evidence in support of their claim that they were subjected to a "common plan or policy" of the defendants relating to defendants' untimely payment of wages and alleged a violation of M.G.L. ch. 149 § 148. That statute has its own enforcement provisions and right of action allowing an individual to bring a claim "on his own behalf, or for himself and others similarly situated." M.G.L. ch. 149 § 150. Accordingly, there is no need to certify a class under Fed R. Civ. P. 23 for a claim brought pursuant to M.G.L. ch. 149 § 148. The plaintiffs moved the Court in their Motion for Authorization to Send Notice and for Class Certification to recognize that they are similarly situated for purposes of M.G.L. ch. 149 § 148 and § 150.

The plaintiffs now seek clarification of the Court's Order dated February 15, 2006, allowing the plaintiffs' Motion in its entirety. In its Memorandum and Order dated February 15, 2006, the Court found that the plaintiffs presented strong evidence that they are similarly situated to the potential FLSA class members (Memorandum and Order Regarding Plaintiffs' Motion for Authorization and Class Certification, dated February 15, 2006, at page 4). The plaintiffs now seek clarification regarding whether the Court also found that the plaintiffs are similarly situated to the potential M.G.L. ch. 149 § 148 class members for purposes of their collective action pursuant to M.G.L. ch. 149 § 148.

THE PLAINTIFFS
By their attorneys,

__/s/ Suzanne Garrow_____
Joel Feldman
BBO # 552963
Suzanne Garrow
BBO# 636548
Heisler, Feldman, McCormick
    & Garrow, P.C.
1145 Main Street, Suite 508
Springfield MA  01103
(413)788-7988
(413)788-7996 (fax)