UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 04-CV-30091-MAP

| | |
|---|---|
| LACRISHA WISE, MICHAEL MASSACONI, ROGER MARTIN and PETER CORBIN, on behalf of themselves and on behalf of others who are similarly situated, | : : : : : : : |
| Plaintiffs, | : : |
| v. | : : |
| PATRIOT RESORTS CORP., THE BERKLEY GROUP, INC., MARC J. LANDAU, J.P. OTTINO, III REBECCA A FOSTER. and JAMES E. LAMBERT, | : : : : : |
| Defendants. | : : |

**JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE JOINT MOTION OF THE PARTIES FOR PRELIMINARY APPROVAL OF THE PROPOSED CONSENT DECREE, AND OF THE PROPOSED CONSENT ORDER PROVIDING FOR NOTICE TO THE CLASS, OPPORTUNITY TO OBJECT OR TO OPT OUT, AND A FAIRNESS HEARING**

Plaintiffs and defendants jointly submit this Memorandum of Points and Authorities in support of the proposed Consent Decree.

**A.    Introduction**

Pursuant to Federal Rule of Civil Procedure 23(e), plaintiffs and defendants ("the Parties") request preliminary approval of the attached proposed Consent Decree providing for the resolution of certain claims set forth that are asserted in this wage and hour class and collective action. The Court has previously certified a class pursuant to Rule 23(b)(3), of the Massachusetts minimum wage and overtime laws and has approved the Fair Labor Standards Act

1

collective action. Further, the Parties seek approval of the proposed notice of settlement and objection/opt-out procedure to the members of the settlement class and request that the Court schedule a hearing to consider final approval of the proposed settlement.

The Parties view the proposed settlement as a desirable alternative to the uncertainty, expense, and delay that would result from further litigation. At the same time, the Parties believe that the settlement advances and protects the interests of all members of the class and collective action, and should be confirmed by the Court as fair, reasonable, and adequate in all respects.

The settlement is fair, adequate and reasonable for several reasons. *First*, the relief provided to the class members under the proposed settlement is substantial. In fact, it is greater than the amount that each person is owed in unpaid minimum and overtime wages. *Second*, the proposed settlement would eliminate the burdens and risks associated with continued litigation of this complicated class action. Absent settlement, the Parties face considerable expense in litigation over liability, and remedial issues. *Third*, the action has proceeded sufficiently to allow the Parties and the Court to make an informed judgment as to the merits of the settlement. After almost two and a half years of litigation, comprehensive discovery, interactions with experts, and significant and lengthy negotiations, the experienced counsel for the Parties are aware of the strengths and weaknesses of their respective cases, and have assessed the reasonableness of the settlement's terms in light of these strengths and weaknesses. *Fourth*, the proposed settlement is the product of extensive, arm's-length negotiations, and there is no evidence of fraud or duress. *Fifth*, and finally, all counsel and the class representatives fully endorse the proposed settlement and are qualified to evaluate its terms and contents.

As explained below, and in the accompanying papers, these and other factors demonstrate that the settlement is fair, reasonable, and adequate, and therefore deserves the Court's

preliminary approval.

      **B.**    <u>**Settlement of Employment Cases is Favored**</u>

In evaluating a class action settlement pursuant to Rule 23(e), the district court's primary responsibility is to ensure that the settlement is fair, reasonable, and adequate under the circumstances. <u>City P'ship Co. v. Atl. Acquisition Ltd. P'ship</u>, 100 F.3d 1041, 1043 (1st Cir. 1996). A presumption in favor of the proposed settlement arises when sufficient investigation into the facts has occurred, counsel have experience in similar cases, and the parties have bargained at arms-length. <u>Id.</u> The general thrust of the inquiry is to "examine whether the interests of the class are better served by the settlement than by further litigation." MANUAL FOR COMPLEX LITIGATION FOURTH, § 21.61 at 309 (West ed., 2004). In making this determination, it must not be overlooked that the law generally favors settlements because they promote judicial economy. *Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir. 1982), *cert. denied*, 464 U.S. 818 (1983).

It is generally recognized that class action settlements are subject to a three-step approval process before the district court. First, the court makes a preliminary evaluation that the proposed settlement is within the range of possible approval. Second, if the settlement is preliminarily approved, the court directs that notice be sent to the class, and then conducts a formal fairness hearing. Finally, after the hearing, the court decides whether the settlement is fair and reasonable. See *In Re Baldwin-United Corp.*, 105 F.R.D. 475 (1984).

The purpose of the preliminary approval is not to reach a definitive conclusion as to the fairness of the proposed settlement. Rather, preliminary approval of a class action settlement "is simply a determination that there is, in effect, probable cause to submit the proposal to members of the class and to hold a full-scale hearing on its fairness, at which all interested parties will have an opportunity and after which a formal finding on the fairness of the proposal will be

3

made." *In re Mid-Atlantic Toyota Antitrust Litig.*, 564 F. Supp. 1379, 1384 (D. Md. 1983). If the district court has enough information to determine that the settlement is within the range of possible approval, no hearing is necessary at the preliminary approval stage. *In Re "Agent Orange" Prod. Liab. Litg.*, 818 F.2d 145, 170 (2d Cir. 1987), *cert. denied sub nom. Pinkney v. Dow Chemical Co.*, 484 U.S. 1004 (1988).

