UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO.  04-CV-30091-MAP

|  |  |
|---|---|
| LACRISHA WISE, MICHAEL MASSACONI, ROGER MARTIN and PETER CORBIN, on behalf of themselves and on behalf of others who are similarly situated, | : : : : : : |
| Plaintiffs, | : : |
| v. | : : |
| PATRIOT RESORTS CORP., THE BERKLEY GROUP, INC., MARC J. LANDAU, J.P. OTTINO, III REBECCA A FOSTER. and JAMES E. LAMBERT, | : : : : : |
| Defendants. | : : |

TO:   «First_» «Last_»
 «Address_1_»
 «City_» «State_»   «ZIP_»

**YOU ARE RECIVING THIS NOTICE BECAUSE OUR RECORDS INDICATE THAT YOU WERE A SALES PERSONS OR SALES MANAGERS AT PATRIOT RESORTS IN THE BERKSHIRES WHO HAVE BEEN EMPLOYED, AT ANY TIME FROM JULY 2001, TO THE PRESENT**

**This Notice may affect your rights.  You should read it carefully.  The deadline for filing a claim form, for filing an objection, or for opting out of the collective action is October 22, 2006.**

This case was filed as a class action under Federal court rules for claims under the Massachusetts wage and hour laws M.G.L. c. 151, and a "collective action" for claims under the Fair Labor Standards Act ("FLSA").  The parties have reached a settlement of some of the claims of both kinds.  The terms of the settlement are set forth in the attached proposed Consent Decree.

In a class action or collective action, some persons sue the defendant about a practice that is claimed to affect a larger number of persons, and seek relief for class members without class members having to file their own lawsuits.

**You may or may not be included in the class.  See the discussion below.  If you are to receive money, you MUST file a claim form, provide and verify your complete Social Security number, and give it to Suzanne Garrow of Heisler, Feldman, McCormick & Garrow, 1145 Main Street, Suite 508, Springfield, MA  01103 who are Class Counsel as quickly as possible.  The deadline is October 22, 2006.**

**Plaintiffs alleged the class claims described below.  Defendants have either denied engaging in them, or have asserted that the practices were lawful.  To avoid the time, expense, and risk of further litigation, these claims have been settled in the proposed settlement:**

1.      That the defendants failed to pay sales representatives or sales managers who worked on a commission only basis the state or federal minimum wage for a forty hour work week where the sales persons did not earn commissions over the state or federal minimum wage for a forty hour work week; and

2.      The defendants failed to pay sales representatives or sales managers who worked on a commission only basis any overtime pay for time worked beyond forty hours per week;

**The Court has not expressed any view about the merits of the case.  The Court has certified the class and approved the collective action.**  Defendants do not admit any violation of the law, have denied that the case has any merit.  If the settlement is not finally approved, the parties will litigate these issues and a jury will determine the merits.

**The settlement includes both injunctive relief and monetary relief.  The monetary relief consists of $420,000 in back pay and liquidated damages, and $110,000 to be paid by defendants towards plaintiffs' attorneys' fees and expenses in settlement of only those claims alleging a failure to pay minimum wage and overtime wages, and $5,000 to be paid to each of the named plaintiffs in this lawsuit, for a total of $550,000.**

**Counsel for plaintiffs will ask the Court to award their attorneys' fees and expenses as $110,000 as part of a settlement of only those claims alleging a failure to pay minimum wage and overtime wages. If the Court approves this request $110,000 of the $550,000 fund would be used for the award of fees and expenses, and $440,000 will be distributed to the named plaintiffs and the class as described above.**

**Under the settlement, the named plaintiffs, Lacrisha Wise, Michael Massaconi, Roger Martin and Peter Corbin, are asking the Court for an award of an additional $5,000 each for their burden in bringing the case, subjecting themselves to discovery, and working with counsel.  If the Court approves this request, $420,000 will be distributed to plaintiffs and the class on a formula basis, and $20,000 would be distributed to the named plaintiffs.**

**If the Court denies this request, the named plaintiffs will be paid on the identical basis as every other class member and $440,000 will be distributed to the class.**

This Notice is being provided to you so that you can decide whether to (1) opt out of the class – that is, exclude yourself from the class—in which event you will remain free to pursue on your own whatever legal remedies, if any, may be available to you; or (2) not opt out of the class—and, therefore, remain in the class—and participate in any recovery in the event the class recovers any amount by way of settlement or judgment. If you elect not to opt out of the class, you retain the right to object to the settlement described in this notice. The deadline to opt out of the class is October 22, 2006. If you wish to remain in the class, the deadline to file a claim is also October 22, 2006. (See, "How to File a Claim.") In addition, if you remain a member of the class the deadline for filing objections to the proposed settlement is October 22, 2006.

A class member may enter an appearance through counsel if the member so desires.

