UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 04-CV-30091-MAP

| | |
|---|---|
| LACRISHA WISE, MICHAEL MASSACONI, ROGER MARTIN and PETER CORBIN, on behalf of themselves and on behalf of others who are similarly situated, | : : : : : : : |
| Plaintiffs, | : : |
| v. | : : |
| PATRIOT RESORTS CORP., THE BERKLEY GROUP, INC., MARC J. LANDAU, J.P. OTTINO, III REBECCA A FOSTER. and JAMES E. LAMBERT, | : : : : : |
| Defendants. | : : |

**CONSENT DECREE**

A.   **Description of the Case and the Parties**

This action was filed on May 4, 2004, under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.*, as amended ("FLSA"), and under the Massachusetts minimum wage law, M.G.L. c. 151 § 19 and overtime premium pay law, M.G.L. c. 151 § 1A (collectively "Massachusetts minimum and overtime wage laws").

1. Plaintiffs alleged a class action pursuant to Fed. R. Civ. Pro. 23(b)(3), for the class under the Massachusetts minimum and overtime wage laws, and a collective action under the Fair Labor Standards Act for class claims under that statute. Plaintiffs allege that defendants had failed to pay maintain appropriate and required minimum wage and overtime premiums or other compensation.

2. The corporate defendants are Patriot Resorts Corporation ("Patriot"), a privately held corporation with a place of business, Vacation Village in the Berkshires ("Vacation Village"), in Berkshire County, in the Commonwealth of Massachusetts and the Berkley Group, Inc. ("Berkley") is a privately held foreign corporation with a principal place of business in Fort Lauderdale, Florida. The individual defendants are various principals of those corporations (collectively "Defendants").

**B.     Settlement and Non-Admission**

3. Plaintiffs and defendants have decided to resolve a certain number of claims in this case on the following terms, subject to notice to the class and their opportunity to file objections, and subject to the preliminary and final approval of the Court.

4. Plaintiffs' willingness to resolve this case is not, and shall not be construed as, an admission of any defenses asserted by defendants. Defendants' willingness to resolve this case is not, and shall not be construed as, an admission of any breach of any statutory or other obligation of defendants to the class. All parties to this action recognize that there is some legal uncertainty as to the claims and defenses asserted, and as to any remedy that may be appropriate, and have taken these uncertainties into account in deciding to resolve this case.

**C.     Settlement Class and Deemed Opt-Ins**

5. On February 16, 2006, a class was certified by the Court pertaining to the Massachusetts minimum and overtime wage law under Rule 23(b)(3), Fed. R. Civ. Pro., and defined as follows:

> (1) all timeshare sales persons and sales managers of Defendants at Vacation Village in the Berkshires who were not paid at least state minimum wage of $6.75 per hour for any week in which they worked for Defendants from July 1, 2001 to the present; and (2) all

timeshare sales persons and sales managers of Defendants at Vacation Village in the Berkshires who were not paid overtime wages or premium pay for any week in which they worked more that forty hours for the Defendants from July 1, 2001 to the present.

6. On February 16, 2006, a collective action was recognized by the Court and the persons covered by the FLSA collective action are defined as follows:

(1) all timeshare sales persons and sales managers of Defendants at Vacation Village in the Berkshires who were not paid at least federal minimum wage of $5.15 per hour for any week in which they worked for Defendants from July 1, 2001 to the present; and (2) all timeshare sales persons and sales managers of Defendants at Vacation Village in the Berkshires who were not paid overtime wages or premium pay for any week in which they worked more that forty hours for the Defendants from July 1, 2001 to the present.

Notwithstanding the time limitation of this paragraph, the named plaintiffs filed their consents to participation in this litigation with the filing of the Complaint on May 4, 2004, and their individual rights under the FLSA extend back to May 4, 2001.

7. For purposes of settlement only, the parties and the Court (a) deem all members of the Massachusetts minimum and overtime wage law class who do not opt-out or file objections that are granted by the Court as if they had individually joined in this action for purposes of liquidated damages under the Massachusetts minimum and overtime wage laws.

