UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LACRISHA WISE, MICHAEL MASSACONI, ROGER MARTIN and PETER CORBIN, on behalf of themselves and on behalf of others who are similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br><br><br>PATRIOT RESORTS CORP., THE BERKLEY GROUP, INC., MARC J. LANDAU, J.P. OTTINO, III REBECCA A FOSTER. and JAMES E. LAMBERT,<br>Defendants. | DOCKET NO.  04-CV-30091-MAP<br><br><br><br>**JOINT MOTION OF THE PARTIES FOR FINAL APPROVAL OF THE CONSENT DECREE** |

Plaintiffs and defendants jointly move for final approval of the Consent Decree. A true electronic original of the Consent Decree was filed with the Court and is part of the Court's file in this matter at Docket No. 123.

On February 16, 2006, the Court certified the state law claims in this case seeking damages and injunctive relief for class action treatment pursuant to Fed. R. Civ. P. 23(b)(3) and established the federal claims as a collective action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.*, as amended ("FLSA") and specifically pursuant to 29 U.S.C. § 216(b). The proposed settlement contemplates comprehensive class-wide relief on the claim set forth in the agreement and preserves certain claims on behalf of the class and individual class members.

Rule 23(e)(1)(A) requires the Court's approval of the settlement if, after hearing, the Court

concludes that the terms of the settlement are "fair, reasonable and adequate" in accordance with Fed R. Civ. P. 23(e)(1)(C). See generally, Manual for Complex Litigation (Fourth) § 21.634-635 (2004). In addition, under 29 U.S.C. § 216(b), the Court should review the proposed settlement on behalf of the participants and should approve it as to all if the settlement terms are fair and adequate. See Lynn's Food Stores v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).

On September 29, 2006, the Court entered a Consent Judgment and granted preliminary approval of the proposed Consent Decree and Ordered that the Notice attached to the Consent Decree be sent to class and collective action members. Evidence that the Notice was sent is provided in the form of an Affidavit of Suzanne Garrow, Esq., attached to this Motion as Attachment 1. The sending of the Notice is further evidenced by the number of claim forms returned and the single objection sent to class counsel, a summary of which is attached to this Motion as part of the Affidavit of Suzanne Garrow, Esq., attached to this Motion as Attachment 1. The sole objection did not attack or address the form of notice or manner of notification and, accordingly, the requirements of Fed. R. Civ. P. 23(e)(1)(B) have been met.

On September 21, 2006, the plaintiffs filed the Affidavit of co-lead counsel, Suzanne Garrow. This affidavit, in the court's docket as Docket No. 122, sets forth that the proposed settlement is fair reasonable. In addition, there was a single objection to the proposed settlement, attached hereto as Attachment 2. Neither that objection, nor other class member or any other interested party has asserted that the settlement taken as a whole fails to satisfy the requirements for approval specified in Fed R. Civ. P. 23(e)(1) or Lynn's Food Stores, 679 F.2d at 1353.

WHEREFORE, plaintiffs and defendants pray that after hearing their Motion be granted, that the Court grant final approval to the proposed Consent Decree.

Dated: December 1, 2006

Respectfully submitted,

Suzanne Garrow BBO# 636548
Joel Feldman BBO# 552963
Heisler, Feldman, McCormick
      & Garrow, PC
1145 Main Street, Ste. 508
Springfield, MA  01103
Phone (413) 788-7988


\_\_\_/s/ Suzanne Garrow_____
Suzanne Garrow

Marylou Fabbo BBO# 566613
Skoler, Abbott & Presser
One Monarch Place
Springfield, Massachusetts 01144
Phone (413) 737-4753



\_\_\_\_/s/ \_Marylou Fabbo_____
Marylou Fabbo