UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LACRISHA WISE, MICHAEL MASSACONI, ROGER MARTIN and PETER CORBIN, on behalf of themselves and on behalf of others who are similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br><br><br>PATRIOT RESORTS CORP., THE BERKLEY GROUP, INC., MARC J. LANDAU, J.P. OTTINO, III REBECCA A FOSTER. and JAMES E. LAMBERT,<br>　　　　　　　Defendants. | DOCKET NO. 04-CV-30091-MAP<br><br><br><br>**PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEY'S FEE AWARD** |

Plaintiffs move for an award of attorney's fees based upon the amount of fees inclusive of costs as set forth in the Consent Decree preliminarily approved by the Court in its Consent Judgment dated September 29, 2006.

Attorneys' fees in a class action settlement will generally be awarded using the percentage of-fund-approach. In re Thirteen Appeals Arising out of the San Juan DuPont Plaza Hotel Fire Litigation, 56 F.3d 295, 307 (1st Cir. 1995); In re Conley Pharm., Inc., Sec. Litig. C.A. No. 94-11897-WGY (D. Mass. Feb. 8, 1996) (fee equal to 1/3 of the fund awarded); In re Cambridge Biotech Corp., Sec Litig. C.A. No. 93-12486-REK (D. Mass. Apr. 4, 1996)(30% of the value of the fund awarded as attorney's fees); In re Gillette Sec. Litig. C.A. No. 88-1858-K (D. Mass. Mar. 30, 1994)(35% of common fund awarded as attorney's fees). The standard percentage awarded

1

from the common fund as attorney's fees is from 20 to 30%, <u>Camden I Condo Ass'n, Inc. v. Dunkle</u>, 946 F.2d 768,774-75 (11th Cir. 1991)(stating that majority of common fund settlements allow for an award of 20-30% of the fund with 25% being the benchmark);  see also  <u>Vizcaino v. Microsoft Corp.</u>, 290 F.3d 1043 (9th Cir. 2002)(awarding 28% of common fund to class counsel as attorney's fees), with 40-50% being approved as the upper limits. <u>See e.g.</u> <u>In re Ampicillin Antitrust Litig.</u>, 526 F.Supp. 494 (D.D.C. 1981) (45%).

Here, in Section D (9)(c) of the Consent Decree (Docket No. 123) filed with the Court on September 27, 2006, and approved by the Court as a Consent Judgment on September 29, 2006, the parties agreed that class counsel be awarded:

> Of the $550,000.00 paid by the Defendants, $110,000.00 of that amount shall be paid to counsel for plaintiffs in full settlement of defendants' liability for attorneys' fees and expenses for services performed and to be performed through the grant of final approval to the settlement and the payout of the class fund to class members relating to only those claims settled under this Consent Decree for failure to pay minimum wage and overtime under the FLSA and Massachusetts minimum wage and overtime laws.

The $110,000 sought by the plaintiffs and agreed to by the defendants in the Consent Decree is exactly 20% and is *inclusive* of the costs attributable to the claims settled under this Consent Decree for failure to pay minimum wage and overtime under the FLSA and Massachusetts minimum wage and overtime laws.  Because costs are included in the total, the amount awarded is actually less than the 20% award generally considered by Courts at the low end of awards to class counsel in class settlements such as the settlement now before the Court and is thus reasonable.

The award requested by class counsel also reflects the risk incurred by counsel for plaintiffs.  It also reflects the skill and quality of class counsel's work for services performed and to be performed through the grant of final approval to the settlement and the payout of the

class fund to class members, as well as the mission of class counsel's law firm to serve as a private legal aid firm and to pursue claims for those litigants whose financial circumstances might prevent them from securing representation by counsel.

WHEREFORE, plaintiffs pray that after hearing the Fairness Hearing held on December 6, 2006, their Motion is granted and that the Court approve the award of attorney's fees inclusive of costs in the amount of $110,000, for those claims that the defendants allegedly failed to pay minimum wage and overtime under the FLSA and Massachusetts minimum wage and overtime laws as set forth in the Consent Decree (Docket No. 123).

Dated: December 5, 2006

Respectfully submitted,

Suzanne Garrow BBO# 636548
Joel Feldman BBO# 552963
Heisler, Feldman, McCormick
    &amp; Garrow, PC
1145 Main Street, Ste. 508
Springfield, MA 01103
Phone (413) 788-7988

____/s/ Suzanne Garrow_____
Suzanne Garrow

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF).

___/s/ Suzanne Garrow_____
Suzanne Garrow