UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Wise et al.,<br><br>                    Plaintiffs,<br><br>vs.<br><br>Patriot Resorts Corp. et al. ,<br><br>                    Defendants. | Civil Action No.  04-30091-MAP |

**DEFENDANTS' PRE-TRIAL MEMORANDUM**

The Defendants submit this Pretrial Memorandum in accordance with the Court's Pretrial Order and the Federal Rules of Civil Procedure.  Defendants note that the parties have not yet filed summary judgment motions, the outcome of which will likely impact what would be offered as evidence at trial.  Defendants also believe that the individual cases should be tried separately and intend to move for the same.  In the event that their motion is granted, Defendants believe it would be most effective to tailor their Pre-Trial Memorandum specifically to each individual case.  Accordingly, Defendants submit this Pre-Trial Memorandum as their preliminary memorandum addressing all counts that currently remain in the litigation.

*Overview*

Plaintiffs Lacrisha Wise, Michael Massaconi, Roger Martin and Peter Corbin commenced this action by filing a complaint in this Court on May 11, 2004.  They amended that Complaint on July 26, 2004 and again on November 30, 2004 ("Amended Complaint").  The final three counts of the nine-count Amended Complaint were certified

as class actions and/or recognized as collective actions after briefing by the parties. Two of those counts, Count VII and Count IX subsequently were settled by the parties. In December, 2006, the Court granted final approval of that settlement, and the settlement has been administered.

The remaining causes of action, which are addressed in this Pretrial Memorandum, are as follows:

- Counts I-IV:  In these counts, Plaintiff Wise asserts race and color discrimination and retaliation against all Defendants under state law, (Mass. Gen. Laws ch. 151B), and federal law, (42 U.S.C. § 2000e), respectively;

- Count V:  Plaintiff Martin alleges retaliation under the Massachusetts Weekly Payment of Wages Act, Mass. Gen. Laws ch. 149, § 148A;

- Count VI:  Plaintiff Massaconi alleges retaliation under the Massachusetts Weekly Payment of Wages Act, Mass. Gen. Laws ch. 149, § 148A;  and

- Count VIII:  Rule 23 class of Timeshare Salespersons and Sales Managers from July 2001 to the present allege purported violation of Mass. Gen. Laws. ch. 149, § 148 by failing to pay Plaintiffs' wages and commissions in a timely manner.

The four named Plaintiffs worked for Defendant Patriot Resorts Corporation ("Patriot").[1]  Patriot owns and sells timeshare interests at Vacation Village in the Berkshires which is located in Hancock, Massachusetts ("Vacation Village").  The four named Plaintiffs were Timeshare Sales Representatives who sold vacation interests at Vacation Village.  In addition to having been a Timeshare Sales Representative, Plaintiff Massaconi also held the position of Sales Manager during his employment with Patriot.

The Defendants to all claims are Patriot, The Berkley Group, Inc. ("Berkley"), Marc J. Landau, J.P. Ottino, III, Rebecca A. Foster, and James E. Lambert.  Berkley is

---

[1] Corbin has no individual claims against Defendants.  He remains in this lawsuit only as a representative plaintiff as to Count VIII.

Patriot's parent company and is a foreign corporation located in Florida. At all relevant times, Defendant Landau was a Vice President, Treasurer and Director of both Berkley and Patriot; Defendant Ottino was Director and Vice President of Berkley and Patriot; Defendant Foster was President of both Berkley and Patriot; and Defendant Lambert was Chairman and CEO of Berkley only. Defendants evidence will demonstrate that not all named Defendants are proper Defendants to all of the Plaintiffs' claims.

1) <u>Summary of Defendants' Evidence</u>

    A. *Summary of Defendants' Evidence As to class claim: (Count VIII – Class claim for purported violation of Mass. Gen. Laws ch. 149, § 148 by "failing to pay Plaintiffs wages and commissions" in a timely manner.)*

Defendants' evidence will demonstrate that the Plaintiffs were commissioned sales people who were paid in accordance with the express terms of contracts they voluntarily and knowingly entered into with their employer. The Contracts, *inter alia*, set forth the time period when commissions would be paid on timeshare interests they sold, which time of payment varied depending on many factors. Specifically, Paragraph 2C provides as follows:

> "<u>Date Commissions Payable:</u>  Earned Commissions shall be due and payable by the Company within twenty-one (21) days of the date earned, except that the Company will advance to Employee, within twenty-one (21) days of the Closing and subject to charge-back pursuant to Section 2.E. hereof, anticipated commissions on Financed Sales."

