UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO.  04-CV-30091-MAP

|  |  |
|---|---|
| LACRISHA WISE, MICHAEL MASSACONI, ROGER MARTIN and PETER CORBIN, on behalf of themselves and on behalf of others who are similarly situated, | : : : : : : |
| Plaintiffs, | : : |
| v. | : : |
| PATRIOT RESORTS CORP., THE BERKLEY GROUP, INC., MARC J. LANDAU,  J.P. OTTINO, III REBECCA A FOSTER. and JAMES E. LAMBERT, | : : : : : |
| Defendants. | : : |

**PLAINTIFFS' CORRECTED PRETRIAL MEMORANDUM**

1.     **CONCISE SUMMARY OF THE EVIDENCE**

   a.     **Plaintiffs' Concise Summary of the Evidence**

   The plaintiffs, time share salespeople and sales managers at the Vacation Village resort in western Massachusetts, have one remaining class claim in the case, the failure of the defendants to pay timely wages under state law.  They will show that the defendants routinely paid commissions many months after they were earned by the plaintiffs, and often, recouped the commissions earned by, and paid to, the plaintiffs when, among other things,  a loan made to a time-share customer was in default.

Additionally, three of the named plaintiffs have individual claims against the defendants.  Plaintiff Lacrisha Wise will show that she suffered disparate treatment in violation of federal and state law, by her supervisors based upon her race, including in her evidence that company policies were enforced in a discriminatory manner against her, and that she was routinely penalized for actions taken by her, when actions taken by white employees yielded no such penalties.  She will also show that she was terminated by the defendants in retaliation for asserting her rights to be free from discrimination at her workplace, in violation of federal and state law.

Plaintiff Roger Martin will introduce evidence showing that he was fired by the defendants on two occasions because he opposed the defendants' policies of failing to pay him for hours worked in a timely manner, constituting retaliation under the state wage and hour laws and the Federal Fair Labor Standards Act.  Plaintiff Michael Massaconi will show that he also opposed the defendants' illegal wage and hour practices and was adversely affected by the actions taken against him as a result, including failure to promote him, decreasing his wages, and demoting him, resulting in a violation of state law and the anti-retaliation provision of the Federal Fair Labor Standards Act.

**b.    Defendants' Concise Summary of the Evidence**

**2.  FACTS ESTABLISHED BY THE PLEADINGS OR BY STIPULATION**

**A.  PLAINTIFF'S STATEMENT OF FACTS**

**4.    JURISDICTIONAL QUESTIONS**

None.

5. **PENDING MOTIONS**

Summary judgment motion will be filed on state wage and hour law claim.

6. **ISSUES OF LAW**

    a.   **Plaintiff's Issues of Law**


    b.   **Defendant's Issues of Law**

7. **REQUESTED AMENDMENTS TO PLEADINGS**

None.

8. **ADDITIONAL MATTERS**

Potential Motions in Limine are to be filed before the commencement of trial.

9. **PROBABLE LENGTH OF TRIAL**

Ten days.

10. **WITNESSES**

    a.   **Plaintiff's Witnesses**

LaCrisha Wise, plaintiff
c/o Heisler, Feldman, McCormick & Garrow, P.C.
1145 Main Street, Suite 508
Springfield MA  01103

      Her background, tenure with and service with defendants, actions taken against her by the defendants constituting retaliation and discrimination, resulting harm to Ms. Wise, late and recouped payments made by the defendants to her.

Roger Martin, plaintiff
c/o Heisler, Feldman, McCormick & Garrow, P.C.
1145 Main Street, Suite 508
Springfield MA  01103

His background, tenure with and service with defendants, actions taken against him by the defendants constituting retaliation and discrimination, resulting harm to Mr. Martin, late and recouped payments made by the defendants to him.

Michael Massaconi, plaintiff
c/o Heisler, Feldman, McCormick & Garrow, P.C.
1145 Main Street, Suite 508
Springfield MA  01103

His background, tenure with and service with defendants, actions taken against him by the defendants constituting retaliation and discrimination, resulting harm to Mr. Massaconi, late and recouped payments made by the defendants to him.

