# EXHIBIT
# 1

REVELLA HARMON

v.

MALDEN HOSPITAL

Docket No. 96-BEM-1146

*January 31, 1997*
*Charles E. Walker, Jr., Investigating Commissioner*

### ORDER

This matter came before me on: Respondent's motion for a protective order; and Complainant's August 1996 motion, not yet acted upon, to amend her charge to add a claim against Joseph Gravel MD and to add a claim of discrimination based upon disability.

### 1. Protective Order

After review of the investigative needs of the Commission in this matter, and the legitimate business interests of the Respondent in maintaining confidentiality of the materials, I direct that a protective order issue making such materials confidential as to the general public. The materials include all filings of the Respondent which identify third parties by name. Respondent should note however, that this order is subject to renewal if this matter proceeds to a public hearing. Therefore, during the pendency of this matter before me as investigating commissioner, materials submitted by Respondent in its position statement are subject to this order of confidentiality. Since the materials pertain directly to alleged comparators, it is in the interest of the Commission to allow the Complainant to view such data. Therefore, Complainant may review such materials but may not disclose them to third parties excepting her attorney. Violations of this order may subject the offending party to appropriate sanctions, including dismissal of the claim altogether.

### 2. Motion to Amend

As to paragraphs 1 and 2 of the motion to amend, the individual named by the Complainant in her motion to amend is not alleged to be her employer and so it is only under the provisions of G.L. c.151B, s.4 (4), (4A) and (5) that claims may proceed against individuals. These provisions read in part as follows:

[it is an unlawful practice]:

> 4(4) For any **person**, employer, labor organization or employment agency to discharge, expel or otherwise discriminate against any person because he has opposed any practices forbidden under this chapter or because he has filed a complaint, testified or assisted in any proceeding under section five.

> 4(4A) For any **person** to coerce, intimidate, threaten, or interfere with another person in the exercise or enjoyment of any right granted or protected by this chapter, or to coerce, intimidate, threaten or interfere with such other person for having aided or encouraged any other person in the exercise or enjoyment of any such right granted or protected by

> 4(5). For any **person, whether an employer or an employee or not**, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter or to attempt to do so.

(emphasis added)

To the extent that Complainant argues that the amendment is proper since "persons" as opposed to "employers" may be found liable in their individual capacity, Complainant has properly stated a rule of liability drawn from these sections of G.L. c.151B. The application of such rule is, however, not subject to easy articulation. The Supreme Judicial Court has not yet spoken to the issue of personal liability under G.L. c.151B in any manner which clearly delineates the evidentiary standards necessary to demonstrate liability. While the MCAD has in the past spoken to the question in somewhat oblique terms, there is some discussion in Massachusetts decisional law which is helpful.[1]

A claim that an individual is liable under the chapter is a claim which on its face seeks to establish accessory liability. That is, while as here the individual is not alleged to be the "employer" the allegation which is necessary to hold the individual liable is that he/she: retaliated (see sec. 4(4)); coerced, intimidated, threatened or interfered (see sec. 4(4A)); or, aided, abetted, incited, compelled or coerced (sec. 4(5)) in the doing of certain acts specified in those provisions.

Accessory liability, while more familiarly a concept in the criminal law, also has a footing where the alleged wrong is a civil wrong. *Planned Parenthood League of Mass v. Blake*, 471 Mass.467, 481 (1994). In *Planned Parenthood*, the SJC was confronted with an issue not too unlike the issue which might be presented at the MCAD in an "aiding and abetting" case. There, acting under the Massachusetts Civil Rights Act (MCRA), G.L. c. 12 §§11H, 11L, a superior court judge issued an injunction which included a clause barring the defendants from "aiding and abetting" directly or indirectly any persons who engaged in any of the acts made unlawful under the injunction. The Court noted that:

> Because intentional conduct is the measure of a violation of the MCRA...proof of a violation of the aiding or abetting prohibition of [the injunction] will require a showing of a defendant's intention to assist intentional conduct violative of [other provisions of the injunction]...

*Planned Parenthood v. Blake, supra* at 481.

The Court also noted that aiding and abetting requires proof that the defendant knew of its substantial supporting role in an unlawful enterprise, and that any violator of the prohibition against aiding or abetting in the injunction must share the mental state of the principal violator. See also *Kyte v. Philip Morris Inc*, 408 Mass 162, 168-169 (1990), *Deas v. Dempsey*, 403 Mass. 468, 471 (1988), *Commonwealth v. Sylvester*, 400 Mass 334, 339, n.6 (1987), *Redgrave v. Boston Symphony Orchestra, Inc.*, 399 Mass 93, 99 (1987), and *Commonwealth v. Richards*, 363 Mass. 299, 307-308 (1973). While these principles have not been discussed within the context of G.L. c.151B, I believe that the concepts are easily transferrable to fact patterns involving employment discrimination claims. The principles appear equitable, have rational public policy underpinnings, and I adopt them.

Thus, in order to prevail on a claim of personal liability under G.L. c.151B, §§4(4),4(4A) or 4(5) a complainant must demonstrate that a wholly individual and distinct wrong was committed by the proposed or named individual respondent(s). This wrong must be separate and distinct from the claim in main. See e.g., *Davis v. City of Chelsea*, 3 MDLR 1335, 1377 (1981). Further, the complainant must provide credible evidence that the aider or abetter shared an intent to discriminate not unlike that of the alleged principal offender, and that the aider or abetter knew of his or her supporting role in an enterprise designed to deprive an individual of a right guaranteed him or her under G.L. c.151B. Negligent acts or omissions such as a negligent failure to investigate a claim while possibly rendering the employer liable under various theories, do not in and of themselves operate to render the (e.g.) human resources manager personally liable. There must exist direct evidence of the intent referred to herein, or sufficient circumstantial evidence to permit a reasonable fact finder to conclude that the aider/abettor possessed the requisite intent and knowledge of the unlawful enterprise to render himself or herself liable under an accessory liability theory.

In this case, the Complainant states that she was treated more harshly by the individual, but does not provide evidence that the individual was motivated by an intent to retaliate against her, or to aid or abet the primary respondent, the hospital, in promoting a scheme which was premised upon unlawful and prohibited motivations. This being the case, the Complainant cannot at this point in time amend her claim since she cannot articulate a *prima facie* case of individual liability. Complainant has 14 days from the date of receipt of this order to refile her request to amend with a more specific statement of facts which she believes demonstrates that the individual who is proposed to be brought into this matter and who is proposed to be personally and individually liable to her, in fact was motivated by unlawful considerations. I will revisit the issue upon receipt of such information.

As to paragraph 3 of the motion to amend, Complainant seeks to add a count of disability discrimination. Her claim is that she was subject to disability discrimination but she provides no specifics. Since her motion to amend was filed within 6 months of the alleged wrong, I allow it as a technical amendment, with the proviso however that she forthwith submit a more specific statement indicating: the nature of the disability; the nature of the alleged act of discrimination (whether it be failure to accommodate or unlawful termination etc.); the specifics if she did seek accommodation; and, the evidence which she believes demonstrates that the Respondent hospital acted with unlawful consideration of her disability.

I reserve judgment on the motion to amend pending receipt of such further information. Such information should be submitted directly to: George Napolitano, General Counsel, MCAD, Rm 601, 1 Ashburton Place, Boston, MA 02108, within 14 days of receipt of this order. Copies of all such information shall be submitted to opposing counsel as well.

SO ORDERED this 31st day of January, 1997

\* \* \* \* \* \*

---

1. In this regard I would also note that federal law is not useful in this area since Title VII, Title VIII, the ADEA and the ADA contain no analogous provision.