UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WISE ET AL.,

                Plaintiffs,

vs.

PATRIOT RESORTS CORP. ET AL.,

                Defendants.

Civil Action No. 04-30091-MAP

### DEFENDANTS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED REGARDING COUNT VI – MASSACONI'S INDIVIDUAL CLAIM FOR RELIEF: RETALIATION IN VIOLATION OF MASS. GEN LAWS CH. 149, § 148A

1. Defendant Patriot Resorts Corporation ("Patriot"), which is located in Lanesborough, Massachusetts, owns and sells timeshare interests at Vacation Village in the Berkshires ("Vacation Village"). Vacation Village is located in Hancock, Massachusetts (Affidavit of Faith Lippert ("Lippert Aff."), Exhibit ("Ex.") 1, ¶ 3)

2. Faith Lippert is and has been the Office Manager and Human Resources Representative of Patriot and has worked at the Lanesborough location since the company opened in 2001.[1] (Deposition Transcript of Faith Lippert ("Lippert") pp. 8-9)

3. Patriot is a wholly-owned subsidiary of the Defendant The Berkley Group, Inc. ("Berkley"), which is a foreign corporation headquartered in Fort Lauderdale, Florida. In addition to Patriot, Berkley has several other wholly-owned subsidiaries in different states. (Deposition Transcript of Rebecca A. Foster ("Foster") pp. 10-12, 21)

4. Defendant Rebecca A. Foster ("Foster") at all relevant times was President of both Patriot and Berkley. Foster at all relevant times has resided and

---

[1] True and accurate copies of the deposition transcripts referenced herein are attached as follows: Ex. 2 – Faith Lippert; Ex. 3 - Rebecca A. Foster; Ex. 4 – Michael Massaconi; Ex. 5 – Rodney Lewis; Ex. 6 – Wiliam Rauer.

      worked for Berkley in Florida.  Foster has been employed with Berkley for 32 years.  (Foster pp. 7, 28)

5. Defendant Marc J. Landau ("Landau"), at all relevant times was Treasurer of both Patriot and Berkley and was Chief Financial Officer of Berkley.  Landau at all relevant times has resided and worked for Berkley in Florida.  (Foster pp. 13, 19, 28)

6. Defendant J.P. Ottino, III ("Ottino") at all relevant times was a Vice President – Corporate Acquisitions of Berkley and a Director and Vice President of Patriot.  Ottino at all relevant times has resided and worked for Berkley in Florida.  (Foster pp. 13, 28)

7. Defendant James E. Lambert ("Lambert") at all relevant times was Chairman of the Board and CEO of Berkley, only.  Lambert at all relevant times has resided in Florida and has worked on a part-time basis providing sales and marketing expertise to Berkley's Board of Directors.  (Foster pp. 13-14)

8. Plaintiff Michael Massaconi ("Massaconi") was hired as a Timeshare Sales Representative for Patriot on August 6, 2001.  (Lippert Aff. ¶ 4; Deposition Transcript of Michael Massaconi ("Massaconi") p. 17)

9. Massaconi signed an employment agreement with Patriot.  (Massaconi pp. 43-44)

10. William Rauer ("Rauer") was Senior Project Director for Tower Resort Realty ("Tower").  He was not employed by Patriot.  As Senior Project Director for Tower, he oversaw the sales operations and sales personnel of Vacation Village in the Berkshires.  (Deposition Transcript of William Rauer ("Rauer") pp. 6-8)

11. On July 19, 2002, Rauer promoted Massaconi to the position of Sales Manager.  (Lippert Aff. ¶ 4; Deposition Transcript of Michael Massaconi ("Massaconi") pp. 14-15)

12. During Massaconi's employment, Rodney Lewis ("Lewis") was Patriot's Project Director.  (Lippert Aff ¶ 5; Deposition of Rodney Lewis ("Lewis") p. 7)

13. During Massaconi's employment, Gordon Leete ("Leete") was a Line Director at Patriot and reported to Lewis.  (Lippert Aff. ¶ 5)

14. In accordance with Patriot's Uniform Policy for Sales Managers Sales Performance, on July 11, 2004, Rauer put Massaconi on Probation due to his poor sales ratios.  (Lippert Aff, Exs. A, B; Massaconi pp. 46-47; Rauer pp. 73-75)

2

15. Massaconi was taken off of Probation as soon as his sales ratios improved. (Lippert Aff, ex. C; Massaconi pp. 46-48)

16. Massaconi's sales ratios declined again, and in September 2004, Rauer demoted Massaconi from Sales Manager to Sales Representative. (Massaconi pp. 45-46, 50-51; Rauer pp. 69-70)

17. Massaconi did not feel his sales numbers were sufficient at the time of his demotion. (Massaconi p. 51)

18. Other Sales Managers also were demoted due to poor sales ratios. (Massaconi p. 51; Rauer pp. 78-79)

19. Bonnie Ecklund ("Ecklund") was the only other sales representative at Patriot whose sales record was worse than Massaconi's. (Massaconi pp. 58-59; Rauer pp. 81-82)

20. On March 4, 2005, Rauer terminated Ecklund and Massaconi due to their poor sales ratios. (Lippert Aff. ¶ 7; Massaconi p. 59; Rauer pp. 67-68)

21. Massaconi brought his employment related concerns to Lippert, Leete, Lewis, and Rauer. (Massaconi pp. 22-23, 31-33)

22. Massaconi never spoke with Foster or contacted her regarding any employment-related issues. (Massaconi pp. 55-56, 71, 74)

23. At the time of Massaconi's demotion and termination, Rodney Lewis was not aware that Massaconi had filed a lawsuit against Patriot or had filed a complaint with the Massachusetts Attorney General. (Lewis pp. 57-58, 153)

24. Lewis was not involved in Massaconi's termination. (Lewis pp. 53-54)

25. Massaconi alleges that Lewis told him "there was talk" that Patriot was trying to get rid of people who filed a lawsuit against the company. (Second Amended Complainant, ¶67)

26. Patriot has no recollection of receiving any complaint on Massaconi's behalf from the Office of the Attorney General that involved a claim for retaliation in violation of the Massachusetts Wage Act. (Lippert Aff. ¶ 6)

27. Foster was not involved in any way with Massaconi's termination. (Foster p. 128)

3

                Respectfully submitted,

                <u>/s/ Kimberly A. Klimczuk</u>
                Kimberly A. Klimczuk, Esq.
                BBO No. 660973
                Counsel for Defendants
                Skoler, Abbott & Presser, P.C.
                One Monarch Place, Suite 2000
                Springfield, Massachusetts 01144
Dated: April 16, 2007      Tel. (413) 737-4753/Fax: (413) 787-1941

## CERTIFICATE OF SERVICE

  I hereby certify that a true and accurate copy of the foregoing *Defendants' Statement of Undisputed Facts as to which there is no Genuine Issue to be Tried regarding Count VI- Massaconi's Individual Claim for Relief: Retaliation in Violation of Mass. Gen. Laws Ch. 149, §148A* was served upon the attorney of record for each other party electronically, on April 16, 2007.

                <u>/s/ Kimberly A. Klimczuk</u>
                Kimberly A. Klimczuk, Esq.