UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 04-CV-30091-MAP

| | |
|---|---|
| LACRISHA WISE, MICHAEL MASSACONI, ROGER MARTIN and PETER CORBIN, on behalf of themselves and on behalf of others who are similarly situated, | : : : : : : : |
| Plaintiffs, | : : |
| v. | : : |
| PATRIOT RESORTS CORP., THE BERKLEY GROUP, INC., MARC J. LANDAU, J.P. OTTINO, III REBECCA A FOSTER. and JAMES E. LAMBERT, | : : : : : |
| Defendants. | : : |

SUPPLEMENTAL AFFIDAVIT OF MICHAEL MASSACONI

1.My name is Michael Massaconi and I am one of the plaintiffs in this case.

2.From August, 2001 to February 28, 2005, I worked for the named defendants in this case (the named defendants collectively will be referred to as "Patriot Resorts Corporation").

3.While I worked for Patriot Resorts Corporation, I was employed as a sales person, selling time shares at the resort known as Vacation Village in the Berkshires ("Vacation Village").

4.During my employment at Vacation Village, I was paid at a rate of ten percent commissions for the first ten weeks. I was paid a sign on bonus for my first few weeks. After that introductory period of wages and bonus pay, I was paid eight percent

commission on my "closed sales", and at times, 1.5% to 3% as a sales manager for my work on a purchase, and I was paid no weekly wages other than those commissions.

5. According to my contract with Vacation Village, I earned my commission upon the closing of a sale.

6. A "closing" occurred in the case of financed sales, when a customer had made her/his deposit, the rescission periods had passed, and the company began to have access to the customer's funds and interest.

7. Patriot Resorts had an exception to payment of commissions after a financed sale "closing" occurred—a commission for a salesperson was not considered "earned" until the customer had made three consecutive and timely payments after the closing.

8. This meant that a sales person would not be paid their commission when, for example, a customer made two timely payments, but missed the third, and continued making payments in this pattern (two timely payments, one untimely) for many months.

9. On some of my sales, I did not receive a commission from Patriot Resorts until many months after I had closed the sale of a time share with a customer, rather than the twenty-one (21) day delay I expected under the standard Patriot Resort policy.

10. For example, I sold a time share to a purchaser on August 30, 2003, for which I was to receive a $149.85 commission for my work.

11. I received my payment eight months after the sale, after April 30, 2004. A redacted copy of my commission report showing this sale is attached as Exhibit 1 to this Affidavit.

12. On at least three other occasions, I received a check from the defendants more than two hundred days after the sale of a time share, and on at least nine other occasions I received a check from the defendants more than six months after I closed a deal.

13. As noted above, I separated from my job at Vacation Village in February, 2005, but I received a check from the defendants last year, some time after February, 2006, in the amount of $110, more than one year after the sale of the time share.

14. Patriot Resorts has garnished my commissions during my employment, through a process they called a "commission charge back".

15. A "charge back" could occur, according to the employment contract used by the defendants, when a buyer did not make "three timely monthly payments from the date the first payments [were] due," and the mortgage/notes of the buyer were considered "non-performing".

16. Patriot Resorts would then pay themselves back from future commissions owed to me.

17. The company promised that they would make the reimbursements "immediately after the Company receive[d] notice" of the lack of these first three timely payments by a purchaser, according to the contract.

18. Despite this promise, I was charged back a commission that I had received and paid taxes on, years after the closing.

19. For example, I sold a time share on February 22, 2002 for which I earned an eight percent commission of $872, but the defendants charged back my commission on November 22, 2004, two years later. I was never paid this commission again,

although I paid taxes on the commission. A redacted copy of my commission report showing this charge back is attached as Exhibit 2 to this Affidavit.

20. On November 16, 2004, I was charged back $632 on an eight percent commission for a sale closed on March 30, 2002, almost three years after I earned it, and years after I had paid taxes on this commission. *Id.*

21. On or about November 20, 2004, in total, I was charged back over $3000 on eleven deals which were closed from February, 2002 through December, 2003.

22. Patriot Resorts began charging back commissions at about the time Vacation Village was opening, as on September 4, 2003, I was charged back $50 in commissions on a closing which occurred almost two years earlier, *on December 16, 2001*.

23. On not a single charge back was I ever told whether the purchase was in default, why the defendants waited to charge me back months or years after the purchase date, or whether the payments had all been made, even if some of them were late.

24. To this day, I have no idea why the charge backs occurred at all and whether they were really justified under the law or under my contract, because I have never been provided any proof that the charge backs complied with either the law or my contract.

25. As reflected on my W-2 form for 2006, the defendants paid me $3159.72 for sales which I made before my last day of work in February, 2005, meaning that the sales were made at least ten months before I was paid these commissions. A copy of my 2006 W-2 is attached as Exhibit 3 to this Affidavit.

4

26.     As of this day, I still have not been paid for selling times shares between 2003 and 2005, and by my understanding, I am owed approximately $900 in commissions which I have not yet received.


SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS DAY


DATE: 4/12/07                                    /s/ Michael Massaconi
                                                 MICHAEL MASSACONI