UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 04-CV-30091-MAP

| | |
|---|---|
| LACRISHA WISE, MICHAEL MASSACONI, ROGER MARTIN and PETER CORBIN, on behalf of themselves and on behalf of others who are similarly situated, | : : : : : : : |
| Plaintiffs, | : : |
| v. | : : |
| PATRIOT RESORTS CORP., THE BERKLEY GROUP, INC., MARC J. LANDAU, J.P. OTTINO, III REBECCA A FOSTER. and JAMES E. LAMBERT, | : : : : : |
| Defendants. | : : |

### PLAINTIFF MICHAEL MASSACONI'S RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS

Pursuant to Local Rule 56.1, plaintiff Michael Massaconi responds to the Defendants' Statement of Material facts in opposition to Defendants' Motion for Summary Judgment, as described below:[1]

1. Not disputed for purposes of this Motion for Summary Judgment;

2. Not disputed for purposes of this Motion for Summary Judgment;

3. Not disputed for purposes of this Motion for Summary Judgment;

4. Not disputed for purposes of this Motion for Summary Judgment, but, in addition, the Berkley Group, for whom Ms. Foster was President was directly involved in the employment practices at Vacation Village. For example, The Berkley Group created

---

[1] The citations to the paragraphs below are to the Defendants' Statement of Material Facts filed in this case on April 16, 2007 as Document 147.

a document called the "Ten Steps to Success," for use by employees of Vacation Village. Affidavit of Joel Feldman, Exhibit 7, Deposition of Faith Lippert, p. 57.  Ms. Foster also promulgated office policies for all sales personnel regarding attendance and retirement plans.  Affidavit of Joel Feldman, Exhibit 6, Deposition of Rebecca Foster, p.113.  These plans provided for disciplinary action, as well.  *Id.*  Ms. Foster was involved in ensuring that employees signed in so that they could qualify for an employee stock plan.  *Id.* at pp. 113-114.  Ms. Foster directly supervised Faith Lippert, the Human Resource Representative and Office Manager of Vacation Village, who is responsible for administration of the sales contracts for time share sales, including escrow accounts and the payment of commissions to time share sales persons at Vacation Village.  Affidavit of Joel Feldman, Exhibit 7, Deposition of Faith Lippert, pp. 9-11.

     5.     Not disputed for purposes of this Motion for Summary Judgment;

     6.     Not disputed for purposes of this Motion for Summary Judgment;

     7.     Not disputed for purposes of this Motion for Summary Judgment;

     8.     Not disputed for purposes of this Motion for Summary Judgment;

     9.     Not disputed for purposes of this Motion for Summary Judgment;

     10.     Not disputed for purposes of this Motion for Summary Judgment;

     11.     Not disputed for purposes of this Motion for Summary Judgment;

     12.     Not disputed for purposes of this Motion for Summary Judgment;

     13.     Not disputed for purposes of this Motion for Summary Judgment;

     14.     Disputed.  The defendants did not have a uniformly enforced policy concerning sales performance and discipline for sales managers, as the defendants did not place some sales managers on probation despite sales ratios that purportedly required

probation. See Affidavit of Kenneth Flanders, ¶¶ 11-13. For example, Mr. Flanders was not placed on probation for poor sales ratios, despite his having poor ratios on at least ten separate occasions. *Id.* Robert Campagna was not placed on probation for several months although he had very, very poor sales ratios of thirty or forty. Affidavit of Joel Feldman, Exhibit 1, Deposition of Michael Massaconi, p. 165. As a third example, Mike Campagna was also not placed on probation for months despite his poor sales ratios. *Id.* However, the defendants did not treat Mr. Massaconi like the Campagnas and Mr. Flanders. Mr. Massaconi had told Mr. Rauer that he had concerns about his compensation in 2004, and Mr. Rauer then selectively enforced the probation rule against Mr. Massaconi by disciplining him in a different manner than Mr. Flanders and the Campagnas. *Id.* at p. 74; Affidavit of Kenneth Flanders ¶¶ 11-13.

