UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 04-CV-30091-MAP

| | |
|---|---|
| LACRISHA WISE, MICHAEL MASSACONI, ROGER MARTIN and PETER CORBIN, on behalf of themselves and on behalf of others who are similarly situated, | : : : : : : : |
| Plaintiffs, | : : |
| v. | : : : |
| PATRIOT RESORTS CORP., THE BERKLEY GROUP, INC., MARC J. LANDAU, J.P. OTTINO, III REBECCA A FOSTER. and JAMES E. LAMBERT, | : : : : : |
| Defendants. | : : |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS REGARDING COUNT V
(MARTIN'S INDIVIDUAL CLAIM FOR RELIEF:
RETALIATION IN VOLATION OF M.G.L. CH. 149 § 148A)**

Pursuant to Local Rule 56.1, the plaintiffs respond to the Defendants' Statement of Material Facts in opposition to Defendants' Motion for Summary Judgment, as described below:

1. Not disputed for purposes of this Motion for Summary Judgment;

2. Not disputed for purposes of this Motion for Summary Judgment;

3. Not disputed for purposes of this Motion for Summary Judgment;

4. Not disputed for purposes of this Motion for Summary Judgment;

5. Not disputed for purposes of this Motion for Summary Judgment;

6. Not disputed for purposes of this Motion for Summary Judgment;

7. Not disputed for purposes of this Motion for Summary Judgment;

8. Not disputed for purposes of this Motion for Summary Judgment;

9. Not disputed for purposes of this Motion for Summary Judgment;

10. Not disputed for purposes of this Motion for Summary Judgment;

11. Not disputed for purposes of this Motion for Summary Judgment;

12. Not disputed for purposes of this Motion for Summary Judgment;

13. Not disputed for purposes of this Motion for Summary Judgment;

14. Not disputed for purposes of this Motion for Summary Judgment;

15. Not disputed for purposes of this Motion for Summary Judgment;

16. Disputed in that Mr. Martin "did not tell" Ms. Lippert that he thought she was wrong about whether or not he was owed payments for certain deals. Mr. Martin regularly approached his supervisors, management, and Ms. Lippert regarding the untimely payment of wages on commissions he had earned, and during those discussions, he communicated that he believed such non-payments were unlawful. Plaintiff's SODF ¶ 18.

17. Disputed in that Mr. Martin was not hostile to Ms. Lippert on any other occasion than what he testified to in his deposition.

18. Disputed in that Mr. Martin never put Ms. Lippert in a position of threat or peril.

19. Not disputed for purposes of this Motion for Summary Judgment;

20. Not disputed for purposes of this Motion for Summary Judgment;

21. Not disputed for purposes of this Motion for Summary Judgment;

22. Not disputed for purposes of this Motion for Summary Judgment;

23. Not disputed for purposes of this Motion for Summary Judgment;

24. Not disputed for purposes of this Motion for Summary Judgment;

25. Not disputed for purposes of this Motion for Summary Judgment;

26. Disputed in that Mr. Martin testified that he, along with several of his fellow employees, sent Ms. Foster a letter sometime between the end of 2002 and the beginning of 2003 complaining about the untimely payment of wages. Plaintiff's SODF, ¶ 19.

27. Not disputed for purposes of this Motion for Summary Judgment;

28. Not disputed for purposes of this Motion for Summary Judgment;

29. Not disputed for purposes of this Motion for Summary Judgment;

30. Not disputed for purposes of this Motion for Summary Judgment;

31. Not disputed for purposes of this Motion for Summary Judgment;

32. Not disputed for purposes of this Motion for Summary Judgment;

33. Disputed in that Mr. Martin called the Office of the Attorney General prior to being fired. Plaintiff's SODF, ¶ 20.

34. Not disputed for purposes of this Motion for Summary Judgment;

35. Not disputed for purposes of this Motion for Summary Judgment;

36. Not disputed for purposes of this Motion for Summary Judgment;

37. Not disputed for purposes of this Motion for Summary Judgment;

38. Not disputed for purposes of this Motion for Summary Judgment;

39. Disputed in that Mr. Martin testifies that he was not offered a tour by Mr. Stensland, but rather Mr. Martin testifies that he was discussing with Mr. Stensland Mr. Martin's unpaid wages, and conveying to Mr. Stensland that he was very upset about

what Mr. Martin believed to be illegal activity on the part of defendants. Plaintiff's SODF, ¶ 28. Mr. Martin was not offered a tour when he was talking to Mr. Stensland prior to Mr. Stensland's sending Mr. Martin home. Id.

40. Disputed in that the voicemail Mr. Martin received, Mr. Martin was informed that he had been fired for passing up a tour. Plaintiff's SODF, ¶ 28. He understood that at that point, on September 21, 2004, that he was no longer an employee at Vacation Village. Id.

41. Disputed in that Mr. Martin has not personal knowledge as to whether or not Mr. Stensland had any input as to whether Mr. Martin should be terminated, but that due to the proximity in time between when Mr. Martin and Mr. Stensland discussed Mr. Martin's wage complaints and when Mr. Martin was fired, and inference could be raised that Mr. Stensland had input into whether Mr. Martin should continue to be employed at Vacation Village.

42. Disputed in that Mr. Martin testifies that he made is complaints regarding the payment of wages to all management personnel at Vacation Village, including Mr. Rauer, whom Mr. Martin talked to about his payment of wages concerns on several occasions.  Plaintiff's SODF, ¶ 26

                              PLAINTIFF ROGER MARTIN
                              By:

                              /s/Suzanne Garrow_____
                              His attorney
                              Suzanne Garrow BBO# 636548
                              Heisler, Feldman, McCormick
                              & Garrow, PC
                              1145 Main Street, Ste. 508
                              Springfield, MA  01103
                              sgarrow@comcast.net
                              Phone (413) 788-7988

Dated:  May 18, 2007

CERTIFICATE OF SERVICE

       I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF).

                              _/s/ Suzanne Garrow_____
                              Suzanne Garrow