UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LACRISHA WISE, MICHAEL MASSACONI, ROGER MARTIN and PETER CORBIN, on behalf of themselves and on behalf of others who are similarly situated, | DOCKET NO. 04-cv-30091-MAP |
| Plaintiffs, | |
| v. | |
| PATRIOT RESORTS CORP., THE BERKLEY GROUP, INC., MARC J. LANDAU, J.P. OTTINO, III REBECCA A FOSTER. and JAMES E. LAMBERT, | |
| Defendants. | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
STATEMENT OF MATERIAL FACTS**

In opposition to the Defendant's Motion for Summary Judgment in the above-entitled matter, Plaintiff LaCrisha Wise responds to the Defendant's Statement of Material Facts, as follows:[1]

1. Not disputed for purposes of pending summary judgment motion.

2. Not disputed for purposes of pending summary judgment motion.

3. Not disputed for purposes of pending summary judgment motion.

4. Not disputed for purposes of pending summary judgment motion.

5. Not disputed for purposes of pending summary judgment motion.

6. Not disputed for purposes of pending summary judgment motion.

---

[1] The citations are to the Plaintiff's Statement of Facts Pursuant to Local Rule 56.1 as to Which There Exists A Genuine Issue to be Tried ("Pl. SOF ¶__.)

7. Not disputed for purposes of pending summary judgment motion.

8. Not disputed for purposes of pending summary judgment motion.

9. Not disputed for purposes of pending summary judgment motion.

10. Not disputed for purposes of pending summary judgment motion.

11. Not disputed for purposes of pending summary judgment motion.

12. Not disputed for purposes of pending summary judgment motion.

13. Not disputed for purposes of pending summary judgment motion.

14. Disputed in that Sam Barnes, white did not have a drivers' license, car or insurance at the time for about a year and a half while he was a sales person and was allowed to take tours and was not sent home. At some point, Mr. Barnes was moved to a department where he did not need a car. This option was not offered to Ms. Wise. (Pl. SOF ¶¶ 76, 77.)

15. Disputed in that Ronald Ferraro, white, had no license, no car, and no car insurance for at least one and a half months at the time and was allowed to take tours and was not sent home. Mr. Ferraro was routinely allowed to take tours and was not sent home for these reasons. (Pl. SOF ¶¶ 74, 75.)

16. Disputed in that on or around May 11, 2003, a dress code was instituted and it was thereafter selectively enforced as against Wise. At the time she was presented with the dress code Ms. Wise understood from Mr. Stensland that she dressed appropriately under the dress code. When Mr. Stensland had Ms. Wise sign that she received the dress code she understood from him that the company was just updating the policy because of the weather was starting to get nice and so the company was reiterating, and reminding people how to dress. (Pl. SOF ¶¶ 75-77.)

17.     Not disputed for purposes of pending summary judgment motion.

18.     Disputed in that on one day Ms. Wise wore a long orange sundress with spaghetti straps that was not particularly revealing. She was told that she had to either drive home from Lanesboro, MA to Springfield to change or wear someone's old, dirty sweater. Lisa Ferreria, Tishana Wright, Chelsea Wright, and Hannah Blais (all Caucasian) also wore spaghetti strap dresses and shirts on a regular basis, and were not reprimanded or disciplined. (Pl. SOF ¶¶ 88-90.)

19.     Disputed in that on one day Ms. Wise wore a long orange sundress with spaghetti straps that was not particularly revealing. She was told that she had to either drive home from Lanesboro, MA to Springfield to change or wear someone's old, dirty sweater. Lisa Ferreria, Tishana Wright, Chelsea Wright, and Hannah Blais (all Caucasian) also wore spaghetti strap dresses and shirts on a regular basis, and were not reprimanded or disciplined. (Pl. SOF ¶¶ 88-90.)

20.     Disputed in that on one day Ms. Wise wore a long orange sundress with spaghetti straps that was not particularly revealing. She was told that she had to either drive home from Lanesboro, MA to Springfield to change or wear someone's old, dirty sweater. Lisa Ferreria, Tishana Wright, Chelsea Wright, and Hannah Blais (all Caucasian) also wore spaghetti strap dresses and shirts on a regular basis, and were not reprimanded or disciplined. (Pl. SOF ¶¶ 88-90.)

