UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LACRISHA WISE, MICHAEL MASSACONI, ROGER MARTIN and PETER CORBIN, on behalf of themselves and on behalf of others who are similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PATRIOT RESORTS CORP., THE BERKLEY GROUP, INC., MARC J. LANDAU, J.P. OTTINO, III REBECCA A FOSTER. and JAMES E. LAMBERT,<br><br>Defendants. | DOCKET NO. 04-CV-30091-MAP |

### DEFENDANT'S MOTION TO STRIKE CERTAIN STATEMENTS IN PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON CLASS CLAIM OF UNTIMELY PAYMENT OF COMMISSIONS

Defendants move to strike all purported "facts" and argument that pertain to Defendants' alleged breach of employment contract(s) with Plaintiffs. This is not a class action breach of contract lawsuit. The Plaintiffs did not assert such a breach of contract count in their most recent Complaint, nor did they seek certification of a class of employees purporting to have breach of contract claims. Not surprisingly, Defendants did not conduct discovery on purported breaches of contract. Further, Plaintiffs have not suggested any manner in which an alleged breach(es) of contract gives rise to a finding that Chapter 149 has been violated. Facts and

argument pertaining to alleged breach(es) of contract, therefore, are irrelevant to Plaintiffs' Motion, should be stricken, and should not be considered when deciding their Motion for Partial Summary Judgment. *Sherwood v. Prison Health Servs.*, 2003 WL 22939251 (D. Me. 2003) (striking facts that have no bearing on Plaintiffs' claims). Furthermore, as set forth in Defendants' Motion to Strike Certain Paragraphs of Affidavits Submitted in Support of Plaintiffs' Motion for Summary Judgment, Plaintiffs have completely misinterpreted documents produced by Defendants in support of their allegations concerning commission chargebacks. Contrary to Plaintiffs' assertions, these documents <u>do not reflect any chargebacks from Plaintiffs' commissions</u>. Plaintiffs' erroneous conclusions drawn from their misinterpretation of Defendants' company documents should not be considered when deciding Plaintiffs' Motion for Summary Judgment.

The following "facts" should be stricken from Plaintiffs' Statement of Material Facts in Support of Plaintiffs' Motion for Partial Summary Judgment:

> 17. Ms. Birch's record shows that her "earn date" for the commission was on July 18, 2003 but that the commission was paid twenty-four days later, indicating that the defendants still waited an extra month to pay sales persons even when rescission dates had long past, and a customer had made at least six payments. *Id.* 19. The defendants also made Mr. Abbott wait additional weeks to receive the commission after it was "earned" on May 26, 2003, according to his sales record. *Id.*

> 20. The remainder of the named plaintiffs had similar experiences. Plaintiff Lacrisha Wise "earned" her commission on a May 24, 2002 sale only on January 10, 2003, well over two hundred days (200) later with a presumed payment date twenty-four days later, on February 3, 2002. *See* Affidavit of Joel Feldman, Exhibit 5, sample payment of commissions for class members, Document 70.

30. Despite this promise, the named plaintiffs and class members were charged back on commissions that they had already received and on which they had paid taxes, years after the closing. *Id.* at ¶ 18.

31. For example, Michael Massaconi closed a deal on *February 22, 2002* for which he earned an eight percent commission of $872, but the defendants "charged back" the commission on *November 22, 2004*. *Id.* at ¶ 19.

32. On November 16, 2004, Mr. Massaconi was charged back $632 on an eight percent commission for a sale closed on March 30, 2002, over two and a half years after he had earned it, and years after he had paid taxes on this commission. *Id.* at ¶ 20.

33. On or about November 20, 2004, in total, Mr. Massaconi was charged back over $3000 on eleven deals which were closed from February, 2002 through December, 2003. *Id.* at ¶ 21.

34. The defendants engaged in charge backs even earlier than 2002, as on September 4, 2003, Mr. Massaconi was charged back $50 in commissions on a closing which occurred almost two years earlier, on December 16, 2001. *Id.* at ¶ 22.

35. On not a single charge back was Mr. Massaconi ever told whether the purchase was in default, why the defendants waited to charge back Mr. Massaconi months or years after the closing or whether the payments had all been made, albeit some of them late. *Id.* at ¶ 23.

