UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LACRISHA WISE, MICHAEL MASSACONI, ROGER MARTIN and PETER CORBIN, on behalf of themselves and on behalf of others who are similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PATRIOT RESORTS CORP., THE BERKLEY GROUP, INC., MARC J. LANDAU, J.P. OTTINO, III REBECCA A FOSTER. and JAMES E. LAMBERT,<br><br>Defendants. | DOCKET NO. 04-CV-30091-MAP |

## DEFENDANTS' MOTION TO STRIKE STATEMENTS IN SUPPORTING MEMORANDUM

The Defendants, Patriot Resorts Corporation, The Berkley Group, Inc., Marc J. Landau, J.P. Ottino, III, Rebecca A. Foster and James E. Lambert, move this Court to strike certain statements in Plaintiffs' Memorandum in Support of Partial Motion for Summary Judgment on Class Claim of Untimely Payment of Commissions. Certain unsupported and irrelevant statements should not be considered when making a decision on Plaintiffs' Motion.

Specifically, Defendants request that the Court strike the following language from Plaintiffs' Memorandum:

*Second Paragraph on Page 14:* "This written 'charge back' policy was honored in the breach by the defendants during the employment of class members. The contractually correct manner for "charging back" a commission would be to take a commission from a sales person in the first, second, third or fourth month of a

> contract, as the defendants had immediate notice of whether a loan was paid late or not paid at all during this period—they were certainly aware of whether a purchaser was making timely payments after a sale."

This argument is irrelevant to the extent it suggests that Defendants breached the contracts they had with Plaintiffs regarding when charge backs would occur because this is not a breach of contract lawsuit. Further, this paragraph sets forth as *fact* statements that are not supported with admissible, or any, evidence. For example, these self-serving statements are completely unsupported: Plaintiffs' contention that "the <u>Defendants had immediate notice</u> of whether a loan was paid late or not being paid at all" and "<u>they were certainly aware of whether a purchaser was making timely payments after a sale</u>." (Emphasis added.) Plaintiffs' have no basis for these conclusions other than their unsupported assumptions. Plaintiffs have not come forward with evidence as to which of the unspecified Defendants had this alleged "notice" or that the mortgage department monitored or notified the Defendants in a prompt—or immediate—manner of the payments' status. A similar statement that also should be stricken is found on page 16: "Yet the company repeatedly waited one year, two years and even three years to charge back a commission, after it had promised in its contracts to charge back the funds <u>when it first had notice of the "default," which occurred at some point close in time to a late or failed payment</u>. (Emphasis added). Again, not only is this breach argument irrelevant, Plaintiffs have come forward with absolutely no admissible evidence as to when Defendants received notice of any "default" or that such notice was purportedly "close in time to a late or failed payment."

Furthermore, as set forth in Defendants' Motions to Strike Certain Paragraphs of Affidavits Submitted in Support of Plaintiffs' Motion for Summary Judgment, the documents on which Plaintiffs rely in support of their claims that commissions were charged back long after they were advanced or earned <u>do not support those claims</u>.  Plaintiffs have completely misinterpreted those documents, and the erroneous conclusions drawn from those misinterpretations must not be considered in support of their Motion for Summary Judgment.  Accordingly, Defendants request that the Court strike the following statement on page 15, as all of the allegations therein are supported only by Plaintiffs misinterpretation of Defendants' company documents[1]:

> "As relatively random examples, salespersons William Steele, Susan McKnight and Mark J. Lepine all were subjected to "charge-backs" by the defendants approximately three years after the salesperson sold time shares.  The charge backs occurred in very late 2004, while the sale of the time share occurred in 2001.  Mr. Lepine alone was charged back $2000 on five separate sales which originally occurred in the period two to three years before the date of the charge back.  Mr. Steele sold a time share to a buyer on September 23, 2001, receiving an $890 commission payment.  The defendants took back that commission from a subsequent commission payment in November 22, 2004, *almost thirty-nine months later,* without explanation, directly contravening the contractual language." (emphasis in original).

Defendants also request that the Court strike the following sentence found in the third paragraph on page 14 of Plaintiffs' Memorandum:  "But this contractually correct manner was not adhered to by the defendants."  Again, this

---

[1] In fact, none of these documents indicate that a single one of these alleged "charge-backs" actually occurred.  The negative amounts that appear on the Salesman Commission Reports refer to <u>contract cancellations only</u> and <u>do not indicate any commission chargeback</u>.  Indeed, once a purchaser made three timely and consecutive monthly payments, the commission earned on that sale <u>could not be charged back for any reason</u> (absent a misrepresentation made by the salesperson), <u>even if the purchaser completely defaulted on the contract thereafter</u>.  *See* Defendants' Statement of Additional Material Facts in Support of Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment on Class Claim of Untimely Payment of Commissions, ¶10.

fact is not only unsupported by any evidence, it also is irrelevant to this case as Plaintiffs' have not alleged breach of contract. The following language also should be stricken for the same reasons:

> *Page 15:* "The class also experienced late[2] charge backs."
>
> *Page 16, note 6 and particularly the second sentence, which reads:* "This policy appears to have been implemented in violation of the defendants' own contracts."
>
> *Page 16, note 7*: "The defendants should be held strictly to the language used in their employment contracts. The contracts themselves are form documents which are not negotiated. See, e.g. Affidavit of Lacrisha Wise, Exhibit 2, Document 71. They therefore have some aspect in common with "contracts of adhesion". *See, e.g. Kroger v. Stop and Shop Companies, Inc.* 13 Mass. App. Ct. 310, 318 (1982). As such, this court should strictly construe the agreement against the defendants, the drafters of the contract, to the extent the defendants may argue that they should be permitted to "charge back" commissions at times other than those permitted under the contract. *See, Lechmere Tire & Sales, Co., v. Burwick*, 360 Mass. 718, 720-721 (1972)."
>
> *Page 17:* "This practice straightforwardly violates the defendants' contracts . . ."

Plaintiffs should not be permitted to support their summary judgment motion with the above-referenced irrelevant, conclusory, and unsupported statements suggesting Defendants somehow breached the contracts they had with them in terms of when charge backs could occur. Therefore, Defendants request that the inadmissible evidence be stricken from Plaintiffs' Memorandum and not considered when deciding their Motion for Summary Judgment.

---

[2] Defendants specifically request that the Court strike all references to "late" charge backs in any documents supporting Plaintiffs' Motion. While there may have been some length of time between a commission payment or advance, Plaintiffs' have not come forward with any evidence establishing that any charge back occurred "late" according to the terms of their employment contracts. Further, this is not a breach of contract lawsuit.

Respectfully submitted,

DEFENDANTS
By their Attorneys,

  /s/ Marylou Fabbo
Marylou Fabbo, Esq.
BBO#566613
/s/ Kimberly A. Klimczuk, Esq.
BBO#660973
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144

Date: May 25, 2007                Tel.: (413) 737-4753/Fax: (413) 787-1941

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of *Defendant's Motion to Strike Statements in Supporting Memorandum* was served upon the attorney of record for each other party via electronic filing and by first-class, U.S. mail, postage prepaid, May 25, 2007.

  /s/ Marylou Fabbo
Marylou Fabbo, Esq.

5