UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LACRISHA WISE, MICHAEL MASSACONI, ROGER MARTIN and PETER CORBIN, on behalf of themselves and on behalf of others who are similarly situated, <br><br> Plaintiffs, <br> v. <br><br> PATRIOT RESORTS CORP., THE BERKLEY GROUP, INC., MARC J. LANDAU, J.P. OTTINO, III REBECCA A FOSTER. and JAMES E. LAMBERT, <br> Defendants. | DOCKET NO. 04-CV-30091-MAP |

### DEFENDANTS' MOTION TO STRIKE CERTAIN PARAGRAPHS OF AFFIDAVITS SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The Defendants, Patriot Resorts Corporation, The Berkley Group, Inc., Marc J. Landau, J.P. Ottino, III, Rebecca A. Foster and James E. Lambert, hereby request that the Court strike and not consider certain paragraphs of the Affidavits of Joel Feldman, Michael Massaconi, Peter Corbin and Phillip Snyder, submitted in support of Plaintiffs' Motion for Partial Summary Judgment on Class Claim of Untimely Payment of Commissions and disregard such statements in Plaintiffs' Statement of Undisputed Fact and Memorandum in Support of their Motion.

I.  **DISCUSSION**

   **A. The Court Should Strike Paragraph 5 of the Supplemental Affidavit of Joel Feldman in Support of Plaintiff's Motion for Partial Summary Judgment.**

Attorney Joel Feldman, who represents the Plaintiffs in this case, has submitted his affidavit to support Plaintiffs' Summary Judgment Motion. In his Affidavit at Paragraph 5, Mr. Feldman claims that the "Plaintiffs could not determine any individual reason for any individual chargeback taken from a sales person from these documents." To the extent that the Plaintiffs themselves could not make any such determination, such testimony provided by Mr. Feldman is inadmissible hearsay which cannot appropriately be considered on a Motion for Summary Judgment. <u>Vazquez v. Lopez-Rosario</u>, 134 F.3d 28, 33 (1st Cir. 1998); Fed. R. Civ. P. 56(e). To the extent that it is *Mr. Feldman's* failure to make such determination from documents produced as kept in the normal course of business, Mr. Feldman is not a witness to this case and that fact still is irrelevant and immaterial to the issues in this case. The "fact" at Paragraph 5 should be stricken and given no consideration whatsoever in deciding Plaintiffs' Motion for Summary Judgment. <u>Sherwood v. Prison Health Servs.</u>, 2003 WL 22939251 (D. Me. 2003) (striking facts that have no bearing on Plaintiffs' claims).[1]

Furthermore, the documents attached as exhibits to Mr. Feldman's Supplemental Affidavit reflect contract cancellations only <u>and do not reflect any chargebacks made from commissions</u>. To the extent that Plaintiffs rely on

---

[1] Plaintiffs did not file a Motion to Compel any further answer to the Interrogatory which they now suggest Defendants did not adequately respond to. (*See* Court Record)

these documents in support of their allegations regarding the timing of chargebacks, such allegations should be stricken, as these documents do not in any way support their claims.[2]

**B. Paragraphs 5, 6, 7, 14, and 15 of the Supplemental Affidavits of Michael Massaconi and Peter Corbin should be stricken.**

At Paragraphs 5, 6, 7, 14 and 15 of their Affidavits, Plaintiffs Massaconi and Corbin purport to set forth *their* edited versions of definitions set forth in their employment contracts. They present testimony as to when Defendant Patriot deemed a "closing" to have occurred, when commissions were "earned," and when a "charge back" could occur. These key terms are defined in their employment contracts. Plaintiffs' condensed and incomplete versions of the written definitions are inadmissible hearsay and barred by the parol and best evidence rules and should not be considered on summary judgment. Indeed, the Court may look to the Contract itself to find the actual definition of these terms. *See, e.g.* Bonan v. United Pac. Ins. Co. 462 F. Supp. 869, 871 (D. Mass. 1978)(granting motion to strike oral testimony where written agreement contained unambiguous, precise language).

---

[2] Presumably Plaintiffs have misinterpreted negative commissions numbers on Defendants' Salesman Commission Reports to indicate that the commission for that sale was charged back from the salesperson. However, this is not the case. Negative commissions numbers automatically are generated on a commission report any time a sale is canceled, even if the sale is canceled long after the commission was no longer subject to chargebacks from the employee (*See* Defendants' Statement of Additional Material Facts in Support of Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment on Class Claim of Untimely Payment of Commissions, ¶10). The fact that a negative commission number appears on a commission report in no way indicates that Patriot has charged back any commissions from a salesperson.

