UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LACRISHA WISE, MICHAEL MASSACONI, ROGER MARTIN and PETER CORBIN, on behalf of themselves and on behalf of others who are similarly situated, | : : : : : : : | DOCKET NO. 04-CV-30091-MAP |
| Plaintiffs, | : : |  |
| vs. | : : |  |
| PATRIOT RESORTS CORP., THE BERKLEY GROUP, INC., MARC J. LANDAU, J.P. OTTINO, III REBECCA A FOSTER. and JAMES E. LAMBERT, | : : : : : |  |
| Defendants. | : : |  |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' UNTIMELY MOTION TO STRIKE CERTAIN PARAGRAPHS OF ROGER MARTINS' MAY 18, 2007 AFFIDAVIT SUBMITTED IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Roger Martin hereby opposes Defendants' Patriot Resorts Corp., the Berkley Group, Inc., Mark J. Landau, J.P. Ottino, III, Rebecca A. Foster, and James E. Lambert ("the Defendants") Motion to Strike certain paragraphs of Mr. Martin's Affidavit submitted in opposition to Defendants' Motion for Summary Judgment on Martin's Individual Claim for Relief (Count V: Retaliation). As reasons for such opposition, Mr. Martin states as follows.

Defendants' Motion to Strike is untimely and fails to comply with the Court's scheduling order dated February 16, 2007 (Document No.133), which sets forth a very definite timeline, marking when motions, oppositions, and replies were to be submitted to the Court. Specifically, the Court, "based on counsel's representations," ordered that "1.

1

Any motion for summary judgment will be filed no later than April 16, 2007 and opposed by May 18, 2007.  2. Replies may be filed by May 29, 2007." Further Scheduling Order, dated February 16, 2007.

The Court was explicit as to when Defendants' reply to Mr. Martin's Motion for Summary Judgment should have been filed.  Defendants' Motion to Strike is in violation of the Court's scheduling order because it is in fact a late-filed Reply to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment on Roger Martin's Individual Claim for Relief, couched as a Motion to Strike.  Defendants had ample time to timely reply to Mr. Martin's Opposition to Summary Judgment as set forth in the Court's Order, but they failed to do so.  Nevertheless, after-the fact the defendants crafted what they call a Motion to Strike seeking to reply to arguments and evidence set forth in his opposition brief.  This should not be countenanced by the Court and this Motion to Strike should be disregarded.[1]

Even if this Court were to consider Defendants' untimely Motion to Strike, the Motion will not succeed on the merits because Defendants fail to make any showing that Mr. Martin's Affidavit of May 18, 2007 is inconsistent with his deposition dated April 5, 2005.  As a general matter, Defendants' counsel did not conduct Mr. Martin's deposition in a manner which elicited all of the information regarding this case, and as such, Mr. Martin's Affidavit was necessary to supplement additional information that was not solicited by Defendants' counsel at the time Mr. Martin was deposed.

---

[1] The Motion to Strike is also not timely for purposes of opposing summary judgment because the motion will not be ripe for decision until June 14, 2007 which is after motions for summary judgment have been heard by the Court and the Court should consider all of the evidence Mr. Martin has offered in support of his Opposition to the defendants' Motion for Summary Judgment.

2

      A.      <u>Paragraph 10 of Mr. Martin's Affidavit is consistent with his deposition testimony because Defendants' counsel failed to clarify her questioning of Mr. Martin during his deposition.</u>

Mr. Martin testified that he did not <u>personally</u> try to contact anyone at the Berkley Group's corporate headquarters in Florida, but when Defendants' counsel was questioned him on this particular issue, she asked Mr. Martin: "Did you ever <u>talk</u> to anyone in Florida related to your employment." Deposition Transcript of Roger Martin (Martin Dep.) page 184 (emphasis added), submitted in Opposition to Defendants' Motion for Summary Judgment on Claim of Martin, (Document No. 173), attached to the Affidavit of Suzanne Garrow at 8. The defendants' counsel's question was solely focused upon verbal complaints which included talking. Mr. Martin even asked for clarification, which confirmed this:

> Q:    Did you have any <u>conversations</u> with anyone employed by Berkley when you were working for Vacation Village?
>
> A:    I don't understand the question. What do you mean?
>
> Q:    Did you ever <u>talk</u> to anyone in Florida related to your employment?
>
> …
>
> A.    No.

<u>Id</u>. (emphasis added.) Here, counsel was questioning Mr. Martin about any contact he had with Florida that was strictly verbal. Counsel failed to inquire as to whether Mr. Martin had submitted any documents or signed any letters memorializing any complaints in writing. Mr. Martin should not be penalized for counsel's failure to fully develop an important factual issue at deposition.

