UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 04-cv-30091-MAP

| | |
|---|---|
| LACRISHA WISE, MICHAEL MASSACONI, ROGER MARTIN and PETER CORBIN, on behalf of themselves and on behalf of others who are similarly situated, | : : : : : : |
| Plaintiffs, | : |
| v. | : : |
| PATRIOT RESORTS CORP., BERKLEY GROUP, INC., MARC J. LANDAU, J.P. OTTINO, III REBECCA A FOSTER. and JAMES E. LAMBERT, | : : : : : |
| Defendants. | : |

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE CERTAIN STATEMENTS IN PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON CLASS CLAIM OF UNTIMELY PAYMENT OF COMMISSIONS

## I. ARGUMENT

A.  The Defendants' Motion Should be Denied Because a Breach of Contract in this Case is a Violation of M.G.L. c. 149 § 148

The defendants' central point, in their motion to strike parts of the plaintiffs' motion for summary judgment on the class claim in this case, is that "this is not a class action breach of contract lawsuit" and "Plaintiffs have not suggested any manner in which an alleged breach(es) of contract gives rise to a finding that Chapter 149 has been violated." Defendant's Motion at p. 1. As a result, the plaintiffs apparently should not be permitted ever to mention that the defendants did not comply with their own employment agreements.

The plaintiff has responded fully to this argument in its Reply Memorandum supporting its motion for summary judgment. *See*, plaintiffs' Reply Memorandum at pp. 1-4, Document 180 previously filed with this court. Suffice to say that the defendants have repeatedly made the following argument in this case: (1) when a commission is "due and payable" to a salesperson under M.G.L. c. 149 § 148 is up to an employer to set with its employee—the statute was intended to leave this to the employment contract (2) if an employer violates the contractual terms of payment of commissions, this is only a breach of contract, not a violation of the statute.

The argument logically and utterly fails. If the Legislature intended that "due and payable" was set by contract, a violation of that contract, where an employer pays commissions late, must be a violation of the proscription on "due and payable". In other words, if the statute allows commissions to be paid on the 15th of the month, for example, because the employer says they will be paid on that date, then paying the commissions one month late means they were not paid when due and payable. This is a violation of the statute. Similarly, in this case, where the contract says that commissions are due and payable within four months of a closing of a time share sale, then failure to pay the commissions timely means they were not paid when due and payable. This is also a straightforward violation of the statute.

Since a failure to pay commissions according to the contract violates M.G.L. c. 149 § 148, any request to strike parts of the plaintiffs' motion for summary judgment on this basis must be denied.

      B.    <u>The Defendants' Motion Should be Denied Because the President of Patriot Resorts Swore Under Oath That a Chargeback Was Taken on the "Chargeback Date" Listed on Salesman Ledger Sheets</u>

The defendants state that salesman ledger documents which show a "chargeback date", a negative commission and a "warning" saying that chargebacks were taken, do not actually mean that chargebacks were ever taken. While in this Motion they do not assert facts which support this position, they do claim in Affidavits in their Opposition to plaintiffs' motion for summary judgment that these documents do not mean what they actually say on the documents. They claim that "negative commission numbers automatically are generated on a commission report any time a sale is canceled," and this does not mean in any way that Patriot charged back the commissions. Defendants' motion at p.3, footnote 2.

This claim is completely contradicted by Rebecca Foster Campagna, the president of defendant Patriot Resorts, a defendant herself, and the supervisor of the head of the Commissions Department. *See*, plaintiffs' Reply Memorandum at p. 1-4, Document 180 previously filed with this court. Ms. Campagna said under oath, two years ago, that when a "chargeback date" is listed on salesmen ledger documents, the date indicates the date a chargeback was actually taken. The defendants now apparently claim Ms. Campagna was mistaken or testified falsely. In either case, the president of the company claims that a chargeback date means that the company took back a commission.

As a result, any request to strike evidence concerning the documents reflecting chargebacks should be denied

      C.      <u>The Paragraphs the Defendants Wish to Strike Based Upon the Arguments Noted Above and For Other Grounds Should be Allowed as Evidence in the Plaintiffs' Motion for Summary Judgment</u>

The defendants request that paragraphs 17, 20, 30, 31, 32, 33, 34, 35, 38, 39, 40, 41, 43 and 45 of the Plaintiffs' Statement of Material Facts in Support of Plaintiffs' Motion for Summary Judgment be stricken because of the breach of contract argument noted above in Argument heading "A" and because of the alleged lack of chargebacks taken by the defendants noted in Argument "B". As noted above, both of these arguments must fail and all of the noted paragraphs should be considered by this court.

Additionally, the defendants claim Paragraph 17, 19 and 20 of the Plaintiff's Facts are not supported by the evidence, without providing further argument. The evidence supports the conclusions reached, and the plaintiffs request that the evidence not be stricken.

The defendants object to the word "garnishment" in Paragraph 26 when they took back commissions as chargebacks. The plaintiffs use the term to say that money was taken out of defendants paychecks, but are willing to strike the term "garnished" and use the term "chargeback".

Finally, counsel for the plaintiffs Joel Feldman notes in his Affidavit that no information about why individual chargebacks were taken was provided to the plaintiffs. The defendants request that Paragraph 42 be stricken, but provide no grounds for the request. Mr. Feldman simply provided information about the data provided by the defendants; if there is information contradicting this, the defendants should note this by Affidavit as well. No argument is provided, and the plaintiffs therefore request that this Paragraph stand.

### III.  CONCLUSION

For the reasons stated above, the plaintiffs request that the Paragraphs noted in the defendants' Motion not be stricken.

>THE PLAINTIFFS
>By their attorneys,
>
>  /s/ Joel Feldman_____
>Joel Feldman
>BBO # 552963
>Suzanne Garrow
>BBO# 636548
>Heisler, Feldman,
>    McCormick & Garrow, P.C.
>1145 Main Street, Suite 508
>Springfield MA  01103
>(413)788-7988
>(413)788-7996 (fax)

### CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF).

>/s/ Joel Feldman
>Joel Feldman

5