UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 04-cv-30091-MAP

| | |
|---|---|
| LACRISHA WISE, MICHAEL MASSACONI, ROGER MARTIN and PETER CORBIN, on behalf of themselves and on behalf of others who are similarly situated, | : : : : : : : |
| Plaintiffs, | : : |
| v. | : : |
| PATRIOT RESORTS CORP., BERKLEY GROUP, INC., MARC J. LANDAU,  J.P. OTTINO, III REBECCA A FOSTER. and JAMES E. LAMBERT, | : : : : : |
| Defendants. | : : |

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE
STATEMENTS IN SUPPORTING MEMORANDUM

I. **ARGUMENT**

A.  The Defendants' Motion Should be Denied Because a Breach of Contract in this Case is a Violation of M.G.L. c. 149 § 148

The defendants' central point, in this motion to strike parts of the plaintiffs' memorandum on the class claim in this case, is that "this is not a class action breach of contract lawsuit" and "Plaintiffs have not alleged a breach of contract." Defendant's Motion at p. 4.   As a result, the plaintiffs apparently should not be permitted ever to mention that the defendants did not comply with their own employment agreements.

The plaintiff has responded fully to this argument in its Reply Memorandum supporting its motion for summary judgment.  *See*, plaintiffs' Reply Memorandum at pp.

1-4, Document 180 previously filed with this court. Suffice to say that the defendants have repeatedly made the following argument in this case: (1) when a commission is "due and payable" to a salesperson under M.G.L. c. 149 § 148 is up to an employer to set with its employee—the statute was intended to leave this to the employment contract (2) if an employer violates the contractual terms of payment of commissions, this is only a breach of contract, not a violation of the statute.

       The argument logically and utterly fails. If the Legislature intended that "due and payable" was set by contract, a violation of that contract, where an employer pays commissions late, must be a violation of the proscription on "due and payable". In other words, if the statute allows commissions to be paid on the 15th of the month, for example, because the employer says they will be paid on that date, then paying the commissions one month late means they were not paid when due and payable. This is a violation of the statute. Similarly, if the contract here says that commissions are due and payable within four months of a closing of a time share sale, then failure to pay the commissions timely means they were not paid when due and payable. This is also a straightforward violation of the statute.

       Since a failure to pay commissions according to the contract violates M.G.L. c. 149 § 148, any request to strike parts of the plaintiffs' memorandum in support of motion for summary judgment on this basis must be denied.

      B.      <u>The Defendants' Motion Should be Denied Because the President of Patriot Resorts Swore Under Oath That a Chargeback Was Taken on the "Chargeback Date" Listed on Salesman Ledger Sheets</u>

The defendants state that salesman ledger documents which show a "chargeback date", a negative commission and a "warning" saying that chargebacks were taken, do not actually mean that chargebacks were ever taken. While in this Motion they do not assert facts which support this position, they do claim in Affidavits in their Opposition to plaintiffs' motion for summary judgment that these documents do not mean what they actually say on the documents. They claim that "The negative amounts that appear on the Salesman Commission Reports refer to <u>contract cancellations only</u> and <u>do not indicate any commission chargeback</u>" (emphasis supplied). Defendants' motion at p.3, footnote 1. The defendants now assert that "none of these documents indicate that a single one of these alleged "charge-backs" actually occurred." *Id.*

This claim is completely contradicted by Rebecca Foster Campagna, the president of defendant Patriot Resorts, a defendant herself, and the supervisor of the head of the Commissions Department. *See*, plaintiffs' Reply Memorandum at p. 1-4, Document 180 previously filed with this court. Ms. Campagna said under oath, two years ago, that when a "chargeback date" is listed on salesmen ledger documents, the date indicates the date a chargeback was actually taken. The defendants now apparently claim Ms. Campagna was mistaken or testified falsely. In either case, the president of the company claims that a chargeback date means that the company took back a commission.

As a result, any request to strike evidence should be denied, and any later affidavit to the contrary filed by the defendants which contradicts Ms. Campagna's testimony must be ignored.

    C.    <u>The Paragraphs the Defendants Wish to Strike Based Upon the Arguments Noted Above and For Other Grounds Should be Allowed as Evidence in the Plaintiffs' Motion for Summary Judgment</u>

The defendants request that the second paragraph and third paragraph on page 14, language on page 15, footnotes on page 16, and a statement on page 17 be stricken because of the breach of contract argument noted above in Argument heading "A" and because of the alleged lack of chargebacks taken by the defendants noted in Argument "B". As noted above, both of these arguments must fail and all of the noted paragraphs should be considered by this court.[1]

---

[1] The defendants assert that the plaintiffs have not provided evidence to this court that the defendants were aware of payments made by purchasers to the defendants. The defendants themselves have noted that there is a "mortgage department" of the plaintiffs, meaning payments went to the company. The defendants have stated that the company was aware of a failure to make payments and knew when a default occurred. See, e.g., plaintiffs' Reply Memorandum at p. 9, Document 180 previously filed with this court (Ms. Lippert and Mr. Rauer indicate defendants were aware of payments by purchaser).

### III.  CONCLUSION

For the reasons stated above, the plaintiffs request that the Paragraphs noted in the defendants' Motion not be stricken.

THE PLAINTIFFS
By their attorneys,

 /s/ Joel Feldman_____
Joel Feldman
BBO # 552963
Suzanne Garrow
BBO# 636548
Heisler, Feldman,
   McCormick & Garrow, P.C.
1145 Main Street, Suite 508
Springfield MA  01103
(413)788-7988
(413)788-7996 (fax)

### CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF).

/s/ Joel Feldman
Joel Feldman
