UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 04-cv-30091-MAP

| | |
|---|---|
| LACRISHA WISE, MICHAEL MASSACONI, ROGER MARTIN and PETER CORBIN, on behalf of themselves and on behalf of others who are similarly situated, | : : : : : : : |
| Plaintiffs, | : : |
| v. | : : |
| PATRIOT RESORTS CORP., BERKLEY GROUP, INC., MARC J. LANDAU, J.P. OTTINO, III REBECCA A FOSTER. and JAMES E. LAMBERT, | : : : : : |
| Defendants. | : : |

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE CERTAIN PARAGRAPHS OF AFFIDAVITS SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON CLASS CLAIM OF UNTIMELY PAYMENT OF COMMISSIONS

## I. ARGUMENT

A. THE STATEMENTS OF JOEL FELDMAN SHOULD NOT BE EXCLUDED

As noted in earlier documents, the plaintiffs requested discovery concerning the reasons for every chargeback taken against the plaintiffs by the defendants. See, Plaintiffs' Memorandum in Support of Partial Summary Judgment on Class Claim, p. 15, footnote 5, previously filed in this case as Document 150.  The defendants' answer to these requests, Interrogatory 24 and Document Request 41, was that the documents provided by the defendants were responsive.

The only way to get the discovery information before this court, since the documents were provided by counsel to counsel, is an affidavit from counsel which describes or explains the information provided.  The defendants provide no evidence in any of their papers which purports to direct the court to the responsive documents.  Instead, the defendants baldly assert the information about whether they provided proper responses is "immaterial and irrelevant", without any support.  Defendants' Motion at p. 2, Document 179.

Counsel to the parties provided and received the documents.  Counsel for the plaintiffs certainly can provide firsthand testimony about what was received.  The defendants chose to answer an Interrogatory with documents.  Counsel for the plaintiffs has testified that no documents were responsive to the question of why each individual chargeback occurred to each individual salesperson.  The proper way to have responded to the Affidavit of Joel Feldman was to identify the documents which provide the answers requested to the Interrogatory, if in fact they were provided.

The defendants also claim that the chargebacks listed on commission sales sheets did not reflect actual contract cancellations.  Defendants' Motion at p. 2, Document 179.  The defendants state that salesman ledger documents which show a "chargeback date", a negative commission and a "warning" saying that chargebacks were taken, do not actually mean that chargebacks were ever taken.  While in this Motion they do not assert facts which support this position, they do claim in Affidavits in their Opposition to plaintiffs' motion for summary judgment that these documents do not mean what they actually say on the documents.

This claim is completely contradicted by Rebecca Foster Campagna, the president of defendant Patriot Resorts, a defendant herself, and the supervisor of the head of the Commissions Department. *See*, plaintiffs' Reply Memorandum at p. 1-4, Document 180 previously filed with this court. Ms. Campagna said under oath, two years ago, that when a "chargeback date" is listed on salesmen ledger documents, the date indicates the date a chargeback was actually taken. The defendants now apparently claim Ms. Campagna was mistaken or testified falsely. In either case, the president of the company claims that a chargeback date means that the company took back a commission.

The Affidavit of Joel Feldman directly addresses the information provided by the defendants in discovery. Additionally, the chargebacks taken by the defendants were taken on dates noted on commission sales sheets. As such, there are no grounds for excluding the information about discovery provided by Joel Feldman.

    B.    THE STATEMENTS OF MR. MASSACONI AND MR. CORBIN SHOULD NOT BE EXCLUDED

        1.    The Paragraphs of These Affidavits Concerning Chargeback Dates Are Not Misinterpretations Based upon Ms. Campagna's Testimony

The defendants raise the same issue about the commission sales sheets showing chargeback dates. The president of the company, Ms. Campagna testified that the chargeback dates on sales sheets are the dates chargebacks were taken. *See*, plaintiffs' Reply Memorandum at p. 1-4, Document 180 previously filed with this court. As a result, there is no basis for claiming misinterpretation, and this evidence should stand.

### 2. Mr. Massaconi Can Testify That He Was Not Paid Commissions

Mr. Massaconi has asserted that he sold timeshares and never received commissions for these sales. This is his firsthand testimony—he sold time shares and never received money from the sales. There is simply no evidentiary basis whatsoever for excluding this testimony. The method for rebutting this would be to produce the facts of his sales and the proof that he was paid his commissions. No such facts were produced, and there is no basis for excluding his affidavit.

The claim of a lack of breach of contract claim in this case must fail as a ground for excluding evidence. The plaintiff has responded fully to this argument in its Reply Memorandum supporting its motion for summary judgment. *See*, plaintiffs' Reply Memorandum at pp. 1-4, Document 180 previously filed with this court. Suffice to say that the defendants have repeatedly made the following argument in this case: (1) when a commission is "due and payable" to a salesperson under M.G.L. c. 149 § 148 is up to an employer to set with its employee—the statute was intended to leave this to the employment contract (2) if an employer violates the contractual terms of payment of commissions, this is only a breach of contract, not a violation of the statute.

The argument logically and utterly fails. If the Legislature intended that "due and payable" was set by contract, a violation of that contract, where an employer pays commissions late, must be a violation of the proscription on "due and payable". In other words, if the statute allows commissions to be paid, for example, on the 15th of the month, because the employer says they will be paid on that date, then paying the commissions one month late means they were not paid when due and payable. This is a

violation of the statute. Similarly, if the contract here says that commissions are due and payable within four months of a closing of a time share sale, then failure to pay the commissions timely means they were not paid when due and payable. This is also a straightforward violation of the statute.

The defendants have provided no valid reason for excluding any of this evidence and the evidence should be considered.

3. <u>Mr. Symonds' Testimony Should Be Considered</u>

Mr. Symonds, like Mr. Massaconi, testified about a sale he made to a customer and the aftermath of that sale. He specifically provides that he was charged back on a deal which was still legitimate. He is permitted to testify to the fact that the company took commissions back from him; this is firsthand, non-hearsay testimony. And as noted above, the "breach of contract" argument is also unavailing. As such the testimony should be allowed.

4. <u>Testimony Conveying the Contract Terms Should be Permitted</u>

In their affidavits, Mr. Massaconi, Mr. Corbin and Mr. Symonds provide a few details about their contracts that simply reiterate the terms of the contracts, and provide a narrative and context for the later failure to pay commissions in a timely manner. There is no claim by the defendants that the testimony is wrong or false. As such, this court should determine that providing details of the contract as a narrative should be permitted, and those paragraphs concerning the contract details should be considered by this court.

### III.  CONCLUSION

For the reasons stated above, the plaintiffs request that the Paragraphs noted in the defendants' Motion not be stricken.

THE PLAINTIFFS
By their attorneys,

 /s/ Joel Feldman_____
Joel Feldman
BBO # 552963
Suzanne Garrow
BBO# 636548
Heisler, Feldman,
  McCormick & Garrow, P.C.
1145 Main Street, Suite 508
Springfield MA  01103
(413)788-7988
(413)788-7996 (fax)

### CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF).

/s/ Joel Feldman
Joel Feldman
