UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LACRISHA WISE, ET AL,            )
       Plaintiffs              )
                               )
       v.                      ) C.A. NO. 04-30091-MAP
                               )
PATRIOT RESORTS CORP., ET AL,    )
       Defendants              )

MEMORANDUM AND ORDER REGARDING
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
ON COUNTS V, VI AND VIII AND
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON COUNT VIII
(Dkt. Nos. 136, 139, 145 & 146)

June 11, 2007

PONSOR, D.J.

    Plaintiffs and Plaintiff class members are timeshare sales personnel paid by commission. The amended complaint, citing federal question jurisdiction, originally contained nine counts. Two of these counts (Count VII and Count IX) offered claims for violation of the federal Fair Labor Standards Act, 29 U.S.C. §§ 207 et seq. ("FLSA"), and Massachusetts law, alleging failure to pay the lawful minimum wage and proper overtime. Administration of a substantial settlement of these claims is already effectively completed.

    With the deletion of Counts VII and IX, only the barest trace of federal question jurisdiction remains. Counts I through IV, brought by the individual Plaintiff Lacrisha Wise, allege violation of Mass. Gen. Laws ch. 151B and Title

VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., contending that Plaintiff was a victim both of disparate treatment based upon race and of retaliation. Counts V, VI and VIII offer no federal claims whatsoever but raise important and unsettled issues of state law relating to Mass. Gen. Laws ch. 149, § 148 ("Wage Act"). The Supreme Court has repeatedly emphasized that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a sure-footed reading of applicable law." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) (footnote omitted). Counts V, VI and VIII of the complaint raise difficult and undeveloped issues of state law involving the proper application of the Commonwealth's Wage Act to commissions and the appropriate construction of the portion of the Wage Act prohibiting retaliation.

    It is axiomatic that pendent jurisdiction is a "doctrine of discretion," id., and the prudent exercise of discretion in this case is to deny Defendants' Motions for Summary Judgment substantively, but without prejudice, and to dismiss these three counts, again without prejudice, permitting Plaintiffs to re-file them in state court, where a "sure-footed" construction of the statute and application of the tangled facts in this case by the state court will be

possible.

Based on the foregoing, the court hereby DENIES Dkt. Nos. 136, 139, 145 and 146, without prejudice, and hereby dismisses Counts V, VI, and VIII, without prejudice to their re-filing in state court.[1]

It is So Ordered.

                                                    /s/ Michael A. Ponsor
                                                  MICHAEL A. PONSOR
                                                  U. S. District Judge

---

[1] Counts I-IV, relating to the claims of Lacrisha Wise for damages based on racial discrimination and retaliation under Mass. Gen. Laws ch. 151B and Title VII have been retained. The court has denied Defendants' Motion for Summary Judgment (Dkt. No. 142) on these counts and set a date for a final pretrial conference and trial.