UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WISE ET AL.,<br><br>                Plaintiffs,<br><br>vs.<br><br>PATRIOT RESORTS CORP. ET AL.,<br><br>                Defendants. | Civil Action No.  04-30091-MAP |

**DEFENDANT'S PRETRIAL MEMORANDUM**

Defendant submits this Pretrial Memorandum in accordance with the Court's Pretrial Order and the Federal Rules of Civil Procedure.

*Overview*

Plaintiff Wise asserted race and color discrimination and retaliation against all Defendants under state law, (Mass. Gen. Laws ch. 151B), and federal law, (42 U.S.C. § 2000e), respectively.  By its June 11, 2007 order, this Court granted Summary Judgment as to the individual defendants and as to the corporate co-defendant, The Berkley Group, Inc.  Accordingly, Patriot Resorts Corporation ("Patriot") is the only Defendant remaining in this case.

1) Concise Statement of Defendant's Evidence

Defendant's evidence will demonstrate that it did not discriminate against Wise based on her race/color and did not retaliate against her.  Defendant's evidence will show that Patriot sold time share interests to people who were brought to its premises through marketing groups.  Patriot needed Timeshare Sales Representatives to be at

work as scheduled to insure that all those who arrived on any particular day could be given a tour of the geographic area and shown the condominium unit at Vacation Village.  Thus, as Defendant's evidence will clearly demonstrate, regular, predictable attendance and punctuality were key to an efficient workplace.

Defendant's evidence will further demonstrate that Wise was often an effective Timeshare Sales Representative when she was at work.  However, Wise held a variety of other jobs while also working at Patriot.  Wise's other employment and other personal circumstances resulted in her having very poor, unpredictable attendance and often arriving to work late.  Defendant's evidence will demonstrate that after Patriot instituted a written attendance policy, of which Wise was fully aware, Wise violated that policy and was terminated as a result.

Defendant's evidence will further demonstrate that while Wise claimed that numerous things that occurred during her employment with Patriot were the result of race/color discrimination, she has nothing other than mere speculation to support her contentions.  Defendant's evidence will demonstrate that Wise had a volatile temperament, was unduly confrontational, disliked following procedures and used intimidating and threatening body language.  Her claims that non-African American employees were treated preferentially with respect to certain matters are completely unsupported by any evidence.  Defendant's evidence, finally, will prove that neither race or color nor retaliation played any role in Wise's termination.

2) <u>Defendant's Proposed Statement of Facts Established by the Pleadings, by Admissions or by Stipulation.</u>

   a. Lacrisha Wise was a Sales Representative at Defendant Patriot Resorts Corporation ("Patriot") from February 8, 2002 to June 7, 2003.

    b.  Patriot is located in Lanesborough, Massachusetts.

    c.  Patriot owns and sells timeshare interests at Vacation Village in the Berkshires in Hancock, Massachusetts.

    d.  On the afternoon of June 7, 2003, Paul Stensland, Line Director at Vacation Village in the Berkshires, telephoned Wise and told her that Patriot had terminated her employment due to her excessive absences.

3) <u>Contested Issues of Fact</u>

    a.  Whether Wise was discriminated against based on her race/color.

    b.  Whether Wise engaged in "protected activity" within the meaning of Title VII and/or Chapter 151B.

    c.  Whether Defendant was aware of Wise's protected activity, if any.

    d.  Whether Defendant retaliated against Wise in violation of Title VII or Chapter 151B because of the protected activity, if any.

    e.  Whether Wise suffered a loss of pay, loss of employment benefits, and other pecuniary losses as a result of discriminatory actions and omissions of Defendant.

    f.  Whether Wise has suffered emotional distress, mental anguish, humiliation, the loss of enjoyment of life, and other nonpecuniary losses as a result of the discriminator actions and omissions of Defendant.

    g.  Whether Wise mitigated her damages.

4) <u>Jurisdictional Questions</u>

    None.

5) <u>Questions Raised by Pending Motions</u>

    There are no pending motions.

6) <u>Issues of Law, Including Evidentiary Questions, together with Supporting Authority.</u>

    a.  Whether Wise can establish a *prima facie* case of race/color discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 142, 120 S.Ct. 2097 (2000*); Melendez-Arroyo v. Cutler-Hammer de P.R. Col, Inc.,* 273 F.3d 30, 33 (1st Cir. 2001).

    b. Whether Defendant can articulate a lawful reason for terminating Wise. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142, 120 S.Ct. 2097 (2000); *Melendez-Arroyo v. Cutler-Hammer de P.R. Col, Inc.,* 273 F.3d 30, 33 (1st Cir. 2001).

    c. Whether Defendant terminated Wise because of her race and/or color. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142, 120 S.Ct. 2097 (2000); *Melendez-Arroyo v. Cutler-Hammer de P.R. Col, Inc.*, 273 F.3d 30, 33 (1st Cir. 2001).

    d. Whether Defendant's nondiscriminatory reasons for terminating Wise were pretext for unlawful discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142, 120 S.Ct. 2097 (2000); *Melendez-Arroyo v. Cutler-Hammer de P.R. Col, Inc.*, 273 F.3d 30, 33 (1st Cir. 2001).

    e. Whether Wise can establish that she engaged in protected activity within the meaning of Title VII and/or chapter 151B and that she was subjected to an adverse employment action because of her protected activity. *Lewis v. Gillette Co.,* 22 F.3d 22, 24 (1st Cir.1994).

7) <u>Requested Amendments to the Pleadings</u>

    None.

