UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 04-CV-30091-MAP

| | |
|---|---|
| LACRISHA WISE, MICHAEL MASSACONI, ROGER MARTIN and PETER CORBIN, on behalf of themselves and on behalf of others who are similarly situated, | : : : : : : |
| Plaintiffs, | : : |
| v. | : : |
| PATRIOT RESORTS CORP., THE BERKLEY GROUP, INC., MARC J. LANDAU, J.P. OTTINO, III REBECCA A FOSTER. and JAMES E. LAMBERT, | : : : : : |
| Defendants. | : : |

## **PLAINTIFFS' PRETRIAL MEMORANDUM**

### 1. CONCISE SUMMARY OF THE EVIDENCE

#### a. Plaintiffs' Concise Summary of the Evidence

Plaintiff Lacrisha Wise will show that she suffered disparate treatment in violation of federal and state law, by her supervisors based upon her race, including in her evidence that company policies were enforced in a discriminatory manner against her, and that she was routinely penalized for actions taken by her, when actions taken by white employees yielded no such penalties. She will also show that she was terminated by the defendants in retaliation for asserting her rights to be free from discrimination at her workplace, in violation of federal and state law.

By way of damages, Ms. Wise will present evidence to show that she is entitled to an award of the value of lost back and future wages and employee benefits. Ms. Wise will further present evidence that she suffered emotional distress, mental anguish and physical pain and suffering as a direct result of the defendant's discriminatory and retaliatory actions. The evidence will also show that the discriminatory actions of Patriot's managers and supervisors resulted from malice or reckless indifference to Officer Garcia's civil rights, and that she is entitled to an award of punitive damages under both federal and state laws against discrimination.

      **b.** **Defendants' Concise Summary of the Evidence**

**2.** **FACTS ESTABLISHED BY THE PLEADINGS OR BY STIPULATION**

      **A. PLAINTIFF'S STATEMENT OF FACTS**

1. LaCrisha Wise began as a sales representative selling time shares for the defendants on or around the beginning of February, 2002.

2. When she began the project director was William Rauer.

3. Ms. Wise was recruited to work for the defendants by Duane Johnson, a sales manager and African American man, and the only African American working for the defendants at the time Ms. Wise was hired.

4. Mr. Johnson was recruited by and worked under Paul Stensland and was hired by the defendants to work at Vacation Village prior to the time that Rodney Lewis began as the project director of the location.

5. Paul Stensland was Mr. Johnson's line director and then for Ms. Wise when she was recruited by Mr. Johnson.

6. General protocol was that a sales person would sit in the sales lounge in the sales center and wait for a tour.

7. As a timeshare sales person Ms. Wise would wait for her name to come up on the "wheel" or assignment and would receive notification that she had a tour.

8. After she completed her tours Ms Wise would sign back in at the registration area, the original place where she picked up her tours and wait for another tour.

9. The numbers of tour she could have in a day would range from zero to three or four.

10. During the year 2002 while working at Vacation Village, Ms. Wise had seven surgeries for her lower back, these were as a result of two car accidents.

11. She discussed this condition with Mr. Rauer while he was still the project director, and got excused from work because of her need for physical therapy and other medical care.

12. Ms. Wise was a fine salesperson. It generally takes someone doing well up to two years to achieve the million dollar ring whereas she received her ring in little over a year   13. A million dollar ring is a ring that is given by the Berkley Group to a sales person to recognize a sales person when they write a million dollars in business.

14. At all times relevant to this matter, Faith Lippert was the local human resource administrator.

15. At no point after learning that Ms. Wise complained of discrimination did her employer engage into an investigation of her allegations.

16. Ms. Lippert was required to investigate complaints of harassment and discrimination immediately upon their making and all complaints were to go to her as the only human resources representative at the Berkshire location.

17. In or around May 2003, Ms. Wise complained to Mr. Lewis that she was being discriminated against by being treated differently than white employees in the terms and conditions of her employment.

18. Within approximately a month before Ms. Wise's termination, Mr. Massaconi was in a managers' meeting and recalls Rod Lewis telling the managers at the meeting that he was aware that Ms. Wise had filed a complaint with the Massachusetts Commission Against Discrimination.

19. In the fall of 2002, there were a number of people with the same or similar number of absences or tardys including Lisa Ferreria, Sam Barnes, Alex Hadzagas William Steele, Peggy Jeffers, Mickie Pleu, Nancy Shepherd and Brenda Durant.