### C.     Attorneys' Fees and Expenses

The parties have negotiated the amount of plaintiffs' fee claim and expenses that defendants should pay, based on the lodestar approach. They have also negotiated a procedure for resolving future fee claims, to resolve defendants' obligations under the fee-shifting provisions of the FLSA and the Massachusetts minimum wage and overtime laws.

The proposed Notice informs class members of the requested fee, allowing them to submit comments or objections in response to this proposal. Defendants support the award of a fee but have no stake and take no position as to the amount.

The lodestar method of awarding fees are permissible in common-fund cases in the First Circuit. In re: Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litigation, 6 F.3d 295 (1st Cir. 1995).

Where there is a right to statutory fee-shifting, it is best for the class if defendant augments what it would pay into a class fund with the full amount of the lodestar and expenses, avoiding a windfall to defendant and reducing the amount of the common fund that would otherwise go to pay the percentage. Here, the plaintiffs negotiated an amount for the class and a separate amount for attorneys fees based on a lodestar calculation of hours worked times a customary hourly rate for the plaintiffs' counsel.

Application of the common fund doctrine to class action settlements does not

4

>compromise the purposes underlying fee-shifting statutes. In settlement negotiations, the defendant's determination of the amount it will pay into a common fund will necessarily be informed by the magnitude of its potential liability for fees under the fee-shifting statute, as those fees will have to be paid after successful litigation and could be treated at that point as part of a common fund against which the attorneys' fees are measured. Conversely, the prevailing party will expect that part of any aggregate fund will go toward attorneys' fees and so can insist as a condition of settlement that the defendants contribute a higher amount to the settlement than if the defendants were to pay the fees separately under a fee-shifting statute.

(Footnote omitted.) *Accord*, *Florin v. NationsBank of Florida*, 34 F.3d 560, 564 (7th Cir. 1994); *In re Fine Paper Antitrust Litigation,* 751 F.2d 562, 582–83 (3d Cir. 1984); *Brytus v. Spang & Co.*, 203 F.3d 238, 246 (3d Cir. 2000).

Here, as recommended in *Staton*, defendants have resolved their liability for fees and costs in the settlement, and are paying what is reasonable for them to pay. The proposed Consent Decree and Notice alert class members to the amounts counsel will seek, so that they will have an opportunity to make their views known.

### D.   Additional $5,000 Incentive Payments to Each of the Named Plaintiffs

Plaintiffs seek the approval of an additional incentive payment of $5,000 each to Ms. Wise, Mr. Massaconi, Mr. Martin and Mr. Corbin. The proposed Notice informs class members of this, allowing them to submit comments or objections in response to this proposal.

In support of the inclusion of this provision in the proposed Consent Decree subject to a subsequent decision of the Court, plaintiffs would point out that Congress has strengthened the legal basis for such payments by stripping out the so-called anti-"bounty" provision of the "Class Action Fairness Act" before passing the legislation. The bill had been before Congress for a number of years, and during part of its gestational process contained a proposed new 28 U.S.C. § 1714:

>"§ 1714. Prohibition on the payment of bounties

>     (a) IN GENERAL.—The court may not approve a proposed settlement that provides for the payment of a greater share of the award to a class representative serving on behalf of a class, on the basis of the formula for distribution to all other class members, than that awarded to the other class members.
>
>     b) RULE OF CONSTRUCTION.—The limitation in subsection (a) shall not be construed to prohibit any payment approved by the court for reasonable time or costs that a person was required to expend in fulfilling his or her obligations as a class representative.

H. REP. NO. 107–370 ON H.R. 2341 (107TH CONG., 2D SESS., 2002) at 3. This provision was not in the version finally enacted. PUB. LAW 109-2, 119 Stat. 4 (Feb. 18, 2005). The provision was dropped in order to protect representative plaintiffs, as the bill's lead sponsors in the Senate stated:

> Summary of Changes to S. 1751 as Agreed to by Senators Frist, Grassley, Hatch, Kohl, Carper, Dodd, Landrieu, and Schumer
>
>    *    *    *
>
>   THE COMPROMISE ELIMINATES THE SO-CALLED BOUNTY PROHIBITION IN S. 1751
>
>     S. 1751 would have prevented civil rights and consumer plaintiffs from being compensated for the particular hardships they endure as a result of initiating and pursuing litigation.
>
>     The compromise deletes the so-called "bounty provision" in S. 1751, thereby allowing plaintiffs to receive special relief for enduring special hardships as class members.

151 CONG. REC. S 1078 (daily ed., Feb. 8, 2005).

The parties will brief this issue fully in connection with a motion for final approval.

WHEREFORE, plaintiffs pray that their Motion be granted, that the Court grant preliminary approval to the proposed Consent Decree, and that the Court approve the proposed Consent Order Providing for Notice to the Class, Opportunity to Object or to Opt Out, and a Fairness Hearing.

Dated:

Respectfully submitted,

Suzanne Garrow BBO# 636548
Joel Feldman BBO# 552963
Heisler, Feldman, McCormick
 & Garrow, PC
1145 Main Street, Ste. 508
Springfield, MA  01103
Phone (413) 788-7988

___/s/ Suzanne Garrow__
Suzanne Garrow

Marylou Fabbo BBO# 566613
Skoler, Abbott & Presser
One Monarch Place
Springfield, Massachusetts 01144
Phone (413) 737-4753

___/s/ Marylou Fabbo_____
Marylou Fabbo