**This is the definition of the settlement class under the Massachusetts wage an hour law M.G.L. c. 151:**

(1) all timeshare sales persons and sales managers of Defendants at Vacation Village in the Berkshires who were not paid at least state minimum wage of $6.75 per hour for any week in which they worked for Defendants from July 1, 2001 to the present; and (2) all timeshare sales persons and sales managers of Defendants at Vacation Village in the Berkshires who were not paid overtime wages or premium pay for any week in which they worked more that forty hours for the Defendants from July 1, 2001 to the present.

**This is the definition of the scope of the collective action under the FLSA:**

(1) all timeshare sales persons and sales managers of Defendants at Vacation Village in the Berkshires who were not paid at least federal minimum wage of $5.15 per hour for any week in which they worked for Defendants from July 1, 2001 to the present; and (2) all timeshare sales persons and sales managers of Defendants at Vacation Village in the Berkshires who were not paid overtime wages or premium pay for any week in which they worked more that forty hours for the Defendants from July 1, 2001 to the present.

Notwithstanding the time limitation of this paragraph, the named plaintiffs filed their consents to participation in this litigation with the filing of the Complaint on May 4, 2004, and their individual rights under the FLSA extend back to May 4, 2001.

**Only some class members were ones that the plaintiffs found a problem with that person's compensation under the FLSA or the Massachusetts wage and hour law M.G.L. c.151. If you are receiving this letter that does not mean you were found to have a problem with your compensation.**

According to records provided by the defendants and a formula for payment you are entitled to a payment of $«Minimum_Wage_Shortage» for shortages in unpaid minimum wages

- 3 -

which includes an amount for liquidated damages and $«Overtime_Shortage» for shortages in unpaid overtime wages which includes an amount for liquidated damages. The total you will receive in a check after final approval in this matter will equal $«Total_Shortages».

**If this Notice indicates you are due money as a result of this settlement, you MUST file a claim form, provide and verify your complete Social Security number, and get it to class counsel by October 22, 2006. If you get it to class counsel beyond the deadline, you will LOSE ANY RIGHT TO MONEY you would have had.**

**Any persons who believe that they are entitled to an amount other than what is reflected in this Notice may obtain a decision from the Court. If you believe that you are not receiving the amount of compensation due to you for unpaid minimum wage and unpaid overtime compensation you should file an objection by the deadline, stating that you want to share in the settlement but are not listed as entitled to money, and you should attach written documentation showing that you are entitled to more overtime or minimum wage compensation than you are going to receive in this settlement.** Plaintiffs will then review that documentation and research the question and try to resolve it. If plaintiffs agree that you should receive the compensation claimed, you will have an opportunity to withdraw your objection. If you do not agree with any proposed resolution, the Court will decide the question.

**Plaintiff Wise's discrimination and retaliation claims have not been settled.** The parties expect to take those claims to trial. Whether those claims are ultimately tried or settled, any payments to Ms. Wise on those claims will be made separately; not one cent will come from the settlement fund.

**Plaintiff Massaconi's retaliation claims have not been settled.** The parties expect to take those claims to trial. Whether those claims are ultimately tried or settled, any payments to Mr. Massaconi on those claims will be made separately; not one cent will come from the settlement fund.

**Plaintiff Martin's retaliation claims have not been settled.** The parties expect to take those claims to trial. Whether those claims are ultimately tried or settled, any payments to Mr. Martin on those claims will be made separately; not one cent will come from the settlement fund.

**The settlement does not include any of the following claims of any class member:** Any claim of any plaintiff or class member arising from their allegations of a failure to pay timely wages under M.G.L. c. 149 for which a class has been certified in this matter. None of the claims described in this paragraph may be resolved through any payment from the class fund.

**If the Court grants final approval to the settlement, the Consent Decree will bind all class members who have not opted out regardless of whether they are entitled to a distribution from the settlement fund. This means that unless you opt out, you will be forever barred from bringing in the future any claims under the Massachusetts General Law c. 151§§ 1B and 19 through and including September 22, 2006.**

**You have the right to "opt out" of the class, disqualifying yourself from any of the monetary relief in the case. If you opt out but are still working for defendants, you WILL STILL be affected by the changes in defendants' pay practices required by the settlement,**

**WILL NOT share in any of the money in the settlement fund, and WILL be able to file your own lawsuit about any practices that affected you.**

### Facts You Should Know

The calculations of relief for sales persons and sales managers for unpaid minimum wage and overtime pay are based on a formula by which the plaintiffs extrapolated data for each current or former sales person or sales manager from existing records for times in which there were missing records. The plaintiffs then took the actual amount of money owed and multiplied it by _____ for the amount to be paid to the individual class member. If any class member opts out and files a separate lawsuit, defendants are not required to agree to the use of this or any other formula.