8. For purposes of the Consent Decree, (a) the term "overtime" refers only to overtime within the meaning of the FLSA and the Massachusetts overtime law, and (b) the term "sales person" refers to people who sold timeshares at Vacation Village in the Berkshires and were paid during that time by commission only, and (c) the term "sales managers" refers to people who

were titled sales managers and who sold or managed those who sold timeshares at Vacation Village in the Berkshires and were paid during that time by commission only.

**D.**     **General Description of Relief, Including Attorneys' Fees and Expenses**

9.  The parties have resolved to settle the class claims in this case accruing on or before the date of preliminary court approval, in accordance with this Consent Decree. Pursuant to the agreed settlement:

    a.     Defendants shall pay $550,000.00 into the class fund, in full settlement of their liability for back pay, liquidated damages, and any prejudgment interest on the class claims under the FLSA and/or Massachusetts minimum wage and overtime laws accruing to date;

    b.     Plaintiffs provided information to defendants on the amounts of their fees and costs to be paid by defendants for services already performed and expected to be performed through final payout of the class fund, and of their expenses incurred to date relating to only those claims settled under this Consent Decree for failure to pay minimum wage and overtime under the FLSA and Massachusetts minimum wage and overtime laws.

    c.     Of the $550,000.00 paid by the Defendants, $110,000.00 of that amount shall be paid to counsel for plaintiffs in full settlement of defendants' liability for attorneys' fees and expenses for services performed and to be performed through the grant of final approval to the settlement and the payout of the class fund to class members relating to only those claims settled under this Consent Decree for failure to pay minimum wage and overtime under the FLSA and Massachusetts minimum wage and overtime laws.

        d.    Defendants shall comply with the injunctive relief in this Consent Decree.

**E.**    **Release, and Claims Excluded from the Settlement and Release**

10. Each class member's receipt, and deposit for payment, of a payment from the class fund shall by operation of law constitute a release of all of the class member's claims of violations of the Fair Labor Standards Act and/or the Massachusetts minimum wage and overtime laws, with respect to all of the class claims raised in this lawsuit through the date of preliminary approval.

11. The following matters are expressly excluded from the release and from the settlement, and may be proceeded with separately from this settlement:

        a.    Plaintiff Wise's individual claims asserted in the operative complaint including Title VII and retaliation claims in this lawsuit, which the parties expect to take to trial;

        b.    Plaintiff Massaconi's individual claims asserted in the operative complaint including retaliation claims in this lawsuit, which the parties expect to take to trial;

        c.    Plaintiff Martin's individual claims asserted in the operative complaint including retaliation claims in this lawsuit, which the parties expect to take to trial;

        d.    Any claim of any plaintiff or class member arising after the date of preliminary approval; and

    e. All class claims asserting a violation of M.G.L. c. 149 in this lawsuit for which a class has been certified and which the parties expect to take to trial.

None of the claims described in this paragraph may be resolved through any payment from the class fund set forth above. The payment of $110,000 out of the class fund as attorney's fees and costs shall constitute settlement only of attorneys' fees and costs through the resolution and payment of those claims alleging the failure to pay minimum wage and overtime wages. The parties agree that the plaintiffs' counsel may seek additional fees and costs for any of the claims in this lawsuit that are not resolved by way of this Consent Decree. The plaintiffs' counsel may seek such fees and costs either at settlement or by petitioning the Court for such fees or both.

**G.** **Injunctive Relief**

12. Defendants, their agents, and their successors are hereby enjoined to comply with the provisions of paragraphs 13 and 14 below. Defendants represent that they began to implement some remedial measures shortly after June, 2005 and will pay at least Massachusetts state minimum wage to all sales persons and sales managers at defendants Massachusetts locations which as of the date of preliminary approval includes only the location Vacation Village in the Berkshires to the extent that they are required to do so by law.

13. Defendants shall pay overtime or some multiple of overtime to sales persons and managers for any services performed in excess of forty work hours per week, and shall include both the time spent on tour and waiting for tours and all payments for time in excess of forty work hours per week are (a) based on the actual time spent, and (b) include commission payments in employees' regular rate of pay for purposes of overtime calculations to the extent that they are required to do so by law.

14. Defendants shall make and keep an accurate record of the time spent by each sales persons and manager in each week to the extent that they are required to do so by law.

**H.     Monetary Relief**

15. In recognition of their services in bringing this case, responding to discovery, and working with counsel, plaintiffs propose that named plaintiffs LaCrisha Wise, Michael Massaconi, Roger Martin and Peter Corbin shall each receive $5,000 from the class fund in addition to what they will receive under the same calculations that apply to class members.

16. The allocation of the class fund among class members shall be performed in the following manner:

   a.  Plaintiffs shall calculate the amount of back pay for each class member, for each pay period for which there is a computer record showing the class member's eligibility.

   b.  For class members for who there is missing data the calculation of back pay shall be based on the formula plaintiffs derived from an inspection of records, including employment dates and tours taken by those class members. Such information will be used to determine if minimum wage was paid to that employee for each week worked and will also be used in determining whether overtime premiums were due and in calculating the number of hours for which overtime premiums were due.

   c.  Plaintiffs shall identify, for each class member, pay periods for which defendants could not produce computerized pay records, and shall calculate back pay for each such class member for the missing periods of time, based on an extrapolation from surviving data.

      d.    Plaintiffs shall apply to each class member an amount, proportional to the class member's total recovery, in resolution of the claims for unpaid minimum wage and unpaid overtime.

      e.    The parties recognize that these calculations are based on the assumption that plaintiffs would have won all issues of liability and remedy, and that all class members would not have opted out, if this case had been fully litigated. The parties recognize that they disputed numerous issues of participation, liability, and remedy, took these disputes into account in their negotiations, and arrived at stipulated relief that gave effect to their evaluations of strengths and weaknesses of their respective positions on the disputed issues of law and of fact.

      f.    The amount of the class fund available for distribution among class members according to these calculations shall be allocated among the named plaintiffs and class members in proportion to their totals under these calculations.

17. The defendants will provide within 5 business days of preliminary approval of this Consent Decree a list of all present and former employees of defendants who are members of the class and who may be entitled either to recover part of the class fund or to opt out and pursue whichever claims they wish to pursue. The defendants agree to update the names and last known addresses on this list immediately prior to the parties filing preliminary approval papers Any person not on the list, who worked for defendants at Vacation Village in the Berkshires within the class period as a sales person or sales manager may be added to the list by filing an objection and providing the Court with documentation sufficient to show such employment for a specific

period of time. To be eligible for any payment of unpaid minimum wage that individual must show by written documentation that he or she was not paid minimum wage for any week he or she wishes to be compensated for and provide documentation of the amount of the alleged shortfall. To be eligible for any payment of unpaid overtime or premium wages that individual must show by written documentation that he or she was not paid overtime or premium wages for any week he or she wishes to be compensated for and provide documentation of the amount of the alleged shortfall.

18. Plaintiffs' calculations shall be made as specified in ¶ 16 above and, where not so specified, in the same manner as their calculations for purposes of mediation, except that

   a. the total amount of the payments shall be limited by the amount available for distribution from the class fund;

   b. plaintiffs shall prepare an aggregate total for each class member for all payments

   c. no class member may receive an amount greater than the full amount of back pay, liquidated damages, together with the class member's share of any interest earned by the trust fund;

   d. if a class member cannot be found after reasonable efforts to locate him or her, then after March 30, 2007 his or her share shall be shall be paid as a cy pres recovery to Workplace Fairness or another organization of the plaintiffs' choice whose mission it is to promote employee rights.

19. Plaintiffs shall provide defendants with the information described in ¶ 16 in computer-readable form, and defendants shall make the actual payments.

20. Payment will be made subject to appropriate state Federal, State, and local income tax withholding from all payments to class members.

21. The employee share of F.I.C.A. taxes shall be withheld from all payments to class members.

I. **Trust Account and Payments from the Trust Account**

22. Within fourteen business days after the grant of final approval to this settlement, defendants shall pay one third of the $550, 000.00 of the settlement into a trust account bearing interest at commercial rates, within 30 days after the grant of final approval to this settlement, defendants shall pay one third of the $550, 000.00 of the settlement into the same trust account bearing interest at commercial rates and within 45 days after the grant of final approval to this settlement, defendants shall pay the final third of the $550, 000.00 of the settlement into the same trust account bearing interest at commercial rates. The interest earned by the account shall be distributed to each payee in proportion to the amount of such payee's share of the account during the period for which interest was earned.

23. On the expiration of the period within which to appeal the grant of final approval, defendants shall pay:

    a.    the amount from the trust account, if any, the court may order as an incentive payment to the named plaintiffs; and

    b.    $110,000 from the trust account, to counsel for plaintiffs.

Each such payment shall be augmented by proportionate shares of the interest earned by the trust account.

**J.**     **Performance and Checking of Calculations, and the Payout**

24. Within forty-five calendar days after (a) the grant of final approval to this settlement, and (b) the resolution of all objections filed by persons contending they are members of the class or owed money under this Consent Decree but are not listed in the employee list referenced in 17 above, the defendants shall disburse payments to each class member. Each such payment shall be the amount calculated by the plaintiffs as set forth in paragraph 16 above less appropriate withholding and shall pay to each named plaintiff and class member his or her proportionate share of the interest earned by the trust fund.

25. To ensure that the class funds are disbursed only to genuine class members at their correct mailing addresses, class members participating in the payout must fill out and sign a claim form containing their correct Social Security numbers, with a legible copy of their driver's licenses or passports. This information shall be provided directly to counsel for plaintiffs. The claim form is attached as Exhibit A.

**K.**     **Duration of Consent Decree, Reporting, Monitoring, and Resolution of Disputes**

26. This Consent Decree shall remain in effect for three years commencing from the date on which the Court grants final approval of the Agreement. The Court shall retain jurisdiction of this case on its active or inactive dockets for that period of time and shall retain jurisdiction over the remainder of the case through final resolution of the remaining claims. These times may be extended by agreement of the parties with the approval of the Court, or on application of plaintiffs for good cause shown.

27. In the event of any disagreements or questions arise as to defendants' compliance with any provision of this Consent Decree, except in an emergency situation plaintiffs shall bring the matters in question to the attention of defendants. The parties shall seek to resolve the

matters within a period of sixty days. If there has been no resolution within sixty days, plaintiffs may move for a resolution of the matter by the Court.

**M.     The Effect of Class Members Opting Out of the Collective Action**

28. In the event that one or more class members opt out of the collective action, plaintiffs shall calculate their individual shares of the $550,000.00 portion of the settlement fund not allocated to defendants' liability for attorneys' fees and expenses as if the persons had not opted out.

**N.     Grant of Preliminary Approval, for Purposes of Providing Class Members With Notice and an Opportunity to Object**

The Court hereby grants preliminary approval to this Consent Decree, for the purpose of providing class members with notice and an opportunity to object.

Done this ____ day of _____, 2006.

_____
MICHAEL A. PONSOR
United States District Judge

**WE ASK FOR THIS:**

Suzanne Garrow BBO# 636548
Joel Feldman BBO# 552963
Heisler, Feldman, McCormick
       & Garrow, PC
1145 Main Street, Ste. 508
Springfield, MA  01103
Phone (413) 788-7988



   /s/ Suzanne Garrow
Suzanne Garrow

Dated: September 27, 2006

Marylou Fabbo BBO# 566613
Skoler, Abbott & Presser
One Monarch Place
Springfield, Massachusetts 01144
Phone (413) 737-4753


  /s/ Marylou Fabbo
Marylou Fabbo

Dated: September 27, 2006