Defendants will further demonstrate that the Contracts expressly defined, at Paragraph 2A(vi), when commissions were "earned," which differed depending on whether the sales was cash or financed:

> "Earned Commissions – A commission will be deemed earned upon the Closing of a sale, except that the commissions on Financed Sales shall not be deemed earned until the purchaser has made three (3) timely and consecutive monthly payments in accordance with the terms of the

3

purchase money note and mortgage."

Evidence will also prove that if the Timeshare Sales Representative received a Preauthorized Checking ("PAC") check from the purchaser, this three payment provision did not apply and the sale was treated as a "cash" sale. The Defendants' evidence also will demonstrate that the Contracts also defined when a sale "closed. Further, Defendants evidence will demonstrate that commissions advanced or paid were subjected to recoupment from the Timeshare Sales Representative if the sale defaulted. Defendants' evidence finally will demonstrate that the Plaintiffs were paid when their commissions became due and payable within the terms of the Contracts they entered into with Patriot.

> B. *As to claims asserted by Lacrisha Wise: (Counts I - IV - race and color discrimination and retaliation under state law, (Mass. Gen. Laws ch. 151B), and federal law, (42 U.S.C. § 2000e), respectively.)*

Defendants' evidence will demonstrate that they did not discriminate against Wise based on her race/color and did not retaliate against her. Defendants' evidence will show that Patriot sold time share interests to people who were brought to its premises through marketing groups. Patriot needed Timeshare Sales Representatives to be at work as scheduled to insure that all those who arrived on any particular day could be given a tour of the geographic area and shown the condominium unit at Vacation Village. Thus, as Defendants' evidence will clearly demonstrate, regular, predictable attendance and punctuality were key to an efficient workplace.

Defendants' evidence will further demonstrate that Wise was often an effective Timeshare Sales Representative when she was at work. However, Wise held a variety of other jobs while also working at Patriot. That other employment and other personal

4

circumstances resulted in her having very poor, unpredictable attendance and often arriving to work late.  Defendants' evidence will demonstrate that after Patriot instituted a written attendance policy, of which Wise was fully aware, Wise violated that policy and was terminated as a result.

Defendants' evidence will further demonstrate that while Wise claimed that numerous things that occurred during her employment with Patriot were the result of race/color discrimination, she has nothing other than mere speculation to support her contentions.  Defendants' evidence will demonstrate that Wise had a volatile temperament, was unduly confrontational, disliked following procedures and had intimidating and threatening body language.  Her claims that non-African American employees were treated preferentially with respect to certain matters are completely unsupported by any evidence.  Defendants' evidence, finally, will prove that neither race nor or color nor retaliation played any role in Wise's termination.

    C.    *As to claim asserted by Roger Martin: ( Count V – retaliation under the Massachusetts Weekly Payment of Wages Act, Mass. Gen. Laws ch. 149, § 148A).*

Defendants' evidence, including Martin's own testimony, will demonstrate that Martin had life-long, anger-control issues for which he has undergone anger management counseling and that these issues, not retaliation, resulted in his termination from employment.  Defendants' evidence will show that Martin's superiors had several meetings with him about his temper and that at least one potential customer wrote to Patriot complaining about Martin's temper and inappropriate behavior during a sales presentation.  Defendants' evidence will demonstrate that Martin was terminated from employment as Timeshare Sales Representative with Patriot in May 2003 for

5

swearing at management. Defendants' evidence will further demonstrate that about six months later, Martin decided he wanted to go back to work for Patriot. He spoke with management and was told that he could return to its employ as long as he refrained from further emotional outbursts. He was rehired as a Timeshare Sales Representative in November 2003 and remained in that position until September 2004. Defendants' evidence will demonstrate that in September 2004, at a meeting of the Sales Representatives and Sales Managers, Martin had a tantrum over being asked not to use pre-printed forms as "scrap" paper. Martin threw the forms down, stomped on them and went home. It was this action, not any illegal retaliation that resulted in his separation from employment.

      D.     *As to claims asserted by Michael Massaconi: (Count VI – retaliation under the Massachusetts Weekly Payment of Wages Act, Mass. Gen. Laws. ch. 149, §148A).*

Defendants' evidence will demonstrate that Michael Massaconi was hired as a Timeshare Sales Representative at Vacation Village on August 6, 2001. Defendants' evidence will further show that he held that position until July 19, 2002, at which time he was promoted to Sales Manager from July 20, 2002 to October 29, 2004. Defendants' evidence will demonstrate that during his tenure as Sales Manager, Massaconi, and others received Probation for having poor sales ratios and that Massaconi, and others, were taken off Probation when their sales ratios improved to an acceptable level. Defendants' evidence will further demonstrate that when Massaconi was a Sales Manager, Sales Representatives were reluctant to call on him to "close" a sale. Defendants evidence also will demonstrate that Massaconi had a negative attitude that resulted in poor sales and ultimately resulted in his demotion from Sales Manager to

6

Sales Representative on October 30, 2004. Defendants' evidence will demonstrate that Massaconi and another employee were terminated on March 5, 2005, as the result of very poor sales ratios.

2) <u>Statement of Facts Established by the Pleadings, by Admissions or by Stipulation.</u>

   a. Roger Martin was a Timeshare Sales Representative from August 6, 2001 to May 13, 2003, and again, from November 7, 2003 to September 21, 2004;

   b. Michael Massaconi was a Timeshare Sales Representative from August 6, 2001 to July 19. 2002; Sales Manager from July 20, 2002 to October 29, 2004 , and Timeshare Sales Representative again from October 30, 2004 to March 5, 2005

   c. Lacrisha Wise was a Sales Representative from February 8, 2002 to June 7, 2003.

3) <u>Contested Issues of Fact</u>

   a. Was Wise discriminated against based on her race/color?

   b. Did Wise engage in "protected activity" within the meaning of Title VII and/or Chapter 151B?

   c. Was Defendant(s) aware of Wise's protected activity?

   d. Was Wise retaliated against in violation of Title VII or Chapter 151B because of the protected activity?

   e. Did Martin engage in "protected activity" within the meaning of Chapter 148, § 149?

   f. Were Defendant(s) aware of Martin's protected activity?

   g. Was Martin retaliated against because of the protected activity?

   h. Did Massaconi engage in "protected activity" within the meaning of Chapter 148, § 149?

   i. Were Defendant(s) aware of Massaconi's protected activity?

   j. Was Massaconi retaliated against because of the protected activity?

4) <u>Jurisdictional Questions</u>

    None.

5) <u>Questions Raised by Pending Motions</u>

    There are no pending motions.

6) <u>Issues of Law, Including Evidentiary Questions, together with Supporting Authority.</u>

    k. Are all the Defendants proper parties to each claim? *See, e.g. MassMarques v. Digital Equipment Corp.,* 637 F.2d 24 (1st Cir. 1980); *Gurry v. Cumberland Farms, Inc.*, 406 Mass. 615, 550 N.E.2d 127, 134 (1990); *Ames v. Whitman Chocolates, a division of Pet Inc.*, 57 FEP Cases 1301 (E.D.Pa. 1991); *Watson v. Gulf and Western Industries*, 650 F.2d 990 (9th Cir. 1981); *Davis v. Conn. Genl. Life Ins. Co.*, 743 F. Supp. 1273 (M. D. Tenn. 1990); *Spence v. Md. Casualty Co.*, 803 F. Supp. 649 (W. D. N.Y. 1992), *aff'd* 995 F.2d 1147 (2d Cir. 1993); *Jones v. Continental Corp.*, 35 FEP Cases 66 (M. D. Tenn. 1984), *aff'd* 785 F.2d 308 (6th Cir. 1986).

    l. Did Defendants violate Mass. Gen. Laws ch. 149, § 148A by paying plaintiffs their commissions when they became due and payable pursuant to the terms of their written contracts? Mass. Gen. Laws ch. 148, § 149; *Wiedman v. The Bradford Group, Inc.*, 444 Mass. 698, 831 N.E.2d 304, 309 (2005)(noting that Section 148's application to those paid on a commission basis is limited. It applies to the payment of commissions only when commissions are "definitely determined and have become due and payable.)

    m. Can Massaconi demonstrate that he "reasonably and in good faith believed the [employer] was engaged in wrongful discrimination," and the "[employer's] desire to retaliate against [him] was a determinative factor in its decision to terminate [his] employment*." Smith v. Winter Place LLC*, 447 Mass. 363, 364, 851 N.E.2d 417, 419 (Mass. 2006).

    n. Can Martin demonstrate that he "reasonably and in good faith believed the [employer] was engaged in wrongful discrimination," and the "[employer's] desire to retaliate against [him] was a determinative factor in its decision to terminate [his] employment*." Smith v. Winter Place LLC*, 447 Mass. 363, 364, 851 N.E.2d 417, 419 (Mass. 2006).

    o. Can Wise establish a *prima facie* case of race/color discrimination? *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 142, 120 S.Ct. 2097 (2000*); Melendez-Arroyo v. Cutler-Hammer de P.R. Col, Inc.,* 273 F.3d 30, 33 (1st Cir. 2001).

p. Can Defendants articulate a lawful reason for terminating Wise? *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142, 120 S.Ct. 2097 (2000); *Melendez-Arroyo v. Cutler-Hammer de P.R. Col, Inc.*, 273 F.3d 30, 33 (1st Cir. 2001).

q. Did Defendants terminate Wise because of her race and/or color? *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142, 120 S.Ct. 2097 (2000); *Melendez-Arroyo v. Cutler-Hammer de P.R. Col, Inc.*, 273 F.3d 30, 33 (1st Cir. 2001).

r. Can Wise establish that she engaged in protected activity within the meaning of Title VII and/or chapter 151B and that she was subjected to an adverse employment action because of her protected activity? *Lewis v. Gillette Co.,* 22 F.3d 22, 24 (1st Cir.1994).

7) <u>Requested Amendments to the Pleadings</u>

None.

8) <u>Additional Matters to Aid in Case Disposition</u>

*Summary judgment:* Defendants wish to file for summary judgment on all claims, and, therefore, request that the Court establish a briefing schedule. Defendants believe that summary judgment is particularly appropriate on the remaining class claim, which arises under Mass. Gen. Laws ch. 149, § 148A, Massachusetts Weekly Payment of Wages Act. Defendants note that plaintiffs have not alleged breaches of their contracts, rather their claim, to the best of Defendants' understanding, is that the Contracts that the class plaintiffs entered into with Defendant Patriot are somehow void as the result of the Act's existence.

*Separate Trials*: Should this matter proceed to trial in whole or part, Defendants intend to file a motion to separate the claims for trial.

9) <u>Probable Length of Trial and Whether Jury Trial</u>

Defendants do not anticipate a trial on the class claim, which is likely to be decided on summary judgment as it involves a question of law only.

Defendants anticipate Wise's trial to last 5-6 full days, Massaconi's trial to last 3-4 full days, and Martin's to last 2-3 full days.

10) <u>Names and Addresses of Trial Witnesses with Purpose of Testimony</u>

(Defendants previously have provided all names, titles and addresses to Plaintiffs' counsel. Defendants are in the process of updating the addresses of the witnesses set forth below and will provide any updated information to

    Plaintiffs' counsel in a timely manner.)

- B) Jon Borden
- C) Peter Corbin
- D) Denis Clavette
- E) Rebecca A. Foster
- F) Bonnie Gardner
- G) Michael Johnson
- H) James E. Lambert
- I) Gordon Leete
- J) Rod Lewis
- K) Faith Lippert
- L) Michael Massaconi
- M) Roger Martin
- N) David Mecurio
- O) J.P. Ottino, III
- P) Bruce Polansky
- Q) William Rauer
- R) Paul Stensland
- S) Lacrisha Wise

(Defendants reserve their right to supplement its witness list or call rebuttal witnesses.)

11) <u>Defendants' Exhibit List</u>

*The parties have exchanged preliminary exhibit lists, discussed some of the proposed exhibits, and have stipulated to the admissibility of some of the exhibits. The parties are still in the process of determining which, if any, exhibits are objectionable and will supplement their memorandum accordingly if any objectionable exhibits are identified.*

a. Memorandum dated 8/4/01 from Andrew Thompson, Payroll Department, to All Sales Staff re: Enforcement of Car Insurance Policy, signed by Lacrisha D. Wise. 2/9/02
b. Memorandum dated 2/8/02 from Bruce Polansky, Senior Vice-President, Sales, re: pay schedule, addressed to Wise, signed by Wise 2/8/02
c. Employee Agreement – Sales Representative, dated 2/8/02, between Wise and Patriot Resorts Corporation, signed by Wise
d. Memorandum to All Line Employees from Bruce Polansky dated 5/11/03 re: Dress code, signed by Wise
e. Gardner notes dated 2/5 – 5/24
f. 5/18/03 Memo to Wise from Lippert re: Dress Code (Wise dressed inappropriately b/c wearing spaghetti straps)
g. "Excused Absence Form" 3/29/03 from Wing Medical Unit indicating "child ill"
h. Vacation/Personal Days off, Wise (3/8 and 3/9), signed on 2/10/03
i. Pioneer Valley Pain Mgt., dated 5/29/03, re: Wise

10

j.  5/16/03 letter from Candace Jones, M.S. W., Mercy Care Center re: Wise
k.  5/12/03 letter from Candace Jones, M.S. W., Mercy Care Center re: Wise
l.  4/29/03 letter from Theresa Smith, M.S. W., Mercy Care Center re: Wise
m.  Excused Absence Form, 4/11/03, re: Wise's sick daughter, signed by Asha Sindwani, MD
n.  1/30/03 Note from Wing Memorial re: Wise 2/2-2/3
o.  2/30/03 Note from Wing Memorial re: Wise return to work 2/4/03
p.  Pioneer Valley Pain Mgt. Work note dated 1/17/03 re: Wise
q.  Documents reflecting Wise, Martin and Massaconi's unemployment compensation earned (Statement of Benefit Charges) subsequent to employment with Patriot
r.  Notes regarding Wise's attendance and tardiness dated 1/3/03 through 4/6/03
s.  Wise Attendance 2002
t.  Employee Handbook 2001
u.  Employee Handbook 2004
v.  HR report form
w.  12/21/01 Memo from Barbara Arnold to Faith Lippert, Subject "rotation"
x.  Attendance Detail Report for Wise
y.  August 6, 2001 Memorandum from Polansky to Massaconi re: Commission Structure, signed by Massaconi 8/6/01
z.  Employment Agreement-Sales Representative, 8/5/01, signed by Massaconi
aa. Memorandum to All Line Employees from Bruce Polansky dated 5/11/03 re: Dress code, signed by Massaconi
bb. Employee Acknowledgement Form by Massaconi, 8/5/01
cc. Receipt of Handbook and Acknowledgment of Policies, signed by Massaconi 8/5/01
dd. 7/12/04 Memo to Massaconi from Rod Lewis re: Manager's Sales Performance (re: off probation)
ee. Undated Memo to Massaconi from Lewis, signed by Macaroni, 7/11/04 re: Manager's Sales Performance  (re: 30-day warning regarding sales ratios)
ff.  Salesman Rotation Report, Dated 7/11/04
gg. Acknowledgement of Harassment Policy signed by Massaconi 8/5/01
hh. Massaconi tax returns and income documents for years 2002-present
ii.  Customer and Bonus Sales Market Reports from 1/1/01 – 3/05
jj.  Vacation Village in the Berkshires Overage Policy
kk. Memo to Rod Lewis, Line Director's [sic] & All Managers, from Bill Rauer, 12/4/04
ll.  Attendance Detail Report for Massaconi
mm.    Customer and Sales Market Reports for Massaconi (8/6/01-3/5/05; 12/5/04-1/5/05; 12/5/04-2/5/05;12/5/04-3/5/05;5/1/05-3/5/05;10/30/04-3/5/05;8/30/04-10/30/04;7/30/04-10/30/04
nn. Incident Report dated 10/30/04 reflecting Massaconi's demotion from Sales Manager to Sales Representative
oo. 3/4/05 Change of Employment Form re: Massaconi's last day of employment
pp. Uniform Policy for Sales Managers'  Sales Performance dated 7/11/04, signed by Massaconi and others

qq. Employment Agreement – Sales Representative dated 8/6/01 between Martin and Patriot
rr. 8/6/01 Memorandum to Martin from Polansky re: pay schedule from 8/6/01 through 12/31/01
ss. Letter from Melvin Castle dated 10/4 to Roger
tt. 10/5/02 letter from Melvin Castle, addressed to "sir" re: Roger Martin with envelope addressed to "Director of Sales"
uu. 10/11/02 note signed by Gordon Leete and Rod Lewis regarding Martin's need to continue anger management counseling
vv. 9/10/04 note signed by Rod Lewis reflecting Martin throwing legal pad down and being sent home
ww. Acknowledgement of Harassment policy signed by Martin 8/5/01
xx. 11/3/02 Memorandum to all sales staff from Lewis re: Company attendance policy, signed by Martin
yy. Good business dates 8/7/01 – 1/3/06 (doc bates stamped 3400-3406)
zz. 12/21/01 Memorandum to Faith Lippert from Barbara Arnold re: Rotation
aaa. 6/8/03 Memo to "Faith" from "Paul" re: Wise
bbb. 11/21/01 Memorandum to All Sales Office Personnel from Becky Foster re: Policies'

(Defendants reserve their right to supplement this exhibit list.)

Respectfully submitted,

   /s/ Marylou Fabbo
Marylou Fabbo, Esq.
BBO No. 566613
Counsel for Defendants
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts  01144
Dated: February 12, 2007   Tel. (413) 737-4753/Fax: (413) 787-1941


CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Defendants' Pre-Trial Memorandum* was served upon the attorney of record for each other party electronically, on February 12, 2007.

   /s/ Marylou Fabbo
Marylou Fabbo, Esq.