Peter Corbin, plaintiff
c/o Heisler, Feldman, McCormick & Garrow, P.C.
1145 Main Street, Suite 508
Springfield MA  01103

His background, tenure with and service with defendants, late and recouped payments made by the defendants to him.

All current and former employees of the defendants provided in discovery by the defendants, including but not limited to the employees who received payment from the class settlement of the state claims for overtime and unpaid minimum wage

Late payment and recouped payments made by the defendants in violation of state wage and hour laws, and evidence concerning the actions of the defendants against Ms. Wise, Mr. Massaconi, and Mr. Martin.

Rod Lewis
Employee of defendants

Facts relating to plaintiffs' employment and termination therefrom; facts relating to earned commissions, untimely paid earned commissions, retaliation and resultant discrimination; failure to allow plaintiff Wise to return to work; benefits and policies of company.

Faith Lippert
Employee of defendants

Facts relating to plaintiffs' employment and termination therefrom; facts relating to earned commissions, untimely paid earned commissions and retaliation; failure to allow plaintiffs to return to work; benefits and policies of company.

William Rauer
Employee of defendants

Facts relating to plaintiffs' employment and termination therefrom; facts relating to earned commissions, untimely paid earned commissions and retaliation; failure to allow plaintiffs to return to work; benefits and policies of company.

Paul Stensland
Employee of defendants

Facts relating to plaintiffs' employment and termination therefrom; facts relating to earned commissions, untimely paid earned commissions and retaliation; failure to allow plaintiffs to return to work; benefits and policies of company.

Marc J. Landau
Employee of defendants

Facts relating to plaintiffs' employment and termination therefrom; facts relating to earned commissions, untimely paid earned commissions and retaliation; failure to allow plaintiffs to return to work; benefits and policies of company.

J.P. Ottino, II
Employee of defendants

Facts relating to plaintiffs' employment and termination therefrom; facts relating to earned commissions, untimely paid earned commissions and retaliation; failure to allow plaintiffs to return to work; benefits and policies of company.

Rebecca A. Foster
Employee of defendants

Facts relating to plaintiffs' employment and termination therefrom; facts relating to earned commissions, untimely paid earned commissions and retaliation; failure to allow plaintiffs to return to work; benefits and policies of company.

James E. Lambert
Employee of defendants

Facts relating to plaintiffs' employment and termination therefrom; facts relating to earned commissions, untimely paid earned commissions and retaliation; failure to allow plaintiffs to return to work; benefits and policies of company.

Gary Campagna
Employee of defendants

Facts relating to plaintiffs' employment and termination therefrom; facts relating to earned commissions, untimely paid earned commissions and retaliation; failure to allow plaintiffs to return to work; benefits and policies of company.

Robert Campagna
Employee of defendants

Facts relating to plaintiffs' employment and termination therefrom; facts relating to earned commissions, untimely paid earned commissions and retaliation; failure to allow plaintiffs to return to work; benefits and policies of company.

Michael Campagna
Employee of defendants

Facts relating to plaintiffs' employment and termination therefrom; facts relating to earned commissions, untimely paid earned commissions and retaliation; failure to allow plaintiffs to return to work; benefits and policies of company.

Mark LePine
Employee of defendants

Facts relating to plaintiffs' employment and termination therefrom; facts relating to earned commissions, untimely paid earned commissions and retaliation; failure to allow plaintiffs to return to work; benefits and policies of company.

Bonnie Gardner
Former employee of defendants

Facts relating to plaintiffs' employment and termination therefrom; facts relating to earned commissions, untimely paid earned commissions and retaliation; failure to allow plaintiffs to return to work; benefits and policies of company.

Gordon Leete
Mortgage broker, 138 Berkshire Drive, Williamstown 01267, 413-458-2496

Facts relating to plaintiffs' employment and termination therefrom; facts relating to earned commissions, untimely paid earned commissions and retaliation; failure to allow plaintiffs to return to work; benefits and policies of company.

Jon Borden
Employee of defendants

Facts relating to plaintiffs' employment and termination therefrom; facts relating to earned commissions, untimely paid earned commissions and retaliation; failure to allow plaintiffs to return to work; benefits and policies of company.

Charles Harrigan
Employee of defendants

Facts relating to plaintiffs' employment and termination therefrom; facts relating to earned commissions, untimely paid earned commissions and retaliation; failure to allow plaintiffs to return to work; benefits and policies of company.

William Lee
Employee of defendants

Facts relating to plaintiffs' employment and termination therefrom; facts relating to earned commissions, untimely paid earned commissions and retaliation; failure to allow plaintiffs to return to work; benefits and policies of company.

Kenneth Flanders
Employee of defendants

Facts relating to plaintiffs' employment and termination therefrom; facts relating to earned commissions, untimely paid earned commissions and retaliation; failure to allow plaintiffs to return to work; benefits and policies of company.

Jerry Stimple
Employee of defendants

Facts relating to plaintiffs' employment and termination therefrom; facts relating to earned commissions, untimely paid earned commissions and retaliation; failure to allow plaintiffs to return to work; benefits and policies of company.

Bruce Polansky
Employee of defendants

Facts relating to plaintiffs' employment and termination therefrom; facts relating to earned commissions, untimely paid earned commissions and retaliation; failure to allow plaintiffs to return to work; benefits and policies of company.

Larry Conklin
Employee of defendants

Facts relating to plaintiffs' employment and termination therefrom; facts relating to earned commissions, untimely paid earned commissions and retaliation; failure to allow plaintiffs to return to work; benefits and policies of company.

Chelsea Wright
Tishana Wright

Michael Johnson 2082 Page Boulevard, Springfield

Facts relating to LaCrisha Wise's employment and termination there from; facts relating to the claims asserted by her including but not limited to earned commissions, untimely paid earned commissions and discrimination and retaliation against her; failure to allow her to return to work; benefits and policies of company and her emotional distress relating to the discrimination and retaliation by the defendants

Mona Johnson – 788-8392

Emotional distress of LaCrisha Wise relating to discrimination and retaliation by the defendants

Charlene Wheeler – 219-9003

Emotional distress of LaCrisha Wise relating to the discrimination and retaliation by the defendants

Anne Massaconi-210 Schoolhouse Road, W. Lebanon NY 12125
Facts relating to plaintiffs' employment and termination therefrom; facts relating to earned commissions, untimely paid earned commissions and retaliation; emotional distress damages claimed by Michael Massaconi

Michele Bissett, health care supervisor, Pittsfield MA, 413-395-7838

Facts related to Roger Martin's emotional distress damages, and to earned commissions, untimely paid earned commissions and retaliation;

Michael Webber, sales and finance manager, 8 Elm Street, Pittsfield, MA 413-281-5738

Facts related to Roger Martin's emotional distress damages, and to earned commissions, untimely paid earned commissions and retaliation;

> Plaintiffs reserve the right to call the defendants' witnesses and to amend this list as allowed by the Court.

      **b.**     **Defendant's Witnesses**

**11.**    **PROPOSED EXHIBITS**

      **a.**     **Uncontested Exhibits**

**b.     Contested Exhibits**

1.     Payroll records for all employees of defendants at Vacation Village in the Berkshires from opening to the present;

2.     Detailed Salesman Commission Reports for all employees of defendants at Vacation Village in the Berkshires from opening to the present;

3.     Written policies and policy manuals containing rules and regulations of the defendants in operation at or applicable to those employees Vacation Village in the Berkshires including but not limited to employee handbooks, "Leaders Lead" manual;

4.     Employment agreements for all sales representatives and sales managers at Vacation Village in the Berkshires from opening to the present;

5.     Commission pay structure agreements for all sales representatives and sales managers at Vacation Village in the Berkshires from opening to the present;

6.     "Good Business" documents for all sales representatives and sales managers at Vacation Village in the Berkshires from opening to the present;

7.     Salesmen ledger reports for all sales representatives and sales managers at Vacation Village in the Berkshires from opening to the present;

8.     Electronic mail from Rebecca Foster to Faith Lippert of 6/9/03;

9.     Car insurance policy and documents relating thereto;

10.     Documents setting forth the defendants' commission structure or pay schedule for all sales representatives and sales managers at Vacation Village in the Berkshires from opening to the present;

11.     May 18, 2003 Memo to LaCrisha Wise regarding dress code and May 19, 2003 memos to file regarding Wise complaints of discrimination;

12.     Documents relating to the Employee Stock Ownership Plan;

13.     Million Dollar Rings and paperwork relating to same of defendants' salesmen and sales managers including LaCrisha Wise, Michael Massaconi and Roger Martin;

14.     Harassment Complaint procedure signed by LaCrisha Wise;

15.     Documents of LaCrisha Wise, Michael Massaconi and Roger Martin relating to earnings at positions held since termination from the defendants;

16.     Automobile insurance coverage selection page and registration belonging to Joe Wise;

17.     Automobile insurance coverage information for other employees of the defendants for the time that Ms. Wise was employed by the defendants;

18.     Journal notes of LaCrisha Wise;

19.     Journal and other handwritten notes of Michael Massaconi;

20.     Documents of LaCrisha Wise, Michael Massaconi and Roger Martin relating to efforts to obtain subsequent employment since termination from the defendants;

21.     Closing Reports for all employees of defendants at Vacation Village in the Berkshires from opening to the present;

22.     Salesman Rotation Reports and morning rotation sheets from opening to the present;

23.     Salesman Ledger Reports for all sales representatives and sales managers at Vacation Village in the Berkshires from opening to the present;

24.     Various Vacation Village Worksheet for all sales representatives and sales managers at Vacation Village in the Berkshires from opening to the present;

25.     Detailed Sales Manager Commission Reports for all employees of defendants at Vacation Village in the Berkshires from opening to the present;

26.     "Patriot/ Berkshires" Salary Worksheet for all sales representatives and sales managers at Vacation Village in the Berkshires from opening to the present;

27.     "Commission Record" for all sales representatives and sales managers at Vacation Village in the Berkshires from opening to the present;

28.     All documents not otherwise identified that reflect any charge backs made against any commission already paid for all sales representatives and sales managers at Vacation Village in the Berkshires from opening to the present;

29.     All documents not otherwise identified that reflect any method in which a timeshare customer paid for any timeshare sold by any or all sales representatives and sales managers at Vacation Village in the Berkshires from opening to the present;

30.     Handwritten notes of Roger Martin relating to events of 5/13/03 and 5/17/03;

31.     Employee Information form dated 5/13/03 relating to Roger Martin;

32.     Attendance Detail reports of employees including William Lee and William Steele;

33.     Rotation policy of 12/21/01 and rotation related documents;

34.     Customer directory – all customers sold by any or all sales representatives and sales managers at Vacation Village in the Berkshires from opening to the present;

35.     Ten steps to success and Tour Presentation book;

36.     Documents produced relating to sales manger performance;

The plaintiffs reserve the right to amend this list as permitted by the Court and use the defendants' and additional exhibits as may become necessary for substantive or impeachment purposes.

Respectfully submitted,

THE PLAINTIFFS
By their Attorneys,

/s/ Suzanne Garrow
Suzanne Garrow, Esq.
BBO# 636548
Joel Feldman, Esq.
BBO # 552963
Heisler, Feldman, McCormick
    & Garrow, P.C.
1145 Main Street, Suite 508
Springfield, MA 01103
(413) 788-7988

CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF).

    /s/ Suzanne Garrow
        Suzanne Garrow