    15.    Not disputed for purposes of this Motion for Summary Judgment;

    16.    Disputed. Mr. Rauer's testimony is cited for the proposition that Mr. Massaconi's was demoted because of low sales ratios, but, Mr. Rauer's cited testimony provides no support for this proposition. See, Defendants' Statement of Material Facts *citing* Deposition of Bill Rauer, pp. 69-70. Instead, Mr. Rauer believed that he was not doing things "well" such as training, "TOing" and his personal sales. *Id.* As Mr. Rauer, said, he thought Mr. Massaconi was not doing "things other" than personal sales well. *Id.* There is no evidence provided concerning low sales ratios at the time of demotion.

    17.    Disputed. The testimony of Mr. Massaconi cited by the defendants should be excluded as it was objected to. Mr. Massaconi was simply asked if he "felt" that his numbers were sufficient, a question that has to do with Mr. Massaconi's feelings rather

3

than whether his numbers violated a company rule.  The response should be excluded for purposes of this motion, and the answer is irrelevant in any case.

18.    The statement of the defendants is not disputed for purposes of this Motion for Summary Judgment, but should also be clarified.  Some managers were disciplined for poor sales ratios, but others were not, because the rule of the defendants was not uniformly enforced.   See, Affidavit of Ken Flanders, ¶¶ 11-13; Affidavit of Joel Feldman, Exhibit 1, Deposition of Michael Massaconi, pp. 74, 165.

19.    Disputed.  Michael Massaconi's numbers were in the middle, rather than being the worst along with Ms. Ecklund.  *Id.* at p. 58.

20.    Disputed.  The defendants terminated Mr. Massaconi because he had filed a lawsuit against the company and complained about his compensation.  Mr. Massaconi told Rod Lewis, project director, that the actions being taken against him were because of reprisal, and Mr. Lewis looked Mr. Massaconi right in the eye and said "yes".  *Id.* at pp. 81-82.  Mr. Massaconi had spoken to Mr. Rauer about his compensation prior to being terminated.  *Id.* at p. 74.  Mr. Rauer told Mr. Massaconi he was aware of his lawsuit.  *Id.* at p. 83.  Mr. Lewis admitted at a managers' meeting that anyone involved with the lawsuit who was going to take money, would be fired.  Affidavit of Will Steele, ¶ 5.  Mr. Lewis has admitted saying that the company would get rid of people who were involved in the lawsuit.  Affidavit of Joel Feldman, Exhibit 2, Deposition of Rod Lewis, p. 152.

21.    Not disputed for purposes of this Motion for Summary Judgment;

22.    Not disputed for purposes of this Motion for Summary Judgment;

23.    Disputed.  Mr. Lewis told Mr. Massaconi that the company was engaged in reprisals against Mr. Massaconi because of the filing of the lawsuit.  Affidavit of Joel

4

Feldman, Exhibit 1, Deposition of Michael Massaconi, pp.81-82.  Mr. Lewis also said that reprisals, including firing, would take place against persons involved with taking money from the lawsuit, acknowledging that a lawsuit had been filed.  Affidavit of Will Steele, ¶ 5. Mr. Lewis has admitted saying that the company would get rid of people who were involved in the lawsuit.  Affidavit of Joel Feldman, Exhibit 2, Deposition of Rod Lewis, pp. 152-153.

24. Disputed.  Mr. Lewis was involved enough in the discipline of Mr. Massaconi that he admitted to him that reprisals were being taken against him because of the lawsuit.  Affidavit of Joel Feldman, Exhibit 1, Deposition of Michael Massaconi, pp. 81-82.  Beyond this, Mr. Lewis approved Mr. Massaconi's termination, and had supposed reasons for terminating Mr. Massaconi, which differed from Mr. Rauer's reasons. Affidavit of Joel Feldman, Exhibit 2, Deposition of Rod Lewis, pp. 151-152; See also, Defendants' Statement of Material Facts *citing* Deposition of Bill Rauer, pp. 69-70.

25. Disputed.  Mr. Lewis has done more than verify that "there was talk" about getting rid of people who filed a lawsuit—he has admitted directly that the company was going to get rid of people involved in the suit.  See, Affidavit of Joel Feldman, Exhibit 2, Deposition of Rod Lewis, pp. 152-153; See also, Affidavit of Will Steele, ¶ 5; and Affidavit of Joel Feldman, Exhibit 1, Deposition of Michael Massaconi, pp.81-82.

26. This paragraph has no relevance to the claims in this case, and the plaintiffs neither dispute nor agree with this paragraph.

27. Not disputed for purposes of this Motion for Summary Judgment.

## FURTHER FACTS WHICH ARE DISPUTED BETWEEN THE PARTIES

28.     The defendants demoted Mr. Massaconi from sales manager to salesperson at a time when other sales managers were not demoted, and had ratios which were supposed to lead to discipline, namely Gary Campagna, Mike Campagna and Kenny Flanders.  Affidavit of Joel Feldman, Exhibit 1, Deposition of Michael Massaconi, p.52.

29.      While the defendants' rules concerning low sales ratios stated that a manager could not "T.O." (turnover) a table and collect a 1.5% commission, the defendants selectively enforced this rule, as, for example, Ken Flanders retained his T.O. powers even though he had low ratios on at least ten occasions.  Affidavit of Kenneth Flanders, ¶¶10-13.

30.     When a T.O. was taken away, the defendants' rules did not allow the T.O. commission back until sales ratios increased—however, some sales managers began to T.O. again even in the absence of an increase in sales, as Ken Flanders received the T.O. power back without a change in sales ratios.  Affidavit of Kenneth Flanders, ¶16.

31.     Additionally, thirty days after T.O. commissions were withdrawn, "overrides" were withdrawn, which were another 1.5% commission on sales received by a manager when his sales team made a sale.  Second Supplemental Affidavit of Michael Massaconi, ¶¶6-7

32.     While the rule was that overrides were taken away after thirty days, Mr. Massaconi's overrides were taken away immediately.  *Id.*

33. After a manager received discipline, he was entitled to two tours a day to get his ratios back to acceptable levels, according to the rules of the defendants. Second Supplemental Affidavit of Michael Massaconi, ¶¶8-9.

34. Michael Massaconi was not given this opportunity to get his sales ratios back to acceptable levels, because he was not given two tours a day. *Id.*

35. Mr. Massaconi had direct conversations with his supervisor, Gordon Leete, about the fact that sales persons should have been paid minimum wage. Affidavit of Joel Feldman, Exhibit 3, Deposition of Gordon Leete, pp.8, 11, 12.

36. Mr. Leete then spoke to Bill Rauer about the compensation issues raised by Mr. Massaconi, Peter Corbin and others. *Id.* at p.13.

37. Mr. Leete told Mr. Rauer that the salespeople were unhappy because they were not being paid minimum wage. *Id.* at p.16.

38. Mr. Leete spoke to Mr. Rauer about the compensation issues raised by the salespeople in 2002, 2003 and 2004. *Id.* at p.16.

39. Mr. Leete also spoke to Mr. Lewis about the compensation issues as many times as he spoke to Mr. Rauer, between seven and ten times. *Id.* at p.17.

40. Mr. Leete also spoke to Ms. Lippert seven to ten times about the failure to pay minimum wage, some times with salespersons present. *Id.* at p.19.

7

      41.      Mr. Massaconi also had constant questions for Rod Lewis about the way he was being paid. Affidavit of Joel Feldman, Exhibit 2, Deposition of Rod Lewis, pp.57-58.

                                                  MICHAEL MASSACONI
                                                  By his attorney,

| | |
|---|---|
| I hereby certify that a true copy of the above document was served upon counsel of record by mail<br><br>_____.<br><br>_____ | /s/ Joel Feldman<br>Joel Feldman<br>BBO # 552963<br>Heisler, Feldman,<br>McCormick & Garrow, P.C.<br>1145 Main Street, Suite 508<br>Springfield MA  01103<br>(413)788-7988<br>(413)788-7996 (fax) |

Dated: 5/18/07

CERTIFICATE OF SERVICE

     I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF).

                                                  /s/ Joel Feldman
                                                  Joel Feldman