21.     Disputed in that numerous white employees were allowed to violate the attendance policy and retain their jobs. (Pl. SOF ¶¶ 46-55.)

22.     Not disputed for purposes of pending summary judgment motion.

23. Disputed in that that was not the written policy and numerous white employees were allowed to violate the attendance policy and retain their jobs. (Pl. SOF ¶¶ 46-55.)

24. Not disputed for purposes of pending summary judgment motion.

25. Not disputed for purposes of pending summary judgment motion.

26. Disputed in that numerous white employees were allowed to violate the attendance policy and retain their jobs. (Pl. SOF ¶¶ 46-55.) Nancy Shepherd, Caucasians, was absent more times than Ms. Wise. (Pl. SOF ¶ 47.)

27. Disputed in that Mr. Lewis gave Ms. Wise what he called a "clean slate" regarding her attendance starting in the beginning of 2003. (Pl. SOF ¶ 56.)

28. Disputed in that in the late Fall 2002, Ms. Wise and her fiancée, Michael Johnson who was also African American, were asked to sign a paper regarding the attendance policy and no other employee was asked to do so. (Pl. SOF ¶ 44.)

29. Not disputed for purposes of pending summary judgment motion.

30. Disputed in that numerous white employees were allowed to violate the attendance policy and retain their jobs. (Pl. SOF ¶¶ 46-55.)

31. Disputed in that numerous white employees were allowed to violate the attendance policy and retain their jobs. (Pl. SOF ¶¶ 46-55.)

32. Disputed in that numerous white employees were allowed to violate the attendance policy and retain their jobs. (Pl. SOF ¶¶ 46-55.)

33. Disputed in that numerous white employees were allowed to violate the attendance policy and retain their jobs. (Pl. SOF ¶¶ 46-55.)

34.     Disputed in that numerous white employees were allowed to violate the attendance policy and retain their jobs. (Pl. SOF ¶¶ 46-55.)

35.     Disputed in that numerous white employees were allowed to violate the attendance policy and retain their jobs. (Pl. SOF ¶¶ 46-55.)

36.     Disputed in that within approximately a month before Ms. Wise's termination, Mr. Massaconi was in a managers' meeting and recalls Rod Lewis telling the managers at the meeting that he was aware that Ms. Wise had filed a complaint with the Massachusetts Commission Against Discrimination. (Pl. SOF ¶ 40.)

37.     Disputed in that Ms. Lippert had also apprised Ms. Foster, the president of Patriot Resorts Corporation and the Berkley Group that Ms. Wise had complained of discrimination at work prior to Ms. Wise's termination from employment and was apprised of the termination. (Pl. SOF ¶ 34.)

38.     Disputed in that Ms. Lippert had also apprised Ms. Foster, the president of Patriot Resorts Corporation and the Berkley Group that Ms. Wise had complained of discrimination at work prior to Ms. Wise's termination from employment and was apprised of the termination. (Pl. SOF ¶ 34.)

39.     Disputed in that Ms. Lippert had also apprised Ms. Foster, the president of Patriot Resorts Corporation and the Berkley Group that Ms. Wise had complained of discrimination at work prior to Ms. Wise's termination from employment and was apprised of the termination. (Pl. SOF ¶ 34.)

40.     Not disputed for purposes of pending summary judgment motion except that Ms. Wise had never actually threatened Ms. Lippert. (Pl. SOF ¶ 95.)

41. Disputed in that Mr. Lewis treated Ms. Wise differently and more harshly and applying different rules to Ms. Wise than white sales people on a number of occasions. (Pl. SOF ¶ 111.)

42. Not disputed for purposes of pending summary judgment motion.

                          PLAINTIFF LACRISHA WISE
                          By:

                         ____/s/ Suzanne Garrow_____
                         Her attorney
                         Suzanne Garrow BBO# 636548
                         Heisler, Feldman, McCormick
                            & Garrow, PC
                         1145 Main Street, Ste. 508
                         Springfield, MA  01103
                         sgarrow@comcast.net
                         Phone (413) 788-7988

Dated:  May 18, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF).

                         __/s/ Suzanne Garrow_____
                         Suzanne Garrow