38. For example, William A. Steele sold a time share on September 23, 2001 for which he received a ten percent commission of $890, but the company took the money back in a charge back levied November 22, 2004, over three years later. Supplemental Affidavit of Joel Feldman, Exhibit 1.

39. By way of further example, on December 20, 2004, the defendants charged back Susan McKnight $750 on a ten percent commission for a time share sold on September 16, 2001. Supplemental Affidavit of Joel Feldman, Exhibit 2.

40. On December 20, 2004, the defendants charged back Mark J. Lepine over $2000 worth of commissions on sales which were made between December 6, 2001 and June 9, 2002. Supplemental Affidavit of Joel Feldman, Exhibit 3.

41. As noted above, many commissions were charged back in November and December of 2004 on sales made in 2001 and 2002, but without any explanation to any sales person about why the charge backs were carried out. Supplemental Affidavit of Joel Feldman, ¶ 5.

> 43. The defendants have still not paid all commissions owed to plaintiff class members years after the sale of a time share, as for example, Michael Massaconi is owed approximately $900 in commissions for sales of times shares completed between 2003 and 2005. Supplemental Affidavit of Michael Massaconi, ¶ 26.
>
> 44. Additionally, class members such as Phillip Symonds were charged back on sales that they had made, even when Mr. Symonds knew that a customer still owned the time share and Mr. Symonds had received no word of late or missing customer payments. Affidavit of Phillip Symonds, ¶ 6.
>
> 45. In March, 2005, Mr. Symonds was also "charged back" a commission simply because a customer purchased an upgrade of his or her time share, not because of cancellation or late payment. Affidavit of Phillip Symonds, ¶ 9.

Additionally, although not related to Plaintiffs' breach of contract allegations or argument, Paragraph 7 of Plaintiffs' Facts is irrelevant and should be stricken. It provides as follows:

> 7. As of June 1, 2005, many months after the filing of this lawsuit, the defendants changed their policy and began paying a salary of $400 per week and a six percent commission to sales representatives and sales managers. Affidavit of Joel Feldman, Exhibit 3, Deposition transcript of Rod Lewis, p. 96, Document 70.

Defendants also move to strike the following paragraphs on the ground that they suggest conclusions not supported by the evidence:

> 17. Ms. Birch's record shows that her "earn date" for the commission was on July 18, 2003 but that the commission was paid twenty-four days later, indicating that the defendants still waited an extra month to pay sales persons even when rescission dates had long past, and a customer had made at least six payments. *Id.*
>
> 19. The defendants also made Mr. Abbott wait additional weeks to receive the commission after it was "earned" on May 26, 2003, according to his sales record. *Id.*
>
> 20. The remainder of the named plaintiffs had similar experiences. Plaintiff Lacrisha Wise "earned" her commission on a May 24, 2002 sale only on January 10, 2003, well over two hundred days (200) later with a presumed

4

payment date twenty-four days later, on February 3, 2002. *See* Affidavit of Joel Feldman, Exhibit 5, sample payment of commissions for class members, Document 70.

Defendants further move to strike Paragraph 26 on the ground that it claims, without factual support, that they "garnished" Plaintiffs' commissions:

> 26. The defendants regularly garnished commissions during the employment of class members, through a process they called a "commission charge-back". Supplemental Affidavit of Michael Massaconi, ¶14.

Paragraph 42, too, should be stricken:

> 42. In discovery, although the defendants were asked to provide the reasons for each and every chargeback made to the plaintiff class, they provided no reason, citing solely documents which contain no grounds for any individual charge backs. Supplemental Affidavit of Joel Feldman ¶ 5.

Respectfully submitted,

DEFENDANTS
By their Attorneys,
 /s/ Marylou Fabbo
Marylou Fabbo, Esq.
BBO#566613
/s/ Kimberly A. Klimczuk
Kimberly A. Klimczuk
BBO#660973
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144
Tel.: (413) 737-4753/Fax: (413) 787-1941

Date: May 25, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of *Defendant's Motion to Strike Certain Statements in Plaintiff's Motion for Partial Summary Judgment on Class Claim of Untimely Payment of Commissions* was served upon the attorney of record for each other party via electronic filing and by first-class, U.S. mail, postage prepaid, May 25, 2007.

   /s/ Marylou Fabbo
           Marylou Fabbo, Esq.