**C. Paragraphs 18-22 of the Supplemental Affidavit of Michael Massaconi and Paragraphs 18-20 of the Supplemental Affidavit of Peter Corbin should be Stricken.**

At Paragraphs 18-22 of his Supplemental Affidavit, Michael Massaconi makes statements with respect to chargebacks that are completely unsupported by any admissible evidence.  Paragraphs 18, 21, and 22 are supported by no record evidence whatsoever, and Paragraphs 19 and 20 are supported by documents that, as set forth in section A, have been completely misinterpreted by Plaintiffs and do not indicate that any chargebacks occurred.

For the same reasons, Paragraphs 18-20 of Peter Corbin's Supplemental Affidavit should be stricken because they, too, are supported only by Plaintiffs' misinterpretation of Defendants' company documents and those documents do not actually reflect the chargeback of any commissions from Corbin.

**D. Paragraph 26 of the Supplemental Affidavit of Michael Massaconi should be Stricken.**

Paragraph 26, which contains Massaconi's unsupported conclusion that he is owed approximately $900 in commissions which he has not yet received, should be stricken: "As of this day, I still have not been paid for selling time shares between 2003 and 2005, and by my understanding, I am owed approximately $900 in commissions which I have not yet received."  This conclusory allegation based on nothing more than Massaconi's speculation and belief cannot be considered in deciding a summary judgment motion.  <u>Burns v. State Police Ass'n of Massachusetts</u>, 230 F.3d 8 (1st Cir. 2000); <u>Whidbee v. Garzarelli Food Specialties,</u>

4

Inc., 223 F.3d 62, 70, 71 (2d Cir. 2000).[3]  Massaconi has had ample opportunity to conduct discovery on whether such commissions are actually owed to him, yet he has not come forward with any evidence, other than his vague and unsupported claim, that commissions are owed.  Further, this paragraph also should be stricken because it is irrelevant to this lawsuit:  The parties' payment schedule was set forth in the employment contract, and Massaconi's claim that one or more Defendants breached that contract is irrelevant as there is no breach of contract claim in this lawsuit.  Sherwood v. Prison Health Servs., 2003 WL 22939251 (D. Me. 2003) (striking facts that have no bearing on Plaintiffs' claims).

### E. Paragraphs 4, 5, 8, 9 of Phillip Symonds' Affidavit should be stricken.

Paragraphs 4 and 5 of Symonds' Affidavit are the same as Paragraphs 14 and 15 of the Supplemental Massaconi and Corbin Affidavits and should be stricken for the same reasons.  Additionally, Paragraphs 8 and 9, which read as follows, should be stricken:

> "8.  Specifically, I was charged back for the original deal and I know that the original deal did not cancel and that the customer still owned the timeshare."

> "9.  In March 2005, I was also charged back for the upgrade made to the original deal in April 2004, which upgrade I am aware did not cancel and the customer still owned the timeshare."

Symonds has come forward with absolutely no evidence that the customer owned the timeshare other than his unsupported statement.  Thus, this statement is inadmissible hearsay and should not be considered on summary judgment.  Symonds also has come forward with absolutely no evidence that he was charged

---

[3] Further, Defendants cannot even investigate this bald accusation as it has no idea which sales he claims he is entitled to receive commissions on.

back on the commission for this sale.  Further, Symonds' inference that Defendants breached the employment contract between Patriot and himself is irrelevant and immaterial to this lawsuit.

Respectfully submitted,

DEFENDANTS
By their Attorneys,
 /s/ Marylou Fabbo
Marylou Fabbo, Esq.
BBO#566613
/s/ Kimberly Klimczuk
BBO#660973
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144
Tel.: (413) 737-4753/Fax: (413) 787-1941

Date: May 25, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of *Defendants' Motion to Strike Certain Paragraphs of Affidavits Submitted in Support of Plaintiff's Motion for Summary Judgment* was served upon the attorney of record for each other party via electronic filing and by first-class, U.S. mail, postage prepaid, May 25, 2007.

   /s/ Marylou Fabbo
Marylou Fabbo, Esq.