      B.      <u>Paragraph 12 of Mr. Martin's Affidavit does not contradict his deposition testimony because Mr. Martin did not know the exact date he contacted the Office of the Attorney General, a statement which he made in both his affidavit and in his deposition but had a consistent general recollection.</u>

Defendants incorrectly state that Paragraph 12 of Mr. Martin's Affidavit contradicts his deposition testimony. Nothing in Mr. Martin's deposition contradicts his Affidavit. The relevant portions of his deposition state as follows:

> Q:    When did you go to the Attorney General's Office?
>
> A:    <u>I can't recall exactly</u>. Somewhere in 2003, 2004, somewhere around there.
>
> Q:    Is that after you separated from employment?
>
> A:    Oh, no, I did this before.

Martin Dep. page 165, submitted in Opposition to Defendants' Motion for Summary Judgment on Claim of Martin, attached to the Affidavit of Suzanne Garrow at 8 (emphasis added).

Mr. Martin testified in his deposition that he could not recall the exact date he contacted the Office of the Attorney General ("the OAG"). Likewise in his Affidavit, Mr. Martin states that he cannot recall exactly when he contacted the OAG. Affidavit of Roger Martin, dated May 18, 2007, ¶ 12, submitted in Opposition to Defendants' Motion for Summary Judgment, attached to the Affidavit of Suzanne Garrow at 2. He testified in each that it was somewhere in or around the beginning of 2003.

Furthermore, in support of his Opposition to the Defendants' Motion for Summary Judgment, Mr. Martin attached to his Affidavit a letter he received from the Attorney General's Office authorizing him to initiate a private lawsuit against Defendants' dated June 25, 2003. Affidavit of Roger Martin, dated May 18, 2007, ¶ 12,

4

submitted in Opposition to Defendant's Motion for Summary Judgment, attached to the Affidavit of Suzanne Garrow at 2. In order to receive an authorization, Mr. Martin had to have contacted the OAG prior to that date, which is exactly what he did. Affidavit of Roger Martin, dated May 18, 2007, ¶ 12, submitted in Opposition to Defendants' Motion for Summary Judgment, attached to the Affidavit of Suzanne Garrow at 2. While he is unable to remember the exact date on which he did so, the authorization granting him a private right of action is evidence that he in fact contacted the OAG at some point prior to that time and is consistent with his general recollection that he did so at the end of 2002 or in the beginning of 2003.

Mr. Martin's Affidavit is in no way inconsistent with his deposition testimony because it affirms that he cannot recall the exact date, but contacted the OAG in a time period consistent both with his Affidavit and with his deposition testimony.

    C.    <u>Paragraph 15 of Mr. Martin's Affidavit does not contradict his deposition because Defendants' counsel failed to inquire further as to the events surrounding the conversation with Mr. Rauer.</u>

Defendants' counsel inquired of Mr. Martin the nature of his conversation with Mr. Rauer regarding his rehiring at Vacation Village. However, the questioning did not adequately solicit all of the information, and Defendants' counsel failed to ask any further questions of Mr. Martin regarding this situation during his deposition:

    Q:    What did Bill say when you contacted him about returning?

    A:    We'd love to have you back, just can't have any more of these outbursts.

    Q:    And you wanted to go back even though you were aware of the situation, as far as the commissions and the wheel?

    A:    Yes.

Martin Dep. page 196, attached to the Affidavit of Suzanne Garrow, submitted in Opposition to Defendant's Motion for Summary Judgment at 8.

Defendants' counsel simply asked Mr. Martin one question as to the conversation between Mr. Martin and Mr. Rauer. Upon further questioning, Mr. Martin would have discussed the nature of the so-called "outbursts," which were simply complaints By Mr. Martin related solely to his frustration about not being paid minimum wage and overtime and about not being timely paid on commissions he had earned. See Affidavit of Roger Martin, attached to Affidavit of Suzanne Garrow, submitted in Support of Martin's Motion for Summary Judgment, at 2. Defendants' counsel failed to ask the appropriate follow up questions regarding the nature of the alleged "outburst". Counsel's failure to adequately inquire about all the facts necessitated Mr. Martin's subsequent affidavit. Mr. Martin should not be penalized for Defendants' failure to fully explore the facts of this case.

> D.  Paragraph 15 of Mr. Martin's Affidavit does not contradict his deposition because Defendants' counsel failed to inquire further as to the events surrounding the conversation with Mr. Stensland.

Again, Defendants' counsel failed to thoroughly inquire of Mr. Martin the facts surrounding a conversation, this time with Mr. Stensland. A reading of the deposition transcript reveals this:

> Q:   How did it come that you were again separated from employment?
>
> A:   I asked Paul Stensland, I told him I didn't want to take a tour for the day. I was going to go home. I didn't feel right about selling this, and I had to reevaluate what I was going to do. He said, Go home.

6

> And the next day I found out I was fired by Bill Rauer for passing up a tour, missing a tour.[2]
>
> Q:   You say you didn't feel right. What do you mean?
>
> A:   Emotionally and mentally. Step one is a positive mental attitude when you sell for this company, PMA, and I didn't have it.

Martin Dep. page 218, attached to the Affidavit of Suzanne Garrow, submitted in Opposition to Defendants' Motion for Summary Judgment at 8.

Here, Defendants' counsel did not ask sufficient follow up questions about why Mr. Martin wanted to go home. His statement that he "didn't feel right about selling" the product could have prompted thorough questioning, which it did not. Mr. Martin was fired after he complained about not being paid for the work he was doing, and counsel's failure to fully explore the facts surrounding his firing should not result in any penalty for Mr. Martin.

E.   <u>Paragraph 21 of Mr. Martin's Affidavit is consistent with his deposition testimony because he testifies in both that he was fired.</u>

Defendants claim that Mr. Martin "made absolutely <u>no</u> mention of being told on the phone that Rauer had already terminated his employment." This statement fails to acknowledged Mr. Martin's deposition testimony which states as follows:

> Q:   How did you learn that you had been terminated?
>
> A:   Phone call.
>
> Q:   From whom?

---

[2] Mr. Martin clarified his statements on page 218 in the further testimony on page 221. Martin Dep. page 221, attached to the Affidavit of Suzanne Garrow, submitted in Opposition to Defendants' Motion for Summary Judgment at 8.

7

> A: Stensland and my immediate sales manager, which was, I believe at the time, Todd Bendars.
>
> Q: What did they say?
>
> A: They said, You got to talk. You got to give Paul—Todd left a voicemail on my cell phone and said, You got to give Paul a call. <u>Looks like you've been fired for passing up a tour</u>.

Martin Dep. page 221 (emphasis added), attached to the Affidavit of Suzanne Garrow, submitted in support of Martin's Motion for Summary Judgment at 8.

      This testimony clearly sets forth the fact that Mr. Martin was fired. Defendants gloss over this key portion of Mr. Martin's testimony, and in fact, cite to it only partially, stating that Mr. Martin testified that he "received a voicemail from 'Todd,' telling him to call Paul." Defendants disingenuously ignore Mr. Martin's testimony that during this phone call he was told that he had been fired for passing up a tour. Only by ignoring this key portion of the testimony allows Defendants to find an alleged inconsistency where none exists. But a complete and accurate reading of the deposition testimony reveals that Mr. Martin testified that he was fired. There is no inconsistency in Mr. Martin's Affidavit, which also states that he received a phone call saying he had been fired. Affidavit of Roger Martin, dated May 18, 2007, ¶ 21, attached to the Affidavit of Suzanne Garrow, submitted in Opposition to Defendants' Motion for Summary Judgment at 2.

      Even if the Court were to consider the defendants' untimely argument which they raise without support, this argument fails on the merits. Specifically, Defendants argue that for Mr. Stensland to arrange a meeting between Mr. Rauer and Mr. Martin after Mr.

Martin was fired would be "nonsensical." However, Mr. Martin cannot and did not expound on Mr. Stensland's motivations. This in no way undermines Mr. Martin's unwavering deposition testimony that he was fired by Mr. Rauer. Martin Dep. page 221, attached to the Affidavit of Suzanne Garrow, submitted in Opposition to Defendants' Motion for Summary Judgment at 8.

Because Defendants' failed to timely file a reply which would have been the appropriate vehicle to challenge the substance of Mr. Martins claims and failed to set forth any inconsistencies in Mr. Martin's testimony the defendants Motion to Strike should be denied.

                                        PLAINTIFF ROGER MARTIN
                                        By:

                                        /s/Suzanne Garrow_____
                                        His attorney
                                        Suzanne Garrow BBO# 636548
                                        Heisler, Feldman, McCormick
                                        & Garrow, PC
                                        1145 Main Street, Ste. 508
                                        Springfield, MA  01103
                                        sgarrow@comcast.net
                                        Phone (413) 788-7988

Dated:  June 4, 2007

CERTIFICATE OF SERVICE

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF).

                                        /s/ Suzanne Garrow_____
                                        Suzanne Garrow