8) <u>Additional Matters to Aid in Case Disposition</u>

1. <u>Mediation</u>. Defendant is interested in mediating this case and has contacted Plaintiff's counsel regarding the same. Plaintiff's counsel has not responded.
2. <u>Trial Motions</u>. Potential Motions in Limine and other pretrial motions are to be filed one week before the commencement of trial.

9) <u>Probable Length of Trial and Whether Jury or Non-Jury Trial</u>

    Defendant anticipates that trial will be a Jury Trial and will last 5-6 full days.

10) <u>Names and Addresses of Trial Witnesses with Purpose of Testimony</u>

    (Defendant previously has provided all names, titles and addresses to Plaintiff's counsel.)

        a. Jon Borden
        b. Peter Corbin
        c. Denis Clavette
        d. Rebecca A. Foster
        e. Bonnie Gardner

      f.  Michael Johnson
      g.  Gordon Leete
      h.  Rod Lewis
      i.  Faith Lippert
      j.  Michael Massaconi
      k.  Roger Martin
      l.  David Mercurio
      m.  William Rauer
      n.  Paul Stensland
      o.  Lacrisha Wise

(Defendant reserves its right to call witnesses identified by Plaintiff in her Pretrial Memorandum supplement its witness list and call rebuttal witnesses.)

11) <u>Defendant's Exhibit List</u>

*The parties have exchanged preliminary exhibit lists, discussed some of the proposed exhibits, and have stipulated to the admissibility of some of the exhibits. The parties are still in the process of determining which, if any, exhibits are objectionable and will supplement their memorandum accordingly if any objectionable exhibits are identified.*

    a.    Memorandum dated 8/4/01 from Andrew Thompson, Payroll Department, to All Sales Staff re: Enforcement of Car Insurance Policy, signed by Lacrisha D. Wise. 2/9/02

    b.    Memorandum dated 2/8/02 from Bruce Polansky, Senior Vice-President, Sales, re: pay schedule, addressed to Wise, signed by Wise 2/8/02

    c.    Memorandum dated 11/03/02 from Rod Lewis, Project Director, re: Company attendance policy, signed by Wise

    d.    Employee Agreement – Sales Representative, dated 2/8/02, between Wise and Patriot Resorts Corporation, signed by Wise

    e.    Memorandum to All Line Employees from Bruce Polansky dated 5/11/03 re: Dress code, signed by Wise

    f.    Lippert notes dated 2/5/03 – 5/24/03

    g.    5/18/03 Memo to Wise from Lippert re: Dress Code (Wise dressed inappropriately b/c wearing spaghetti straps)

    h.    "Excused Absence Form" 3/29/03 from Wing Medical Unit indicating "child ill"

    i.    Vacation/Personal Days off, Wise (3/8 and 3/9), signed on 2/10/03

j.   Pioneer Valley Pain Mgt., dated 5/29/03, re: Wise

k.   5/16/03 letter from Candace Jones, M.S. W., Mercy Care Center re: Wise

l.   5/12/03 letter from Candace Jones, M.S. W., Mercy Care Center re: Wise

m.   4/29/03 letter from Theresa Smith, M.S. W., Mercy Care Center re: Wise

n.   Excused Absence Form, 4/11/03, re: Wise's sick daughter, signed by Asha Sindwani, MD

o.   1/30/03 Note from Wing Memorial re: Wise 2/2-2/3

p.   2/03/03 Note from Wing Memorial re: Wise return to work 2/4/03

q.   Pioneer Valley Pain Mgt. Work note dated 1/17/03 re: Wise

r.   Documents reflecting Wise's unemployment compensation earned (Statement of Benefit Charges) subsequent to employment with Patriot

s.   Gardner notes regarding Wise's attendance and tardiness dated 1/3/03 through 06/08/03

t.   Wise Attendance 2002

u.   Employee Handbook 2001

v.   Employee Handbook 2004

w.   HR report form

x.   12/21/01 Memo from Barbara Arnold to Faith Lippert, Subject "rotation"

y.   2003 Attendance Detail Report for Wise

z.   Vacation Village in the Berkshires Overage Policy

aa.  6/8/03 Memo to "Faith" from "Paul" re: Wise

bb.  11/21/01 Memorandum to All Sales Office Personnel from Becky Foster re: Policies'

cc.  Patriot Resorts Attendance Detail Report, dated 01/01/2001 to 12/31/1999

6

- dd. 03/29/02 Notice to Paul Stensland from Wing Memorial re: request to excuse Wise from work to bring son to doctor appointment

- ee. 06/26/02 Notice from MVA Center for rehabilitation for Wise to remain out of work from 6/26/02 to 7/11/02

- ff. MVA Rehabilitation Associates schedule for Wise from 07/09/02 to 08/05/02

- gg. 08/08/02 Notice from MVA Center for rehabilitation for Wise to remain out of work from 8/06/02 to 08/29/02

- hh. Pioneer Valley Pain Management Work Note dated 10/02/02

- ii. Vacation/Personal Days Off request form from Wise, dated 09/30/02

- jj. Vacation/Personal Days Off request form from Wise, dated 11/18/02

- kk. Memo from Rod Lewis, Project Director to Wise re: 6 months probation dated 10/06/02.

- ll. Wise 2002-2004 W-2 Forms.

(Defendants reserve their right to supplement this exhibit list.)

Respectfully submitted,

/s/ Marylou Fabbo
Marylou Fabbo, Esq.
BBO No. 566613
Counsel for Defendants
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144

Dated: August 23, 2007            Tel. (413) 737-4753/Fax: (413) 787-1941

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Defendants' Pre-Trial Memorandum* was served upon the attorney of record for each other party electronically, on August 23, 2007.

/s/ Marylou Fabbo
Marylou Fabbo, Esq.