20. Among those individuals who had more than 15 days absent in 2003 were:

Samuel Barnes
Mary Birch
Michael Campagna
Karen Church
Peter Corbin
Brenda Durant
Jayne Engleheart
Ronald Ferreira
Bonnie Keough
Nancy Shepherd
William Steele
Jerry Stimple
Shammi Talreja

21. Kathy Redmon had 19 in absences in five months of employment.

22. Tina Welz had 26 days absent in just 5 months of employment in 2004.

23. Judd Kuzia had over 15 absences and 20 tardys in 2004.

24. Alex Hadzagas was a white employee who was allowed to take a six-week vacation during the time when Ms. Wise worked for the defendants.

25. From at least August of 2001 until after Ms. Wise's termination, the defendants had the same car and car insurance policy.

26. Ms. Wise had a valid drivers license when she was hired and throughout her employment with defendants.

27. At the time she became employed at Vacation Village, Ms. Wise had a car and car insurance with full coverage required by Massachusetts.

28. Despite having adequate coverage under Massachusetts law and more coverage then certain similarly situated white employees, Mr. Lewis reprimanded Ms. Wise for having inadequate car insurance coverage.

29. The defendants policy throughout the time Ms. Wise was employed was that an employee report on their insurance coverage only once per year and there was no policy that required salespeople to update insurance information other than at one time per year.

30. Overage is a punitive practice used by Patriot when a salesperson comes in late or leaves work early without excuse or permission.

31. Overage effectively puts the salesperson at the bottom of the list to take a tour, and could deny the salesperson the chance to make a sale.

32. When Mr. Lewis was project director and Ms. Wise was working at Vacation Village, no African American employees were hired at Vacation Village.

33. The project director has the final authority for hiring and firing sales people and it was Mr. Lewis who made the decision to fire Ms. Wise.

**B. CONTESTED FACTS**

1. Whether the defendant had a legitimate non-discriminatory reason under the circumstances of this case for terminating Ms. Wise's employment.

2. Whether the reasons proffered by the defendant for terminating Ms. Wise's employment were pretexts for discrimination.

3. Whether decisions by the defendant with regard to the unequal terms or conditions of Ms. Wise's employment were motivated in any way by considerations relating to her race.

4. Whether the decision to terminate Ms. Wise's employment were motivated in any way by considerations relating to her race.

5. Whether Ms. Wise received disparate treatment based upon her race in the terms and conditions of her employment.

6. Whether Ms. Wise suffered a loss of wages or employee benefits as a result of the discriminatory actions and omissions of the defendant.

7. Whether Ms. Wise has suffered and continues to suffer emotional distress, mental anguish and related physical pain and suffering as a result of the discriminatory actions and omissions of defendant.

8. Whether the defendant had a legitimate non-retaliatory reason under the circumstances of this case for terminating Ms. Wise's employment.

6

9. Whether the reasons proffered by the defendant for terminating Ms. Wise's employment were pretexts for retaliation.

10. Whether decisions by the defendant regarding the terms or conditions of Ms. Wise's employment were motivated in any way by retaliation for her complaints of discrimination based on her race.

11. Whether Ms. Wise suffered a loss of wages or employee benefits as a result of the retaliatory actions and omissions of defendant.

12. Whether Ms. Wise has suffered and continues to suffer emotional distress, mental anguish and related physical pain and suffering as a result of the retaliatory actions and omissions of defendant.

13. Whether the actions and omissions of defendant resulted from malice or reckless indifference to Ms. Wise's civil rights.

**4.   JURISDICTIONAL QUESTIONS**

None.

**5.   PENDING MOTIONS**

None currently but we anticipate filing motions in limine

**6.   ISSUES OF LAW**

   **a.   Plaintiff's Issues of Law**

No contested issues of law identified at this time – see contested facts above.

   **b.   Defendant's Issues of Law**

**7.   REQUESTED AMENDMENTS TO PLEADINGS**

None.

**8.   ADDITIONAL MATTERS**

Potential Motions in Limine are to be filed before the commencement of trial.

**9.   PROBABLE LENGTH OF TRIAL**

Ten days.

**10.   WITNESSES**

   **a.   Plaintiff's Witnesses**

LaCrisha Wise, plaintiff
c/o Heisler, Feldman, McCormick & Garrow, P.C.
1145 Main Street, Suite 508
Springfield MA  01103

   Her background, tenure with and service with defendants, disparate treatment and actions taken against her by the defendants constituting retaliation and discrimination, resulting harm to Ms. Wise.

Michael Massaconi
c/o Heisler, Feldman, McCormick & Garrow, P.C.
1145 Main Street, Suite 508
Springfield MA  01103

   His background, tenure with and service with defendants, the policies of defendants and actions taken against Ms. Wise constituting retaliation and discrimination, resulting harm to Ms. Wise.

Peter Corbin
c/o Heisler, Feldman, McCormick & Garrow, P.C.
1145 Main Street, Suite 508
Springfield MA  01103

   His background, tenure with and service with defendants, the policies of defendants and actions taken against Ms. Wise constituting retaliation and discrimination.

All current and former employees of the defendants whose names and addresses were provided in discovery by the defendants, including but not limited to:

Rod Lewis
Employee of defendants

Facts relating to plaintiff's employment and termination therefrom; retaliation and discrimination against Ms. Wise; failure to allow plaintiff Wise to return to work, resulting harm to Ms. Wise; benefits and policies of company and application thereof to various employees including him or herself and Ms. Wise.

Faith Lippert
Employee of defendants

Facts relating to plaintiff's employment and termination therefrom; retaliation and discrimination against Ms. Wise; failure to allow plaintiff Wise to return to work, resulting harm to Ms. Wise; benefits and policies of company and application thereof to various employees including him or herself and Ms. Wise.

William Rauer
Employee of defendants

Facts relating to plaintiff's employment and termination therefrom; retaliation and discrimination against Ms. Wise; failure to allow plaintiff Wise to return to work, resulting harm to Ms. Wise; benefits and policies of company and application thereof to various employees including him or herself and Ms. Wise.

Paul Stensland
Employee of defendants

Facts relating to plaintiff's employment and termination therefrom; retaliation and discrimination against Ms. Wise; failure to allow plaintiff Wise to return to work, resulting harm to Ms. Wise; benefits and policies of company and application thereof to various employees including him or herself and Ms. Wise.

Marc J. Landau
Employee of defendants

Facts relating to plaintiff's employment and termination therefrom; retaliation and discrimination against Ms. Wise; failure to allow plaintiff Wise to return to work, resulting harm to Ms. Wise; benefits and policies of company and application thereof to various employees including him or herself and Ms. Wise.

J.P. Ottino, II
Employee of defendants

Facts relating to plaintiff's employment and termination therefrom; retaliation and discrimination against Ms. Wise; failure to allow plaintiff Wise to return to work, resulting harm to Ms. Wise; benefits and policies of company and application thereof to various employees including him or herself and Ms. Wise.

Rebecca A. Foster
Employee of defendants

Facts relating to plaintiff's employment and termination therefrom; retaliation and discrimination against Ms. Wise; failure to allow plaintiff Wise to return to work, resulting harm to Ms. Wise; benefits and policies of company and application thereof to various employees including him or herself and Ms. Wise.

James E. Lambert
Employee of defendants

Facts relating to plaintiff's employment and termination therefrom; retaliation and discrimination against Ms. Wise; failure to allow plaintiff Wise to return to work, resulting harm to Ms. Wise; benefits and policies of company and application thereof to various employees including him or herself and Ms. Wise.

Gary Campagna
Employee of defendants

Facts relating to plaintiff's employment and termination therefrom; retaliation and discrimination against Ms. Wise; failure to allow plaintiff Wise to return to work, resulting harm to Ms. Wise; benefits and policies of company and application thereof to various employees including him or herself and Ms. Wise.

Robert Campagna
Employee of defendants

Facts relating to plaintiff's employment and termination therefrom; retaliation and discrimination against Ms. Wise; failure to allow plaintiff Wise to return to work, resulting harm to Ms. Wise; benefits and policies of company and application thereof to various employees including him or herself and Ms. Wise.

Michael Campagna
Employee of defendants

Facts relating to plaintiff's employment and termination therefrom; retaliation and discrimination against Ms. Wise; failure to allow plaintiff Wise to return to work,

resulting harm to Ms. Wise; benefits and policies of company and application thereof to various employees including him or herself and Ms. Wise.

Mark LePine
Employee of defendants

Facts relating to plaintiff's employment and termination therefrom; retaliation and discrimination against Ms. Wise; failure to allow plaintiff Wise to return to work, resulting harm to Ms. Wise; benefits and policies of company and application thereof to various employees including him or herself and Ms. Wise.

Bonnie Gardner
Former employee of defendants

Facts relating to plaintiff's employment and termination therefrom; retaliation and discrimination against Ms. Wise; failure to allow plaintiff Wise to return to work, resulting harm to Ms. Wise; benefits and policies of company and application thereof to various employees including him or herself and Ms. Wise.

Gordon Leete
Mortgage broker, 138 Berkshire Drive, Williamstown 01267, 413-458-2496

Facts relating to plaintiff's employment and termination therefrom; retaliation and discrimination against Ms. Wise; failure to allow plaintiff Wise to return to work, resulting harm to Ms. Wise; benefits and policies of company and application thereof to various employees including him or herself and Ms. Wise.

Jon Borden
Employee of defendants

Facts relating to plaintiff's employment and termination therefrom; retaliation and discrimination against Ms. Wise; failure to allow plaintiff Wise to return to work, resulting harm to Ms. Wise; benefits and policies of company and application thereof to various employees including him or herself and Ms. Wise.

Charles Harrigan
Employee of defendants

Facts relating to plaintiff's employment and termination therefrom; retaliation and discrimination against Ms. Wise; failure to allow plaintiff Wise to return to work, resulting harm to Ms. Wise; benefits and policies of company and application thereof to various employees including him or herself and Ms. Wise.

William Lee
Employee of defendants

Facts relating to plaintiff's employment and termination therefrom; retaliation and discrimination against Ms. Wise; failure to allow plaintiff Wise to return to work, resulting harm to Ms. Wise; benefits and policies of company and application thereof to various employees including him or herself and Ms. Wise.

Kenneth Flanders
Employee of defendants

Facts relating to plaintiff's employment and termination therefrom; retaliation and discrimination against Ms. Wise; failure to allow plaintiff Wise to return to work, resulting harm to Ms. Wise; benefits and policies of company and application thereof to various employees including him or herself and Ms. Wise.

Jerry Stimple
Employee of defendants

Facts relating to plaintiff's employment and termination therefrom; retaliation and discrimination against Ms. Wise; failure to allow plaintiff Wise to return to work, resulting harm to Ms. Wise; benefits and policies of company and application thereof to various employees including him or herself and Ms. Wise.

Bruce Polansky
Employee of defendants

Facts relating to plaintiffs' employment and termination therefrom; facts relating to earned commissions, untimely paid earned commissions and retaliation; failure to allow plaintiffs to return to work; benefits and policies of company.

Larry Conklin
Employee of defendants

Facts relating to plaintiffs' employment and termination therefrom; facts relating to earned commissions, untimely paid earned commissions and retaliation; failure to allow plaintiffs to return to work; benefits and policies of company.

*Other employees who may be witnesses to facts relating to plaintiff's employment and termination therefrom; retaliation and discrimination against Ms. Wise; failure to allow*

*plaintiff Wise to return to work, resulting harm to Ms. Wise; benefits and policies of company and application thereof to various employees including him or herself and Ms. Wise.*
*include but are not limited to:*

    Lisa Ferreria

    Sam Barnes

    Alex Hadzagas

    Peggy Jeffers,

    Mickie Pleu

    Nancy Shepherd

    Brenda Durant

    Tishana Wright

    Chelsea Wright

    Hannah Blais

    Ronald Ferraro

    Andrew Goodness

    David Mercurio

    Mary Birch

    Karen Church

    Jayne Engleheart

    Ronald Ferreira

    Bonnie Keough

    Kathy Redmon

    Seth Alden

    Margaret Apkin

    Linda Burnham

    Eric Chabot

    Jesse Dimitropolis

    Jayne Engleheart

    Ronald Ferreira

    Dudley Johnson

    Galyna Karpenski

    Judd Kuzia

    Tracy Lanoue

    Jarrett Lenett

    Mark LePine

    Deanna McCormick

    Charles Messina

    Karl Mirke

    Danielle Moran

    Rebecca O'Brien

    William Spaulding

    Tina Welz

Chelsea Wright
Tishana Wright
Michael Johnson 2082 Page Boulevard, Springfield

Facts relating to LaCrisha Wise's employment and termination there from; discrimination and retaliation against her; failure to allow her to return to work;

benefits and policies of company as they applied to him or herself and Ms. Wise; Ms. Wise's emotional distress relating to the discrimination and retaliation by the defendants

Mona Johnson – 788-8392

Emotional distress of LaCrisha Wise relating to discrimination and retaliation by the defendants

Charlene Wheeler – 219-9003

Emotional distress of LaCrisha Wise relating to the discrimination and retaliation by the defendants

      Plaintiffs reserve the right to call the defendants' witnesses and to amend this list as allowed by the Court.

    **b.**     **Defendant's Witnesses**

**11.**     **PROPOSED EXHIBITS**

    **a.**     **Uncontested Exhibits**

    **b.**     **Contested Exhibits**

    1.     Payroll records for various employees of defendants at Vacation Village in the Berkshires

    2.     Detailed Salesman Commission Reports for various employees of defendants at Vacation Village in the Berkshires

    3.     Written policies and policy manuals containing rules and regulations of the defendants in operation at or applicable to those employees Vacation Village in the Berkshires including but not limited to employee handbooks, memorandum and "Leaders Lead" manual at the time that Ms. Wise was employed by the defendant

    4.     Employment agreements for various sales representatives at Vacation Village in the Berkshires

    5.     Commission pay structure agreements for various sales representatives and sales managers at Vacation Village in the Berkshires

6. "Good Business" documents for various sales representatives and sales managers at Vacation Village in the Berkshires

7. Salesmen ledger reports for various sales representatives and sales managers at Vacation Village in the Berkshires

8. Proof of driver's license of Ms. Wise while employed at Vacation Village

9. Car insurance policy and documents relating thereto

10. Documents setting forth the defendants' commission structure or pay schedule for various sales representatives and sales managers at Vacation Village in the Berkshires

11. May 18, 2003 Memo to LaCrisha Wise regarding dress code and May 19, 2003 memos to file regarding Wise complaints of discrimination and any other documents relating to the "dress code"

12. Documents relating to the Employee Stock Ownership Plan and other employee benefits

13. Million Dollar Ring and paperwork relating to same for LaCrisha Wise

14. Harassment Complaint procedure signed by LaCrisha Wise

15. Documents of LaCrisha Wise relating to earnings at positions held since termination from the defendants

16. Automobile insurance coverage selection page and registration belonging to Joe Wise and other proof of insurance coverage provided to defendants by Ms. Wise

17. Automobile insurance coverage and driver's license information for other employees of the defendants for the time that Ms. Wise was employed by the defendants

18. Journal notes of LaCrisha Wise

19. Documents of LaCrisha Wise relating to efforts to obtain subsequent employment since termination from the defendants

20. Closing Reports for various employees of defendants at Vacation Village in the Berkshires

21. Salesman Rotation Reports and morning rotation sheets relating to the time in which Ms. Wise worked for defendant

22. Salesman Ledger Reports for Ms. Wise

23. Bonnie Gardner notes

24. "Patriot/ Berkshires" Salary Worksheets for Ms. Wise

25. "Commission Record" for Ms. Wise

26. Rotation policy of 12/21/01 and rotation related documents

27. Patriot Resorts Attendance Detail Reports reflecting absences and tardys for various employees

28. May 11, 2003, Dress Code Policy

29. MCAD Charge filed by LaCrisha Wise on December 1, 2003 and employer response to same

30. Absence excuse notes from the official personnel file of LaCrisha Wise with defendants

31. Company Attendance policy dated November 3, 2002

32. Email dated June 8, 2003, from Faith Lippert to Rebecca Foster and her Response dated June 9, 2003

33. "Ten Steps to Success"

34. Car Policy Memorandum of the Berkley Group applicable during Ms. Wise's employment

35. Patriot Employee Handbook applicable at the time of Ms. Wise's employment

36. Official personnel file and medical file documents of LaCrisha Wise

The plaintiff reserves the right to amend this list as permitted by the Court and use the defendants' and additional exhibits as may become necessary for substantive or impeachment purposes.

Respectfully submitted,

THE PLAINTIFF
By her Attorneys,

/s/ Suzanne Garrow
Suzanne Garrow, Esq.
BBO# 636548
Joel Feldman, Esq.
BBO # 552963
Heisler, Feldman, McCormick
   & Garrow, P.C.
1145 Main Street, Suite 508
Springfield, MA 01103
(413) 788-7988

CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF).

  /s/ Suzanne Garrow
Suzanne Garrow