Under the FLSA, the only persons who can be included within the collective action are those who file "consent forms" to have their rights included within the lawsuit. The FLSA period of limitations is two years in ordinary cases, but is extended to three years if plaintiffs can show that the violation is willful. Defendants contend that any violation was not willful. For purposes of this settlement only, and only if the Court grants final approval to this settlement, all collective action members who filed consents to join and who do not "opt out" are included for any time in which that collective action member as of up to two years prior to their filing their consent to join with the Court.

The FLSA provides for a doubling of back pay as liquidated damages, but allows a "good faith" defense to liquidated damages. Defendants have asserted the "good faith" defense. For purposes of this settlement only, and only if the Court grants final approval to this settlement, an amount equal to \_\_\_ of the total recovery as a multiplier for FLSA liquidated damages are included in the calculations.

The Massachusetts minimum wage law period of limitations is three years, tolled by the filing of suit on May 4, 2004. The Massachusetts minimum wage law claims therefore go back to May 4, 2001.

The Massachusetts minimum wage is $6.75 and has been so during the time periods relevant to the class action claim. The federal minimum wage is $5.15 and has been so during the time periods relevant to the class action claim. There may be weeks in which an employee received an amount greater than or equal to federal minimum wage and not equal to the state minimum wage. In those weeks he or she would be entitled to the difference between the amount received and the amount he or she was entitled to receive under the state minimum wage.

The Massachusetts overtime wage law period of limitations is two years, tolled by the filing of suit on May 4, 2004. The Massachusetts minimum wage law claims therefore go back to May 4, 2002.

The overtime was calculated by calculating an average hourly rate for each employee based on their total commission sales and paying an additional .5 times that hourly rate for each hour over 40 hours worked per week.

Entitlement to overtime was based on records of late taken tours, tour sign ins sign in

sheets for each day, to the extent that information was available and extrapolating from that information.

The law does not allow a double recovery, one under the FLSA and one under the Massachusetts minimum or overtime wage laws for the same violation. Therefore, the settlement is apportioning to the greatest amount possible to each employee based on FLSA remedies for pay periods ending within the FLSA period of limitations and Massachusetts minimum wage or overtime pay remedies for pay periods within the Massachusetts limitations periods. This maximizes the recovery for class members.

The decisions of the U.S. Supreme Court bind the Federal courts in Massachusetts. These courts have held that the FLSA does not allow awards of both liquidated damages and prejudgment interest for the same violations.

The plaintiffs and defendants exchanged numerous documents and other information. The lump sum includes compromises taking into account the risks of litigation, the uncertainties of proof, and the desirability of class members receiving a definite amount quickly.

Appropriate income taxes will be withheld from all payments.

## How to Find Out More Information

This Notice contains the information the Court has directed to be made available to you. If you have questions or want further information, you should contact counsel for plaintiffs. **Do not contact the Clerk of Court, the judge, or the defendants for further information.**

Counsel for plaintiffs are:

Suzanne Garrow BBO# 636548
Joel Feldman BBO# 552963
Heisler, Feldman, McCormick
    & Garrow, PC
1145 Main Street, Ste. 508
Springfield, MA  01103
Phone (413) 788-7988

## How to File an Objection

Objections must contain the name of this case: Wise v. Patriot Resorts. They must be received by class counsel on or before October 22, 2006, with original signatures. Faxed signatures will not be effective. The address is as follows:

Suzanne Garrow
Heisler, Feldman, McCormick
    & Garrow, PC
1145 Main Street, Ste. 508
Springfield, MA  01103

### How to Opt Out

Persons may opt out of the collective action by sending a letter to plaintiffs' counsel with the case name, and clearly stating the following in the letter: "I am opting out of this case. I understand that my decision means that I will not share in any of the money in the class fund." They must be received by plaintiffs' counsel on or before October 22, 2006, with original signatures. Faxed signatures will not be effective. The address is as follows:

Suzanne Garrow
Heisler, Feldman, McCormick
    &amp; Garrow, PC
1145 Main Street, Ste. 508
Springfield, MA  01103

### How to File a Claim Form

Class members who are listed as entitled to receive a payment under this settlement MUST file the enclosed claim form by either giving it or sending it by mail to class counsel Suzanne Garrow on or before October 22, 2006, with original signatures. Faxed signatures will not be effective. The address is as follows:

Suzanne Garrow
Heisler, Feldman, McCormick
    &amp; Garrow, PC
1145 Main Street, Ste. 508
Springfield, MA  01103

### The Hearing

The Court will hold a hearing on whether to grant final approval to the settlement, the proposed Consent Decree. The hearing will be in Courtroom 1, 1550 Main Street, at the Federal Building and Courthouse, Springfield, MA at _____ on _____, 2006.

Dated: